1 | ROBBINS GELLER RUDMAN
    & DOWD LLP
2 | SHAWN A. WILLIAMS (213113)
Post Montgomery Center
3 | One Montgomery Street, Suite 1800
San Francisco, CA 94104
4 | Telephone: 415/288-4545
415/288-4534 (fax)
5 | shawnw@rgrdlaw.com
      – and –
6 | DANIELLE S. MYERS (259916)
JUAN CARLOS SANCHEZ (301834)
7 | KENNETH P. DOLITSKY (345400)
655 West Broadway, Suite 1900
8 | San Diego, CA 92101
Telephone: 619/231-1058
9 | 619/231-7423 (fax)
dmyers@rgrdlaw.com
10 | jsanchez@rgrdlaw.com
kdolitsky@rgrdlaw.com
11
Proposed Lead Counsel for Proposed Lead Plaintiff
12
[Additional counsel appear on signature page.]
13

UNITED STATES DISTRICT COURT

14

NORTHERN DISTRICT OF CALIFORNIA

15

| | |
|---|---|
| 16 BHAPINDERPAL S. BHANGAL, Individually and on Behalf of All Others Similarly Situated, | ) Case No. 3:23-cv-04332-JSC |
| 17 | ) __CLASS ACTION__ |
| 18                 Plaintiff, | ) NOTICE OF MOTION AND MOTION FOR |
| vs. | ) APPOINTMENT AS LEAD PLAINTIFF |
| 19 | ) AND APPROVAL OF LEAD PLAINTIFF'S |
| HAWAIIAN ELECTRIC INDUSTRIES, INC., | ) SELECTION OF LEAD COUNSEL; |
| 20 et al., | ) MEMORANDUM OF LAW IN SUPPORT |
| | ) THEREOF |
| 21                Defendants. | ) |
| 22 | ) DATE: November 30, 2023 |
| |    TIME: 10:00 a.m. |
| |    CTRM: 8, 19th Floor |
| |    JUDGE: Hon. Jacqueline Scott Corley |

23

24

25

26

27

28

TO:    ALL PARTIES AND THEIR RESPECTIVE COUNSEL OF RECORD

PLEASE TAKE NOTICE that on November 30, 2023, at 10:00 a.m., or as soon thereafter as the matter may be heard, before the Honorable Jacqueline Scott Corley, class member City of Pontiac Reestablished General Employees' Retirement System (the "Retirement System") will and hereby does move this Court pursuant to the Private Securities Litigation Reform Act of 1995 ("PSLRA"), 15 U.S.C. §78u-4(a)(3)(B), for an order appointing the Retirement System as Lead Plaintiff and approving the Retirement System's selection of Robbins Geller Rudman & Dowd LLP as Lead Counsel. This Motion is made on the grounds that the Retirement System is the most adequate plaintiff to serve as lead plaintiff in the action. In support of this Motion, the Retirement System submits herewith a Memorandum of Points and Authorities and the Declaration of Danielle S. Myers ("Myers Decl.").

## MEMORANDUM OF POINTS AND AUTHORITIES

## I.    INTRODUCTION

The above-captioned securities fraud class action was filed on behalf of purchasers or acquirers of Hawaiian Electric Industries, Inc. ("Hawaiian Electric" or the "Company") securities between February 28, 2019 and August 16, 2023, inclusive (the "Class Period") asserting claims under §§10(b) and 20(a) of the Securities Exchange Act of 1934 (the "Exchange Act") and Rule 10b-5 promulgated thereunder.

Pursuant to the PSLRA, the Court "shall appoint the most adequate plaintiff as lead plaintiff." *See* 15 U.S.C. §78u-4(a)(3)(B)(ii). The lead plaintiff is the "member or members of the purported plaintiff class that the court determines to be most capable of adequately representing the interests of class members." 15 U.S.C. §78u-4(a)(3)(B)(i). The Retirement System should be appointed as lead plaintiff because it: (1) timely filed this Motion; (2) has a substantial financial interest in the outcome of this litigation; and (3) will typically and adequately represent the class's interests. *See* 15 U.S.C. §78u-4(a)(3)(B)(iii). In addition, the Retirement System's selection of Robbins Geller to serve as lead counsel should be approved because the Firm possesses extensive

experience prosecuting securities class actions and will adequately represent the interests of all class members.

## II.     STATEMENT OF ISSUES TO BE DECIDED

1.     Whether the Court should appoint the Retirement System as Lead Plaintiff pursuant to 15 U.S.C. §78u-4(a)(3)(B); and

2.     Whether the Court should approve the Retirement System's selection of Robbins Geller as Lead Counsel for the class pursuant to 15 U.S.C. §78u-4(a)(3)(B)(v).

## III.    STATEMENT OF FACTS

In early August 2023, a series of severe wildfires broke out in Hawaii, predominantly on the island of Maui.  The most destructive fire began in West Maui near the town of Lahaina on the morning of August 8, 2023.  By that afternoon, intense winds had knocked down approximately 30 utility poles throughout Maui, resulting in at least 15 separate outages impacting more than 12,400 customers.  Videos captured by local residents showed that downed power lines belonging to Hawaiian Electric appeared to have ignited at least several of the fires.  Ultimately, the wind-driven fires prompted evacuations, caused widespread damage, and have killed at least 97 people, with 7 others still missing in Lahaina.

The complaint alleges that defendants made false and/or misleading statements throughout the Class Period and/or failed to disclose that: (i) Hawaiian Electric's wildfire prevention and safety protocols and procedures were inadequate to meet the challenges for which they were ostensibly designed; and (ii) accordingly, despite knowing the degree of risk that wildfires posed to Maui, the Company's inadequate safety protocols and procedures place Maui at a heightened risk of devastating wildfires.

On August 12, 2023, news outlets reported that Hawaiian Electric lacked the proper policies and procedures to mitigate the impact of the wildfires.  Specifically, the complaint alleges that at the time the wildfires began, Hawaiian Electric did not maintain a public power shutoff plan – *i.e.*, a plan in which electricity is intentionally cut off to areas where strong wind events could cause the fires to spread.  On this news, the price of Hawaiian Electric stock fell nearly 34%.

Then, on August 16, 2023, *The Wall Street Journal* reported that Hawaiian Electric was meeting with firms that specialize in restructuring advisory work, exploring options for the various financial and legal challenges that the Company faces as a consequence of the Maui wildfires.

Thereafter, on August 17, 2023, *The Wall Street Journal* reported that, for years, Hawaiian Electric had been aware of the threat posed by wildfire but waited years to act. Indeed, *The Wall Street Journal* stated that between 2019 and 2022 Hawaiian Electric spent less than $245,000 on wildfire-specific projects on Maui and did not seek state approval to raise utility rates to pay for broad wildfire safety improvements until 2022. Following the publication of *The Wall Street Journal* articles, the price of Hawaiian Electric stock fell more than 17%, damaging investors.

## IV. ARGUMENT

### A. The Retirement System Is the "Most Adequate Plaintiff" and Should Be Appointed Lead Plaintiff

The PSLRA establishes the procedures for the appointment of a lead plaintiff in "each private action arising under [the Exchange Act] that is brought as a plaintiff class action pursuant to the Federal Rules of Civil Procedure." 15 U.S.C. §78u-4(a)(1); *see also* 15 U.S.C. §78u-4(a)(3)(B)(i). First, the pendency of the action must be publicized in a widely circulated national business-oriented publication or wire service not later than 20 days after filing of the first complaint. 15 U.S.C. §78u-4(a)(3)(A)(i). Next, the PSLRA provides that the Court shall adopt a presumption that the most adequate plaintiff is the person that:

(aa) has either filed the complaint or made a motion in response to a notice . . . ;

(bb) in the determination of the court, has the largest financial interest in the relief sought by the class; and

(cc) otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure.

15 U.S.C. §78u-4(a)(3)(B)(iii)(I); *In re Cavanaugh*, 306 F.3d 726, 729-30 (9th Cir. 2002). The Retirement System meets each of these requirements and should be appointed Lead Plaintiff.

### 1. This Motion Is Timely

The statutory notice of this action was published on *Accesswire* on August 24, 2023, advising class members of the pendency of the action, the class definition and period asserted therein, and the

right to move the Court to be appointed as lead plaintiff within 60 days, or by October 23, 2023. *See* ECF 6-1. Because this Motion is being filed on October 23, it is timely and the Retirement System is entitled to be considered for appointment as lead plaintiff.

### 2. The Retirement System Has a Substantial Financial Interest in the Relief Sought by the Class

As evidenced by its PSLRA Certification and loss chart, the Retirement System purchased 6,420 shares of Hawaiian Electric stock during the Class Period, and suffered more than $106,116 in losses as a result of defendants' alleged misconduct. *See* Myers Decl., Exs. A-B. Therefore, the Retirement System has a substantial financial interest in the relief sought by the class.

### 3. The Retirement System Is Typical and Adequate of the Putative Class

In addition to possessing a significant financial interest, a lead plaintiff must also "otherwise satisf[y] the requirements of Rule 23 of the Federal Rules of Civil Procedure." 15 U.S.C. §78u-4(a)(3)(B)(iii)(I)(cc). Rule 23 requires that "the claims or defenses of the representative parties are typical of the claims or defenses of the class; and [that] the representative parties will fairly and adequately protect the interests of the class." Fed. R. Civ. P. 23(a)(3)-(4); *Cavanaugh*, 306 F.3d at 730 (focusing "in particular" on typicality and adequacy at the lead plaintiff stage).

Typicality asks whether "the claims or defenses of the representative parties are typical of the claims or defenses of the class." Fed. R. Civ. P. 23(a)(3). The adequacy requirement inquires whether "the representative parties will fairly and adequately protect the interests of the class.'" Fed. R. Civ. P. 23(a)(4).

Here, the Retirement System, like other class members: (1) purchased Hawaiian Electric securities during the Class Period; (2) was adversely affected by defendants' false and misleading statements; and (3) suffered damages therefrom. Thus, the Retirement System's claims are typical of those of other class members since its claims and the claims of other class members arise out of the same course of events and are based on the same legal theories. The Retirement System's significant financial interest ensures it will vigorously represent the class. Moreover, as an institutional investor, the Retirement System is precisely the type of investor whose participation in

securities class actions Congress sought to encourage through the enactment of the PSLRA.  *See generally In re Cendant Corp. Litig.*, 264 F.3d 201, 273 (3d Cir. 2001) ("Both the Conference Committee Report and the Senate Report state that the purpose of the legislation was to encourage institutional investors to serve as lead plaintiff, predicting that their involvement would significantly benefit absent class members.").  Indeed, the Retirement System manages more than $400 million billion in assets for the benefit of more than 1,000 plan members and retirees.  And, as set forth in more detail below, the Retirement System has retained Robbins Geller as proposed lead counsel, a law firm with vast experience prosecuting securities class actions.

As such, the Court should find that the Retirement System has made the requisite showing of typicality and adequacy.

**B.    The Court Should Approve the Retirement System's Selection of Counsel**

The PSLRA entitles the lead plaintiff to select and retain counsel to represent the class, subject to the Court's approval.  15 U.S.C. §78u-4(a)(3)(B)(v); *see also In re Cohen*, 586 F.3d 703, 711-12 (9th Cir. 2009); *Cavanaugh*, 306 F.3d at 732-35.  In this case, the Retirement System has selected Robbins Geller as lead counsel.

Robbins Geller, a 200-attorney nationwide law firm with an office in this District, regularly practices complex securities litigation.  The Firm's securities department includes numerous trial attorneys and many former federal and state prosecutors, and utilizes an extensive group of in-house experts to aid in the prosecution of complex securities issues.  Courts throughout the country, including within this District, have noted Robbins Geller's reputation for excellence, which has resulted in the appointment of Robbins Geller attorneys to lead roles in hundreds of complex class action securities cases.  *See, e.g.*, *Jaszczyszyn v. SunPower Corp.*, 2022 WL 10208559, at *4 (N.D. Cal. Oct. 13, 2022) (appointing Robbins Geller lead counsel and noting that "Robbins Geller has extensive experience as counsel in securities class actions").  Notably, Robbins Geller (along with co-counsel) recently obtained an in-District $809.5 million recovery from Twitter Inc. on behalf of class members.  *See In re Twitter Inc. Sec. Litig.*, No. 4:16-cv-05314-JST (N.D. Cal.).  Further, in the last four years alone, Robbins Geller recovered more than $5.3 billion on behalf of investors in

securities class action cases, including $1.02 billion in *In re Am. Realty Cap. Props., Inc. Litig.*, No. 1:15-mc-00040-AKH (S.D.N.Y.), $1.21 billion in *In re Valeant Pharm. Int'l, Inc. Sec. Litig.*, No. 3:15-cv-07658-MAS-LHG (D.N.J.), and $350 million in *Smilovits v. First Solar, Inc.*, No. 2:12-cv-00555-DGC (D. Ariz.). Robbins Geller has also obtained the largest securities fraud class action recoveries in the Fifth, Sixth, Seventh, Eighth, Tenth, and Eleventh Circuits, as well as a 2019 PSLRA class action trial victory in *HsingChing Hsu v. Puma Biotechnology, Inc.*, No. 8:15-cv-00865-AG (C.D. Cal.), where the jury returned a verdict for plaintiff, finding that defendants Puma Biotechnology, Inc. and its CEO committed securities fraud.

Based upon Robbins Geller's extensive experience and proven track record as counsel in securities class actions, the Retirement System's selection of Robbins Geller as lead counsel is reasonable and should be approved.

## V.      CONCLUSION

The Retirement System has satisfied each of the PSLRA's requirements for appointment as lead plaintiff. As such, the Retirement System respectfully requests that the Court appoint it as Lead Plaintiff, and approve its selection of Lead Counsel.

DATED: October 23, 2023

Respectfully submitted,

ROBBINS GELLER RUDMAN
  & DOWD LLP
DANIELLE S. MYERS
JUAN CARLOS SANCHEZ
KENNETH P. DOLITSKY

s/ Danielle S. Myers
DANIELLE S. MYERS

655 West Broadway, Suite 1900
San Diego, CA 92101
Telephone: 619/231-1058
619/231-7423 (fax)
dmyers@rgrdlaw.com
jsanchez@rgrdlaw.com
kdolitsky@rgrdlaw.com

NOTICE OF MOTION AND MOTION FOR APPOINTMENT AS LEAD PLAINTIFF AND
APPROVAL OF LEAD PLAINTIFF'S SELECTION OF LEAD COUNSEL; MEMORANDUM OF LAW
IN SUPPORT THEREOF - 3:23-cv-04332-JSC
4896-1940-4937.v1

- 6 -

1
2          ROBBINS GELLER RUDMAN
              & DOWD LLP
3          SHAWN A. WILLIAMS
           Post Montgomery Center
4          One Montgomery Street, Suite 1800
           San Francisco, CA  94104
5          Telephone:  415/288-4545
           415/288-4534 (fax)
6          shawnw@rgrdlaw.com

7          Proposed Lead Counsel for Proposed Lead
           Plaintiff

8          ASHERKELLY
9          CYNTHIA J. BILLINGS-DUNN
           25800 Northwestern Highway, Suite 1100
10         Southfield, MI  48075
           Telephone:  248/746-2710
11         248/747-2809 (fax)
           cbdunn@asherkellylaw.com

12         Additional Counsel
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

| | |
|---|---|
| 1 | <u>CERTIFICATE OF SERVICE</u> |
| 2 | I hereby certify under penalty of perjury that on October 23, 2023, I authorized the electronic |
| 3 | filing of the foregoing with the Clerk of the Court using the CM/ECF system which will send |
| 4 | notification of such filing to the email addresses on the attached Electronic Mail Notice List, and I |
| 5 | hereby certify that I caused the mailing of the foregoing via the United States Postal Service to the |
| 6 | non-CM/ECF participants indicated on the attached Manual Notice List. |

  s/ Danielle S. Myers
DANIELLE S. MYERS

ROBBINS GELLER RUDMAN
    & DOWD LLP
655 West Broadway, Suite 1900
San Diego, CA  92101-8498
Telephone:  619/231-1058
619/231-7423 (fax)

Email:  dmyers@rgrdlaw.com

# Mailing Information for a Case 3:23-cv-04332-JSC Bhangal v. Hawaiian Electric Industries, Inc. et al

## Electronic Mail Notice List

The following are those who are currently on the list to receive e-mail notices for this case.

- **Adam Marc Apton**
  aapton@zlk.com,Files@zlk.com

- **Mark R.S. Foster**
  mark.foster@skadden.com,mark-foster-4384@ecf.pacerpro.com,mark-rs-foster-7528@ecf.pacerpro.com,patrick.hernandez@skadden.com,Samantha.Kaplan@skadden.com,thernandez@mofo.com

- **Peter Bradley Morrison**
  peter.morrison@skadden.com,peter-morrison-7708@ecf.pacerpro.com,nandi.berglund@skadden.com,brigitte.travaglini@skadden.com

- **Jennifer Pafiti**
  jpafiti@pomlaw.com,kperez@pomlaw.com,ahood@pomlaw.com,tsayre@pomlaw.com,egoodman@pomlaw.com,jlopiano@pomlaw.com,disaacson@pomlaw.com,ashr

- **Laurence Matthew Rosen**
  lrosen@rosenlegal.com,larry.rosen@earthlink.net,lrosen@ecf.courtdrive.com

## Manual Notice List

The following is the list of attorneys who are **not** on the list to receive e-mail notices for this case (who therefore require manual noticing). You may wish to use your mouse to select and copy this list into your word processing program in order to create notices or labels for these recipients.

- (No manual recipients)