MARK R.S. FOSTER (SBN 223682)
mark.foster@skadden.com
SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
525 UNIVERSITY AVE.
Palo Alto, California 94301
Telephone: (650) 470-4500
Facsimile:  (650) 470-4570

PETER B. MORRISON (SBN 230148)
peter.morrison@skadden.com
SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
300 South Grand Avenue, Suite 3400
Los Angeles, California 90071
Telephone: (213) 687-5000
Facsimile:  (213) 687-5600

*Attorneys for Defendants Hawaiian Electric Industries, Inc., Constance H. Lau, Scott W. H. Seu, Gregory C. Hazelton and Paul K. Ito*

# UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF CALIFORNIA
## SAN FRANCISCO DIVISION

| | |
|---|---|
| BHAPINDERPAL S. BHANGAL, Individually and on Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>v.<br><br>HAWAIIAN ELECTRIC INDUSTRIES, INC., CONSTANCE H. LAU, SCOTT W. H. SEU, GREGORY C. HAZELTON, and PAUL K. ITO,<br><br>Defendants. | Case No.: 3:23-cv-04332-JSC<br><br>**CLASS ACTION**<br><br>**DEFENDANTS' ADMINISTRATIVE MOTION TO CONSIDER WHETHER CASES SHOULD BE RELATED [Civil L.R. 3-12]**<br><br>Honorable Jacqueline Scott Corley |

On February 28, 2024, a related case, *Tai v. Seu, et al.*, No. 3:24-cv-01198-LB (N.D. Cal.) (the "*Tai* Derivative Action"), was filed in this District.  Pursuant to Civil Local Rule 3-12, Defendants Hawaiian Electric Industries, Inc. ("HEI"), Constance H. Lau, Scott W. H. Seu, Gregory C. Hazelton, and Paul K. Ito (collectively, "Defendants") hereby respectfully move the Court to issue an order designating the *Tai* Derivative Action as related to the above-captioned purported securities class action (the "*Bhangal* Action") and the related derivative actions *Kallaus v. Johns, et al.*, No. 3:23-cv-06627-JSC (N.D. Cal.) (the "*Kallaus* Action") and *Cole v. Johns, et. al.*, No. 3:24-cv-00598-JSC (N.D. Cal.) (the "*Cole* Action," and together with the *Kallaus* Action, the "Related Derivative Actions").

## I.    APPLICABLE STANDARD UNDER CIVIL LOCAL RULE 3-12

"An action is related to another when: (1) The actions concern substantially the same parties, property, transaction, or event; and (2) It appears likely that there will be an unduly burdensome duplication of labor and expense or conflicting results if the cases are conducted before different Judges."  Civil L. R. 3-12(a).

Whenever a party knows or learns that an action filed in or removed to this District may be related to an action which is or was pending in this District, that party "must promptly file in the lowest-numbered case an Administrative Motion to Consider Whether Cases Should be Related, pursuant to Civil L.R. 7-11."  Civil L. R. 3-12(b).  The motion must include: "(1) The title and case number of each apparently related case; [and] (2) A brief statement of the relationship of the actions according to criteria set forth in Civil L.R. 3-12(a)."  Civil L. R. 3-12(d).

## II.   THE *TAI* DERIVATIVE ACTION IS RELATED TO THIS ACTION AND THE RELATED DERIVATIVE ACTIONS

The *Tai* Derivative Action, like the two Related Derivative Actions, was brought by a purported HEI shareholder putatively on behalf of HEI and Hawaiian Electric Company, Inc. ("HECO"), one of HEI's subsidiaries.  The plaintiff in the *Tai* Derivative Action identified that case as related to the *Bhangal* Action and the Related Derivative Actions in the civil cover sheet filed with the *Tai* complaint.  (*See Tai* ECF No. 1.1.)  This Court previously determined that the

Related Derivative Actions are related to the above-captioned action. (*See Bhangal* ECF Nos. 63, 66.)

The *Tai* Derivative Action names all of the same defendants and nominal defendants as the Related Derivative Actions, among additional defendants. HEI is named as a defendant in this action and as a nominal defendant in the *Tai* Derivative Action and the Related Derivative Actions. Scott W. H. Seu, Constance H. Lau, Gregory C. Hazelton, and Paul K. Ito are named as defendants in all four actions.

The *Tai* Derivative Action and the Related Derivative Actions are all brought against certain present and former officers and directors of HEI and HECO and—like this action—arise from the fires that occurred in the Lahaina area of Maui on August 8, 2023. The *Tai* Derivative Action and the Related Derivative Actions allege materially identical state law fiduciary duty claims as well as violations of Section 10(b) of the Securities Exchange Act of 1934 (the "Exchange Act"), and all three derivative actions seek contribution under Section 21D of the Exchange Act relating in part to purported misstatements about HEI's safety efforts and risk mitigation controls in filings with the Securities and Exchange Commission. (*See Tai* ECF No. 1 ¶¶ 193-235; *Kallaus* ECF No. 1 ¶¶ 279-313; *Cole* ECF No. 1 ¶¶ 176-214.) Most of the public statements challenged as allegedly false and misleading in the *Tai* Derivative Action are also challenged in this action and in the Related Derivative Actions. (*Compare Tai* ECF No. 1 ¶¶ 73-130, *with Bhangal* ECF No. 1 ¶¶ 24-59, *Kallaus* ECF No. 1 ¶¶ 41-99, *and Cole* ECF No. 1 ¶¶ 62-112.)

Given the overlap in parties and allegations, all four actions raise similar legal, factual, and evidentiary issues. For example, each of the actions will likely require the Court to address, among other things, whether the plaintiffs adequately allege that certain statements were materially false and misleading when made, and whether those statements were made by defendants with an intent to defraud. If the cases survive motions to dismiss, there is likely to be substantial overlap in other legal and factual matters. As such, conducting these cases before different judges in this District would likely result in an unduly burdensome duplication of labor and expense for the parties

involved in each action, as well as the Court, and could also create the potential for conflicting results.

For the foregoing reasons, Defendants respectfully request that the Court designate the *Tai* Derivative Action as related to this action and the Related Derivative Actions.

DATED: March 4, 2024

Respectfully submitted,

By:    */s/ Mark R.S. Foster*
MARK R.S. FOSTER (SBN 223682)
mark.foster@skadden.com
SKADDEN, ARPS, SLATE,
   MEAGHER & FLOM LLP
525 UNIVERSITY AVE.
Palo Alto, California 94301
Telephone: (650) 470-4500
Facsimile:  (650) 470-4570

*Attorneys for Defendants Hawaiian Electric Industries, Inc., Constance H. Lau, Scott W. H. Seu, Gregory C. Hazelton and Paul K. Ito*

**[PROPOSED] ORDER DEEMING CASES RELATED**

Pursuant to Civil Local Rule 3-12, Defendants Hawaiian Electric Industries, Inc., Constance H. Lau, Scott W. H. Seu, Gregory C. Hazelton, and Paul K. Ito filed an Administrative Motion to Consider Whether Cases Should Be Related, requesting that *Tai v. Seu, et al.*, No. 3:24-cv-01198-LB (N.D. Cal.) (the "*Tai* Derivative Action") be designated as related to the above-captioned action and the related derivative actions *Kallaus v. Johns, et al.*, No. 3:23-cv-06627-JSC (N.D. Cal.) and *Cole v. Johns, et. al.*, No. 3:24-cv-00598-JSC (N.D. Cal.) (together, the "Related Derivative Actions").

Good cause having been shown, IT IS HEREBY ORDERED that the *Tai* Derivative Action is related to this action and the Related Derivative Actions.

DATED: _____, 2024

_____
HONORABLE JAQUELINE SCOTT CORLEY
UNITED STATES DISTRICT JUDGE

ADMINISTRATIVE MOTION TO CONSIDER WHETHER CASES SHOULD BE RELATED
CASE No.: 3:23-cv-04332-JSC