MARK R.S. FOSTER (SBN 223682)
mark.foster@skadden.com
SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
525 UNIVERSITY AVE.
Palo Alto, California 94301
Telephone: (650) 470-4500
Facsimile:  (650) 470-4570

PETER B. MORRISON (SBN 230148)
peter.morrison@skadden.com
RAZA RASHEED (SBN 306722)
raza.rasheed@skadden.com
SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
300 South Grand Avenue, Suite 3400
Los Angeles, California 90071
Telephone: (213) 687-5000
Facsimile: (213) 687-5600

*Attorneys for Defendants Hawaiian Electric
Industries, Inc., Contance H. Lau, Scott W. H. Seu,
Gregory C. Hazelton, and Paul K. Ito*

**UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF CALIFORNIA
SAN FRANCISCO DIVISION**

| | |
|---|---|
| BHAPINDERPAL S. BHANGAL, Individually and on Behalf of All Others Similarly Situated, <br><br> Plaintiff, <br><br> v. <br><br> HAWAIIAN ELECTRIC INDUSTRIES, INC., CONSTANCE H. LAU, SCOTT W. H. SEU, GREGORY C. HAZELTON, and PAUL K. ITO, <br><br> Defendants. | **CLASS ACTION** <br><br> Case No.: 3:23-cv-04332-JSC <br><br> Date:       September 12, 2024 <br> Time:       10:00 a.m. <br> Hon.       Jacqueline Scott Corley <br> Courtroom:  8—19th Floor <br><br> **(1) Defendants' Request for Incorporation by Reference and Judicial Notice in Support of Their Motion to Dismiss Plaintiffs' Amended Class Action Complaint; and** <br><br> **(2) [Proposed] Order.** |

REQUEST FOR INCORPORATION BY REFERENCE AND JUDICIAL NOTICE      CASE No.: 3:23-cv-04332-JSC

# **TABLE OF AUTHORITIES**

**CASES**

Abrego Abrego v. The Dow Chemical Co.,
    443 F.3d 676 (9th Cir. 2006) ..................................................................................................2

In re Apple Inc. Securities Litigation,
    No. 19-cv-02033-YGR, 2020 WL 2857397 (N.D. Cal. June 2, 2020) ...................................2, 6

Corelogic, Inc. v. Zurich American Insurance Co.,
    No. 15-CV-03081-RS, 2016 WL 4698902 (N.D. Cal. Sept. 8, 2016) .........................................5

Cress v. Nexo Financial LLC,
    No. No. 23-cv-00882-TSH, 2023 WL 6609352 (N.D. Cal. Oct. 10, 2023) ................................2

Diaz v. Intuit, Inc.,
    No. 5:15-CV-01778-EJD, 2018 WL 2215790 (N.D. Cal. May 15, 2018)...................................5

In re Google Location History Litig.,
    428 F. Supp. 3d 185 (N.D. Cal. 2019) .......................................................................................4

Heliotrope General, Inc. v. Ford Motor Co.,
    189 F.3d 971 (9th Cir. 1999) ....................................................................................................4

In re Intel Corp. Securities Litig.,
    No. 18-cv-00507-YGR, 2019 WL 1427660 (N.D. Cal. Mar. 29, 2019)....................................2

Khoja v. Orexigen Therapeutics, Inc.,
    899 F.3d 988 (9th Cir. 2018) ....................................................................................................2

Knievel v. ESPN,
    393 F.3d 1068 (9th Cir. 2005) ..................................................................................................1

Leghorn v. Wells Fargo Bank, N.A.,
    950 F. Supp. 2d 1093 (N.D. Cal. 2013) .....................................................................................6

Mullis v. United States Bankruptcy Ct.,
    828 F.2d 1385 (9th Cir. 1987) ..................................................................................................4

Nugget Hydroelectric, L.P. v. Pacific Gas & Electric Co.,
    981 F.2d 429 (9th Cir. 1992) ....................................................................................................5

In re NVIDIA Corp. Securities Litig.,
    768 F.3d 1046 (9th Cir. 2014) ...............................................................................................1, 4

Pacific Gas & Electric Co. v. Lynch,
    216 F. Supp. 2d 1016 (N.D. Cal. 2002) .....................................................................................6

Pacific Overlander, LLC v. Kauai Overlander,
    No. 18-cv-02142-KAW, 2018 WL 3821070 (N.D. Cal. Aug. 10, 2018) ...................................5

Pampena v. Musk,
No. 22-CV-05937-CRB, 2023 WL 8588853 (N.D. Cal. Dec. 11, 2023) ....................................2

Parrino v. FHP Inc.,
146 F.3d 699 (9th Cir. 1998) (superseded by statute) ................................................................2

Perkins v. Linkedln Corp.,
53 F. Supp. 3d 1190 (N.D. Cal. 2014) .......................................................................................5

Plumley v. Sempra Energy,
No. 316CV00512BENAGS, 2017 WL 2712297 (S.D. Cal. June, 20, 2017) ............................5

Saroya v. University of the Pac.,
503 F. Supp. 3d 986 (N.D. Cal. 2020) .......................................................................................1

Steinle v. City & County of San Francisco,
919 F.3d 1154 (9th Cir. 2019) ...................................................................................................1

Threshold Enterprises Ltd. v. Pressed Juicery, Inc.,
445 F. Supp. 3d 139 (N.D. Cal. 2020) .......................................................................................5

United Energy Trading, LLC v. Pacific Gas & Electric Co.,
146 F. Supp. 3d 1122 (N.D. Cal. 2015) .....................................................................................6

United States v. Ritchie,
342 F.3d 903 (9th Cir. 2003) .....................................................................................................1

Von Saher v. Norton Simon Museum of Art at Pasadena,
592 F.3d 954 (9th Cir. 2010) .....................................................................................................4

Western Radio Services Co. v. Qwest Corp.,
530 F.3d 1186 (9th Cir. 2008) ...................................................................................................6

Zavala v. Deutsche Bank Trust Co. Americas,
No. C 13-1040 LB, 2013 WL 3474760 (N.D. Cal. July 10, 2013).............................................6

Zucco Partners, LLC v. Digimarc Corp.,
552 F.3d 981 (9th Cir. 2009) .....................................................................................................1

**RULES**

Fed. R. Evid. 201 ........................................................................................................ 1, 4, 6

**TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

Defendants Hawaiian Electric Industries, Inc. ("HEI"), Constance H. Lau, Scott W. H. Seu, Gregory C. Hazelton, and Paul K. Ito ("Defendants") respectfully request that the Court consider, in connection with the Motion to Dismiss the Amended Class Action Complaint (the "Motion"), Exhibits 1 through 29 attached to the Declaration of Raza Rasheed ("Rasheed Declaration").

For the reasons set forth herein, each of these Exhibits may be properly considered by the Court in connection with Defendants' Motion because each is (i) incorporated by reference in, and integral to, the Amended Complaint (the "AC") (Exhibits 1, 3-21), and/or (ii) subject to judicial notice under Federal Rule of Evidence 201 (Exhibits 1-29).

In deciding a motion to dismiss, courts "consider the complaint in its entirety, as well as other sources courts ordinarily examine when ruling on Rule 12(b)(6) motions to dismiss, in particular, documents incorporated into the complaint by reference, and matters of which a court may take judicial notice." Zucco Partners, LLC v. Digimarc Corp., 552 F.3d 981, 991 (9th Cir. 2009) (citation omitted). Defendants respectfully request that the Court consider Exhibits 1 through 29 to the Declaration of Raza Rasheed because each is either incorporated by reference in Plaintiffs' AC, subject to judicial notice, or both.

**I.    THE COURT SHOULD CONSIDER EXHIBITS 1 AND 3-21 BECAUSE THEY ARE INCORPORATED BY REFERENCE IN THE AC**

A document may be incorporated by reference into a complaint "'if the plaintiff refers extensively to the document or the document forms the basis of the plaintiff's claim.'" Steinle v. City & Cnty. of San Francisco, 919 F.3d 1154, 1162–63 (9th Cir. 2019) (quoting United States v. Ritchie, 342 F.3d 903, 908 (9th Cir. 2003)). "Once a document is deemed incorporated by reference, the entire document is assumed to be true for purposes of a motion to dismiss, and both parties—and the Court—are free to refer to any of its contents." Saroya v. Univ. of the Pac., 503 F. Supp. 3d 986, 994 (N.D. Cal. 2020) (quoting In re NVIDIA Corp. Sec. Litig., 768 F.3d 1046, 1058 n.10 (9th Cir. 2014)); see also Knievel v. ESPN, 393 F.3d 1068, 1076 (9th Cir. 2005) (finding that on a motion to dismiss, a court may "take into account documents 'whose contents are alleged in a complaint and whose authenticity no party questions, but which are not physically attached to the [plaintiff's] pleading") (alteration in original, citation omitted). The court takes notice of the whole document so as to not allow plaintiffs to

1

"surviv[e] a Rule 12(b)(6) motion by deliberately omitting references to documents upon which their claims are based." Parrino v. FHP Inc., 146 F.3d 699, 706 (9th Cir. 1998), superseded by statute on other grounds as recognized in Abrego Abrego v. The Dow Chem. Co., 443 F.3d 676, 681 (9th Cir. 2006); see also Khoja v. Orexigen Therapeutics, Inc., 899 F.3d 988, 1002 (9th Cir. 2018) (incorporation by reference "prevents plaintiffs from selecting only portions of documents that support their claims, while omitting portions of those very documents that weaken—or doom—their claims").

In cases alleging securities fraud, courts routinely find that documents cited in the complaint or containing the alleged misrepresentations challenged by the plaintiffs are incorporated by reference into the complaint. See id. at 1004 (noting that a blog post quoted once in a complaint "form[ed] the basis of" plaintiff's misrepresentation claim because securities analysts allegedly relied on the blog posts to write reports); see also Cress v. Nexo Fin. LLC, No. 23-cv-00882-TSH, 2023 WL 6609352, at *10 n.3 (N.D. Cal. Oct. 10, 2023) (incorporating by reference emails from defendants upon which plaintiffs' misrepresentations claims "necessarily relies."); In re Apple Inc. Sec. Litig., No. 19-cv-02033-YGR, 2020 WL 2857397, at *5 (N.D. Cal. June 2, 2020) (incorporating by reference letter to investors that plaintiffs argued revealed the truth regarding defendant's prior alleged misstatements); Pampena v. Musk, No. 22-CV-05937-CRB, 2023 WL 8588853, at *7 (N.D. Cal. Dec. 11, 2023) (incorporating by reference documents containing alleged misstatements because "the policy concern underlying incorporation by reference is to "[p]revent[] plaintiffs from surviving a Rule 12(b)(6) motion by deliberately omitting references to documents upon which their claims are based.") (alterations in original, citation omitted); In re Intel Corp. Sec. Litig., No. 18-cv-00507-YGR, 2019 WL 1427660, at *6 (N.D. Cal. Mar. 29, 2019) (incorporating by reference document "cited in two paragraphs of the" complaint and another document that was "quoted or referenced in three paragraphs" of the complaint).

Here, Plaintiffs' Amended Complaint incorporates by reference all of the documents listed below because such documents are either extensively relied on by Plaintiffs, or form the basis of Plaintiffs' claims because they contain the alleged misrepresentations challenged by the plaintiffs, or both:

| Exhibit | Title | AC Cite |
|---|---|---|
| 1 | A true and correct copy of the Hawaiian Electric Wildfire Mitigation Plan issued by Hawaiian Electric Company, Inc. ("HECO") in 2023. | ¶¶ 9, 11, 66-71, 77, 89, 93, 97, 98, 103, 106, 161, 163, 169, 173, 181, 183, 187, 195, 207, 209, 211, 213 |

| Exhibit | Title | AC Cite |
|---|---|---|
| 3 | A true and correct copy of excerpts of the 2018 Form 10-K filed by HEI with the Securities & Exchange Commission ("SEC") on February 28, 2019. | ¶ 158 |
| 4 | A true and correct copy of excerpts of the 2019 Form 10-K filed by HEI with the SEC on February 28, 2020. | ¶¶ 166, 168 |
| 5 | A true and correct copy of excerpts of the 2020 Form 10-K filed by HEI with the SEC on February 26, 2021. | ¶¶ 105, 174, 176 |
| 6 | A true and correct copy of excerpts of the 2021 Form 10-K filed by HEI with the SEC on February 25, 2022. | ¶ 184 |
| 7 | A true and correct copy of the 2019 Environmental, Social and Governance (ESG) Report published by HEI on September 15, 2020. | ¶¶ 105, 172 |
| 8 | A true and correct copy of the 2020 ESG Report published by HEI on April 21, 2021. | ¶¶ 178, 180 |
| 9 | A true and correct copy of the 2021 ESG Report published by HEI on April 10, 2022. | ¶¶ 186, 188, 190 |
| 10 | A true and correct copy of the 2022 ESG Report published by HEI on March 27, 2023 | ¶¶ 200, 202 |
| 11 | A true and correct copy of a 2021-2022 sustainability report titled "Taking Action on Climate Change Together" published by HECO on April 12, 2022 | ¶ 192 |
| 12 | A true and correct copy of a 2022-2023 sustainability report titled "Building a Strong & Resilient Hawaii Together" published by HECO on April 4, 2023. | ¶ 204 |
| 13 | A true and correct copy of a screenshot of a YouTube video titled "Committed to Wildfire Mitigation" posted by HECO on November 6, 2019, plus a transcript of the video. | ¶ 162 |
| 14 | A true and correct copy of a screenshot of a YouTube video titled "Critical Resilience Work Resumes" posted by HECO on June 1, 2020, plus a transcript of the video. | ¶ 170 |
| 15 | A true and correct copy of a screenshot of a YouTube video titled "What's on a Utility Pole" posted by HECO on November 23, 2022, plus a transcript of the video. | ¶ 196 |

3

| Exhibit | Title | AC Cite |
|---|---|---|
| 16 | A true and correct copy of a screenshot of video of a Community Engagement meeting titled "Meeting Maui's Energy Needs" hosted by HECO on August 13, 2023, plus a transcript of the video. | ¶ 206 |
| 17 | A true and correct copy of a press release titled "Hawaiian Electric Companies to conduct drone surveys as part of overall wildfire mitigation planning" issued by HECO on November 5, 2019. | ¶ 160 |
| 18 | A true and correct copy of a press release titled "Jan. 2 – Feb. 10: Maui Electric upgrading poles, insulated power lines along Lahainaluna Road" issued by Maui Electric on December 19, 2019. | ¶ 164 |
| 19 | A true and correct copy of Medium blog post titled "Fire prevention is everyone's business" posted by HECO on October 27, 2021. | ¶ 182 |
| 20 | A true and correct copy of a Medium blog post titled "Protecting West Maui from wildfires" posted by HECO on August 22, 2022 | ¶ 194 |
| 21 | A true and correct copy of a Medium blog post titled "What's on a utility pole?" posted by HECO on March 1, 2023 | ¶ 198 |

Because these documents are incorporated by reference into the Amended Complaint, the Court should consider them in deciding Defendants' Motion to Dismiss.  NVIDIA, 768 F.3d at 1058 n.10.

## II.   THE COURT SHOULD TAKE JUDICIAL NOTICE OF EXHIBITS 1-29

Federal Rule of Evidence 201 provides that a fact is subject to judicial notice if it is not subject to reasonable dispute in that it is either "(1) . . . generally known within the trial court's territorial jurisdiction; or (2) can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b). "[F]acts subject to judicial notice may be considered on a motion to dismiss." Mullis v. United States Bankr. Ct., 828 F.2d 1385, 1388 (9th Cir. 1987). Courts regularly take judicial notice of the information reflected in publicly available documents to show what information was disclosed and/or available to the public. See, e.g., Heliotrope Gen., Inc. v. Ford Motor Co., 189 F.3d 971, 981 n.18 (9th Cir. 1999) (taking judicial notice "that the market was aware of the

4

information contained in news articles submitted by the defendants"); <u>Von Saher v. Norton Simon Museum of Art at Pasadena</u>, 592 F.3d 954, 960 (9th Cir. 2010) ("Courts may take judicial notice of publications introduced to 'indicate what was in the public realm at the time. . . .'") (citation omitted); <u>In re Google Location Hist. Litig</u>., 428 F. Supp. 3d 185, 189 (N.D. Cal. 2019) (taking judicial notice of defendants' public disclosures to users for purpose of demonstrating what defendant disclosed at the time).

*First*, Defendants request that the Court take judicial notice of what is said and/or displayed in Exhibits 1, 7-26 and 28-29, which are materials available (i) on HEI and HECO's corporate websites, including the companies' logos, ESG reports, sustainability reports, press releases, and HECO's Wildfire Mitigation Plan (Exs. 1, 7-12, 17-18, 22-26, 29-29) (ii) on HECO's official YouTube channel (Exs. 13-16) and (iii) on HECO's official Medium blog webpage. (Exs. 19-21).[1] "Courts in this district have found that in general, websites and their contents may be judicially noticed," including a party's own corporate website. <u>Pac. Overlander, LLC v. Kauai Overlander</u>, No. 18-cv-02142-KAW, 2018 WL 3821070, at *2 (N.D. Cal. Aug. 10, 2018); (taking judicial notice of "Defendant's website, the print-outs of [its] Instagram account, and the print-outs of the Google reviews"); <u>see also</u> <u>Perkins v. Linkedln Corp</u>., 53 F. Supp. 3d 1190, 1204 (N.D. Cal. 2014) (taking judicial notice of, among other things, parties' LinkedIn profiles, LinkedIn's Help Page and screen shot of the "Connect with people you know on LinkedIn" feature); <u>Corelogic, Inc. v. Zurich Am. Ins. Co</u>., No. 15-CV-03081-RS, 2016 WL 4698902, at *1 n.2 (N.D. Cal. Sept. 8, 2016) (taking judicial notice of "Company Overview" page of plaintiff's website); <u>Threshold Enterprises Ltd. v. Pressed Juicery, Inc</u>., 445 F. Supp. 3d 139, 145-46 (N.D. Cal. 2020) (taking judicial notice of "screenshots and printouts of websites of the parties and other third parties" because "in general, websites and their contents may be judicially noticed."); <u>Diaz v. Intuit, Inc</u>., No. 5:15-CV-01778-EJD, 2018 WL 2215790, at *3 (N.D. Cal. May 15, 2018) (taking judicial notice of IRS's webpage because "[p]ublicly accessible websites and news articles are proper subjects of judicial notice."). Therefore, because Exhibits 1, 7-21, 22-26 and 28-29 were, and are, available on "publicly accessible websites," what is said and/or reflected in these Exhibits (as opposed to the truth

---

[1]    Exhibits 1 and 7-21 are also incorporated by reference into the complaint (<u>see</u> <u>supra</u> Section I), but for the sake of completeness Defendants also request judicial notice of the information contained in such materials.

or falsity of any particular factual statements) are proper subjects for judicial notice.

***Second***, Defendants request that the Court take judicial notice of what is said in Exhibits 2 and 27, which are HECO submissions to Hawai'i's Public Utilities Commission. Courts routinely take judicial notice of matters of public record, including submissions to public utility commissions. See Plumley v. Sempra Energy, No. 316CV00512BENAGS, 2017 WL 2712297, at *3, n.4 (S.D. Cal. June 20, 2017) (taking judicial notice of filings made in proceedings before the California Public Utilities Commission); Nugget Hydroelectric, L.P. v. Pac. Gas & Elec. Co., 981 F.2d 429, 435 (9th Cir. 1992) (taking judicial notice of published California Public Utility Commission decisions); W. Radio Servs. Co. v. Qwest Corp., 530 F.3d 1186, 1192, n.4 (9th Cir. 2008) (taking judicial notice of Public Utility Commission order); United Energy Trading, LLC v. Pac. Gas & Elec. Co., 146 F. Supp. 3d 1122, 1133 (N.D. Cal. 2015) (taking judicial notice of documents related to California Public Utility Commission proceedings); Pac. Gas & Elec. Co. v. Lynch, 216 F. Supp. 2d 1016, 1026 (N.D. Cal. 2002) (taking judicial notice of documents that "are in the official public records of the CPUC"); Leghorn v. Wells Fargo Bank, N.A., 950 F. Supp. 2d 1093, 1106 (N.D. Cal. 2013) (taking judicial notice of insurance rate filing as a matter of public record that is not subject to reasonable dispute); Zavala v. Deutsche Bank Tr. Co. Americas, No. C 13-1040 LB, 2013 WL 3474760, at *3 (N.D. Cal. July 10, 2013) ("Courts may take judicial notice of matters of public record."). What HECO said in these PUC filings is also a proper subject for judicial notice because the content of HECO's statements (as opposed to the truth or falsity of any particular assertions) is not reasonably subject to dispute.

***Third***, Defendants request that the Court take judicial notice of what is said in Exhibits 3-6, which are all SEC filings by Defendant HEI.[2] "Courts routinely take judicial notice of SEC filings in securities cases where authenticity is not disputed because their accuracy cannot reasonably be questioned." In re Apple Inc. Sec. Litig., 2020 WL 2857397, at *6.

Upon proper notice, the Court is required to take judicial notice of the exhibits listed above. See Fed. R. Evid. 201(c)(2) ("The court . . . must take judicial notice if a party requests it and the court is supplied with the necessary information."). Here, Defendants have requested judicial notice of Exhibits 1-29 and furnished the Court with the necessary information.

---

[2] Exhibits 3-6 are also incorporated by reference into the complaint (see supra Section I), but for the sake of completeness Defendants also request judicial notice of such materials.

## III.   **<u>CONCLUSION</u>**

For the foregoing reasons, Defendants respectfully request that the Court consider, in ruling on Defendants' Motion, the Exhibits attached to the Rasheed Declaration, filed concurrently herewith.

DATED: May 7, 2024                              SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP

By: _____ */s/Mark R.S. Foster*_____
                                      Mark R.S. Foster
                                      *Attorneys for Defendants*