MARK R.S. FOSTER (SBN 223682)
mark.foster@skadden.com
SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
525 University Avenue
Palo Alto, California 94301
Telephone: (650) 470-4500
Facsimile:  (650) 470-4570

PETER B. MORRISON (SBN 230148)
peter.morrison@skadden.com
RAZA RASHEED (SBN 306722)
raza.rasheed@skadden.com
SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
300 South Grand Avenue, Suite 3400
Los Angeles, California 90071
Telephone: (213) 687-5000
Facsimile:  (213) 687-5600

*Attorneys for Defendants Hawaiian Electric Industries, Inc., Constance H. Lau, Scott W. H. Seu, Gregory C. Hazelton, and Paul K. Ito*

**UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF CALIFORNIA
SAN FRANCISCO DIVISION**

| | |
|---|---|
| BHAPINDERPAL S. BHANGAL, Individually and on Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>v.<br><br>HAWAIIAN ELECTRIC INDUSTRIES, INC., CONSTANCE H. LAU, SCOTT W. H. SEU, GREGORY C. HAZELTON, and PAUL K. ITO,<br><br>Defendants. | **CLASS ACTION**<br><br>Case No.: 3:23-cv-04332-JSC<br><br>Date: September 26, 2024<br>Time: 10:00 a.m.<br>Hon. Jacqueline Scott Corley<br>Courtroom: 8—19th Floor<br><br>**DEFENDANTS' REPLY IN SUPPORT OF THEIR REQUEST FOR INCORPORATION BY REFERENCE AND JUDICIAL NOTICE** |

Plaintiffs' Amended Class Action Complaint ("AC") claims that Defendants made 25 purportedly false or misleading statements in violation of the federal securities laws. In connection with their Motion to Dismiss the AC, Defendants requested that the Court consider 29 exhibits consisting of (i) documents containing the challenged statements themselves; (ii) corporate websites containing company logos of Hawaiian Electric Industries, Inc. and its subsidiaries; and (iii) a handful of public filings. These exhibits collectively show on their face that: (i) none of the 25 statements say anything false or misleading when read in context; (ii) there is no factual basis to infer that Defendants made 11 of the 25 challenged statements at issue; and (iii) Defendants repeatedly disclosed to the public the exact risks Plaintiffs claim were concealed. Defendants' Request explained that each of the 29 exhibits is either cited and relied on in the AC, and thus incorporated by reference, or is the sort of readily available public document that is subject to judicial notice under Federal Rule of Evidence 201. (See ECF 83, "Request.")

Plaintiffs' Opposition only underscores that Defendants' Request should be granted. As explained in Defendants' concurrently-filed reply in support of their motion to dismiss, Plaintiffs' Opposition repeatedly misrepresents Defendants' statements in an effort to manufacture a claim, and thus demonstrates why the Court must review the statements themselves to "prevent[] plaintiffs from selecting only portions of documents that support their claims, while omitting portions of those very documents that weaken—or doom—their claims." Khoja v. Orexigen Therapeutics, Inc., 899 F.3d 988, 1002 (9th Cir. 2018).

Plaintiffs did not file a response to Defendants' Request, or explain why any of the 29 exhibits Defendants submitted cannot or should not be considered by the Court in evaluating Defendants' motion to dismiss. Instead, in a footnote in their Opposition, Plaintiffs assert without analysis that the "Court should only sparingly grant" the Request "if at all." (ECF 84 at 6 n.1.) Plaintiffs' conclusory footnote fails to demonstrate that any part of the Request should be denied. For two reasons, the Court should grant the Request in its entirety.

*First*, Exhibits 1 and 3-21 are each documents or videos that Plaintiffs quote in the AC, and are thus incorporated into the AC by reference. (See ECF No. 83 at 2-4.) Plaintiffs' footnote does not discuss this point, much less attempt to contest that these documents are incorporated by reference. Since these exhibits are incorporated by reference, the Court should assume that their contents are true in evaluating

1

Defendants' motion to dismiss. See, e.g., In re NVIDIA Corp. Sec. Litig., 768 F.3d 1046, 1058 n.10 (9th Cir. 2014) ("Once a document is deemed incorporated by reference, the entire document is assumed to be true for purposes of a motion to dismiss, and both parties—and the Court—are free to refer to any of its contents.") (quoting City of Roseville Emps.' Ret. Sys. v. Sterling Fin. Corp., 963 F. Supp. 2d 1092, 1107 (E.D. Wash. 2013)).

*Second*, all 29 Exhibits are subject to judicial notice. As the Request explains, each of the Exhibits are websites, YouTube videos, blog posts, or public regulatory filings, and the Court can thus take judicial notice of what is said and/or displayed in these documents when evaluating Defendants' Motion to dismiss. (ECF No. 83 at 5-6 (collecting cases).)

Plaintiffs note that "a court cannot take judicial notice of disputed facts contained in . . . public records." (ECF. 84 at 6, n. 1.) But Defendants have not requested judicial notice of any underlying "fact contained in" any public record; just what the records reflect on their face to show what Defendants told the public. Such requests are clearly proper, and Plaintiffs do not even attempt to show otherwise. See, e.g., Heliotrope Gen., Inc. v. Ford Motor Co., 189 F.3d 971, 981 n.18 (9th Cir. 1999) (taking judicial notice "that the market was aware of the information contained in news articles submitted by the defendants"). Plaintiffs thus fail to provide any reason why the Court should deny judicial notice as to any exhibit.

DATED: August 22, 2024                SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP

                                      By:  _____/s/Mark R.S. Foster_____
                                              Mark R.S. Foster
                                          *Attorneys for Defendants*

REPLY ISO REQUEST FOR INCORPORATION BY REFERENCE AND JUDICIAL NOTICE        CASE No.: 3:23-cv-04332-JSC