MARK R.S. FOSTER (SBN 223682)
mark.foster@skadden.com
SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
525 UNIVERSITY AVE.
Palo Alto, California 94301
Telephone: (650) 470-4500
Facsimile:  (650) 470-4570

PETER B. MORRISON (SBN 230148)
peter.morrison@skadden.com
RAZA RASHEED (SBN 306722)
raza.rasheed@skadden.com
SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
2000 Avenue of the Stars
Los Angeles, California 90067
Telephone: (213) 687-5000
Facsimile: (213) 687-5600

*Attorneys for Defendants Hawaiian Electric
Industries, Inc., Constance H. Lau, Scott W. H. Seu,
Gregory C. Hazelton, and Paul K. Ito*

*[Additional counsel listed on signature page]*

**UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF CALIFORNIA
SAN FRANCISCO DIVISION**

| | |
|---|---|
| BHAPINDERPAL S. BHANGAL, Individually and on Behalf of All Others Similarly Situated, <br><br> Plaintiff, <br><br> v. <br><br> HAWAIIAN ELECTRIC INDUSTRIES, INC., HAWAIIAN ELECTRIC COMPANY, INC., CONSTANCE H. LAU, SCOTT W. H. SEU, GREGORY C. HAZELTON, PAUL K. ITO, and SHELEE KIMURA, <br><br> Defendants. | **CLASS ACTION** <br><br> Case No.: 3:23-cv-04332-JSC <br><br> Date:        June 26, 2025 <br> Time:       10:00 a.m. <br> Hon.        Jacqueline Scott Corley <br> Courtroom:  8—19th Floor <br><br> **(1) Defendants' Request for Incorporation by Reference and Judicial Notice in Support of Their Motion to Dismiss Plaintiffs' Second Amended Class Action Complaint; and** <br><br> **(2) [Proposed] Order.** |

---

REQUEST FOR INCORPORATION BY REFERENCE AND JUDICIAL NOTICE        CASE No.: 3:23-cv-04332-JSC

# TABLE OF AUTHORITIES

Page(s)

**Cases**

*In re Apple Inc. Securities Litigation*,
    No. 19-cv-02033-YGR, 2020 WL 2857397 (N.D. Cal. June 2, 2020).....................................3

*Baker v. Twitter, Inc.*,
    No. 2:22-cv-06525-MCS-E, 2024 WL 1178168 (C.D. Cal. Mar. 5, 2024).............................3

*Cesario v. Biocept, Inc.*,
    No. 23-cv-1803-WQH-BLM, 2025 WL 525120 (S.D. Cal. Feb. 18, 2025)............................2

*Corelogic, Inc. v. Zurich American Insurance Co.*,
    No. 15-CV-03081-RS, 2016 WL 4698902 (N.D. Cal. Sept. 8, 2016) ....................................4

*Cress v. Nexo Financial LLC*,
    No. 23-cv-00882-TSH, 2023 WL 6609352 (N.D. Cal. Oct. 10, 2023)...................................3

*Diaz v. Intuit, Inc.*,
    No. 5:15-cv-01778-EJD, 2018 WL 2215790 (N.D. Cal. May 15, 2018) ................................4

*Funke v. Sorin Group USA, Inc.*,
    147 F. Supp. 3d 1017 (C.D. Cal. 2015) ................................................................................6

*In re Google Location History Litigation*,
    428 F. Supp. 3d 185 (N.D. Cal. 2019)...................................................................................4

*Hadian v. Fate Therapeutics, Inc.*,
    No. 3:23-cv-00111-RBM-AHG, 2024 WL 4246083 (S.D. Cal. Sept. 19, 2024) ...................2

*Hadley v. Kellogg Sales Co.*,
    243 F. Supp. 3d 1074 (N.D. Cal. 2017)................................................................................6

*Heliotrope General, Inc. v. Ford Motor Co.*,
    189 F.3d 971 (9th Cir. 1999).................................................................................................4

*Hodsdon v. Mars, Inc.*,
    162 F. Supp. 3d 1016 (N.D. Cal. 2016),
    *aff'd*, 891 F.3d 857 (9th Cir. 2018)......................................................................................6

*In re Intel Corp. Securities Litigation*,
    No. 18-cv-00507-YGR, 2019 WL 1427660 (N.D. Cal. Mar. 29, 2019) .................................3

*Khoja v. Orexigen Therapeutics, Inc.*,
    899 F.3d 988 (9th Cir. 2018).................................................................................................2

*Knievel v. ESPN*,
    393 F.3d 1068 (9th Cir. 2005)...............................................................................................2

*Kunde Enterprises, Inc. v. National Surety Corp.*,
608 F. Supp. 3d 883 (N.D. Cal. 2022).................................................................................6

*Leghorn v. Wells Fargo Bank, N.A.*,
950 F. Supp. 2d 1093 (N.D. Cal. 2013)..............................................................................5

*Lopez v. Bank of America, N.A.*,
505 F. Supp. 3d 961 (N.D. Cal. 2020)................................................................................6

*Mullis v. U.S. Bankruptcy Court*,
828 F.2d 1385 (9th Cir. 1987)............................................................................................4

*No Cost Conference, Inc. v. Windstream Communications, Inc.*,
940 F. Supp. 2d 1285 (S.D. Cal. 2013)..............................................................................5

*Nugget Hydroelectric, L.P. v. Pacific Gas & Electric Co.*,
981 F.2d 429 (9th Cir. 1992)..............................................................................................5

*In re NVIDIA Corp. Securities Litigation*,
768 F.3d 1046 (9th Cir. 2014)............................................................................................3

*Pacific Gas & Electric Co. v. Lynch*,
216 F. Supp. 2d 1016 (N.D. Cal. 2002).............................................................................5

*Pacific Overlander, LLC v. Kauai Overlander*,
No. 18-cv-02142-KAW, 2018 WL 3821070 (N.D. Cal. Aug. 10, 2018).................................4

*Pampena v. Musk*,
705 F. Supp. 3d 1018 (N.D. Cal. 2023).............................................................................3

*Parrino v. FHP Inc.*,
146 F.3d 699 (9th Cir. 1998)..............................................................................................2

*Perkins v. LinkedIn Corp.*,
53 F. Supp. 3d 1190 (N.D. Cal. 2014)...............................................................................4

*Plumbers & Steamfitters Local 60 Pension Trust v. Meta Platforms, Inc.*,
No. 4:22-cv-01470-YGR, 2024 WL 4251896 (N.D. Cal. Sept. 17, 2024),
*appeal filed sub nom. Menora Mivtachim Ins. Ltd. v. Meta Platforms, Inc.*,
No. 24-6218 (9th Cir. Oct. 11, 2024) .................................................................................2

*Plumley v. Sempra Energy*,
No. 3:16-cv-00512-BEN-AGS, 2017 WL 2712297 (S.D. Cal. June 20, 2017)........................5

*Saroya v. University of the Pacific*,
503 F. Supp. 3d 986 (N.D. Cal. 2020)...............................................................................2

*Steinle v. City & County of San Francisco*,
919 F.3d 1154 (9th Cir. 2019)............................................................................................1

*Threshold Enterprises Ltd. v. Pressed Juicery, Inc.*,
　445 F. Supp. 3d 139 (N.D. Cal. 2020) .................................................................................. 4

*United Energy Trading, LLC v. Pacific Gas & Electric Co.*,
　146 F. Supp. 3d 1122 (N.D. Cal. 2015) ............................................................................... 5

*Von Saher v. Norton Simon Museum of Art at Pasadena*,
　592 F.3d 954 (9th Cir. 2010) ............................................................................................... 4

*Western Radio Services Co. v. Qwest Corp.*,
　530 F.3d 1186 (9th Cir. 2008) ............................................................................................. 5

*Zavala v. Deutsche Bank Trust Co. Americas*,
　No. C 13-1040 LB, 2013 WL 3474760 (N.D. Cal. July 10, 2013) ...................................... 5

*Zucco Partners, LLC v. Digimarc Corp.*,
　552 F.3d 981 (9th Cir. 2009) ............................................................................................... 1

**Rules**

Fed. R. Evid. 201(b) .................................................................................................................... 4

Fed. R. Evid. 201(c)(2) ............................................................................................................... 6

**TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

Defendants Hawaiian Electric Industries, Inc. ("HEI"), Hawaiian Electric Company, Inc. ("HECO"), Constance H. Lau, Scott W. H. Seu, Gregory C. Hazelton, Paul K. Ito, and Shelee Kimura ("Individual Defendants," and with HEI and HECO, "Defendants") respectfully request that the Court consider, in connection with the Motion to Dismiss the Second Amended Class Action Complaint (the "Motion"), Exhibits 30-32 attached to the Declaration of Raza Rasheed ("Rasheed Declaration"). The Court previously granted Defendants' request for incorporation by reference of Exhibits 1 and 3-21, and judicial notice of Exhibits 1 through 29, to the Rasheed Declaration (ECF 81, the "Order"). Defendants now respectfully request that the Court grant their request for incorporation by reference and judicial notice as to three additional exhibits: (i) Exhibit 30—an audit report released by the Hawaii Public Utilities Commission regarding certain HECO business practices (the "PUC Audit Report"); (ii) Exhibit 31—a report issued by the U.S. Department of Justice, Bureau of Alcohol, Tobacco, Firearms and Explosives and the County of Maui Department of Fire and Public Safety respectively (the "Maui Fire Department Report"); and (iii) Exhibit 32—HECO's February 20, 2024 responses to an information request submitted by the Hawaii Public Utilities Commission.

As discussed further herein, these exhibits may be properly considered by the Court in connection with Defendants' Motion because each is either incorporated by reference in Plaintiffs' SAC, subject to judicial notice, or both. See *Zucco Partners, LLC v. Digimarc Corp.*, 552 F.3d 981, 991 (9th Cir. 2009) (on motion to dismiss, courts consider "documents incorporated into the complaint by reference, and matters of which a court may take judicial notice." (citation omitted).) All three exhibits are incorporated by reference because Plaintiffs cite each exhibit extensively in the SAC and rely on them for their scienter and falsity allegations, respectively, to form the basis of their claims. These exhibits are also subject to judicial notice because they are public reports prepared for or by government agencies, and thus what is reflected on the face of these reports (as opposed to the truth of the statements therein) is not reasonably subject to dispute.

**I.      THE COURT SHOULD CONSIDER EXHIBITS 30-32 BECAUSE THEY ARE INCORPORATED BY REFERENCE IN THE SAC**

A document may be incorporated by reference into a complaint "'if the plaintiff refers extensively to the document or the document forms the basis of the plaintiff's claim.'" *Steinle v. City &*

1

*Cnty. of S.F.*, 919 F.3d 1154, 1162-63 (9th Cir. 2019) (quoting *United States v. Ritchie*, 342 F.3d 903, 908 (9th Cir. 2003)). "Once a document is deemed incorporated by reference, the entire document is assumed to be true for purposes of a motion to dismiss, and both parties—and the Court—are free to refer to any of its contents." *Saroya v. Univ. of the Pac.*, 503 F. Supp. 3d 986, 994 (N.D. Cal. 2020) (quoting *In re NVIDIA Corp. Sec. Litig.*, 768 F.3d 1046, 1058 n.10 (9th Cir. 2014)); *see also Knievel v. ESPN*, 393 F.3d 1068, 1076 (9th Cir. 2005) (finding that on a motion to dismiss, a court may "take into account documents 'whose contents are alleged in a complaint and whose authenticity no party questions, but which are not physically attached to the [plaintiff's] pleading" (alteration in original) (citation omitted)). The court takes notice of the whole document so as to not allow plaintiffs to "surviv[e] a Rule 12(b)(6) motion by deliberately omitting references to documents upon which their claims are based." *Parrino v. FHP, Inc.*, 146 F.3d 699, 706 (9th Cir. 1998); *see also Khoja v. Orexigen Therapeutics, Inc.*, 899 F.3d 988, 1002 (9th Cir. 2018) (incorporation by reference "prevents plaintiffs from selecting only portions of documents that support their claims, while omitting portions of those very documents that weaken—or doom—their claims").

In cases alleging securities fraud, courts routinely find that documents cited in the complaint or containing the alleged misrepresentations challenged by the plaintiffs are incorporated by reference into the complaint. *See id.* at 1004 (noting that a blog post quoted once in a complaint "form[ed] the basis of" plaintiff's misrepresentation claim because securities analysts allegedly relied on the blog posts to write reports); *see also Cesario v. Biocept, Inc.*, No. 23-cv-1803-WQH-BLM, 2025 WL 525120, at *27 n.27 (S.D. Cal. Feb. 18, 2025) (incorporating by reference defendant's proxy materials because they were cited at least twice in the complaint); *Hadian v. Fate Therapeutics, Inc.*, No. 3:23-cv-00111-RBM-AHG, 2024 WL 4246083, at *8 (S.D. Cal. Sept. 19, 2024) (incorporating by reference SEC filings, call transcripts and conference presentations because each "form[ed] the basis of certain allegations"); *Plumbers & Steamfitters Loc. 60 Pension Tr. v. Meta Platforms, Inc.*, No. 4:22-cv-01470-YGR, 2024 WL 4251896, at *9 (N.D. Cal. Sept. 17, 2024) (incorporating by reference analyst reports and a transcript of an investor conference call because plaintiffs relied extensively on said documents "to support key components of their factual allegations"), *appeal filed sub nom. Menora Mivtachim Ins. Ltd. v. Meta Platforms, Inc.*, No. 24-6218 (9th Cir. Oct. 11, 2024); *Baker v. Twitter, Inc.*, No. 2:22-cv-

06525-MCS-E, 2024 WL 1178168, at *2 (C.D. Cal. Mar. 5, 2024) (incorporating by reference an exhibit that was "central to [plaintiff's] claims"); *Cress v. Nexo Fin. LLC*, No. 23-cv-00882-TSH, 2023 WL 6609352, at *10 n.3 (N.D. Cal. Oct. 10, 2023) (incorporating by reference emails from defendants upon which plaintiffs' misrepresentations claims "necessarily relies"); *In re Apple Inc. Sec. Litig.*, No. 19-cv-02033-YGR, 2020 WL 2857397, at *5 (N.D. Cal. June 2, 2020) (incorporating by reference letter to investors that plaintiffs argued revealed the truth regarding defendant's prior alleged misstatements); *Pampena v. Musk*, 705 F. Supp. 3d 1018, 1039 (N.D. Cal. 2023) (incorporating by reference documents containing alleged misstatements because "[t]he policy concern underlying incorporation by reference is to '[p]revent[] plaintiffs from surviving a Rule 12(b)(6) motion by deliberately omitting references to documents upon which their claims are based.'" (second and third alterations in original) (citation omitted)); *In re Intel Corp. Sec. Litig.*, No. 18-cv-00507-YGR, 2019 WL 1427660, at *6 (N.D. Cal. Mar. 29, 2019) (incorporating by reference document "cited in two paragraphs of the" complaint and another document that was "quoted or referenced in three paragraphs" of the complaint).

Here, Exhibits 30-32 are incorporated by reference. In the SAC, Plaintiffs extensively cite to Exhibit 30—the PUC Audit Report—and rely on the report to form the basis of their claims, including Plaintiffs' scienter allegations. (SAC ¶¶ 61-67, 80, 128, 203, 253-55, 257-58, 261). Plaintiffs also extensively cite to Exhibit 31—the Maui Fire Department Report—and rely on the report to form the basis of their falsity allegations. (SAC ¶¶ 8-9, 13, 115-16, 118, 129-34, 156, 203, 256). Plaintiffs further cite Exhibit 32—HECO's PUC responses—to argue that HECO's internal wildfire mitigation policies differed from what HECO represented to the public. (SAC ¶ 127.) Thus Exhibits 30-32 are incorporated by reference because each document's "contents are described and the document is integral to the complaint." *See* Order at 8; *see also NVIDIA*, 768 F.3d at 1058 n.10.

## II.    THE COURT SHOULD TAKE JUDICIAL NOTICE OF EXHIBITS 30-32

Federal Rule of Evidence 201 provides that a fact is subject to judicial notice if it is not subject to reasonable dispute in that it is either "(1) . . . generally known within the trial court's territorial jurisdiction; or (2) can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b). "[F]acts subject to judicial notice may be considered on a motion to dismiss." *Mullis v. U. S. Bankr. Ct.*, 828 F.2d 1385, 1388 (9th Cir. 1987). Courts regularly

3

take judicial notice of the information reflected in publicly available documents to show what information was disclosed and/or available to the public. *See, e.g.*, *Heliotrope Gen., Inc. v. Ford Motor Co.*, 189 F.3d 971, 981 n.18 (9th Cir. 1999) (taking judicial notice "that the market was aware of the information contained in news articles submitted by the defendants"); *Von Saher v. Norton Simon Museum of Art at Pasadena*, 592 F.3d 954, 960 (9th Cir. 2010) ("Courts may take judicial notice of publications introduced to 'indicate what was in the public realm at the time. . . .'" (citation omitted)); *In re Google Location Hist. Litig.*, 428 F. Supp. 3d 185, 189 (N.D. Cal. 2019) (taking judicial notice of defendants' public disclosures to users for purpose of demonstrating what defendant disclosed at the time). Here, Defendants respectfully request that the Court take judicial notice of Exhibits 30 and 31 for the following reasons:

*First*, Defendants request that the Court take judicial notice of what is said and/or displayed in Exhibits 30-32, which are materials available on publicly accessible websites of the Hawaii Public Utilities Commission and Maui County. The Court has taken judicial notice of screenshots of HEI and HECO's corporate webpages because "websites and their contents may be judicially noticed." Order at 9. Similarly, other "[c]ourts in this district have found that in general, websites and their contents may be judicially noticed," including a third-party website. *Pac. Overlander, LLC v. Kauai Overlander*, No. 18-cv-02142-KAW, 2018 WL 3821070, at *2 (N.D. Cal. Aug. 10, 2018); (taking judicial notice of "Defendant's website, the print-outs of [its] Instagram account, and the print-outs of the Google reviews"); *see also Perkins v. LinkedIn Corp.*, 53 F. Supp. 3d 1190, 1204 (N.D. Cal. 2014) (taking judicial notice of, among other things, the parties' LinkedIn profiles, LinkedIn's Help Page and a screen shot of the "Connect with people you know on LinkedIn" feature); *Corelogic, Inc. v. Zurich Am. Ins. Co.*, No. 15-cv-03081-RS, 2016 WL 4698902, at *1 n.2 (N.D. Cal. Sept. 8, 2016) (taking judicial notice of "Company Overview" page of plaintiff's website); *Threshold Enters. Ltd. v. Pressed Juicery, Inc.*, 445 F. Supp. 3d 139, 145-46 (N.D. Cal. 2020) (taking judicial notice of "screenshots and printouts of websites of the parties and other third parties" because "[i]n general, websites and their contents may be judicially noticed."); *Diaz v. Intuit, Inc.*, No. 5:15-cv-01778-EJD, 2018 WL 2215790, at *3 (N.D. Cal. May 15, 2018) (taking judicial notice of the IRS's webpage because "[p]ublically [sic] accessible websites and news articles are proper subjects of judicial notice"). Therefore, because Exhibits 30-32

4

were, and are, available on publicly accessible websites, what is said and/or reflected in these Exhibits (as opposed to the truth or falsity of any particular factual statements) are proper subjects for judicial notice.

**Second**, Defendants request that the Court take judicial notice of what is said in Exhibit 32, an HECO submission to the Hawaii Public Utilities Commission. The Court has taken judicial notice of other HECO submissions to the PUC "to determine the information available to the market." Order at 9-10. Like this Court, other California courts take judicial notice of matters of public record, including submissions to public utility commissions. *See No Cost Conf., Inc. v. Windstream Commc'ns, Inc.*, 940 F. Supp. 2d 1285, 1296 (S.D. Cal. 2013) (granting defendants' request for judicial notice of an application filed with the California Public Utilities Commission because it is a "matter of public record that was filed with a public administrative agency"); *Plumley v. Sempra Energy*, No. 3:16-cv-00512-BEN-AGS, 2017 WL 2712297, at *3 n.4 (S.D. Cal. June 20, 2017) (taking judicial notice of filings made in proceedings before the California Public Utilities Commission); *Nugget Hydroelectric, L.P. v. Pac. Gas & Elec. Co.*, 981 F.2d 429, 435 (9th Cir. 1992) (taking judicial notice of published California Public Utility Commission decisions); *W. Radio Servs. Co. v. Qwest Corp.*, 530 F.3d 1186, 1192 n.4 (9th Cir. 2008) (taking judicial notice of Public Utility Commission orders), *aff'd in part, rev'd in part*, 678 F.3d 970 (9th Cir. 2012); *United Energy Trading, LLC v. Pac. Gas & Elec. Co.*, 146 F. Supp. 3d 1122, 1133 (N.D. Cal. 2015) (taking judicial notice of documents related to California Public Utility Commission proceedings); *Pac. Gas & Elec. Co. v. Lynch*, 216 F. Supp. 2d 1016, 1026 (N.D. Cal. 2002) (taking judicial notice of documents that "are in the official public records of the CPUC"); *Leghorn v. Wells Fargo Bank, N.A.*, 950 F. Supp. 2d 1093, 1106 (N.D. Cal. 2013) (taking judicial notice of an insurance rate filing as a matter of public record that is not subject to reasonable dispute); *Zavala v. Deutsche Bank Tr. Co. Ams.*, No. C 13-1040 LB, 2013 WL 3474760, at *3 (N.D. Cal. July 10, 2013) ("Courts may take judicial notice of matters of public record."). What HECO said in this PUC filing is also a proper subject for judicial notice because the content of HECO's statements (as opposed to the truth or falsity of any particular assertions) is not reasonably subject to dispute.

**Third**, Defendants request that the Court take judicial notice of what is said and/or displayed in Exhibit 30, the HECO report submitted to the PUC, and Exhibit 31, the Maui Fire Department Report,

because they are documents published by government actors on government websites. Courts routinely find government reports a reliable subject for judicial notice. *See Lopez v. Bank of Am., N.A.*, 505 F. Supp. 3d 961, 969-70 (N.D. Cal. 2020) ("Because of their perceived reliability, courts have often admitted records taken from websites maintained by government agencies"); *Kunde Enters., Inc. v. Nat'l Sur. Corp.*, 608 F. Supp. 3d 883, 895 (N.D. Cal. 2022) (granting judicial notice of a CAL FIRE report because it is a "public record[] of an administrative body that are publicly accessibly on agency websites"); *Hodsdon v. Mars, Inc.*, 162 F. Supp. 3d 1016, 1021 (N.D. Cal. 2016) (granting judicial notice of a U.S. Department of Labor report), *aff'd*, 891 F.3d 857 (9th Cir. 2018); *Hadley v. Kellogg Sales Co.*, 243 F. Supp. 3d 1074, 1088 (N.D. Cal. 2017) (granting judicial notice of a scientific report of the Dietary Guidelines Advisory Committee that was submitted to the U.S. Departments of Health and Human Services and Agriculture because the document was made "'available from reliable sources on the Internet,' such as websites run by governmental agencies" (citation omitted)); *Funke v. Sorin Grp. USA, Inc.*, 147 F. Supp. 3d 1017, 1025 (C.D. Cal. 2015) (granting judicial notice of the U.S. Food and Drug Administration's list of adverse event reports for mitroflow tissue valve because it was available on its website and thus "capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned").

Upon proper notice, the Court is required to take judicial notice of the exhibits listed above. *See* Fed. R. Evid. 201(c)(2) ("The court . . . must take judicial notice if a party requests it and the court is supplied with the necessary information."). Here, Defendants have requested judicial notice of Exhibits 30-32 and furnished the Court with the necessary information.

**III.   CONCLUSION**

For the foregoing reasons, Defendants respectfully request that the Court consider, in ruling on Defendants' Motion, the Exhibits attached to the Rasheed Declaration, filed concurrently herewith.

DATED: March 18, 2025                    SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP

By: */s/Mark R.S. Foster*
Mark R.S. Foster
525 University Avenue,
Palo Alto, California 94301
Telephone: (650) 470-4500
Facsimile:  (650) 470-4570

Peter B. Morrison
Raza Rasheed
2000 Avenue of the Stars
Los Angeles, California 90067
Telephone: (213) 687-5000
Facsimile:  (213) 687-5600

*Attorneys for Defendants Hawaiian Electric
Industries, Inc., Constance H. Lau, Scott W. H. Seu,
Gregory C. Hazelton and Paul K. Ito*

ALLEN OVERY SHEARMAN STERLING US LLP


By:  */s/ Daniel H.R. Laguardia*
      Daniel H.R. Laguardia (SBN 314654)
      140 New Montgomery Street
      San Francisco, CA 94105

      Adam S. Hakki (pro hac vice)
      599 Lexington Avenue
      New York, New York 10022
      Telephone:  (212) 848-4000

*Attorneys for Defendants Hawaiian Electric
Company, Inc. and Shelee M. T. Kimura*


**FILER'S ATTESTATION**

Pursuant to Civil Local Rule 5-1(i)(3), the filer attests that all signatories concur in the filing of this brief.

DATED: March 18, 2025      BY: *Mark R.S. Foster*

7