**POMERANTZ LLP**
Jeremy A. Lieberman
Austin P. Van
600 Third Avenue, 20th Floor
New York, NY 10016
Telephone: (212) 661-1100
jalieberman@pomlaw.com
avan@pomlaw.com

Jennifer Pafiti (SBN 282790)
1100 Glendon Avenue, 15th Floor
Los Angeles, California 90024
Telephone: (310) 405-7190
jpafiti@pomlaw.com

*Lead Counsel for Lead Plaintiffs*

*Additional Counsel on Signature Page*

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

### SAN FRANCISCO DIVISION

| | |
|---|---|
| BHAPINDERPAL S. BHANGAL, Individually and on Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>v.<br><br>HAWAIIAN ELECTRIC INDUSTRIES, INC., HAWAIIAN ELECTRIC COMPANY, INC., CONSTANCE H. LAU, SCOTT W. H. SEU, GREGORY C. HAZELTON, PAUL K. ITO, and SHELEE KIMURA,<br><br>Defendants. | CASE NO.  3:23-cv-04332-JSC<br><br>**PLAINTIFFS' NOTICE OF UNOPPOSED MOTION AND MOTION FOR PRELIMINARY APPROVAL OF PROPOSED CLASS ACTION SETTLEMENT AND MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF**<br><br><u>**CLASS ACTION**</u><br><br>Hearing Date:  February 5, 2026<br>Time:  10:00AM<br>Judge:  Hon. Jacqueline Scott Corley<br>Courtroom:  8—19th Floor |

**TO THE COURT, ALL PARTIES, AND THEIR ATTORNEYS OF RECORD:**

**PLEASE TAKE NOTICE** that on February 5, 2026, at 10:00 a.m. PDT, or as soon thereafter as the matter may be heard, in the United States District Court, Northern District of California, Courtroom 8, 19th Floor, 450 Golden Gate Avenue, San Francisco, CA 94102, before the Honorable Jacqueline Scott Corely, the Court-appointed Lead Plaintiff Daniel Warren ("Lead Plaintiff"), and additional Plaintiffs Bhapinderpal S. Bhangal and Emaad Kuhdear (together with Lead Plaintiff, "Plaintiffs") will, and hereby do, move for an Order pursuant to Fed. R. Civ. P. 23(a), 23(b)(3), and 23(g): (1) preliminarily approving the proposed Settlement on the terms set forth in the Stipulation of Settlement dated January 5, 2026 ("Stipulation");[1] (2) preliminarily certifying a class (the "Settlement Class") and appointing Plaintiffs as Class Representatives and Lead Counsel as Class Counsel for purposes of implementing the proposed Settlement; (3) approving the form and manner of giving notice of the proposed Settlement to the Settlement Class and setting deadlines for the dissemination of notice, submission of proofs of claim and requests for exclusion and filing of objections; (4) authorizing the retention of Verita Global ("Verita") as the Claims Administrator for the Settlement; and (5) scheduling a hearing before the Court to determine whether the proposed Settlement, proposed Plan of Allocation of Settlement proceeds, and Plaintiffs' Counsel's motion for an award of attorneys' fees and litigation expenses, including awards of the reimbursement of reasonable costs and expenses to the Plaintiffs, should be approved.

This Motion is unopposed and is based on the Memorandum of Points and Authorities below, the accompanying Declaration of Austin P. Van and exhibits attached thereto ("Van Decl."), the Declaration of Lance Cavallo (of proposed Claims Administrator Verita) ("Cavallo Decl."), the Stipulation and attached exhibits, all prior pleadings in this Action, and such additional evidence or argument as may be requested by the Court.

---

[1] The Stipulation, together with the exhibits thereto (consisting of the [Proposed] Preliminary Approval Order (Ex. A); the proposed long form notice (the "Notice") (Ex. A-1); the proposed Proof of Claim form ("Claim Form") (Ex. A-2); the proposed form of summary notice ("Summary Notice") (Ex. A-3); and the [Proposed] Final Judgment ("Final Judgment") (Ex. B)), are attached to the accompanying Van Decl.

NOTICE OF MOTION AND MOTION FOR PRELIMINARY APPROVAL OF CLASS
ACTION SETTLEMENT

1

2

Unless otherwise defined herein, capitalized terms in this Motion and supporting Memorandum have the same meanings as given to them in the Stipulation.

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

NOTICE OF MOTION AND MOTION FOR PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT

# TABLE OF CONTENTS

I.   PRELIMINARY STATEMENT ..................................................................................2

II.  OVERVIEW OF THE LITIGATION ......................................................................3

        Factual Background ..........................................................................3

        Procedural History ..........................................................................4

III. THE PROPOSED SETTLEMENT ..........................................................................5

IV.  THE PROPOSED SETTLEMENT WARRANTS PRELIMINARY APPROVAL ................7

    A.   The Proposed Settlement Merits a Presumption of Fairness as the Product of

        Arm's-Length Negotiations Under the Auspices of an Experienced Mediator .......8

    B.   The Proposed Settlement Recovery Falls Within the Range of Possible

        Approval..................................................................................11

        1.   The Strength of Plaintiffs' Case and Risk, Expense, Complexity,

            and Likely Duration of Further Litigation ....................................... 11

        2.   The Amount Offered in Settlement................................................ 13

        3.   The Extent of Discovery Completed and Stage of the

            Proceedings ...................................................................... 13

        4.   The Experience and Views of Counsel .......................................... 14

V.   THE PROPOSED NOTICE PROGRAM IS APPROPRIATE..............................................15

VI.  THE PROPOSED SETTLEMENT AND RELATED SUBMISSIONS CONFORM TO THE

     NORTHERN DISTRICT CLASS ACTION GUIDELINES...............................................16

VII. THE PROPOSED SCHEDULE............................................................................24

VIII.CONCLUSION ...........................................................................................24

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Acosta v. Trans Union, LLC,*
   243 F.R.D. 377 (C.D. Cal. 2007) ............................................................................. 8

*In re Am. Apparel S'holder Litig.,*
   No. CV 10-06352 MMM, 2014 U.S. Dist. LEXIS 184548 (C.D. Cal. Jul. 28,
   2014) ......................................................................................................................... 13

*Browning v. Yahoo! Inc.,*
   No. C04-01463 HRL, 2007 U.S. Dist. LEXIS 86266 (N.D. Cal. Nov. 16, 2007)................. 13

*Carson v. Am. Brands, Inc.,*
   450 U.S. 79 (1981) ....................................................................................................... 7

*In re Celera Corp. Sec. Litig.,*
   No. 5:10-cv-02604-EJD, 2015 U.S. Dist. LEXIS 157408 (N.D. Cal. Nov. 20,
   2015) ......................................................................................................................... 16

*Churchill Vill., L.L.C. v. GE,*
   361 F.3d 566 (9th Cir. 2004)........................................................................................ 11

*Class Plaintiffs v. Seattle,*
   955 F.2d 1268 (9th Cir. 1992)........................................................................................ 7

*Hanlon v. Chrysler Corp.,*
   150 F.3d 1011 (9th Cir. 1998)................................................................................... 7, 8

*In Re Hawaiian Electric Industries, Inc. and Hawaiian Electric Company, Inc.
   Derivative Litigation,*
   No. 3:23-cv-06627 (N.D. Cal.) ..................................................................................... 5

*In re Hawaiian Electric Industries, Inc. and Hawaiian Electric Company, Inc.
   State Court Derivative Litigation,*
   No. 1CCV-23-0001181 (Haw. 1st Cir.)........................................................................ 5

*In re Hawaiian Electric Industries, Inc., Stockholder Derivative Litigation,*
   No. 24-cv-00164-WRP (D. Haw.) ................................................................................ 5

*Kirkorian v. Borelli,*
   695 F. Supp. 446 (N.D. Cal. 1988) .......................................................................... 9, 15

*Lane v. Facebook, Inc.,*
   696 F.3d 811 (9th Cir. 2012)......................................................................................... 8

NOTICE OF MOTION AND MOTION FOR PRELIMINARY APPROVAL OF CLASS
ACTION SETTLEMENT

*Linney v. Cellular Alaska P'ship*,
    1997 WL 450064 (N.D. Cal. July 18, 1997), *aff'd*, 151 F.3d 1234 (9th Cir.
    1998) ................................................................................................................. 9

*In re Lyft, Inc. Sec. Litig.*,
    No. 19-CV-02690-HSG, 2022 WL 17740302 (N.D. Cal. Dec. 16, 2022)............................ 10

*In re Mego Fin. Corp. Sec. Litig.*,
    213 F.3d 454 (9th Cir. 2000), *as amended* (June 19, 2000)................................................ 12

*Mullane v. Central Hanover Bank & Trust Co.*,
    339 U.S. 306 (1950) ........................................................................................................ 16

*Nat'l Rural Telecomms. Coop. v. DIRECTV, Inc.*,
    221 F.R.D. 523 (C.D. Cal. 2004) ............................................................................ 11, 12, 15

*Norton v. LVNV Funding, LLC*,
    No. 18-cv-05051-DMR, 2021 WL 3129568 (N.D. Cal. July 23, 2021) ................................. 2

*In re Portal Software, Inc. Sec. Litig.*,
    2007 WL 1991529 (N.D. Cal. June 30, 2007) ...................................................................... 9

*In re QuantumScape Securities Class Action Litigation*,
    Case No. 3: :21-cv-00058-WHO (N.D.C.A.)..................................................................... 24

*Rannis v. Recchia*,
    380 F. App'x 646 (9th Cir. 2010) .................................................................................... 16

*Rodriguez v. West Publishing Corp.*,
    563 F.3d 948 (9th Cir. 2009)........................................................................................... 7, 9

*Sheet Metal Workers Loc. 19 Pension Fund v. ProAssurance Corp.*,
    No. 2:20-CV-00856-RDP, 2023 WL 7180604 (N.D. Ala. Aug. 25, 2023) .......................... 10

*Torrisi v. Tucson Elec. Power Co.*,
    8 F.3d 1370 (9th Cir. 1993)............................................................................................... 11

*Vaccaro v. New Source Energy Partners L.P.*,
    2017 WL 6398636 (S.D.N.Y. Dec. 14, 2017) .................................................................. 14

*In re Vivendi Universal, S.A., Sec. Litig.*,
    No. 02 CIV 5571 RJH, 2012 WL 362028 (S.D.N.Y. Feb. 6, 2012),
    *reconsideration denied*, 861 F. Supp. 2d 262 (S.D.N.Y. 2012)............................................ 11

*In re Wells Fargo & Co. S'holder Derivative Litig.*,
    445 F. Supp. 3d 508 (N.D. Cal. 2020), *aff'd*, 845 F. App'x 563 (9th Cir. 2021)..................... 7

*Wong v. Arlo Techs., Inc.*,
    No. 5:19-cv-00372-BLF, 2021 WL 1531171 (N.D. Cal. Apr. 19, 2021) ................................ 8

- iii -

NOTICE OF MOTION AND MOTION FOR PRELIMINARY APPROVAL OF CLASS
ACTION SETTLEMENT

**Statutes**

15 U.S.C. §78j(b) ................................................................................................. 3, 4

15 U.S.C. §78t(a) ................................................................................................. 3, 4

15 U.S.C. §78u-4(a)(4) ............................................................................... 1, 6, 15, 23

15 U.S.C. § 78u-4(a)(7) ........................................................................................ 15

**Other Authorities**

17 C.F.R. § 240.10b-5 ......................................................................................... 3, 4

Fed. R. Civ. P. 23 ........................................................................................... *passim*

NOTICE OF MOTION AND MOTION FOR PRELIMINARY APPROVAL OF CLASS
ACTION SETTLEMENT

## STATEMENT OF ISSUES TO BE DECIDED

1.      Whether the proposed $47,750,000.00 cash recovery and the other terms of the proposed Settlement of this action are within the range of fairness, reasonableness, and adequacy to warrant (a) the Court's preliminary approval; and (b) the dissemination of Notice of its terms to the proposed Settlement Class Members.

2.      Whether the Settlement Class should be certified, and Lead Plaintiff Daniel Warren and additional plaintiffs Bhapinderpal S. Bhangal and Emaad Kuhdear ("Plaintiffs") should be appointed Class Representatives and Pomerantz LLP appointed Class Counsel, for Settlement purposes.

3.      Whether the proposed form and content of the Notice, Summary Notice, and Claim Form, and the proposed plan for disseminating notice to Settlement Class Members (the "Notice Plan"), as detailed in the accompanying Cavallo Declaration and the proposed Preliminary Approval Order, should be approved.

4.      Whether the Court should set a date for a hearing to determine whether the Settlement and Plan of Allocation should be finally approved, and to consider Plaintiffs' Counsel's application for an award of attorneys' fees and payment of expenses, including awards to the Plaintiffs pursuant to 15 U.S.C. §78u-4(a)(4) ("Fairness Hearing").

NOTICE OF MOTION AND MOTION FOR PRELIMINARY APPROVAL OF CLASS
ACTION SETTLEMENT

## I.    PRELIMINARY STATEMENT

The Parties have reached a proposed Settlement of this Action for a payment of $47,750,000.00 in cash for the benefit of the Settlement Class, *i.e.*, all persons and entities who purchased or otherwise acquired the securities of Hawaiian Electric Industries, Inc. ("HEI") between February 28, 2019 and September 4, 2023, both dates inclusive (the "Settlement Class Period") and were damaged thereby, in exchange for the dismissal and release of the claims against Defendants.[2] Plaintiffs now move the Court, pursuant to Fed. R. Civ. P. 23(e), 23(b)(3) and 23(g), Ninth Circuit precedent, and the guidelines set forth in the Northern District of California's Procedural Guidance for Class Action Settlements ("Guidelines"),[3] to enter an order, substantially in the form submitted herewith (the "Preliminary Approval Order"):   (1) preliminarily approving the proposed Settlement as set forth in the Stipulation; (2) preliminarily certifying the Settlement Class, and appointing Plaintiffs as Class Representatives and Lead Counsel as Class Counsel, for purposes of implementing the Settlement; (3) approving the form and manner of giving notice of the proposed Settlement to the Settlement Class and setting appropriate deadlines; (4) authorizing the retention of Verita Global ("Verita") as the Claims Administrator; and (5) scheduling a hearing before the Court to determine whether the proposed Settlement, Plan of Allocation, and fee and expense requests should receive final approval.

The proposed $47.75 million Settlement represents a substantial recovery for the Class and is easily within the range of fairness, reasonableness and adequacy.  As set forth below, this recovery represents approximately 2.8% of estimated maximum recoverable damages—well above the 1.2% median settlement recovery last reported for all securities actions in 2024.

The Settlement was reached after more than two years of hard-fought litigation, including an extensive investigation by Plaintiffs' Counsel; the filing of a detailed amended complaint; briefing of two motions to dismiss, and, following initial dismissal with leave to replead, further

---

[2] Unless otherwise indicated herein, all capitalized terms have the same meaning as those set forth in the Stipulation of Settlement (the "Stipulation"). *See* Van Decl. Ex. 1.

[3] The Guidelines may be accessed at https://www.cand.uscourts.gov/forms/procedural-guidance-for-class-action-settlements/ (last visited June 10, 2024). While a court may "consider them," the Guidelines "do not carry the weight of law." *Norton v. LVNV Funding, LLC*, No. 18-cv-05051-DMR, 2021 WL 3129568, at *12 (N.D. Cal. July 23, 2021).

investigation and filing of a detailed second amended complaint; review and analysis of public utility reports and task force reports about HEI, HECO and the 2023 Lahaina Wildfire; further extensive informal discovery; extensive consultations with experts to evaluate potential damages; the preparation and exchange of formal mediation statements and exhibits; three formal mediation sessions before David Murphy, Esq. of Philips ADR Enterprises, a highly-experienced mediator (the "Mediator"); and months of further arm's-length negotiations.  Accordingly, at the time of Settlement, the Parties were fully aware of the strengths and potential weaknesses of their respective positions, and each were well-informed in accepting the "Mediator's proposal" which formed the basis of this Settlement.

While Plaintiffs believe the merits of the case are strong, the proposed Settlement is an excellent result in the best interests of the Settlement Class, considering the risks and costs of litigating this Action through trial and post-trial proceedings. Plaintiffs therefore request preliminary approval so that notice of the proposed Settlement may be disseminated to the Settlement Class.

## II.    OVERVIEW OF THE LITIGATION

### Factual Background

This is a federal securities class action brought against HEI and its subsidiary Hawaiian Electric Company, Inc. ("HECO"), an electric utility supplying service to Hawaii residents which accounted for approximately 91% of HEI's revenues, and certain of HEI/HECO's officers and directors. ECF No. 93, ¶¶2, 28-35.  Plaintiffs allege Defendants violated Sections 10(b) and 20(a) of the Securities Exchange Act of 1934 ("Exchange Act") and U.S. Securities and Exchange Commission ("SEC") Rule 10b-5 promulgated thereunder, by making materially false and misleading statements regarding Defendants' efforts to mitigate wildfire risk, including replacement of uninsulated power lines, utility pole maintenance, and trimming of vegetation. Plaintiffs allege those misrepresentations concealed the true, unmitigated risk of wildfires, and when that risk ultimately materialized in the August 8, 2023 Lahaina Wildfire, investors suffered losses. The operative Second Amended Complaint alleges these claims on behalf of investors who purchased or otherwise acquired HEI securities during the Settlement Class Period of February 28, 2019 and September 4, 2023, inclusive, and were damaged thereby.

Defendants have denied and continue to deny all the claims and contentions alleged by Plaintiffs in this Action.  Defendants further assert that they are entering into this Settlement solely to eliminate the burden, expense, and uncertainty of further protracted litigation.

### Procedural History

On August 24, 2023, Plaintiff Bhapinderpal S. Bhanga commenced this Action in the U.S. District Court for the Northern District of California.  ECF No. 1.  On December 7, 2023, this Court appointed Daniel Warren as Lead Plaintiff, and Pomerantz LLP as Lead Counsel.  ECF No. 58.  On March 8, 2024, Plaintiffs filed an Amended Complaint for Violations of the Federal Securities Laws ("Amended Complaint") (ECF No. 70) alleging that Defendants violated Sections 10(b) and 20(a) of the Exchange Act and SEC Rule 10b-5 by making materially false and misleading statements concerning their efforts to mitigate wildfire risk, while concealing the true, unmitigated risk of wildfires, and when that risk materialized in the August 8, 2023 Lahaina Wildfire, investors suffered losses.

On May 7, 2024, Defendants moved to dismiss the Amended Complaint.  ECF No. 81.  On July 8, 2024, Plaintiffs opposed Defendants' motion to dismiss (ECF No. 84), and Defendants filed their reply on August 22, 2024.  ECF No. 87.  On September 9, 2026, the Court held an extensive hearing on the motion to dismiss.  ECF No. 89.  On October 15, 2024, the Court granted the motion to dismiss with leave to amend.  ECF No. 92.

On November 12, 2024, after extensive further investigation, Plaintiffs filed their Second Amended Complaint.  ECF No. 93.  On November 21, 2024, the Court granted the Parties' stipulation to defer Defendants' response to the Second Amended Complaint due to the Parties' agreement to conduct a mediation.  ECF No. 97.  On January 22, 2025, the Parties participated in an all-day mediation session presided over by the Mediator.  In advance of the mediation, the Parties submitted and exchanged detailed mediation statements and exhibits, which addressed, among other things, issues related to liability, loss causation, and damages. That mediation was not successful in resolving this matter.  ECF No. 103.

On March 18, 2025, Defendants moved to dismiss the Second Amended Complaint (ECF No. 106), which Plaintiffs opposed on May 2, 2025. ECF No. 110. On May 30, 2025, Defendants

1    filed their reply. ECF No. 112.

2           While the fully-briefed motion to dismiss was pending, on June 20, 2025, the Parties filed a

3    Joint Stipulation requesting the Court adjourn the hearing on Defendants' motion to dismiss because

4    the Parties agreed to conduct a second mediation before the Mediator. On July 14, 2025, the Parties

5    participated in a full-day mediation, but again did not resolve the matter. However, the Parties

6    continued ongoing negotiations and agreed to a third mediation on August 15, 2025. ECF No. 115.

7    During this additional full-day mediation, the matter still did not resolve, but the Parties continued

8    ongoing negotiations that, based on a "Mediator's proposal," ultimately resulted in an agreement in

9    principle to settle and release all claims asserted against Defendants in the Action in exchange for an

10   all-cash payment of $47,750,000 for the benefit of the Settlement Class, subject to the execution of a

11   settlement stipulation and related papers and Court approval.   The agreement-in-principle was

12   memorialized in a Term Sheet ultimately executed by the Parties on November 5, 2025.   On

13   November 7, 2025, the Parties filed a Joint Notice of Pending Settlement informing the Court that a

14   settlement had been reached. ECF No. 116.

15   **III.    THE PROPOSED SETTLEMENT**

16          The Settlement requires Defendants to pay, or cause to be paid, $47,750,000 (the

17   "Settlement Amount"), which amount, plus all interest earned thereon, compromises the Settlement

18   Fund. Stipulation, ¶¶1(vv), 1(yy).  Defendants shall pay or cause to be paid a first installment of

19   the Settlement Amount totaling $1,000,000 (the "First Installment of the Settlement Amount") into

20   the Escrow Account within 20 (twenty) business days after the later of (a) entry of a preliminary

21   approval order; (b) funding of the Related Actions[4] settlement escrow account pursuant to the

22   preliminary approval by the court of the Derivative Settlement Stipulation;[5] or (c) receipt of

---

[4] As set forth in the Stipulation, ¶1(kk), "'Related Actions' means the following Actions, to which some or all of Defendants, among others, are or were also parties: (i) *In re Hawaiian Electric Industries, Inc. and Hawaiian Electric Company, Inc. State Court Derivative Litigation*, No. 1CCV-23-0001181 (Haw. 1st Cir.); (ii) *In re Hawaiian Electric Industries, Inc., Stockholder Derivative Litigation*, No. 24-cv-00164-WRP (D. Haw.); and (iii) *In Re Hawaiian Electric Industries, Inc. and Hawaiian Electric Company, Inc. Derivative Litigation*, No. 3:23-cv-06627 (N.D. Cal.), which was voluntarily dismissed without prejudice."

[5] As set forth in the Stipulation, ¶1(m), "'Derivative Settlement Stipulation' means the settlement agreement between the parties in the Related Actions."

complete payment instructions from Plaintiffs' Counsel. *Id.* at ¶¶1(m), 1(kk), 7. The balance (the "Second Installment of the Settlement Amount") shall be paid into the Escrow Account within twenty (20) business days after the Final approval of the instant proposed Settlement, and the judgment becoming Final in and dismissal of the Related Actions in accordance with the terms of the Derivative Settlement Stipulation in the Related Actions. *Id.* at ¶¶7, 30.

Notice and Administration Costs and Taxes will be funded by the Settlement Fund. *Id.* at ¶8. Plaintiffs propose Verita, a nationally recognized class action settlement administrator, be retained subject to the Court's approval. The proposed notice plan, plan of allocation, and plan for claims processing is discussed below in §IV.A, V and in the Cavallo Declaration submitted herewith.

Once Notice and Administration Costs, Taxes (including tax-related expenses as set forth in the Stipulation, ¶1(bbb)), and Court-approved Attorneys' Fees and Reimbursement of Litigation Expenses and any award to Plaintiffs pursuant to 15 U.S.C. §78u- 4(a)(4) in connection with their representation of the Settlement Class have been paid from the Settlement Fund, the remaining amount (the "Net Settlement Fund"), shall be distributed pursuant to the Court approved Plan of Allocation to Authorized Claimants. Stipulation, ¶8. These distributions shall be repeated until the balance remaining in the Settlement Fund is *de minimis*. Notice, ¶65. The Plan of Allocation treats all Settlement Class Members equitably based on the timing of the purchases, acquisitions, and sales of their HEI securities.

In exchange for the benefits provided under the Stipulation, all Settlement Class Members—except those who submit valid and timely requests for exclusion—will release claims that (i) were asserted in any complaint in this Action or (ii) could have asserted in any forum that arise out of, are based on, or relate in any way to, directly or indirectly, any of the allegations, acts, transactions, facts, events, matters, occurrences, representations or omissions involved, set forth, alleged or referred to, in the Action, or which could have been alleged in the Action, or (iii) which arise out of, are based upon, or relate in any way, directly or indirectly, to the purchase, acquisition, transfer, holding, ownership, disposition or sale of HEI securities by any members of the Settlement

1  Class, and/or any disclosures, public filings, registration statements, or other statements by any

2  Defendant during the Settlement Class Period. ¶¶1(pp), 4.

3  **IV.    THE PROPOSED SETTLEMENT WARRANTS PRELIMINARY APPROVAL**

At the Settlement Hearing, the Court will have before it extensive papers submitted in

support of approval of the proposed Settlement and will be asked to make a determination as to

whether the Settlement is fair, reasonable, and adequate under all of the circumstances surrounding

the litigation of this Litigation.   At this juncture, however, Plaintiffs request only preliminary

approval of the Settlement.

"Fed. R. Civ. P. 23(e) requires the district court to determine whether a proposed settlement

is fundamentally fair, adequate, and reasonable." *Hanlon v. Chrysler Corp.*, 150 F.3d 1011, 1026

(9th Cir. 1998).   In evaluating a proposed class-action settlement, courts in the Ninth Circuit "put

a good deal of stock in [class-action settlements that are] the product of arms-length, non-collusive,

negotiated resolution."  *Rodriguez v. West Publishing Corp.*, 563 F.3d 948, 965 (9th Cir. 2009).

More explicitly, the Supreme Court has cautioned that in reviewing a proposed class settlement,

courts should "not decide the merits of the case or resolve unsettled legal questions."  *Carson v.*

*Am. Brands, Inc.*, 450 U.S. 79, 88 n.14 (1981).  This is consistent with the broader "strong judicial

policy that favors settlements," particularly in class actions and other complex cases where

substantial resources can be conserved by avoiding the time, cost, and rigor of prolonged litigation.

*Class Plaintiffs v. Seattle*, 955 F.2d 1268, 1276 (9th Cir. 1992); *see also* 2 H. Newberg & A. Conte,

*Newberg on Class Actions* § 11.41 (4th ed. 2002) ("The compromise of complex litigation is

encouraged by the courts and favored by public policy.").

Approval of class action settlements normally requires a two-step process – a preliminary

approval followed by a later final approval.  *See, e.g., In re Wells Fargo & Co. S'holder Derivative*

*Litig.*, 445 F. Supp. 3d 508, 516-17 (N.D. Cal. 2020), *aff'd*, 845 F. App'x 563 (9th Cir. 2021).  By

this Motion, Plaintiffs request that the Court grant preliminary approval so that notice can be issued

to the Settlement Class.  The applicable standard is whether the Court finds that it "will likely be

able" to approve the Settlement as "fair, reasonable, and adequate" after a final Fairness Hearing.

Rule 23(e)(1)(B).  In considering whether final approval is likely, the 2018 Amendments to Rule

NOTICE OF MOTION AND MOTION FOR PRELIMINARY APPROVAL OF CLASS
ACTION SETTLEMENT

23(e) instruct courts to consider whether:

> (A) the class representatives and class counsel have adequately represented the class; (B) the proposal was negotiated at arm's length; (C) the relief provided for the class is adequate, taking into account: (i) the costs, risks, and delay of trial and appeal; (ii) the effectiveness of any proposed method of distributing relief to the class, including the method of processing class-member claims; (iii) the terms of any proposed award of attorney's fees, including timing of payment; and (iv) any agreement required to be identified under Rule 23(e)(3); and (D) the proposal treats class members equitably relative to each other.

Rule 23(e)(2). While these Rule 23(e) factors focus on core concerns of procedure and substance of a settlement, they are not intended to fully displace factors previously adopted by courts to evaluate settlements. *See, e.g.*, *Wong v. Arlo Techs., Inc.*, No. 5:19-cv-00372-BLF, 2021 WL 1531171, at \*5 (N.D. Cal. Apr. 19, 2021) ("[T]he Court applies the framework set forth in Rule 23 with guidance from the Ninth Circuit's precedent . . . ."). In this respect, the Ninth Circuit has long considered the following factors when evaluating a class settlement, some of which overlap with Rule 23(e)(2):

> [T]he strength of the plaintiffs' case; the risk, expense, complexity, and likely duration of further litigation; the risk of maintaining class action status throughout the trial; the amount offered in settlement; the extent of discovery completed and the stage of the proceedings; the experience and views of counsel; the presence of a governmental participant; and the reaction of the class members to the proposed settlement.

*Hanlon v. Chrysler Corp.*, 150 F.3d 1011, 1026 (9th Cir. 1998); *see also, e.g.*, *Lane v. Facebook, Inc.*, 696 F.3d 811, 819 (9th Cir. 2012) (discussing the *Hanlon* factors).

As discussed below, the proposed Settlement readily satisfies each of the factors identified under Rule 23(e)(2), as well as the applicable Ninth Circuit *Hanlon* factors and Northern District Guidelines. Therefore, as it is likely the Court will approve the Settlement, Notice of the proposed Settlement should be sent to the Class in advance of the final Fairness Hearing.

### A.     The Proposed Settlement Merits a Presumption of Fairness as the Product of Arm's-Length Negotiations Under the Auspices of an Experienced Mediator

"To determine whether preliminary approval is appropriate, the settlement need only be potentially fair, as the Court will make a final determination of its adequacy at the hearing on Final Approval, after such time as any party has had a chance to object and/or opt out." *Acosta v. Trans*

1    *Union, LLC*, 243 F.R.D. 377, 386 (C.D. Cal. 2007) (*cited in Deaver v. Compass Bank*, No. 13-cv-

2    00222-JSC, 2015 WL 4999953, at *6 (N.D. Cal. Aug. 21, 2015)). Accordingly:

3        If the preliminary evaluation of the proposed settlement does not disclose grounds
         to doubt its fairness or other obvious deficiencies, such as unduly preferential

4        treatment of class representatives or of segments of the class, or excessive
         compensation for attorneys, and appears to fall within the range of possible

5        approval, the court should direct that notice under Rule 23(e) be given to the class
         members of a formal fairness hearing, at which arguments and evidence may be

6        presented in support of and in opposition to the settlement.

7    Manual for Complex Litigation (Third) § 30.41 (1995).

8        Here, the proposed Settlement merits a presumption of fairness because it has no obvious

9    deficiencies, and the settlement recovery falls within the range of possible approval.  Indeed, it is

10   both procedurally and substantively fair—it is the product of arm's-length negotiations among well-

11   informed and experienced counsel following two years of vigorous litigation, and it provides the

12   Settlement Class with an excellent recovery.  There is an initial presumption that a proposed

13   settlement is fair and reasonable when it is "the product of arms-length negotiations*." In re Portal*

14   *Software, Inc. Sec. Litig.*, 2007 WL 1991529, at *6 (N.D. Cal. June 30, 2007).  Courts within the

15   Ninth Circuit "put a good deal of stock in the product of an arms-length, non-collusive, negotiated

16   resolution."  *Rodriguez*, 563 F.3d at 965; *accord Linney v. Cellular Alaska P'ship*, 1997 WL

17   450064, at *5 (N.D. Cal. July 18, 1997), *aff'd*, 151 F.3d 1234 (9th Cir. 1998) ("The involvement

18   of experienced class action counsel and the fact that the settlement agreement was reached in arm's

19   length negotiations, after relevant discovery had taken place create a presumption that the

     agreement is fair.").

20       Additionally, Plaintiffs' Counsel, Pomerantz LLP, is highly experienced in federal

21   securities class actions and had a thorough understanding of the strengths and weaknesses of the

22   Parties' respective positions before recommending settlement.  "The recommendation of

23   experienced counsel carries significant weight in the court's determination of the reasonableness

24   of the settlement." *Kirkorian v. Borelli*, 695 F. Supp. 446, 451 (N.D. Cal. 1988).  Lead Counsel

25   vigorously prosecuted the Settlement Class's claims and were acutely aware of the strength and

26   weaknesses of the case before setting the action.

27       Here, the proposed Settlement was achieved only after the Parties participated in three

28   mediation sessions, the first on January 22, 2025, the second on July 14, 2025, and the third on

- 9 -

August 15, 2025, presided over by David Murphy, Esq., a highly-experienced mediator with considerable knowledge, experience, and expertise in the field of federal securities law. In advance of these sessions, the Parties submitted and exchanged detailed mediation statements and exhibits, which addressed, among other things, issues related to liability, loss causation, and damages. During the mediation sessions, both sides made adversarial presentations about the merits of Plaintiffs' claims and the defenses to those claims. The negotiations were at all times hard-fought and at arm's length, and they produced a result that the Parties believe to be in their respective best interests. The ongoing negotiations resulted in a "Mediator's proposal," which was accepted by the Parties and ultimately resulted in an agreement in principle to settle and release all claims asserted against Defendants in the Action in exchange for an all-cash payment of $47,750,000 for the benefit of the Settlement Class. The protracted negotiations under the supervision of a neutral experienced mediator such as Mr. Murphy are evidence that the $47,750,000.00 Settlement was reached at arm's length. *See In re Lyft, Inc. Sec. Litig.*, No. 19-CV-02690-HSG, 2022 WL 17740302 (N.D. Cal. Dec. 16, 2022) (granting preliminary approval of a settlement where Mr. Murphy mediated); *Sheet Metal Workers Loc. 19 Pension Fund v. ProAssurance Corp.*, No. 2:20-CV-00856-RDP, 2023 WL 7180604, at *7 (N.D. Ala. Aug. 25, 2023) ( "the Court preliminarily finds that Settlement Agreement is a result of substantial, informed, non-collusive negotiations conducted with the assistance of mediator David Murphy"). Having, *inter alia*, conducted thorough investigations in preparing two detailed amended complaints, two rounds of briefing Defendants' motions to dismiss (after an initial dismissal), and three full-day mediation sessions including vetting of damage analyses, and months of follow-up negotiations, Plaintiffs' Counsel had a thorough understanding of the Action and of the strengths and weaknesses of the Parties' respective positions, and has determined that the Settlement is in the best interests of the Settlement Class, especially considering the expense, risks, difficulties, delays, and uncertainties of litigation, trial, and post-trial proceedings.

In addition, the Settlement has no obvious deficiencies. It provides a substantial cash recovery to the Settlement Class, and there is no preferential treatment to Plaintiffs or any other Settlement Class Members. The proposed Plan of Allocation (as set forth in the Notice) was

developed by a damages expert in consultation with Plaintiffs' Counsel and provides a fair and reasonable method to allocate the Net Settlement Fund among Settlement Class Members who submit valid claims.

**B.  The Proposed Settlement Recovery Falls Within the Range of Possible Approval**

The Settlement also fares well in light of the applicable factors used in evaluating class-action settlements for final approval.  These factors include:  "(1) the strength of the plaintiffs' case; (2) the risk, expense, complexity, and likely duration of further litigation; (3) the risk of maintaining class action status throughout the trial; (4) the amount offered in settlement; (5) the extent of discovery completed and the stage of the proceedings; (6) the experience and views of counsel; (7) the presence of a governmental participant; and (8) the reaction of the class members to the proposed settlement." *Churchill Vill., L.L.C. v. GE*, 361 F.3d 566, 575 (9th Cir. 2004).  The factors are non-exclusive and not all need be shown.  *Id.* at 576 n.7.  In fact, "one factor alone may prove determinative in finding sufficient grounds for court approval."  *Nat'l Rural Telecomms. Coop.*, 221 F.R.D. at 525; *see, e.g.*, *Torrisi v. Tucson Elec. Power Co.*, 8 F.3d 1370, 1376 (9th Cir. 1993).

**1.  The Strength of Plaintiffs' Case and Risk, Expense, Complexity, and Likely Duration of Further Litigation**

While Plaintiffs believe their case is strong, the "risk, expense, complexity, and likely duration of further litigation" were substantial.  Securities fraud cases are inherently complex and frequently take an exceptionally long time to litigate.  Indeed, because such cases often involve significant post-trial motions and appeals, even a trial may not mark an end to the proceedings. *See, e.g.*, *In re Vivendi Universal, S.A., Sec. Litig.*, No. 02 CIV. 5571 RJH, 2012 WL 362028 (S.D.N.Y. Feb. 6, 2012) (noting that, two years after jury verdict in plaintiffs' favor and ten years after the case was filed, shareholders had still received no recovery), *reconsideration denied*, 861 F. Supp. 2d 262 (S.D.N.Y. 2012).  In this case, Defendants have denied the allegations and more than likely would continue to mount a defense even if Plaintiffs prevailed at trial.  In contrast, the Settlement provides the Settlement Class with substantial, certain, and immediate relief, without

the delay and expense of further motion practice, trial, and post-trial proceedings and the risk of an uncertain outcome.

Plaintiffs believe their case is very strong.  However, Defendants already prevailed once on a motion to dismiss, and while Plaintiffs bolstered their allegations significantly in their Second Amended Complaint they face ongoing risks associated with Defendants' pending renewed motion to dismiss, anticipated motion to certify the class as a class action, likely forthcoming summary judgment motions, motions in limine, trial, and likely appeals, which would extend the litigation for years and might lead to a smaller recovery or no recovery at all.  In addition, Defendants would contest whether any alleged false and misleading statements were made with the requisite state of mind (*i.e.*, scienter) to support the securities fraud claims alleged.  While Plaintiffs strongly disagree with this position, had the litigation continued there is no guarantee that the finder of fact would ultimately adopt Plaintiffs' view of the case.  Plaintiffs would also face the significant risk that Defendants could argue that Plaintiffs' losses were not causally connected to the alleged false and misleading statements.  If Defendants prevailed on these arguments, the amount of recoverable damages could be greatly diminished.  Even if Plaintiffs prevailed at trial, that victory would not guarantee the Settlement Class a larger recovery than the Settlement Amount.  *See, e.g.*, *In re Mego Fin. Corp. Sec. Litig.*, 213 F.3d 454, 463 (9th Cir. 2000), *as amended* (June 19, 2000) (affirming approval of settlement because "[c]omplex litigation is inherently uncertain and Plaintiffs would have had much difficulty proving scienter"); *see also Red Door*, 2009 WL 248367, at *3 (settlement agreement offered an immediate and certain award for the class that was a superior alternative to continued litigation in light of the uncertain risks associated with plaintiffs' claims); *Nat'l Rural Telecomms. Coop. v. DIRECTV, Inc.*, 221 F.R.D. 523, 526 (C.D. Cal. 2004) ("In most situations, unless the settlement is clearly inadequate, its acceptance and approval are preferable to lengthy and expensive litigation with uncertain results.") (internal citation omitted).

Therefore, on balance, this factor weighs in favor of preliminary approval of the Settlement.

1

2.       **The Amount Offered in Settlement**

2

The $47,750,000 recovery achieved by the Settlement is an exceptional result for the

3

Settlement Class.  Assuming Plaintiffs were successful in proving loss causation (which is not a

4

certainty), Plaintiff's damages expert estimates that aggregate maximum recoverable damages in

5

this matter are approximately $1.7 billion.  Consequently, the $47,750,000 Settlement provides a

6

recovery of approximately 2.8% of estimated damages.  This result is above the median ratio of

7

settlements to investor losses in securities actions in 2024.  *See* Edward Flores and Svetlana

8

Starykh, Recent Trends in Securities Class Action Litigation: 2024 Full-Year Review, at 27 (Fig.

9

24) (NERA Jan. 22, 2025) ("NERA Report") (median recovery in securities class actions in 2024

10

was approximately 1.2% of estimated damages).  This result is also more than double the 1.3%

11

median settlement value for settlements where losses were in comparable damage estimate category

12

($1 billion-$4.999 billion).  *See* NERA Report, p. 26 Fig, 23.  These risks, weighed against an

13

immediate cash recovery, support preliminary approval of the Settlement.

14

3.       **The Extent of Discovery Completed and Stage of the Proceedings**

15

The stage of the proceedings also supports preliminary approval.  *See, e.g.*, *In re Am.*

16

*Apparel S'holder Litig.*, No. CV 10-06352 MMM (JCGx), 2014 U.S. Dist. LEXIS 184548, at *41

17

(C.D. Cal. Jul. 28, 2014); *Browning v. Yahoo! Inc.*, No. C04-01463 HRL, 2007 U.S. Dist. LEXIS

18

86266, at *34-5 (N.D. Cal. Nov. 16, 2007).  This Action has been vigorously prosecuted by

19

Plaintiffs for two years, during which time Plaintiffs:  (1) interviewed with many former HEI

20

employees; (2) consulted with, and obtained reports and analyses from, experts regarding loss

21

causation and damages; (3) reviewed and analyzed HEI's public statements, SEC filings, annual

22

reports, press releases, and other publicly available information including public utility reports and

23

task force reports about HEI, HECO and the 2023 Lahaina Wildfire; (4) reviewed analysts' reports

24

and articles related to HEI; (5) filed detailed amended complaints and briefed two motions to

25

dismiss; and (6) conducted further extensive informal discovery.  The Parties also drafted mediation

26

statements and participated in three mediation sessions with an experienced mediator.  Accordingly,

27

at the time of Settlement, the Parties were fully aware of the strengths and potential weaknesses of

28

NOTICE OF MOTION AND MOTION FOR PRELIMINARY APPROVAL OF CLASS
ACTION SETTLEMENT

their respective positions, and each were well-informed in accepting the "Mediator's proposal" which formed the basis of this Settlement.

The fact that formal discovery was in its early stages does not weigh against preliminary approval. *E.g.*, *In re Volkswagen "Clean Diesel" Mktg., Sales Practices, & Prod. Liab. Litig.*, WL 6248426, at *13-*14 (N.D. Cal. Oct. 25, 2016) (formal discovery is "not a necessary ticket to the bargaining table where the parties have sufficient information to make an informed decision about settlement"). Here, Plaintiffs conducted an extensive investigation of HEI, including contacting former employees and analyzing numerous publicly available documents. Moreover, Plaintiffs engaged in substantial briefing on the motions to dismiss, and the Parties exchanged detailed mediation briefs and participated in three mediation sessions with an experienced mediator. *Vaccaro v. New Source Energy Partners L.P.*, 2017 WL 6398636, at *5 (S.D.N.Y. Dec. 14, 2017) ("Although the action did not proceed to formal discovery, Lead Plaintiffs (i) reviewed vast amounts of publicly available information, (ii) conducted interviews of numerous individuals, and (iii) consulted experts on the ... industry. The Court finds that Lead Plaintiffs were well-informed to gauge the strengths and weaknesses of their claims and the adequacy of the settlement."). Therefore, Plaintiffs and their counsel had a thorough understanding of the strengths and weaknesses of the Action at the time of settlement. This factor weighs in favor of preliminary approval.

### 4.    The Experience and Views of Counsel

Plaintiffs' Counsel, Pomerantz LLP, is highly experienced in federal securities class actions and had a thorough understanding of the strengths and weaknesses of the Parties' respective positions before recommending settlement. As noted above, this was a hard-fought case, involving briefing at multiple motion to dismiss stages and multiple mediation sessions. Plaintiffs' Counsel also conducted an intensive, ongoing investigation while preparing the pleadings and consulted extensively with experts concerning loss causation and damages. The strengths and weaknesses of the Parties' respective positions were also vetted through multiple mediation sessions with an experienced Mediator.

NOTICE OF MOTION AND MOTION FOR PRELIMINARY APPROVAL OF CLASS
ACTION SETTLEMENT

1      Accordingly, Plaintiffs' Counsel's informed determination that the Settlement is in the best

2   interest of the Settlement Class should be afforded significant weight.  *See Nat'l Rural Telecomms.*

3   *Coop.*, 221 F.R.D. at 528 ("'Great weight' is accorded to the recommendation of counsel . . .

4   because 'parties represented by competent counsel are better positioned than courts to produce a

5   settlement that fairly reflects each party's expected outcome in the litigation'") (citing *In re*

6   *Painewebber Ltd. P'ships Litig.*, 171 F.R.D. 104, 125 (S.D.N.Y. 1997) and *Pacific Enters. Sec.*

7   *Litig.*, 47 F.3d 373, 378 (9th Cir. 1995)); *see also Kirkorian v. Borelli*, 695 F. Supp. 446, 451 (N.D.

8   Cal. 1988) ("The recommendation of experienced counsel carries significant weight in the court's

9   determination of the reasonableness of the settlement.").

10  **V.    THE PROPOSED NOTICE PROGRAM IS APPROPRIATE**

11      The Parties have negotiated the form of a Notice of Proposed Class Action Settlement (the

12  "Notice") to be disseminated to the Settlement Class to notify them of the terms of the Settlement

13  and of their rights in connection therewith, as well as a Summary Notice of Proposed Class Action

14  Settlement (the "Summary Notice") to be published on a national business newswire.  The Notice

15  and Summary Notice have been drafted to comply with the provisions of the Private Securities

16  Litigation Reform Act.  *See* 15 U.S.C. § 78u-4(a)(7).  The Notice provides detailed information

17  concerning (a) the proposed Settlement; (b) the nature, history, and progress of the Action; (c) the

18  date of the Final Approval Hearing; (d) the proposed Plan of Allocation; (e) the fees and expenses

19  to be sought by Plaintiffs' Counsel and the proposed award to Plaintiffs under 15 U.S.C. §78u-

20  4(a)(4); (f) the rights of Settlement Class Members, including the procedures for filing a Claim

21  Form, requesting exclusion from the Settlement Class, or objecting to the Settlement or Plan of

22  Allocation or request for fees and expenses; and (g) how to contact Plaintiffs' Counsel, access the

23  Court's docket, or otherwise learn more about the Action and Settlement.

24      Under the proposed Preliminary Approval Order, the Claims Administrator will (1) mail

25  the Notice and Claim Form to all purchasers of HEI common stock during the Settlement Class

26  Period, (2) post the Notice and Claim Form to the Claims Administrator's website, and (3) cause

27  the Summary Notice to be published over *GlobeNewswire*.  The Claims Administrator will also

28  make additional copies of the Notice available to nominee holders such as brokerage firms who

held HEI stock.  Such nominee holders will be requested to forward copies of the Notice to all

NOTICE OF MOTION AND MOTION FOR PRELIMINARY APPROVAL OF CLASS
ACTION SETTLEMENT

beneficial owners of such shares or, alternatively, to provide the Claims Administrator with their names and addresses so the Claims Administrator can mail them the Notice directly.

Plaintiffs believe that providing long-form notice by mail, along with publishing summary notice by a major business newswire service and posting the Notice and Claim Form on the Claims Administrator's website, is the best notice practicable under the circumstances, is typical of the notice given in other class actions, and satisfies the requirements of Rule 23 and due process. *See Rannis v. Recchia*, 380 F. App'x 646, 650 (9th Cir. 2010) (mail to last-known address of class members sufficient); *In re Celera Corp. Sec. Litig.*, No. 5:10-cv-02604-EJD, 2015 U.S. Dist. LEXIS 157408, at *13 (N.D. Cal. Nov. 20, 2015) (mailing notice, publishing summary notice, and posting on settlement-specific website sufficient). Accordingly, the Court should find that the Notice, Summary Notice, and the procedures for dissemination are "reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections." *Mullane v. Central Hanover Bank & Trust Co.*, 339 U.S. 306, 314 (1950).

## VI. THE PROPOSED SETTLEMENT AND RELATED SUBMISSIONS CONFORM TO THE NORTHERN DISTRICT CLASS ACTION GUIDELINES

For the Court's convenience, a "checklist" setting forth this District's specific "procedural guidance" considerations and/or recommendations for consideration at preliminary approval—and responses thereto and/or a note of where the information addressing each relevant point is addressed in Plaintiffs' settlement submissions—is provided below. Certain of these considerations are discussed in more detail below.

| Guidance | Notes/Explanations/Reference |
|---|---|
| **1. Information about the Settlement** | |
| (a) Any differences between the settlement class and the class proposed in the operative complaint (or, if a class has been certified, the certified class) and an explanation as to why the differences are appropriate. | There are no differences between the settlement class and the class proposed in the operative complaint. |
| (b) Any differences between the claims to be released and the claims in the operative complaint (or, if a class has been certified, the claims certified for class treatment) and an explanation as to why the differences are appropriate. | The claims to be released are the same as the claims in the operative complaint. |

NOTICE OF MOTION AND MOTION FOR PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT

| | |
|---|---|
| (c) The class recovery under the settlement (including details about and the value of injunctive relief), the potential class recovery if plaintiffs had fully prevailed on each of their claims, claim by claim, and a justification of the discount applied to the claims. | Nature of settlement recovery discussed in Brief at p. 13, Notice at pp. 3-4, 20-27. |
| (d) Any other cases that will be affected by the settlement, an explanation of what claims will be released in those cases if the settlement is approved, the class definitions in those cases, their procedural posture, whether plaintiffs' counsel in those cases participated in the settlement negotiations, a brief history of plaintiffs' counsel's discussions with counsel for plaintiffs in those other cases before and during the settlement negotiations, an explanation of the level of coordination between the two groups of plaintiffs' counsel, and an explanation of the significance of those factors on settlement approval. If there are no such cases, counsel should so state. | An explanation of the Related Actions is discussed in Brief at p. 5. Plaintiffs' Counsel was not involved in settlement negotiations for the Related Actions. Defendants kept Plaintiffs informed of the progress of Settlement in those actions. |
| (e) The proposed allocation plan for the settlement fund. | Notice at pp. 20-27. |
| (f) If there is a claim form, an estimate of the expected claim rate in light of the experience of the selected claims administrator and/or counsel based on comparable settlements, the identity of the examples used for the estimate, and the reason for the selection of those examples. | Cavallo Decl. at ¶¶ 26-27. |
| (g) In light of Ninth Circuit case law disfavoring reversions, whether and under what circumstances money originally designated for class recovery will revert to any defendant, the expected and potential amount of any such reversion, and an explanation as to why a reversion is appropriate. | There is no reversion contemplated by the Settlement. *See* Stip. at ¶ 12 (Settlement is non-recapture, *i.e.*, it is not a claims-made settlement). |
| **2. Settlement Administration** | |
| Identify proposed settlement administrator. | Verita. |
| Identify the settlement administrator selection process. | Competitive bidding among three qualified firms. |
| Identify how many settlement administrators submitted proposals. | Three submissions. Brief pp. 23-24. |
| Identify what methods of notice and claims payment were proposed. | Cavallo Decl. at ¶¶ 5-26. |

- 17 -
NOTICE OF MOTION AND MOTION FOR PRELIMINARY APPROVAL OF CLASS
ACTION SETTLEMENT

| | |
|---|---|
| Identify lead counsel's firm's history of engagements with the settlement administrator over the last two years. | Brief p. 24. |
| Address the settlement administrator's procedures for securely handling class member data (including technical, administrative, and physical controls; retention; destruction; audits; crisis response; etc.). | Cavallo Decl. at ¶¶ 28-29. |
| Address the settlement administrator's acceptance of responsibility and maintenance of insurance in case of errors. | *See* Cavallo Decl. at ¶ 31. |
| Address the settlement administrator's anticipated administrative costs. | Cavallo Decl. at ¶ 26. |
| Address the reasonableness of the settlement administrator's costs in relation to the value of the settlement. | Cavallo Decl. at ¶ 26. |
| Address who will pay the settlement administrator's costs. | The settlement administrator's costs will be paid from the Settlement Fund. Stip. at ¶ 13. |
| **3. Notice** | |
| The parties should ensure that the class notice is easily understandable, in light of the class members' communication patterns, education levels, and language needs. | *See* Notice (providing summary of contents and providing information regarding the Settlement in Q&A format). |
| The notice should include contact information for class counsel to answer questions. | Notice at p. 32. |
| The notice should include the address for a website, maintained by the claims administrator or class counsel, that lists key deadlines and has links to the notice, claim form (if any), preliminary approval order, motions for preliminary and final approval and for attorneys' fees, and any other important documents in the case. | Notice at pp. 18, 27, 31, 32. |
| The notice should include instructions on how to access the case docket via PACER or in person at any of the court's locations. | Notice at p. 32. |
| Explanation of how the Notice distribution plan is effective. | Cavallo Decl. at ¶¶ 5-26. |

NOTICE OF MOTION AND MOTION FOR PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT

| | |
|---|---|
| Class counsel should consider the following ways to increase notice to class members: identification of potential class members through third-party data sources; use of text messages and social media to provide notice to class members; hiring a marketing specialist; providing a settlement website that estimates claim amounts for each specific class member and updating the website periodically to provide accurate claim amounts based on the number of participating class members; and distributions to class members via direct deposit | Class members to be identified through stock transfer records and distribution of notice to Claims Administrator's existing database of broker-dealers (*see* Stipulation at ¶ 18; *see* Cavallo Decl. at ¶¶ 5-15). |
| The notice distribution plan should rely on U.S. mail, email, and/or social media as appropriate to achieve the best notice that is practicable under the circumstances, consistent with Federal Rule of Civil Procedure 23(c)(2). If U.S. mail is part of the notice distribution plan, the notice envelope should be designed to enhance the chance that it will be opened | *See* Cavallo Decl. at ¶¶ 5-15. |
| Inclusion of suggested language for class notice:<br><br>This notice summarizes the proposed settlement. For the precise terms of the settlement, please see the settlement agreement available at www._____.com, by contacting class counsel at _____, by accessing the Court docket in this case, for a fee, through the Court's Public Access to Court Electronic Records (PACER) system at https://ecf.cand.uscourts.gov, or by visiting the office of the Clerk of the Court for the United States District Court for the Northern District of California, [insert appropriate Court location here], between 9:00 a.m. and 4:00 p.m., Monday through Friday, excluding Court holidays. PLEASE DO NOT TELEPHONE THE COURT OR THE COURT CLERK'S OFFICE TO INQUIRE ABOUT THIS SETTLEMENT OR THE CLAIM PROCESS. | *See* Notice at p. 32 (providing similar language). |
| **4. Opt-Outs** | |

NOTICE OF MOTION AND MOTION FOR PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT

| | |
|---|---|
| The notice should instruct class members who wish to opt out of the settlement to send a letter, setting forth their name and information needed to be properly identified and to opt out of the settlement, to the settlement administrator and/or the person or entity designated to receive opt outs. It should require only the information needed to opt out of the settlement and no extraneous information or hurdles. The notice should clearly advise class members of the deadline, methods to opt out, and the consequences of opting out. | Notice at pp. 27-28. |
| **5. Objections** | |
| Objections must comply with Federal Rule of Civil Procedure 23(e)(5). | *See* Notice at pp. 29-31 ("plain English" equivalent). |
| The notice should instruct class members who wish to object to the settlement to send their written objections only to the court. All objections will be scanned into the electronic case docket, and the parties will receive electronic notices of filings. The notice should make clear that the court can only approve or deny the settlement and cannot change the terms of the settlement. The notice should clearly advise class members of the deadline for submission of any objections. | *See* Notice at pp. 29-31 (except that, as is customary in securities cases, the Notice instructs objectors to also provide copies of objections to Lead Counsel so that timely responses can be prepared). |

NOTICE OF MOTION AND MOTION FOR PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT

| | |
|---|---|
| Inclusion of suggested language for class notice: "You can ask the Court to deny approval by filing an objection. You can't ask the Court to order a different settlement; the Court can only approve or reject the settlement. If the Court denies approval, no settlement payments will be sent out, and the lawsuit will continue. If that is what you want to happen, you should object. Any objection to the proposed settlement must be in writing. If you file a timely written objection, you may, but are not required to, appear at the Final Approval Hearing, either in person or through your own attorney. If you appear through your own attorney, you are responsible for hiring and paying that attorney. All written objections and supporting papers must (a) clearly identify the case name and number ( _____ v. _____, Case No. _____), (b) be submitted to the Court either by filing them electronically or in person at any location of the United States District Court for the Northern District of California or by mailing them to the Class Action Clerk, United States District Court for the Northern District of California, [insert appropriate Court location here], and (c) be filed or postmarked on or before _____." | *See* Notice at pp. 29-31 (substantially equivalent language). |
| **6. Attorney's Fees** | |
| Include information about the fees and costs (including expert fees) class counsel intend to request. | Brief at pp. 23-24; Notice at pp. 4, 27; Stip. at ¶¶ 14-16. |
| Include information about class counsel's lodestar calculation (including total hours). | Brief at p. 23. |
| Include information about class counsel's resulting multiplier in the motion for preliminary approval. | Brief at p. 23. |
| In a common fund case, the parties should include information about the relationship between the amount of the common fund, the requested fee, and the lodestar. | Brief at p. 23. |
| To the extent counsel base their fee request on having obtained injunctive relief and/or other non-monetary relief for the class, counsel should discuss the benefit conferred on the class | Not applicable. |
| **7. Service Awards** | |

NOTICE OF MOTION AND MOTION FOR PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT

| | |
|---|---|
| Parties should include information about the service awards they intend to request as well as a summary of the evidence supporting the awards in the motion for preliminary approval. | Brief at pp. 23-24; Notice at pp. 4, 27. |
| In general, unused funds allocated to incentive awards should be distributed to the class pro rata or awarded to cy pres recipients. | Notice at p. 26. |
| **8. Cy Pres Awardees** | |
| If the settlement contemplates a cy pres award, the parties should identify their chosen cy pres recipients, if any, and how those recipients are related to the subject matter of the lawsuit and the class members' claims. | Not applicable. |
| The parties should also identify any relationship they or their counsel have with the proposed cy pres recipients. | Not applicable. |
| **9. Timeline** | |
| The parties should ensure that class members have at least thirty-five days to opt out or object to the settlement and the motion for attorney's fees and costs. | Brief at p. 25. |
| **10. Class Action Fairness Act (CAFA) and Similar Requirements** | |
| The parties should address whether CAFA notice is required and, if so, when it will be given. | *See* Stip. at ¶ 37. |
| In addition the parties should address substantive compliance with CAFA. | *See* Stip. at ¶ 37. |
| In addition, the parties should address whether any other required notices to government entities or others have been provided, such as notice to the Labor & Workforce Development Agency (LWDA) pursuant to the Private Attorneys General Act (PAGA). | Not applicable. |
| **11. Comparable Outcomes** | |
| Lead class counsel should provide information about comparable cases, including settlements and litigation outcomes. | *See* Brief at p. 24. |

Plaintiffs' Counsel anticipate that the loadstar in this matter that will be calculated and presented to the Court in connection with Plaintiffs' motion for attorneys' fees will amount to between $3.5 and $4.5 million. As stated in the proposed Notice, Plaintiffs' Counsel plans to seek

NOTICE OF MOTION AND MOTION FOR PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT

an award of attorneys' fees of up to 33.33% of the Settlement Fund—that is, not more than roughly $15,915,075. If a 33.33% fee were requested and then granted in full, such an award would result in a lodestar multiplier of between approximately 3.5 and 4.5.

Plaintiffs' Counsel will also seek reimbursement of up to $500,000 for their reasonable litigation expenses incurred in prosecuting the Action to date. Such expenses, which will be further detailed in counsel's Fee and Expense Application (which Plaintiffs' Counsel will also post on the dedicated Settlement website promptly after they file it with the Court), include Court filing fees, legal research fees, expert fees, mediator fees, and other customarily reimbursed expenses. In addition, the Fee and Expense Application will also include a request for 15 U.S.C. §78u-4(a)(4) awards to the Plaintiffs, who diligently reviewed Court filings and corresponded with Plaintiffs' Counsel on litigation strategy, including the Settlement.

Plaintiffs' Counsel requests that the Court approve its choice of Verita to serve as the Claims Administrator. Plaintiffs' Counsel selected Verita following a competitive process involving requests for proposal ("RFP") for notice and claims administration services in this matter sent to three experienced claims administration firms with whom Plaintiffs' Counsel had prior satisfactory claims notice and administration experience. Verita presented an estimate containing the lowest cost per claim. As such, Verita currently estimates that its fees and expenses related to the Notice Plan and subsequent distribution process, including the anticipated Class Distribution Order, will be approximately $260,000 to be paid from the Settlement Fund. This estimate is based on the costs of the detailed activities to be undertaken while serving as the Claims Administrator and the activities Verita will undertake if the Settlement Agreement receives final approval and the distribution of mailed settlement checks to Authorized Claimants is undertaken, including the activities related thereto. In Verita's experience, these estimated fees and expenses are reasonable in relation to the $47.75 million Settlement Fund herein. Given Verita's outstanding reputation, expertise, and experience (*see* Cavallo Declaration), and its competitive cost estimate, Plaintiffs' Counsel believes Verita's bid is reasonable and will ultimately benefit the Class.

Pursuant to the N.D. Cal. Class Action Guidelines, in the last two years, Verita has administered or is currently administering, the following settlements in which Plaintiffs' Counsel

- 23 -

served as Lead Counsel or Co-Lead Counsel: *JA Solar Holdings Co., Ltd. Securities Settlement*, Case No. 1:18-cv-12083-ALC (S.D.N.Y.).

Plaintiffs' Counsel further provides the following information concerning a distribution in a recent comparable case, *In re QuantumScape Securities Class Action Litigation*, Case No. 3: :21-cv-00058-WHO (N.D.C.A.), where the disbursement motion was granted on August, 8, 2025:

- Settlement Amount:                         $47,500,000
- Total Notices Mailed:                       133,875
- Notice Method:                 Postcard Notice and Publication
- Total admin costs:                          $335,585.31

## VII.   THE PROPOSED SCHEDULE

Plaintiffs propose the following procedural schedule.  The schedule is similar to those used in similar class action settlements and provides due process for potential Class Members with respect to their rights concerning the Settlement.

| | |
|---|---|
| Deadline for mailing Notice, publication of Summary Notice, and posting of Notice and Stipulation on Settlement website ("Notice Date") | Twenty (20) calendar days after entry of the Preliminary Approval Order |
| Deadline for Plaintiffs to file papers in support of final Settlement approval and Fee and Expense Award | Thirty-five (35) calendar days before the Settlement Hearing |
| Objection Deadline | Seventeen (17) calendar days before the Settlement Hearing |
| Opt-Out Deadline | Ten (10) calendar days before the Settlement Hearing |
| Deadline for Plaintiffs to file reply papers in support of Settlement and Fee and Expense Award and in response to any objections | Seven (7) calendar days before the Settlement Hearing |
| Deadline to submit Proofs of Claim | Five (5) calendar days before the Settlement Hearing |
| Settlement Hearing | _____, 2026 |

## VIII.   CONCLUSION

Plaintiffs respectfully request that the Court enter the [Proposed] Preliminary Approval Order, which will: (i) preliminarily approve the Settlement; (ii) preliminarily certify the Settlement Class

and appoint Plaintiffs as Class representatives and Lead Counsel as Class Counsel for Settlement

purposes; (iii) approve the form and manner of giving notice of the proposed Settlement to the

Settlement Class and set appropriate deadlines; (iv) authorize the retention of Verita as the Claims

Administrator for the Settlement; and (v) schedule a final Fairness Hearing.

DATED:  January 5, 2026                    Respectfully Submitted,

                                          **POMERANTZ LLP**

                                          */s/ Austin P. Van*
                                          Jeremy A. Lieberman
                                          Austin P. Van
                                          600 Third Avenue, 20th Floor
                                          New York, New York 10016
                                          Telephone: (212) 661-1100
                                          Facsimile: (212) 661-8665
                                          Email: jalieberman@pomlaw.com
                                          avan@pomlaw.com

                                          *Lead Counsel for Lead Plaintiff Daniel Warren*
                                          *& the Proposed Settlement Class*

                                          **LEVI & KORSINSKY, LLP**
                                          Shannon L. Hopkins
                                          Gregory M. Potrepka
                                          Andrew E. Lencyk
                                          1111 Summer Street, Suite 403
                                          Stamford, CT 06905
                                          Telephone: 203/992-5423
                                          shopkins@zlk.com
                                          gpotrepka@zlk.com
                                          alencyk@zlk.com

                                          *Attorneys for Additional Plaintiff Emaad*
                                          *Kuhdear*

NOTICE OF MOTION AND MOTION FOR PRELIMINARY APPROVAL OF CLASS
ACTION SETTLEMENT

1

**CERTIFICATE OF SERVICE**

2

3        I hereby certify that on January 5, 2026, a copy of the foregoing was filed electronically and

4   served by mail on anyone unable to accept electronic filing.  Notice of this filing will be sent by e-

5   mail to all parties by operation of the Court's electronic filing system or by mail to anyone unable

6   to accept electronic filing as indicated on the Notice of Electronic Filing.  Parties may access this

7   filing through the Court's CM/ECF System.

8                                                              */s/ Austin P. Van*
                                                             Austin P. Van
9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

NOTICE OF MOTION AND MOTION FOR PRELIMINARY APPROVAL OF CLASS
ACTION SETTLEMENT