# Exhibit 1

**POMERANTZ LLP**
Jeremy A. Lieberman
Austin P. Van
600 Third Avenue, 20th Floor
New York, NY 10016
Telephone: (212) 661-1100
jalieberman@pomlaw.com
avan@pomlaw.com

Jennifer Pafiti (SBN 282790)
1100 Glendon Avenue, 15th Floor
Los Angeles, California 90024
Telephone: (310) 405-7190
jpafiti@pomlaw.com

*Lead Counsel for Lead Plaintiffs*

*Additional Counsel on Signature Page*

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

### SAN FRANCISCO DIVISION

| | |
|---|---|
| BHAPINDERPAL S. BHANGAL, Individually and on Behalf of All Others Similarly Situated, <br><br> Plaintiff, <br><br> v. <br><br> HAWAIIAN ELECTRIC INDUSTRIES, INC., HAWAIIAN ELECTRIC COMPANY, INC., CONSTANCE H. LAU, SCOTT W. H. SEU, GREGORY C. HAZELTON, PAUL K. ITO, and SHELEE KIMURA, <br><br> Defendants. | CASE NO. 3:23-cv-04332-JSC <br><br> **STIPULATION OF SETTLEMENT** |

This Stipulation of Settlement, dated as of January 5, 2026 (the "Stipulation"), which embodies the terms and conditions of settlement of the above-captioned action (the "Action"), is entered into between (a) Court-Appointed Lead Plaintiff Daniel Warren ("Lead Plaintiff"), and additional Plaintiffs Bhapinderpal S. Bhangal and Emaad Kuhdear (together with Lead Plaintiff, "Plaintiffs"), on behalf of themselves and all members of the Settlement Class ("Settlement Class") (as defined below); and (b) Defendants Hawaiian Electric Industries Inc. ("HEI" or the "Company"), Hawaiian Electric Company, Inc. ("Hawaiian Electric" or "HECO"), Constance H. Lau ("Lau"), Scott W. H. Seu ("Seu"), Gregory C. Hazelton ("Hazelton"), Paul K. Ito ("Ito"), and Shelee Kimura ("Kimura") (collectively, "Defendants," and each Defendant, except HEI and HECO, collectively referred to as "Individual Defendants," and each Defendant, together with Lead Plaintiffs, the "Parties" and each a "Party").[1] Subject to the approval of the Court and the terms and conditions expressly provided herein, this Stipulation is intended to fully, finally and forever compromise, settle, release, resolve, and dismiss with prejudice the Action and all claims asserted therein or that could have been asserted therein. This Stipulation (together with the exhibits hereto) reflects the final and binding agreement between the Parties.

Based upon their investigation, prosecution and the early neutral evaluation of the case, Plaintiffs and Plaintiffs' Counsel have concluded that the terms and conditions of this Stipulation are fair, reasonable, and adequate to Plaintiffs and the other members of the Settlement Class, and in their best interests. Based on Plaintiffs' direct oversight of the prosecution of this matter and with the advice of counsel, Plaintiffs have agreed to settle and release the claims that were asserted or could have been asserted in the Action pursuant to the terms and provisions of this Stipulation, after considering, among other things: (a) the substantial financial benefit that Plaintiffs and the other members of the Settlement Class will receive under the proposed Settlement; and (b) the significant risks and costs of continued litigation and trial.

This Stipulation constitutes a compromise of matters that are in dispute between the Parties. The Defendants are entering into this Stipulation solely to eliminate the uncertainty,

---

[1] All terms with initial capitalization not otherwise defined herein shall have the meanings ascribed to them in ¶1 herein.

burden and expense of further litigation. Each of the Defendants denies any wrongdoing, and the Term Sheet and this Stipulation shall in no event be construed or deemed to be evidence of or an admission or concession on the part of any of the Defendants or any of Released Defendants' Parties with respect to any claim or allegation of any fault or liability or wrongdoing or damage whatsoever, or any infirmity in the defenses that the Defendants have, or could have, asserted. The Defendants expressly deny that Plaintiffs have asserted any valid claims as to any of the Defendants, and expressly deny any and all allegations of fault, liability, wrongdoing or damages whatsoever. Similarly, this Stipulation shall in no event be construed or deemed to be evidence of or an admission or concession on the part of Plaintiffs of any infirmity in any of the claims asserted in the Action, or an admission or concession that any of the Defendants' defenses to liability had any merit. Each of the Parties recognizes and acknowledges, however, that the Action has been initiated, filed and prosecuted by Plaintiffs in good faith and defended by Defendants in good faith, that the Action is being voluntarily settled with the advice of counsel, and that the terms of the Settlement are fair, adequate, and reasonable.

NOW THEREFORE, it is hereby STIPULATED AND AGREED, by and among Plaintiffs (individually and on behalf of all other members of the Settlement Class) and Defendants, by and through their respective undersigned attorneys and subject to the approval of the Court pursuant to Rule 23(e) of the Federal Rules of Civil Procedure, that, in consideration of the benefits flowing to the Parties from the Settlement, all Released Plaintiffs' Claims as against the Released Defendants' Parties and all Released Defendants' Claims as against the Releasing Plaintiffs' Parties shall be settled and released, upon and subject to the terms and conditions set forth below.

## THE ACTION

On August 24, 2023, Plaintiff Bhapinderpal S. Bhangal commenced this Action in the U.S. District Court for the Northern District of California, styled, *Bhangal v. Hawaiian Electric Industries, Inc. et al.,* Case No. 3:23-cv-04332-JSC.  ECF No. 1. The Honorable District Judge Jacqueline Scott Corley was assigned the case. ECF No. 3.

On August 24, 2023, pursuant to the Private Securities Litigation Reform Act of 1995 ("PSLRA"), a notice of pendency of action was published which provided a deadline to seek lead

plaintiff appointment by October 23, 2023. ECF No. 6. After notice was published, the Court received six motions to appoint lead plaintiff and for approval of lead counsel. ECF Nos. 13, 16, 21, 28, 32, 38.

By Order dated December 7, 2023, the Court granted Daniel Warren's motion to be Lead Plaintiff and appointed Pomerantz LLP as lead counsel ("Lead Counsel"). ECF No. 58.

On March 8, 2024, Plaintiffs filed an Amended Complaint for Violations of the Federal Securities Laws ("Amended Complaint") (ECF No. 70) alleging that Defendants violated Sections 10(b) and 20(a) of the Securities Exchange Act of 1934 (the "Exchange Act") and U.S. Securities and Exchange Commission ("SEC") Rule 10b-5 promulgated thereunder, by making materially false and misleading statements regarding the Company's efforts to mitigate wildfire risk, including replacement of uninsulated power lines, utility pole maintenance, and trimming of vegetation. Plaintiffs allege that those alleged misrepresentations concealed the true, unmitigated risk of wildfires, and when that risk ultimately materialized in the August 8, 2023 Lahaina Wildfire, investors suffered losses. The Amended Complaint alleged these claims on behalf of investors who purchased or otherwise acquired Hawaiian Electric Industries, Inc. securities between February 28, 2019 and September 4, 2023, dates inclusive, and were damaged as a result.

On May 7, 2024, Defendants moved to dismiss the Amended Complaint. ECF No. 81. On July 8, 2024, Plaintiffs opposed Defendants' motion to dismiss (ECF No. 84), and Defendants filed their reply in further support of their motion to dismiss on August 22, 2024. ECF No. 87. On September 9, 2024, the Court held a hearing on the motion to dismiss which was taken under submission. ECF No. 89. On October 15, 2024, the Honorable Judge Jacqueline Scott Corley granted the motion to dismiss with leave to amend. ECF No. 92.

On November 12, 2024, Plaintiffs filed their Second Amended Complaint. ECF No. 93. On November 21, 2024, the Court granted the Parties' stipulation to defer Defendants' response to the Second Amended Complaint due to the Parties agreement to conduct a mediation. ECF No. 97.

On January 22, 2025, the Parties participated in an all-day mediation session presided over by experienced mediator David M. Murphy of Philips ADR Enterprises (the "Mediator"). In

advance of the mediation, the Parties submitted and exchanged detailed mediation statements and exhibits, which addressed, among other things, issues related to alleged liability, loss causation, and damages. The mediation was not successful in resolving this matter. ECF No. 103.

On March 18, 2025, Defendants moved to dismiss the Second Amended Complaint (ECF No. 106), which Plaintiffs opposed on May 2, 2025. ECF No. 110. On May 30, 2025, Defendants filed their reply in further support of their motion to dismiss. ECF No. 112.

While the motion to dismiss was fully briefed and pending, on June 20, 2025, the Parties filed a Joint Stipulation requesting the Court adjourn the upcoming hearing on Defendants' motion to dismiss the Second Amended Complaint because the parties agreed to conduct a second mediation before the Mediator. On July 14, 2025, the Parties participated in a full day mediation, but did not resolve the matter on that day. However, the Parties continued ongoing negotiations and agreed to an additional mediation on August 15, 2025. ECF No. 115. During this additional full-day mediation, the matter did not resolve, but the Parties continued ongoing negotiations that ultimately resulted in an agreement in principle to settle and release all claims asserted against Defendants in the Action in exchange for an all-cash payment of $47,750,000 for the benefit of the Settlement Class, subject to the execution of a settlement stipulation and related papers and Court approval.

The agreement was memorialized in a binding term sheet (the "Term Sheet") which was fully executed on November 5, 2025. The Term Sheet sets forth, among other things, the Parties' agreement to fully and finally settle and release all claims that were asserted or could have been asserted in the Action in return for a payment by or the Company or Defendants' insurers of forty-seven million seven hundred and fifty thousand dollars and zero cents ($47,750,000.00) for the benefit of the Settlement Class.

On November 7, 2025 the Parties filed the Joint Notice of Pending Settlement informing the Court that a settlement had been reached. ECF No. 116.

**DEFINITIONS**

1. As used in this Stipulation and any exhibits attached hereto and made a part hereof, the following capitalized terms shall have the following meanings:

(a) "Action" means the putative securities class action currently pending in the United States District Court for the Northern District of California styled, *Bhangal v. Hawaiian Electric Industries, Inc. et al.,* Case No. 3:23-cv-04332-JSC (N.D. Cal.).

(b) "Amended Complaint" means the Amended Complaint for Violations of the Federal Securities Laws filed by Plaintiffs on March 8, 2024. ECF No. 70.

(c) "Authorized Claimant" means a Settlement Class Member who submits a Proof of Claim Form to the Claims Administrator that is approved by the Court for payment from the Net Settlement Fund.

(d) "Claim" means a Proof of Claim Form submitted to the Claims Administrator.

(e) "Claim Form" or "Proof of Claim Form" means the form, substantially in the form attached hereto as Exhibit A-2, that a Claimant must complete and submit should that Claimant seek to share in a distribution of the Net Settlement Fund.

(f) "Claimant" means a person or entity who or which submits a Claim Form to the Claims Administrator seeking to be eligible to share in the proceeds of the Net Settlement Fund.

(g) "Claims Administrator" means the firm Verita Global ("Verita"), which shall provide all notices approved by the Court to potential Settlement Class Members and administer the Settlement.

(h) "Class Distribution Order" means an Order entered by the Court authorizing and directing that the Net Settlement Fund be distributed, in whole or in part, to Authorized Claimants.

(i) "Class Period" means the Class Period set forth in the Amended Complaint and Second Amended Complaint (i.e., February 28, 2019 through September 4, 2023 both dates inclusive)

(j) "Court" means the United States District Court for the Northern District of California.

(k) "Defendants" means HEI, HECO, Constance H. Lau, Scott W. H. Seu, Gregory C.

5

STIPULATION OF SETTLEMENT (CASE NO. 3:23-cv-04332-JSC)

Hazelton, Paul K. Ito, and Shelee Kimura.

(l)    "Defendants' Counsel" means Skadden Arps Slate Meagher & Flom LLP and Allen Overy Shearman Sterling US LLP.

(m)    "Derivative Settlement Stipulation" means the settlement agreement between the parties in the Related Actions.

(n)    "Effective Date" with respect to the Settlement means the first date by which all of the events and conditions specified in ¶30 of this Stipulation have been met and have occurred or have been waived.

(o)    "Escrow Account" means an interest-bearing escrow account maintained at Huntington National Bank wherein the Settlement Amount shall be deposited and held in escrow under the control of Lead Counsel.

(p)    "Escrow Agent" means Huntington National Bank or its appointed agents. The Escrow Agent shall perform the duties as set forth in this Stipulation and any order of the Court in connection with the Settlement.

(q)    "Escrow Agreement" means the agreement between Lead Counsel and the Escrow Agent setting forth the terms under which the Escrow Agent shall maintain the Escrow Account.

(r)    "Final," with respect to the Judgment or any other court Order, means: (i) if no appeal is filed, the expiration date of the time provided for filing or noticing any appeal under the Federal Rules of Appellate Procedure, i.e., thirty (30) days after entry of the judgment or Order; or (ii) if there is an appeal from the judgment or Order, (a) the date of final dismissal of all such appeals, or the final dismissal of any proceeding on certiorari or otherwise, or (b) the date the judgment or Order is finally affirmed on an appeal, the expiration of the time to file a petition for a writ of certiorari or other form of review, or the denial of a writ of certiorari or other form of review, and, if certiorari or other form of review is granted, the date of final affirmance following review pursuant to that grant. However, any appeal or proceeding seeking subsequent judicial review pertaining solely to an Order issued with respect to (i) attorneys' fees, costs or expenses, including without limitation payments to Plaintiffs, or (ii) the plan of allocation of Settlement proceeds (as submitted or subsequently modified), including without limitation the procedures for

determining recognized claims or Authorized Claimants, shall not in any way delay or preclude a judgment from becoming Final.

(s)     "HECO" means Hawaiian Electric Company, Inc.

(t)     "HEI" means Hawaiian Electric Industries Inc., a Hawaiian corporation with principal executive offices located at 1001 Bishop Street, Suite 2900, Honolulu, Hawaii 96813. HEI is a holding company that wholly owns Hawaiian Electric Company, Inc.

(u)     "Immediate Family" means children, stepchildren, parents, stepparents, spouses, marital communities, siblings, mothers-in-law, fathers-in-law, sons-in-law, daughters-in-law, brothers-in-law, and sisters-in-law. As used in this paragraph, "spouse" shall mean a husband, a wife, or a partner in a state-recognized domestic relationship or civil union.

(v)     "Individual Defendants" means Constance H. Lau, Scott W. H. Seu, Gregory C. Hazelton, Paul K. Ito, and Shelee Kimura.

(w)     "Judgment" means the final judgment, substantially in the form attached hereto as Exhibit B, to be entered by the Court approving the Settlement.

(x)     "Lead Counsel" means Pomerantz LLP.

(y)     "Lead Plaintiff" means Court-appointed Lead Plaintiff Daniel Warren.

(z)     "Litigation Expenses" means the costs and expenses incurred in connection with commencing, prosecuting and settling the Action (which may include the costs and expenses of Plaintiffs directly related to their representation of the Settlement Class), for which Plaintiffs' Counsel intends to apply or could have applied to the Court for reimbursement from the Settlement Fund.

(aa)     "Net Settlement Fund" means the Settlement Fund less: (i) any Taxes; (ii) any Notice and Administration Costs; (iii) any Litigation Expenses awarded by the Court; and (iv) any attorneys' fees awarded by the Court.

(bb)     "Notice" means the Notice of (i) Pendency of Class Action and Proposed Settlement; (ii) Settlement Fairness Hearing; and (iii) Motion for an Award of Attorneys' Fees and Reimbursement of Litigation Expenses, substantially in the form attached hereto as Exhibit A-1, which is to be mailed to Settlement Class Members.

(cc)    "Notice and Administration Costs" means the costs, fees and expenses that are incurred by the Claims Administrator and/or Plaintiffs' Counsel in connection with: (i) providing notices to the Settlement Class; and (ii) administering the Settlement, including but not limited to the Claims process, as well as the costs, fees and expenses incurred in connection with the Escrow Account.

(dd)    "Officer" means any officer as that term is defined in Securities and Exchange Act Rule 16a-1(f).

(ee)    "Parties" means the Defendants and Plaintiffs, on behalf of themselves and the Settlement Class.

(ff)    "Plaintiffs" means Daniel Warren, Bhapinderpal S. Bhangal and Emaad Kuhdear on behalf of themselves and all members of the Settlement Class.

(gg)    Plaintiffs' Counsel means the law firms of Pomerantz LLP and Levi & Korsinsky, LLP.

(hh)    "Plan of Allocation" means the proposed plan of allocation of the Net Settlement Fund set forth in the Notice.

(ii)    "Preliminary Approval Order" means the Order, substantially in the form attached hereto as Exhibit A, to be entered by the Court preliminarily approving the Settlement and directing that notice of the Settlement be provided to the Settlement Class.

(jj)    "PSLRA" means the Private Securities Litigation Reform Act of 1995, 15 U.S.C. § 78u-4, as amended.

(kk)    "Related Actions" means the following Actions, which some or all of Defendants, among others, are or were also parties to: (i) *In re Hawaiian Electric Industries, Inc. and Hawaiian Electric Company, Inc. State Court Derivative Litigation*, Case No. 1CCV-23-0001181 (Haw. 1st Cir.); (ii) *In re Hawaiian Electric Industries, Inc., Stockholder Derivative Litigation,* No. 24-cv-00164-WRP (D. Haw.); and (iii) *In Re Hawaiian Electric Industries, Inc. and Hawaiian Electric Company, Inc. Derivative Litigation*, No. 3:23-cv-06627 (N.D. Cal.), which was voluntarily dismissed without prejudice.

(ll)    "Released Claims" means all Released Defendants' Claims and all Releasing

8

Plaintiffs' Parties' Claims.

(mm)  "Released Defendants' Claims" means all claims and causes of action of every nature and description, whether known or unknown, known claims or Unknown Claims, whether arising under federal, state, common or foreign law, that arise out of or relate in any way to the institution, prosecution, or settlement of the claims asserted in the Action against Defendants, including under Rule 11 of the Federal Rules of Civil Procedure or for any other fees or cost shifting. Released Defendants' Claims do not include any claims relating to the enforcement of the Settlement, any claims between or among the Defendants and Released Defendants' Parties, any claims between the Defendants and Released Defendants'  Parties and their respective insurers, or any claims against any person or entity who or which submits a request for exclusion from the Settlement Class that is accepted by the Court.

(nn)  "Released Defendants' Parties" means (i) each Defendant; (ii) the family members of the Individual Defendants; (iii) direct or indirect parent entities, direct and indirect subsidiaries, related entities, and all affiliates of HEI or HECO, and their affiliated entities, employees, or agents; (iv) any trust of which any Individual Defendant is the settlor or which is for the benefit of any Individual Defendant and/or his or her family members; (v) for any of the persons or entities listed in parts (i) through (iv), as applicable, their respective past, present, and future general partners, limited partners, principals, shareholders, joint venturers, officers, directors, managers, managing directors, supervisors, employees, contractors, consultants, experts, auditors, accountants, financial advisors, insurers, reinsurers, indemnitors, trustees, trustors, agents, attorneys, predecessors, successors, assigns, heirs, executors, administrators, estates, and any controlling person thereof; and (vi) any entity in which a Defendant has a controlling interest; all in their capacities as such.

(oo)  "Releases" means the releases set forth in ¶¶ 4-5 of this Stipulation.

(pp)  "Releasing Plaintiffs' Parties' Claims" means all claims, actions, causes of action, demands, losses, rights, duties, obligations, debts, sums of money, suits, contracts, agreements, judgments, matters, issues, promises, damages and liabilities of every nature and description, whether known or unknown, known claims or Unknown Claims, whether arising under federal,

state, common or foreign law, that Plaintiffs, any other member of the Settlement Class, or any other of Releasing Plaintiffs' Parties: (i) asserted in any complaint in this Action or (ii) could have asserted in any forum that arise out of, are based on, or relate in any way to, directly or indirectly, any of the allegations, acts, transactions, facts, events, matters, occurrences, representations or omissions involved, set forth, alleged or referred to, in the Action, or which could have been alleged in the Action, or which arise out of, are based upon, or relate in any way, directly or indirectly, to the purchase, acquisition, transfer, holding, ownership, disposition or sale of HEI securities by any members of the Settlement Class, and/or any disclosures, public filings, registration statements, or other statements by any Defendant during the Class Period, whether arising under federal, state, common or foreign law. Releasing Plaintiffs' Parties' Claims shall not include (i) any claims relating to the enforcement of the Settlement; and (ii) any claims of any person or entity who or which submits a request for exclusion from the Settlement Class that is accepted by the Court.

(qq)    "Releasing Plaintiffs' Party" means Plaintiffs and the other members of the Settlement Class, together with their successors, assigns, executors, heirs, administrators, representatives, attorneys, and agents, in their capacities as such.

(rr)    "Released Plaintiffs' Parties" means (i) Plaintiffs, all Settlement Class members, any other plaintiffs in the Action and their counsel, Plaintiffs' Counsel, liaison counsel or referring counsel, and (ii) each of their respective immediate family members, and their respective partners, general partners, limited partners, principals, shareholders, joint venturers, members, officers, directors, managing directors, supervisors, employees, contractors, consultants, experts, auditors, accountants, financial advisors, insurers, trustees, trustors, agents, attorneys, predecessors, successors, assigns, heirs, executors, administrators, and any controlling person thereof, all in their capacities as such.

(ss)    "Second Amended Complaint" means the Second Amended Complaint for Violations of the Federal Securities Laws filed by Plaintiffs on November 12, 2024. ECF No. 108.

(tt)    "Supplemental Agreement" means the separate confidential agreement executed concurrently with the execution the Stipulation of Settlement providing Defendants shall have the

option to terminate the Settlement upon the conditions specified therein.

(uu)  "Settlement" means the settlement between Plaintiffs and Defendants on the terms and conditions set forth in this Stipulation.

(vv)  "Settlement Amount" means $47,750,000 in cash to settle the Action.

(ww)  "Settlement Class" means all persons and entities other than defendants who purchased or otherwise acquired HEI securities between February 28, 2019 and September 4, 2023, both dates inclusive, and were damaged thereby. Excluded from the Settlement Class are (i) Defendants; (ii) current and former officers and directors of the Company, at all relevant times; (iii) members of the immediate family of each of the Individual Defendants; (iv) all subsidiaries and affiliates of the Company and the directors and officers of such subsidiaries or affiliates; (v) all persons, firms, trusts, corporations, officers, directors, and any other individual or entity in which any of the Defendants has a controlling interest; (vi) the legal representatives, agents, affiliates, heirs, successors-in-interest or assigns of all such excluded parties, each in its capacity as such; and (vii) any persons or entities who properly exclude themselves by filing a valid and timely request for exclusion.

(xx)  "Settlement Class Member" means each person and entity who or which is a member of the Settlement Class.

(yy)  "Settlement Fund" means the Settlement Amount plus any and all interest earned thereon.

(zz)  "Settlement Hearing" means the hearing set by the Court under Rule 23(e)(2) of the Federal Rules of Civil Procedure to consider final approval of the Settlement.

(aaa)  "Summary Notice" means the Summary Notice of (i) Pendency of Class Action and Proposed Settlement; (ii) Settlement Fairness Hearing; and (iii) Motion for an Award of Attorneys' Fees and Reimbursement of Litigation Expenses, substantially in the form attached hereto as Exhibit A-3, to be published as set forth in the Preliminary Approval Order.

(bbb)  "Taxes" means: (i) all federal, state and/or local taxes of any kind (including any interest or penalties thereon) on any income earned by the Settlement Fund; (ii) the expenses and costs incurred by Plaintiffs' Counsel in connection with determining the amount of, and paying,

any taxes owed by the Settlement Fund (including, without limitation, expenses of tax attorneys and accountants); and (iii) all taxes imposed on payments by the Settlement Fund, including withholding taxes.

(ccc)  "Term Sheet" means the Parties' agreement to fully and finally settle resolve this Action, including related releases of all Claims and Unknown Claims, in return for a payment by or on behalf of the Company of forty-seven million seven hundred and fifty thousand dollars and zero cents ($47,750,000.00) for the benefit of the Settlement Class as memorialized in a term sheet executed on November 5, 2025.

(ddd)  "Termination Notice" is a written notice from Plaintiffs' Counsel to Defendants' Counsel or from Defendants' Counsel to Plaintiffs' Counsel, as applicable, providing notice of the election to terminate the Settlement and this Stipulation in accordance with the termination rights expressly provided for in this Stipulation.

(eee)  "Unknown Claims" means any Releasing Plaintiffs' Parties' Claims which Plaintiffs, any other Settlement Class Member, or any other Releasing Plaintiff Party does not know or suspect to exist in his, her or its favor at the time of the release of such claims, and any Released Defendants' Claims which any Defendant or any other Released Defendants' Parties does not know or suspect to exist in his, her, or its favor at the time of the release of such claims, which, if known by him, her or it, might have affected any of his, her or its decision(s) with respect to this Settlement, including, without limitation, a Settlement Class Member's decision not to opt-out or object. With respect to any and all Released Claims, the Parties stipulate and agree that, upon the Effective Date of the Settlement, Plaintiffs and Defendants shall expressly waive, and each of the other Settlement Class Members and each of the Released Defendants' Parties and each of the Releasing Plaintiffs' Parties shall be deemed to have waived, and by operation of the Judgment shall have expressly waived, any and all provisions, rights, and benefits conferred by any law of any state or territory of the United States, or principle of common law or foreign law, which is similar, comparable, or equivalent to California Civil Code §1542, which provides:

A GENERAL RELEASE DOES NOT EXTEND TO CLAIMS THAT THE CREDITOR OR RELEASING PARTY DOES NOT KNOW OR SUSPECT TO EXIST IN HIS OR HER FAVOR AT THE TIME OF EXECUTING THE RELEASE

AND THAT, IF KNOWN BY HIM OR HER, WOULD HAVE MATERIALLY AFFECTED HIS OR HER SETTLEMENT WITH THE DEBTOR OR RELEASED PARTY.

Plaintiffs, any other Settlement Class Member, any other Releasing Plaintiff Parties, Defendants, and other Released Defendants' Parties may hereafter discover facts in addition to or different from those which he, she, or it now knows or believes to be true with respect to the subject matter of the Released Claims, but the Parties stipulate and agree that, upon the Effective Date of the Settlement, Plaintiffs and each of the Defendants shall expressly waive, and each of the other Settlement Class Members and the Releasing Plaintiffs' Parties and each of the Released Defendants' Parties shall be deemed to have waived, and by operation of the Judgment shall have expressly waived any and all Released Claims without regard to the subsequent discovery or existence of such different or additional facts. The Parties acknowledge, and each of the other Settlement Class Members and Releasing Plaintiffs' Parties and each of the Released Defendants' Parties shall be deemed by operation of law to have acknowledged, that the foregoing waiver was separately bargained for and a key element of the Settlement.

## PRELIMINARY APPROVAL OF SETTLEMENT

2.    Plaintiffs will endeavor in good faith to file a motion for preliminary approval of the settlement within five (5) calendar days of execution of this Stipulation of Settlement and shall provide a draft of their motion for preliminary approval to Defendants' Counsel no later than two (2) calendar days before it is due to be filed with the Court. The Parties shall cooperate in good faith to obtain efficient Court approval of the Settlement, including coordination over the manner in which to present the motions for preliminary and final approval, including characterization of the Settlement Amount contained therein. The motions shall be unopposed by Defendants. Concurrently with the motion for preliminary approval, Plaintiffs shall apply to the Court for, and Defendants shall agree to, entry of the Preliminary Approval Order, substantially in the form attached hereto as Exhibit A.

## RELEASE OF CLAIMS

3.    The obligations incurred pursuant to this Stipulation are in consideration of: (i) the full and final disposition of the Action as against Defendants; and (ii) the Releases provided for

herein.

4.      Upon the Effective Date, Plaintiffs shall dismiss the Action with prejudice, and Plaintiffs and the other members of the Settlement Class, together with the other Releasing Plaintiffs' Parties will release the Releasing Plaintiffs' Parties' Claims as against Defendants and all other Released Defendants' Parties..

5.      Upon the Effective Date, Defendants will release the Released Defendants' Claims as against the Releasing Plaintiffs' Parties.

6.      Notwithstanding ¶¶ 4–5 above, nothing in the Judgment shall bar any action by any of the Parties to enforce or effectuate the terms of this Stipulation or the Judgment.

## SETTLEMENT CONSIDERATION

7.      The Company agrees to pay and/or cause to be paid by Defendants' insurers a total of $47,750,000 in cash to settle the Action. A first installment of the Settlement Amount totaling $1,000,000 (the "First Installment of the Settlement Amount") shall be paid into the Escrow Account established for the Settlement controlled by Plaintiffs' Counsel, subject to the authority of the Court, within twenty (20) business days after the later of: (i) the Court's entry of an order preliminarily approving the Settlement; (ii) funding of the Related Actions settlement escrow account pursuant to the preliminary approval by the court of the Derivative Settlement Stipulation; or (iii) Plaintiffs' Counsel providing to Defendants' Counsel a Form W-9, wire transfer or electronic payment (ACH) instructions and/or any requisite electronic payment authorization forms, and the name and telephone number of an individual who can verbally confirm wire instructions. The balance of the Settlement Amount (the "Second Installment of the Settlement Amount") shall be paid into the Escrow Account within twenty (20) business days after the Final approval of the Settlement, the judgment becoming Final in and dismissal of the Related Actions in accordance with the terms of the Derivative Settlement Stipulation in the Related Actions. The Settlement Amount is an all-in settlement number, meaning that it includes, without limitation, all settlement funds, attorneys' fees, escrow costs, administration costs, expenses, class member benefits, class representative awards, and costs of any kind associated with the resolution of this Action. The Individual Defendants bear no responsibility for the Settlement Amount.

**USE OF SETTLEMENT FUND**

8. The Settlement Fund shall be used to pay: (a) any Taxes; (b) any Notice and Administration Costs; (c) any Litigation Expenses awarded by the Court; and (d) any attorneys' fees awarded by the Court. The balance remaining in the Settlement Fund, that is, the Net Settlement Fund, shall be distributed to Authorized Claimants as provided in ¶¶ 17–28 below.

9. Except as provided herein or pursuant to orders of the Court, the Net Settlement Fund shall remain in the Escrow Account prior to the Effective Date. All funds held by the Escrow Agent shall be deemed to be in the custody of the Court and shall remain subject to the jurisdiction of the Court until such time as the funds shall be distributed or returned pursuant to the terms of this Stipulation and/or further order of the Court. The Escrow Agent shall invest any funds in the Escrow Account exclusively in United States Treasury Bills (or a mutual fund invested solely in such instruments) and shall collect and reinvest all interest accrued thereon, except that any residual cash balances up to the amount that is insured by the FDIC may be deposited in any account that is fully insured by the FDIC. In the event that the yield on United States Treasury Bills is negative, in lieu of purchasing such Treasury Bills, all or any portion of the funds held by the Escrow Agent may be deposited in any account that is fully insured by the FDIC or backed by the full faith and credit of the United States. Additionally, if short-term placement of the funds is necessary, all or any portion of the funds held by the Escrow Agent may be deposited in any account that is fully insured by the FDIC or backed by the full faith and credit of the United States.

10. The Parties agree that the Settlement Fund is intended to be a Qualified Settlement Fund within the meaning of Treasury Regulation § 1.468B-1 and that Lead Counsel, as administrator of the Settlement Fund within the meaning of Treasury Regulation § 1.468B-2(k)(3), shall be solely responsible for filing or causing to be filed all informational and other tax returns as may be necessary or appropriate (including, without limitation, the returns described in Treasury Regulation § 1.468B-2(k)) for the Settlement Fund. Lead Counsel shall also be responsible for causing payment to be made from the Settlement Fund of any Taxes owed with respect to the Settlement Fund. Defendants and the Released Defendants' Parties shall not have any liability or responsibility whatsoever for any such Taxes. Upon written request, the Company will provide to

Lead Counsel the statement described in Treasury Regulation § 1.468B-3(e). Lead Counsel, as administrator of the Settlement Fund within the meaning of Treasury Regulation § 1.468B 2(k)(3), shall timely make such elections as are necessary or advisable to carry out this paragraph, including, as necessary, making a "relation back election," as described in Treasury Regulation § 1.468B-1(j), to cause the Qualified Settlement Fund to come into existence at the earliest allowable date, and shall take or cause to be taken all actions as may be necessary or appropriate in connection therewith.

11.    All Taxes shall be paid out of the Settlement Fund, and shall be timely paid by the Escrow Agent pursuant to the disbursement instructions to be set forth in the Escrow Agreement, and without further order of the Court. Any tax returns prepared for the Settlement Fund (as well as the election set forth therein) shall be consistent with the previous paragraph and in all events shall reflect that all Taxes on the income earned by the Settlement Fund shall be paid out of the Settlement Fund as provided herein. Defendants and the Released Defendants' Parties shall have no responsibility or liability whatsoever with respect to the payment of Taxes or for the acts or omissions of Plaintiffs' Counsel or its agents.

12.    The Settlement is not a claims-made settlement. Defendants have no right of reversion. Upon the occurrence of the Effective Date, no Defendant, Released Defendants' Parties, or any other person or entity who or which paid any portion of the Settlement Amount shall have any right to the return of the Settlement Fund or any portion thereof for any reason whatsoever, including without limitation, the number of Claim Forms submitted, the collective amount of Recognized Claims of Authorized Claimants, the percentage of recovery of losses, or the amounts to be paid to Authorized Claimants from the Net Settlement Fund.

13.    Notwithstanding the fact that the Effective Date of the Settlement has not yet occurred, Lead Counsel may pay from the Settlement Fund, without further approval from Defendants or further order of the Court, all Notice and Administration Costs actually incurred and paid or payable up to $500,000.00. Such costs and expenses shall include, without limitation, the actual costs of printing and mailing the Notice, publishing the Summary Notice, reimbursements to nominee owners for forwarding the Notice to their beneficial owners, the

16

administrative expenses incurred and fees charged by the Claims Administrator in connection with providing notice, administering the Settlement (including processing the submitted Claims), and the fees, if any, of the Escrow Agent. In the event that the Settlement is terminated pursuant to the terms of this Stipulation, all Notice and Administration Costs paid or incurred, including any related fees and Taxes, shall not be returned or repaid to Defendants, any of the Released Defendants' Parties, or any other person or entity who or which paid any portion of the Settlement Amount.

**ATTORNEYS' FEES AND LITIGATION EXPENSES**

14.    Plaintiffs' Counsel will apply to the Court for a collective award of attorneys' fees to Plaintiffs' Counsel to be paid from the Settlement Fund, which will include interest accrued from the time of the creation of the Settlement Fund. Plaintiffs' Counsel also will apply to the Court for reimbursement of Litigation Expenses with interest, which may include a request for reimbursement of Plaintiffs' costs and expenses, including time and/or lost wages incurred in prosecuting the Action, directly related to their representation of the Class, to be paid from the Settlement Fund. Plaintiffs' Counsel's application for an award of attorneys' fees and/or Litigation Expenses is not the subject of any agreement between Defendants and Plaintiffs other than what is set forth in this Stipulation.

15.    Any attorneys' fees and Litigation Expenses that are awarded by the Court shall be paid to Plaintiffs' Counsel immediately upon award, notwithstanding the existence of any timely filed objections thereto, or potential for appeal therefrom, or collateral attack on the Settlement or any part thereof, subject to Plaintiffs' Counsel's joint and several obligation to make appropriate refunds or repayments to the Settlement Fund, plus accrued interest at the same net rate as is earned by the Settlement Fund, if the Settlement is terminated pursuant to the terms of this Stipulation or if, as a result of any appeal or further proceedings on remand, or successful collateral attack, the award of attorneys' fees and/or Litigation Expenses is reduced or reversed and such order reducing or reversing the award has become Final. Plaintiffs' Counsel shall make the appropriate refund or repayment in full within thirty (30) calendar days after: (a) receiving from Defendants' Counsel notice of the termination of the Settlement; or (b) any order reducing or reversing the award of

17

attorneys' fees and/or Litigation Expenses has become Final. An award of attorneys' fees and/or Litigation Expenses is not a necessary term of this Stipulation and is not a condition of the Settlement embodied herein. Any award(s) with respect to attorneys' fees and expenses will not affect the validity or finality of the Settlement or the releases of the Released Claims. Neither Plaintiffs nor Plaintiffs' Counsel may cancel or terminate the Settlement based on this Court's or any appellate court's ruling with respect to attorneys' fees and/or Litigation Expenses.

16.    Plaintiffs' Counsel shall allocate the attorneys' fees in a manner which it, in good faith, believes reflects the contributions of such counsel to the institution, prosecution and settlement of the Action. Other than the Company's obligation to fund or cause the funding of the Settlement Amount, Defendants and the Released Defendants' Parties shall have no responsibility for or liability whatsoever with respect to the allocation or award of attorneys' fees or Litigation Expenses. The attorneys' fees and Litigation Expenses that are awarded to Plaintiffs' Counsel shall be payable solely from the Escrow Account. Under no circumstances shall Defendants and the Released Defendants' Parties be responsible to pay any portion of Plaintiffs' Counsel's attorneys' fees and/or any Litigation Expenses.

## NOTICE AND SETTLEMENT ADMINISTRATION

17.    As part of the Preliminary Approval Order, Lead Counsel shall seek appointment of a Claims Administrator. The Claims Administrator shall administer the Settlement, including but not limited to the process of receiving, reviewing and approving or denying Claims, under Lead Counsel's supervision and subject to the jurisdiction of the Court. Other than HEI's obligation to provide lists of or copies of the relevant transfer records of HEI stock owners/holders of record as provided in ¶ 18 below, none of the Defendants, nor any other Released Defendants' Parties, shall have any involvement in or any responsibility, authority or liability whatsoever for the selection of the Claims Administrator, the Plan of Allocation, the administration of the Settlement, the Claims process, or disbursement of the Net Settlement Fund, and shall have no liability whatsoever to any person or entity, including, but not limited to, Plaintiffs, any other Settlement Class Members, Releasing Plaintiffs' Parties or Plaintiffs' Counsel in connection with the foregoing.

18.     In accordance with the terms of the Preliminary Approval Order to be entered by the Court, Lead Counsel shall cause the Claims Administrator to mail the Notice and Proof of Claim Form to those members of the Class as may be identified through reasonable effort. Lead Counsel shall also cause the Claims Administrator to have the Summary Notice published in accordance with the terms of the Preliminary Approval Order to be entered by the Court. For the purposes of identifying and providing notice to the Class, within ten (10) business days after entry of the Preliminary Approval Order, HEI shall provide or cause to be provided to the Claims Administrator in electronic format, such as an Excel spreadsheet (at no cost to the Settlement Fund, Lead Counsel or the Claims Administrator), its reasonably available transfer records and lists (consisting of names and addresses) of the owners/holders of record of HEI securities during the Class Period.

19.     The Claims Administrator shall receive Claims and determine first, whether the Claim is a valid Claim, in whole or part, and second, each Authorized Claimant's pro rata share of the Net Settlement Fund based upon each Authorized Claimant's Recognized Claim compared to the total Recognized Claims of all Authorized Claimants (as set forth in the Plan of Allocation set forth in the Notice attached hereto as Exhibit A-1, or in such other plan of allocation as the Court approves).

20.     The plan of allocation is separate from the Settlement, and will be considered by the Court separately from the Court's consideration of the fairness, reasonableness, and adequacy of the Settlement. Any order of the Court modifying or rejecting the plan of allocation will not operate to terminate the Settlement or affect the finality or binding nature of the Settlement, including the releases of Defendants' Released Parties by Plaintiffs, any other Settlement Class Members, or any other Releasing Plaintiff Parties. Defendants shall have no responsibility or liability for the plan of allocation or the allocation of settlement funds.

21.     Any Settlement Class Member who does not submit a valid Claim Form will not be entitled to receive any distribution from the Net Settlement Fund, but will otherwise be bound by all of the terms of this Stipulation and Settlement, including the terms of the Judgment to be entered in the Action and the releases provided for herein and therein, and will be permanently

barred and enjoined from bringing any action, claim, or other proceeding of any kind against Defendants or the Released Defendants' Parties with respect to the Releasing Plaintiffs' Parties' Claims in the event that the Effective Date occurs with respect to the Settlement.

22.    Plaintiffs' Counsel shall be responsible for supervising the administration of the Settlement and the disbursement of the Net Settlement Fund subject to Court approval. No Defendant, nor any of the Released Defendants' Parties, shall be permitted to review, contest or object to any Claim Form, or any decision of the Claims Administrator or Lead Counsel with respect to accepting or rejecting any Claim for payment by a Settlement Class Member. Lead Counsel shall have the right, but not the obligation, to waive what it deems to be formal or technical defects in any Claim Forms submitted in the interests of achieving substantial justice.

23.    For purposes of determining the extent, if any, to which a Settlement Class Member shall be entitled to be treated as an Authorized Claimant, the following conditions shall apply:

a)    Each Settlement Class Member shall be required to submit a Claim Form, substantially in the form attached hereto as Exhibit A-2, supported by such documents as are designated therein, including proof of the Claimant's loss, or such other documents or proof as the Claims Administrator or Lead Counsel, in their discretion, may deem acceptable;

b)    All Claim Forms must be submitted by the date set by the Court in the Preliminary Approval Order and specified in the Notice. Any Settlement Class Member who fails to submit a Claim Form by such date shall be forever barred from receiving any distribution from the Net Settlement Fund or payment pursuant to this Stipulation (unless by Order of the Court such Settlement Class Member's Claim Form is accepted), but shall in all other respects be bound by all of the terms of this Stipulation and the Settlement, including the terms of the Judgment and the Releases provided for herein and therein, and will be permanently barred and enjoined from bringing any action, claim or other proceeding of any kind against any Defendants or the Released Defendants' Parties with respect to any Releasing Plaintiffs' Parties' Claims. Provided that it is mailed by the claim-submission deadline, a Claim Form shall be deemed to be submitted when postmarked, if received with a postmark indicated on the envelope and if mailed by first-class mail and addressed in accordance with the instructions thereon. In all other cases, the Claim Form shall

be deemed to have been submitted on the date when actually received by the Claims Administrator;

c)    Each Claim Form shall be submitted to and reviewed by the Claims Administrator who shall determine in accordance with this Stipulation and the Plan of Allocation the extent, if any, to which each Claim shall be allowed, subject to review by the Court pursuant to subparagraph e) below as necessary;

d)    Claim Forms that do not meet the submission requirements may be rejected. Prior to rejecting a Claim in whole or in part, the Claims Administrator shall communicate with the Claimant in writing, to give the Claimant the chance to remedy any curable deficiencies in the Claim Form submitted. The Claims Administrator shall notify, in a timely fashion and in writing, all Claimants whose Claim the Claims Administrator proposes to reject in whole or in part, setting forth the reasons therefor, and shall indicate in such notice that the Claimant whose Claim is to be rejected has the right to a review by the Court if the Claimant so desires and complies with the requirements of subparagraph e) below; and

e)    If any Claimant whose Claim has been rejected in whole or in part desires to contest such rejection, the Claimant must, within ten (10) after the date of mailing of the notice required in subparagraph (d) above, serve upon the Claims Administrator a notice and statement of reasons indicating the Claimant's grounds for contesting the rejection along with any supporting documentation, and requesting a review thereof by the Court. If a dispute concerning a Claim cannot be otherwise resolved, Lead Counsel shall thereafter present the request for review to the Court.

24.    Each Claimant shall be deemed to have submitted to the jurisdiction of the Court with respect to the Claimant's Claim, and the Claim will be subject to investigation and discovery under the Federal Rules of Civil Procedure, provided, however, that such investigation and discovery shall be limited to that Claimant's status as a Settlement Class Member and the validity and amount of the Claimant's Claim. No discovery whatsoever shall be allowed on the merits of this Action or of the Settlement in connection with the processing of Claim Forms.

25.    Plaintiffs' Counsel will apply to the Court, on notice to Defendants' Counsel, for a Class Distribution Order: (a) approving the Claims Administrator's administrative determinations

concerning the acceptance and rejection of the Claims submitted; (b) approving payment of any administration fees and expenses associated with the administration of the Settlement from the Escrow Account; and (c) if the Effective Date has occurred, directing payment of the Net Settlement Fund to Authorized Claimants from the Escrow Account.

26.    Payment pursuant to the Class Distribution Order shall be final and conclusive against all Settlement Class Members. All Settlement Class Members whose Claims are not approved by the Court for payment shall be barred from participating in distributions from the Net Settlement Fund, but otherwise shall be bound by all of the terms of this Stipulation and the Settlement, including the terms of the Judgment, to be entered in this Action and the Releases provided for herein and therein, and will be permanently barred and enjoined from bringing any action against any and all Defendants or the Released Defendants' Parties with respect to any and all of the Releasing Plaintiffs' Parties' Claims.

27.    No person or entity shall have any claim against Plaintiffs, Plaintiffs' Counsel, the Claims Administrator or any other agent designated by Plaintiffs' Counsel, or the Released Defendants' Parties and/or their respective counsel, arising from distributions made substantially in accordance with the Stipulation, the Plan of Allocation approved by the Court, or any order of the Court. Plaintiffs and Defendants, Defendants' Released Parties, and their respective counsel, and Plaintiffs' damages expert shall have no liability whatsoever for the investment or distribution of the Settlement Fund or the Net Settlement Fund, the plan of allocation, or the determination, administration, calculation, or payment of any claim or nonperformance of the Claims Administrator, the payment or withholding of taxes (including interest and penalties) owed by the Settlement Fund, or any losses incurred in connection therewith.

28.    All proceedings with respect to the administration, processing and determination of Claims and the determination of all controversies relating thereto, including disputed questions of law and fact with respect to the validity of Claims, shall be subject to the jurisdiction of the Court. All Settlement Class Members and Parties to this Settlement expressly waive trial by jury (to the extent any such right may exist) and any right of appeal or review with respect to such determinations.

**TERMS OF JUDGMENT**

29.     If the Settlement contemplated by this Stipulation is approved by the Court, Plaintiffs' Counsel shall request that the Court enter a Judgment, substantially in the form attached hereto as Exhibit B.

**CONDITIONS AND EFFECT OF DISAPPROVAL, CANCELLATION OR TERMINATION**

30.     The Effective Date of the Settlement shall be conditioned on the occurrence of the following events:

(a)     The boards of HEI and HECO approving the Stipulation of Settlement;

(b)     Execution of the Stipulation of Settlement and such other documents as may be required to obtain final Court approval of the Stipulation of Settlement in a form satisfactory to the Parties;

(c)     The Court's entry of a preliminary approval order;

(d)     The deposit of the Settlement Amount into an escrow account, as set forth in ¶ 7;

(e)     Defendants not exercising their option to terminate the Settlement;

(f)     The Court's entry of a judgment approving the Stipulation of Settlement, and the judgment has become final, which is when the last of the following with respect to the judgment approving the Stipulation shall occur: (i) the expiration of the time to file any motion to alter or amend the judgment under Federal Rule of Civil Procedure 59(e) without any such motion having been filed; (ii) the expiration of the time to appeal from the judgment without any such appeal having been filed; and (iii) if a motion to alter or amend is filed or if an appeal is filed, immediately after the determination of that motion or appeal so that the judgment is no longer subject to any further judicial review or appeal whatsoever, whether by reason of affirmance by a court of last resort, lapse of time, voluntary dismissal of appeal, or otherwise, and in such a manner as to permit the consummation of the Settlement substantially in accordance with the terms and conditions of the Stipulation. For purposes of this paragraph, an "appeal" shall include any petition for a writ of certiorari or other writ that may be filed in connection with the approval or disapproval of this Settlement, but shall not include any appeal which concerns only the issue of Plaintiffs' counsel's

STIPULATION OF SETTLEMENT (CASE NO. 3:23-cv-04332-JSC)

attorneys' fees and expenses, payments to the Plaintiffs for their expenses, the plan of allocation of the Settlement Amount, or the procedures for determining recognized claims by authorized claimants; and

(g)   The entry of judgment approving the Derivative Settlement Stipulation and orders dismissing the Related Actions with prejudice that have become final, which is when the last of the following with respect to the judgment approving the Derivative Settlement Stipulation shall occur: (i) the expiration of the time to file any motion to alter or amend the judgment under Federal Rule of Civil Procedure 59(e) without any such motion having been filed; (ii) the expiration of the time to appeal from the judgment without any such appeal having been filed; and (iii) if a motion to alter or amend is filed or if an appeal is filed, immediately after the determination of that motion or appeal so that the judgment is no longer subject to any further judicial review or appeal whatsoever, whether by reason of affirmance by a court of last resort, lapse of time, voluntary dismissal of appeal, or otherwise, and in such a manner as to permit the consummation of the settlement of the Related Actions substantially in accordance with the terms and conditions of the Derivative Settlement Stipulation. For purposes of this paragraph, an "appeal" shall include any petition for a writ of certiorari or other writ that may be filed in connection with the approval or disapproval of the Derivative Settlement Stipulation but shall not include any appeal which concerns only the issue of the derivative plaintiffs' counsel's attorneys' fees and expense; or payments to the derivative plaintiffs for their expenses.

31.   Upon the occurrence of all of the events referenced in ¶ 30 above, any and all remaining interest or right of Defendants in or to the Settlement Fund, if any, shall be absolutely and forever extinguished and the Releases herein shall be effective.

32.   If either (i) Defendants and plaintiffs in the Related Actions fail to finalize the Derivative Settlement Stipulation by February 28, 2026; or (ii) any court issues a decision declining to approve or affirm the approval of the Derivative Settlement Stipulation or dismissal of any of the Related Actions with prejudice, each of Plaintiffs and Defendants shall have the right to terminate, upon provision of a Termination Notice, the Settlement within fourteen (14) days of that date.

STIPULATION OF SETTLEMENT (CASE NO. 3:23-cv-04332-JSC)

33.    If (i) Defendants exercise their right to terminate the Settlement as provided in this Stipulation; (ii) Plaintiffs exercise their right to terminate the Settlement as provided in this Stipulation; (iii) the Court declines to approve the Settlement; or (iv) the Effective Date as to the Settlement otherwise fails to occur, then, except as provided for in this Paragraph or by other provisions of this Stipulation that expressly apply in the event of termination or the failure of the Effective Date to occur, the following provisions apply:

(a)    The Settlement, including the relevant portions of this Stipulation and the Term Sheet shall be canceled and terminated, and none of its terms shall be effective or enforceable.

(b)    Plaintiffs and Defendants shall revert to their respective positions in the Action as of November 5, 2025 prior to the execution of the Term Sheet and they shall proceed in all respects as if the Term Sheet had not been executed, and without prejudice in any way from the negotiation, fact, or terms of this Settlement.

(c)    The terms and provisions of this Stipulation, with the exception of ¶ 33 and ¶¶ 13, 15, 36, and 58, shall have no further force and effect with respect to the Parties and shall not be used in the Action or in any other proceeding for any purpose, and any Judgment or order entered by the Court in accordance with the terms of this Stipulation shall be treated as vacated, *nunc pro tunc*.

(d)    Within thirty (30) calendar days after joint written notification of termination is sent by Defendants' Counsel and Lead Counsel to the Escrow Agent or Defendants' Counsel's unilateral notification of termination to the Escrow Agent as permitted under ¶ 34 of the Stipulation, the Settlement Fund (including accrued interest thereon and any funds received by Lead Counsel consistent with ¶ 14 above), less any Notice and Administration Costs actually incurred, paid or payable, and less any Taxes paid, due or owing shall be shall be returned to the persons or entities paying the same within thirty (30) calendar days from the date of termination in accordance with instructions provided by counsel for HEI. In the event that the funds received by Lead Counsel consistent with ¶ 14 above have not been refunded to the Settlement Fund within the thirty (30) calendar days specified in this paragraph, those funds shall be refunded by the Escrow Agent to the person(s) that made the respective deposits or as otherwise directed by such

persons immediately upon their deposit into the Escrow Account consistent with ¶ 14 above.

34.    It is further stipulated and agreed that Plaintiffs and Defendants shall each have the right to terminate the Settlement and this Stipulation, by providing a Termination Notice to Defendants' Counsel or Plaintiffs' Counsel, as applicable, within thirty (30) days of: (a) the Court's final refusal to enter the Preliminary Approval Order in any material respect; (b) the Court's final refusal to approve the Settlement or any material part thereof; (c) the Court's final refusal to enter the Judgment in any material respect as to the Settlement; or (d) the date upon which the Judgment is modified or reversed in any material respect by the United States Court of Appeals for the Ninth Circuit or the United States Supreme Court. However, any decision or proceeding, whether in this Court or any appellate court, with respect to an application for attorneys' fees or reimbursement of Litigation Expenses or with respect to any plan of allocation shall not be considered material to the Settlement, shall not affect the finality of any Judgment, and shall not be grounds for termination of the Settlement.

35.    Plaintiffs shall have the right to terminate the Settlement by providing a Termination Notice if the Effective Date does not occur or in the event that any other material terms of the Settlement are breached. In addition to the grounds set forth in ¶¶ 30-32 above, Defendants shall have the right to terminate the Settlement by providing a Termination Notice (i) if the Effective Date does not occur; (ii) in the event that the Settlement Amount is not available; (iii) in the event that any material terms of the Settlement are breached; or (iv) Settlement Class Members timely and validly requesting exclusion from the Settlement Class meet the conditions set forth in Defendants' confidential Supplemental Agreement with Plaintiffs, in accordance with the terms of that agreement. The Supplemental Agreement, which is being executed concurrently herewith, shall not be filed with the Court and its terms shall not be disclosed in any other manner (other than the statements herein and in the Notice, to the extent necessary, or as otherwise provided in the Supplemental Agreement) unless and until the Court otherwise directs or a dispute arises between Plaintiffs and Defendants concerning its interpretation or application, in which event the Parties shall submit the Supplemental Agreement to the Court *in camera* and request that the Court afford it confidential treatment.

**NO ADMISSION OF WRONGDOING**

36.    None of the Term Sheet, this Stipulation (whether or not consummated), including the exhibits hereto and the Plan of Allocation contained therein (or any other plan of allocation that may be approved by the Court), the negotiations leading to the execution of the Term Sheet and this Stipulation, nor any proceedings taken pursuant to or in connection with the Term Sheet, this Stipulation and/or approval of the Settlement (including any arguments proffered in connection therewith):

(a)    shall be offered against any of the Defendants or the Released Defendants' Parties as evidence of, or construed as, or deemed to be evidence of any presumption, concession, or admission by any of the Defendants or the Released Defendants' Parties with respect to the truth of any fact alleged by Plaintiffs or the validity of any claim that was or could have been asserted or the deficiency of any defense that has been or could have been asserted in this Action or in any other litigation, or of any liability, negligence, fault, or other wrongdoing of any kind of any of the Defendants or the Released Defendants' Parties or in any way referred to for any other reason as against any of the Defendants or the Released Defendants' Parties, in any civil, criminal or administrative action or proceeding, other than such proceedings as may be necessary to effectuate the provisions of this Stipulation;

(b)    shall be offered against any of the Released Plaintiffs' Parties, as evidence of, or construed as, or deemed to be evidence of any presumption, concession or admission by any of the Released Plaintiffs' Parties that any of their claims are without merit, that any of the Defendants or the Released Defendants' Parties had meritorious defenses, or that damages recoverable under the Second Amended Complaint would not have exceeded the Settlement Amount or with respect to any liability, negligence, fault or wrongdoing of any kind, or in any way referred to for any other reason as against any of the Released Plaintiffs' Parties, in any civil, criminal or administrative action or proceeding, other than such proceedings as may be necessary to effectuate the provisions of this Stipulation; or

(c)    shall be construed against any of the Released Defendants' Parties or the Releasing Plaintiffs' Parties as an admission, concession, or presumption that the consideration to be given

27

hereunder represents the amount which could be or would have been recovered after trial; *provided, however,* that if this Stipulation is approved by the Court, the Parties and the Released Defendants' Parties or the Releasing Plaintiffs' Parties and their respective counsel may refer to it to effectuate the protections from liability granted hereunder or otherwise to enforce the terms of the Settlement.

## NOTICE AS REQUIRED BY CAFA

37.    The Company shall be responsible for timely service of any notices that might be required pursuant to the Class Action Fairness Act, 28 U.S.C. § 1715. The Company shall provide proof of service of such notices to Plaintiffs' Counsel.

## MISCELLANEOUS PROVISIONS

38.    All of the exhibits attached hereto are hereby incorporated by reference as though fully set forth herein. Notwithstanding the foregoing, in the event that there exists a conflict or inconsistency between the terms of this Stipulation and the terms of any exhibit attached hereto, the terms of the Stipulation shall prevail.

39.    In the event of the entry of a final order of a court of competent jurisdiction determining the transfer of money to the Settlement Fund or any portion thereof by or on behalf of Defendants to be a preference, voidable transfer, fraudulent transfer or similar transaction and any portion thereof is required to be returned, and such amount is not promptly deposited into the Settlement Fund by others, then, at the election of Plaintiffs, the Parties shall jointly move the Court to vacate and set aside the Releases given and the Judgment entered in favor of Defendants and the other Releasees pursuant to this Stipulation, in which event the releases and Judgment shall be null and void, and the Parties shall be restored to their respective positions in the litigation as provided in ¶ 33 above and any cash amounts in the Settlement Fund (less any Taxes paid, due or owing with respect to the Settlement Fund and less any Notice and Administration Costs actually incurred, paid or payable) shall be returned as provided in ¶ 33.

40.    The Parties intend this Stipulation and the Settlement to be a final and complete resolution of all disputes asserted or which could be asserted by Plaintiffs and any other Settlement Class Members against the Defendants or the Released Defendants' Parties with respect to the

Releasing Plaintiffs' Parties' Claims, including Unknown Claims. Accordingly, Plaintiffs and their counsel and Defendants and their counsel agree not to assert in any forum that this Action was brought by Plaintiffs or defended by Defendants in bad faith or without a reasonable basis. No Party shall assert any claims of any violation of Rule 11 of the Federal Rules of Civil Procedure relating to the institution, prosecution, defense, or settlement of this Action. The Parties agree that the amounts paid and the other terms of the Settlement were negotiated at arm's-length and in good faith by the Parties, and reflect the Settlement that was reached voluntarily after extensive negotiations and consultation with experienced legal counsel, who were fully competent to assess the strengths and weaknesses of their respective clients' claims or defenses.

41.    While retaining their right to deny that the claims asserted in the Action were meritorious, Defendants and their counsel, in any statement made to any media representative (whether or not for attribution) will not assert that the Action was commenced or prosecuted in bad faith, nor will they deny that the Action was commenced and prosecuted in good faith and is being settled voluntarily after consultation with competent legal counsel. In all events, Plaintiffs and their counsel and Defendants and their counsel shall not make any accusations of wrongful or actionable conduct by any Party concerning the prosecution, defense, and resolution of the Action, and shall not otherwise suggest that the Settlement constitutes an admission of any claim or defense alleged. Moreover, Plaintiffs and Plaintiffs' Counsel shall not, at any time on or after the Effective Date, make any statement, irrespective of whether written or oral, to any party, that (i) is, or may reasonably be construed to be, critical or derogatory of, or likely to be harmful to, Defendants or any of the Released Defendants' Parties, or (ii) is reasonably likely to be injurious to the goodwill, reputation or business standing of any of Defendants or any of Released Defendants' Parties. In furtherance, and not in limitation, of the foregoing, neither Plaintiffs nor Plaintiffs' Counsel shall make any statement that could in any way be construed as alleging that Defendants or any of the Released Defendants' Parties participated in any illegal, unethical or disreputable conduct whether in their business or personal affairs or otherwise.

STIPULATION OF SETTLEMENT (CASE NO. 3:23-cv-04332-JSC)

42.    The terms of the Settlement, as reflected in this Stipulation, may not be modified or amended, nor may any of its provisions be waived, except by a writing signed on behalf of both Plaintiffs and Defendants (or their successors-in-interest).

43.    The headings herein are used for the purpose of convenience only and are not meant to have legal effect. Such headings shall not be considered a part of this Stipulation of Settlement, and neither shall they limit, modify, or affect in any way the meaning or interpretation of it.

44.    The administration and consummation of the Settlement as embodied in this Stipulation shall be under the authority of the Court, and the Court shall retain jurisdiction for the purpose of entering orders providing for awards of attorneys' fees and Litigation Expenses to Plaintiffs' Counsel and enforcing the terms of this Stipulation, including the Plan of Allocation (or such other plan of allocation as may be approved by the Court) and the distribution of the Net Settlement Fund to Settlement Class Members.

45.    The waiver by one Party of any breach of this Stipulation by any other Party shall not be deemed a waiver of any other prior or subsequent breach of this Stipulation.

46.    This Stipulation and its exhibits and the Supplemental Agreement constitute the entire agreement among Plaintiffs and the Defendants concerning the Settlement and this Stipulation and its exhibits. All Parties acknowledge that no other agreements, representations, warranties, or inducements have been made by any Party hereto concerning this Stipulation, its exhibits or the Supplemental Agreement other than those contained and memorialized in such documents.

47.    This Stipulation may be executed in one or more counterparts, including by signature transmitted via facsimile, or by a .pdf/.tif image of the signature transmitted via email. All executed counterparts and each of them shall be deemed to be one and the same instrument.

48.    This Stipulation shall be binding upon and inure to the benefit of the successors and assigns of the Parties, including any and all Releasing Plaintiffs' Parties and Released Defendants Parties and any corporation, partnership, or other entity into or with which any Party hereto may merge, consolidate or reorganize.

49.    The construction, interpretation, operation, effect and validity of this Stipulation, the Supplemental Agreement and all documents necessary to effectuate it shall be governed by the internal laws of the State of California without regard to conflicts of laws, except to the extent that federal law requires that federal law govern.

50.    Any action arising under or to enforce this Stipulation, or any portion thereof, shall be commenced and maintained only in the Court.

51.    This Stipulation shall not be construed more strictly against one Party than another merely by virtue of the fact that it, or any part of it, may have been prepared by counsel for one of the Parties, it being recognized that it is the result of arm's-length negotiations between the Parties and all Parties have contributed substantially and materially to the preparation of this Stipulation.

52.    All counsel and any other person executing this Stipulation and any of the exhibits hereto, or any related Settlement documents, warrant and represent that they have the full authority to do so and that they have the authority to take appropriate action required or permitted to be taken pursuant to the Stipulation to effectuate its terms.

53.    Plaintiffs' Counsel and Defendants' Counsel agree to cooperate fully with one another in seeking Court approval of the Preliminary Approval Order and the Settlement, as embodied in this Stipulation, and to use reasonable efforts to promptly agree upon and execute all such other documentation as may be reasonably required to obtain final approval by the Court of the Settlement.

54.    If any Party is required to give notice to another Party under this Stipulation, such notice shall be in writing and shall be deemed to have been duly given upon receipt of hand delivery or facsimile or email transmission, with confirmation of receipt. Notice shall be provided as follows:

55.    If to Plaintiffs or Lead Counsel:

POMERANTZ LLP
Attn:   Jeremy A. Lieberman, Esq.
600 Third Avenue, 20th Floor
New York, New York 10016-1917
Telephone: (212) 661-1100

31

Facsimile: (917) 463-1044
Email:  jalieberman@pomlaw.com

If to Defendants:

SKADDEN ARPS SLATE MEAGHER & FLOM LLP
Attn: Mark R.S. Foster
525 University Avenue
Palo Alto, California 94301
Telephone:  (650) 470-4500
Facsimile:  (650) 470-4570
Email:  mark.foster@skadden.com

ALLEN OVERY SHEARMAN
STERLING US LLP
Attn: Adam S. Hakki
        Jeffrey D. Hoschander
599 Lexington Avenue
New York, New York 10022
Telephone:  (212) 848-4000
Email:  adam.hakki@aoshearman.com
        jeff.hoschander@aoshearman.com

56.    Except as otherwise provided herein, each Party shall bear its own costs.

57.    Whether or not the Stipulation is approved by the Court and whether or not the Stipulation is consummated, or the Effective Date occurs, the Parties and their counsel shall use their best efforts to keep all negotiations, discussions, acts performed, agreements, drafts, documents signed and proceedings in connection with the Stipulation confidential.

58.    All agreements made and orders entered during the course of this Action relating to the confidentiality of information shall survive this Settlement.

59.    No opinion or advice concerning the tax consequences of the proposed Settlement to individual Settlement Class Members is being given or will be given by the Parties or their counsel; nor is any representation or warranty in this regard made by virtue of this Stipulation. Each Settlement Class Member's tax obligations, and the determination thereof, are the sole responsibility of the Settlement Class Member, and it is understood that the tax consequences may vary depending on the particular circumstances of each individual Settlement Class Member.

60.    Plaintiffs and Defendants will not contend that Rule 11 of the Federal Rules of Civil Procedure was violated, and the proposed judgment will contain a statement to that effect.

61.    HEI or HECO may, in their discretion, publicly announce or otherwise disclose the terms of the Settlement. Until such disclosure is made by HEI or HECO, the Parties agree that, other than disclosures required by law, there will be no public announcements regarding the Settlement. Once HEI or HECO publicly announces the Settlement or its terms are otherwise publicly disclosed, any public comments from the Parties regarding this resolution will not substantially deviate from words to the effect that the Parties have reached a mutually agreeable resolution by way of a mediated settlement, and each Party may characterize the Settlement as favorable. Nothing herein is intended to interfere with or affect Plaintiffs' notice requirements under the Private Securities Litigation Reform Act or Federal Rule of Civil Procedure 23(e), or any other legal requirements applicable to Plaintiffs or Defendants.

62.    This Stipulation of Settlement is governed by the laws of the State of California, without regard to any principles of conflicts of laws.

63.    Any disputes arising out of finalizing and implementing the Stipulation of Settlement, including any unresolved disputes concerning language to be included in the final settlement documentation, shall be mediated before the Mediator.

# SIGNATURES

**IN WITNESS WHEREOF**, the Parties hereto have caused this Stipulation to be executed, by their duly authorized attorneys, as of January 5, 2026.

**SIGNED:**

| | |
|---|---|
| /s/ Jeremy A. Lieberman<br>**POMERANTZ LLP**<br>Jeremy A. Lieberman (admitted *pro hac vice*)<br>Austin P. Van (admitted *pro hac vice*)<br>600 Third Avenue, 20th Floor<br>New York, New York 10016-1917<br>Telephone: (212) 661-1100<br>Facsimile: (917) 463-1044<br>Email: jalieberman@pomlaw.com<br>Email: avan@pomlaw.com<br><br>**POMERANTZ LLP**<br>Jennifer Pafiti (SBN 282790)<br>1100 Glendon Avenue, 15th Floor<br>Los Angeles, California 90024<br>Telephone: (310) 405-7190<br>E-mail: jpafiti@pomlaw.com<br><br>*Attorneys for Lead Plaintiff*<br><br>*Class Counsel*<br><br>/s/ Shannon L. Hopkins<br>**Levi & Korsinsky, LLP**<br>Shannon L. Hopkins (admitted *pro hac vice*)<br>Gregory M. Potrepka (admitted *pro hac vice*)<br>1111 Summer Street, Suite 403<br>Stamford, CT 06905<br>Telephone: (203) 992-5423<br>Facsimile: (212) 363-7171<br>shopkins@zlk.com<br>gpotrepka@zlk.com<br><br>*Attorneys for Additional Plaintiff Emaad Kuhdear* | /s/ Mark R.S. Foster<br>**SKADDEN ARPS SLATE MEAGHER & FLOM LLP**<br>Mark R.S. Foster<br>525 University Avenue<br>Palo Alto, California 94301<br>Telephone: (650) 470-4500<br>Facsimile: (650) 470-4570<br>Email: mark.foster@skadden.com<br><br>**SKADDEN ARPS SLATE MEAGHER & FLOM LLP**<br>Peter Bradley Morrison<br>300 South Grand Avenue, Suite 3400<br>Los Angeles, California 90071<br>Telephone: (213) 687-5000<br>Facsimile: (213) 687-5600<br>Email: peter.morrison@skadden.com<br><br>*Counsel for Defendants Hawaiian Electric Industries, Inc., Constance H. Lau, Scott W. H. Seu, Gregory C. Hazelton and Paul K. Ito*<br><br>/s/ Adam S. Hakki<br>**ALLEN OVERY SHEARMAN STERLING US LLP**<br><br>Adam S. Hakki (admitted *pro hac vice*)<br>599 Lexington Avenue<br>New York, New York 10022<br>Telephone: (212) 848-4000<br><br>Daniel H.R. Laguardia<br>140 New Montgomery Street<br>San Francisco, CA 94105<br><br>*Attorneys for Defendants Hawaiian Electric Company, Inc. and Shelee Kimura* |

STIPULATION OF SETTLEMENT (CASE NO. 3:23-cv-04332-JSC)

# Exhibit A

**Exhibit A**

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

## SAN FRANCISCO DIVISION

| | |
|---|---|
| BHAPINDERPAL S. BHANGAL, Individually and on Behalf of All Others Similarly Situated,<br><br>    Plaintiff,<br><br>    v.<br><br>HAWAIIAN ELECTRIC INDUSTRIES, INC., HAWAIIAN ELECTRIC COMPANY, INC., CONSTANCE H. LAU, SCOTT W. H. SEU, GREGORY C. HAZELTON, PAUL K. ITO, and SHELEE KIMURA,<br><br>    Defendants. | CASE NO.  3:23-cv-04332-JSC |

## [PROPOSED] ORDER PRELIMINARILY APPROVING SETTLEMENT AND PROVIDING FOR NOTICE

WHEREAS, a putative class action is pending in this Court entitled *Bhangal v. Hawaiian Electric Industries, Inc. et al.,* Case No. 3:23-cv-04332-JSC. (the "Action");

WHEREAS, (a) Court-Appointed Lead Plaintiff Daniel Warren ("Lead Plaintiff"), and additional Plaintiffs Bhapinderpal S. Bhangal and Emaad Kuhdear (together with Lead Plaintiff, "Plaintiffs"), on behalf of themselves and the Settlement Class (defined below); and (b) Defendants Hawaiian Electric Industries Inc. ("HEI" or the "Company"), Hawaiian Electric Company, Inc. ("Hawaiian Electric" or "HECO"), Constance H. Lau ("Lau"), Scott W. H. Seu ("Seu"), Gregory C. Hazelton ("Hazelton"), Paul K. Ito ("Ito"), and Shelee Kimura ("Kimura") (collectively, "Defendants," and each Defendant, except HEI and HECO, collectively referred to as "Individual Defendants," and each Defendant, together with Plaintiffs, the "Parties" and each a "Party") have entered into the Stipulation and Agreement of Settlement dated January 5, 2026 (the "Stipulation"), that provides for a complete dismissal with prejudice of the claims asserted against

all Defendants and the Action on the terms and conditions set forth in the Stipulation, subject to approval of this Court (the "Settlement");

WHEREAS, Plaintiffs have made an application, pursuant to Rule 23 of the Federal Rules of Civil Procedure, for an order preliminarily approving the Settlement in accordance with the Stipulation, certifying the Settlement Class for purposes of the Settlement only, and providing for notice to Settlement Class Members as more fully described herein;

WHEREAS, the Court has read and considered: (a) Plaintiffs' motion for preliminary approval of the Settlement, and the papers filed and arguments made in connection therewith; and (b) the Stipulation and the exhibits attached thereto; and

WHEREAS, unless otherwise defined herein, all capitalized words contained herein shall have the same meanings as they have in the Stipulation;

NOW THEREFORE, IT IS HEREBY ORDERED:

1.    **Proposed Class Certification for Settlement Purposes** - The Parties have proposed the certification of the following Settlement Class pursuant to Rules 23(a) and (b)(3) of the Federal Rules of Civil Procedure solely for purposes of effectuating the proposed Settlement: all persons and entities other than Defendants who purchased or otherwise acquired HEI securities between February 28, 2019 and September 4, 2023, both dates inclusive, and were damaged thereby.  Excluded from the Settlement Class are (i) Defendants; (ii) current and former officers and directors of the Company, at all relevant times; (iii) members of the immediate family of each of the Individual Defendants; (iv) all subsidiaries and affiliates of the Company and the directors and officers of such subsidiaries or affiliates; (v) all persons, firms, trusts, corporations, officers, directors, and any other individual or entity in which any of the Defendants has a controlling interest; and (vi) the legal representatives, agents, affiliates, heirs, successors-in-interest or assigns of all such excluded parties, each in its capacity as such.  Also excluded from the Settlement Class are any persons or entities who or which properly exclude themselves by filing a valid and timely request for exclusion that is accepted by the Court.

2.    **Class Findings** - The Court finds, pursuant to Rule 23(e)(1)(B)(ii) of the Federal Rules of Civil Procedure, that it will likely be able to certify the Settlement Class for purposes of the proposed Settlement. Specifically, the Court finds that each element required for certification

2

of the Settlement Class pursuant to Rule 23 of the Federal Rules of Civil Procedure has been met or will likely be met: (a) the members of the Settlement Class are so numerous that their joinder in the Action would be impracticable; (b) there are questions of law and fact common to the Settlement Class which predominate over any individual questions; (c) the claims of Lead Plaintiffs in the Action are typical of the claims of the Settlement Class; (d) Lead Plaintiffs and Lead Counsel have and will fairly and adequately represent and protect the interests of the Settlement Class; and (e) a class action is superior to other available methods for the fair and efficient adjudication of the Action.

3.      The Court also finds, pursuant to Rule 23(e)(1)(B)(ii) of the Federal Rules of Civil Procedure, that it will likely be able to certify Lead Plaintiff as Class Representative for the Settlement Class and appoint Lead Counsel as Class Counsel for the Settlement Class pursuant to Rule 23(g) of the Federal Rules of Civil Procedure.

4.      **Preliminary Approval of the Settlement** - The Court hereby preliminarily approves the Settlement, as embodied in the Stipulation, and finds, pursuant to Rule 23(e)(1)(B)(i) of the Federal Rules of Civil Procedure, that it will likely be able to finally approve the Settlement under Rule 23(e)(2) as being fair, reasonable and adequate to the Settlement Class, subject to further consideration at the Settlement Hearing to be conducted as described below.

5.      **Settlement Hearing** - The Court will hold a settlement hearing (the "Settlement Hearing") before the Honorable Jacqueline Scott Corley on _____ at _____ a.m. in Courtroom 8, 19th Floor, United States District Court for the Northern District of California, Phillip Burton Federal Building, 450 Golden Gate Avenue, San Francisco, CA 94102, for the following purposes: (a) to determine whether the proposed Settlement on the terms and conditions provided for in the Stipulation is fair, reasonable and adequate to the Settlement Class, and should be approved by the Court; (b) to determine whether a Judgment substantially in the form attached as Exhibit B to the Stipulation should be entered dismissing the Action with prejudice against Defendants; (c) to determine whether the proposed Plan of Allocation for the proceeds of the Settlement is fair and reasonable and should be approved; (d) to determine whether the motion by Plaintiffs' Counsel for an award of attorneys' fees and reimbursement of Litigation Expenses, which may include an

3

application for reimbursement of the reasonable costs and expenses incurred by Plaintiffs, should be approved; and (e) to consider any other matters that may properly be brought before the Court in connection with the Settlement. The Notice of (I) Pendency of Class Action and Proposed Settlement; (II) Settlement Fairness Hearing; and (III) Motion for an Award of Attorneys' Fees and Reimbursement of Litigation Expenses ("Notice") shall be given to Settlement Class Members as set forth in paragraph 7 of this Order.

6.     The Court may adjourn the Settlement Hearing without further notice to the Settlement Class and may approve the proposed Settlement with such modifications as the Parties may agree to, if appropriate, without further notice to the Settlement Class.  The Court reserves the right to hold the Settlement Hearing telephonically or by other virtual means.

7.     **Retention of Claims Administrator and Manner of Giving Notice** - Plaintiffs' Counsel is hereby authorized to retain Verita Global ("Verita") (the "Claims Administrator") to supervise and administer the notice procedure in connection with the proposed Settlement as well as the processing of Claims as more fully set forth below.  Notice shall be given by Plaintiffs' Counsel as follows:

(a)     within ten (10) business days of entry of this Order, HEI shall provide or cause to be provided to the Claims Administrator in electronic format, such as an Excel spreadsheet, (at no cost to the Settlement Fund, Plaintiffs' Counsel or the Claims Administrator) its reasonably available lists (consisting of names and addresses) of the holders of HEI common stock shares during the Class Period;

(b)     not later than twenty (20) business days after the date of entry of this Order (the "Notice Date"), the Claims Administrator shall cause a copy of the Notice and the Proof of Claim Form ("Claim Form"), substantially in the forms attached hereto as Exhibits 1 and 2, respectively (the "Notice Packet"), to be mailed by first-class mail to potential Settlement Class Members at the addresses set forth in the records provided by HEI or in the records which HEI caused to be provided, or who otherwise may be identified through further reasonable effort;

(c)     contemporaneously with the mailing of the Notice Packet, the Claims Administrator shall cause copies of the Notice and the Claim Form to be posted on a website to be

4

developed for the Settlement, from which copies of the Notice and Claim Form can be downloaded;

(d)    not later than ten (10) business days after the Notice Date, the Claims Administrator shall cause the Summary Notice, substantially in the form attached hereto as Exhibit 3, to be published once in GlobeNewswire; and

(e)    not later than seven (7) calendar days prior to the Settlement Hearing, Lead Counsel shall serve on the Defendants' Counsel and file with the Court proof, by affidavit or declaration, of such mailing and publication.

8.    **Approval of Form and Content of Notice** - The Court (a) approves, as to form and content, the Notice, the Claim Form, and the Summary Notice, attached hereto as Exhibits 1, 2, and 3, respectively, and (b) finds that the mailing and distribution of the Notice and Claim Form and the publication of the Summary Notice in the manner and form set forth in paragraph 7 of this Order (i) is the best notice practicable under the circumstances; (ii) constitutes notice that is reasonably calculated, under the circumstances, to apprise Settlement Class Members of the pendency of the Action, of the effect of the proposed Settlement (including the Releases to be provided thereunder), of Plaintiffs' Counsel's motion for an award of attorneys' fees and reimbursement of Litigation Expenses (including any application for reimbursement of the reasonable costs and expenses incurred by Plaintiffs directly related to their representation of the Settlement Class), of their right to object to the Settlement, the Plan of Allocation and/or Plaintiffs' Counsel's motion for attorneys' fees and reimbursement of Litigation Expenses (including any reimbursement to Plaintiffs), of their right to exclude themselves from the Settlement Class, and of their right to appear at the Settlement Hearing; (iii) constitutes due, adequate and sufficient notice to all persons and entities entitled to receive notice of the proposed Settlement; and (iv) satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure, the United States Constitution (including the Due Process Clause), the Private Securities Litigation Reform Act of 1995, 15 U.S.C. § 78u-4, as amended, and all other applicable law and rules.  The date and time of the Settlement Hearing shall be included in the Notice and Summary Notice before they are mailed and published, respectively.

5

9. **Nominee Procedures** - Brokers and other nominees who purchased or otherwise acquired HEI common stock shares during the Settlement Class Period for the benefit of another person or entity shall: (a) within seven (7) calendar days of receipt of the letter, request from the Claims Administrator sufficient copies of the Notice Packet to forward to all such beneficial owners/purchasers and within seven (7) calendar days of receipt of those Notice Packets forward them to all such beneficial owners/purchasers; (b) within seven (7) calendar days of receipt of the letter, request from the Claims Administrator the link to the location hosting the electronic Notice Packet and, within seven (7) calendar days of receipt, email the link to beneficial owners/purchasers for whom valid email addresses are available; or (c) within seven (7) calendar days of receipt of the letter, send a list of the names, addresses, and/or email addresses of all such beneficial owners/purchasers to the Claims Administrator in which event the Claims Administrator shall promptly mail the Notice Packet to such beneficial owners/purchasers. Where the Claims Administrator receives a valid email address, they shall email the link to the location of the electronic Notice Packet to beneficial owners/purchasers. Upon full compliance with this Order, such nominees may seek reimbursement of their reasonable expenses actually incurred in complying with this Order, in an amount not to exceed $0.05 plus postage at the current pre-sort rate used by the Claims Administrator per Notice Packet; or $0.05 per Notice Packet transmitted by email; or $0.05 per name, mailing address, and email address (to the extent available) provided to the Claims Administrator, by providing the Claims Administrator with proper documentation supporting the expenses for which reimbursement is sought. Such properly documented expenses incurred by nominees in compliance with the terms of this Order shall be paid from the Settlement Fund, with any disputes as to the reasonableness or documentation of expenses incurred subject to review by the Court.

10. **Participation in the Settlement** – Settlement Class Members who wish to participate in the Settlement and be eligible to receive a distribution from the Net Settlement Fund must complete and submit a Claim Form in accordance with the instructions contained therein. Unless the Court orders otherwise, all Claim Forms must be postmarked or electronically submitted no later than one hundred twenty (120) calendar days after the Notice Date.

6

Notwithstanding the foregoing, Plaintiffs' Counsel may, at its discretion, accept for processing late Claims provided such acceptance does not delay the distribution of the Net Settlement Fund to the Settlement Class. By submitting a Claim, a person or entity shall be deemed to have submitted to the jurisdiction of the Court with respect to his, her or its Claim and the subject matter of the Settlement.

11.    Each Claim Form submitted must satisfy the following conditions: (a) it must be properly completed, signed and submitted in a timely manner in accordance with the provisions of the preceding paragraph; (b) it must be accompanied by adequate supporting documentation for the transactions and holdings reported therein, in the form of broker confirmation slips, broker account statements, an authorized statement from the broker containing the transactional and holding information found in a broker confirmation slip or account statement, or such other documentation as is deemed adequate by Plaintiffs' Counsel or the Claims Administrator; (c) if the person executing the Claim Form is acting in a representative capacity, a certification of his, her or its current authority to act on behalf of the Settlement Class Member must be included in the Claim Form to the satisfaction of Plaintiffs' Counsel or the Claims Administrator; and (d) the Claim Form must be complete and contain no material deletions or modifications of any of the printed matter contained therein and must be signed under penalty of perjury.

12.    Any Settlement Class Member that does not timely and validly submit a Claim Form or whose Claim is not otherwise approved by the Court: (a) shall be deemed to have waived his, her or its right to share in the Net Settlement Fund; (b) shall be forever barred from participating in any distributions therefrom; (c) shall be bound by the provisions of the Stipulation and the Settlement and all proceedings, determinations, orders and judgments in the Action relating thereto, including, without limitation, the Judgment and the Releases provided for therein, whether favorable or unfavorable to the Settlement Class; and (d) will be barred from commencing, maintaining or prosecuting any of the Releasing Plaintiffs' Parties' Claims against each and all of the Released Defendants' Parties as more fully described in the Stipulation. Notwithstanding the foregoing, late Claim Forms may be accepted for processing as set forth in paragraph 10 above.

7

[PROPOSED] ORDER PRELIMINARILY APPROVING SETTLEMENT AND PROVIDING FOR NOTICE
(CASE NO. 3:23-cv-04332-JSC)

13.    **Exclusion From the Class** - Any member of the Settlement Class who wishes to exclude himself, herself or itself from the Settlement Class must request exclusion in writing within the time and in the manner set forth in the Notice, which shall provide that:  (a) any such request for exclusion from the Settlement Class must be mailed or delivered such that it is received no later than twenty-one (21) calendar days prior to the Settlement Hearing, to the following recipients:  (i) Verita, and (ii) both Plaintiffs' Counsel and Defendants' Counsel, at the addresses set forth in paragraph 17 below; and (b) each request for exclusion must (i) state the name, address, and telephone number of the person or entity requesting exclusion, and in the case of entities, the name and telephone number of the appropriate contact person; (ii) state that such person or entity "requests exclusion from the Settlement Class in Bhangal v. Hawaiian Electric Industries, Inc. et al., Case No. 3:23-cv-04332-JSC"; (iii) state the number of HEI common stock shares that the person or entity requesting exclusion purchased/acquired and/or sold during the Class Period, as well as the dates and prices of each such purchase/acquisition and sale; and (iv) be signed by the person or entity requesting exclusion or an authorized representative.  A request for exclusion shall not be effective unless it provides all the required information and is received within the time stated above or is otherwise accepted by the Court.

14.    Any person or entity who or which timely and validly requests exclusion in compliance with the terms stated in this Order and is excluded from the Settlement Class shall not be a Settlement Class Member, shall not be bound by the terms of the Settlement or any orders or judgments in the Action, and shall not receive any payment out of the Net Settlement Fund.

15.    Any Settlement Class Member who or which does not timely and validly request exclusion from the Settlement Class in the manner stated in this Order that is accepted by the Court:  (a) shall be deemed to have waived his, her or its right to be excluded from the Settlement Class; (b) shall be forever barred from requesting exclusion from the Settlement Class in this or any other proceeding; (c) shall be bound by the provisions of the Stipulation and Settlement and all proceedings, determinations, orders and judgments in the Action, including, but not limited to, the Judgment and the Releases provided for therein, whether favorable or unfavorable to the Settlement Class; and (d) will be barred from commencing, maintaining or prosecuting any of the

8

Releasing Plaintiffs' Parties' Claims against any of the Released Defendants' Parties, as more fully described in the Stipulation.

16.    **Appearance and Objections at Settlement Hearing** - Any Settlement Class Member who does not request exclusion from the Settlement Class may enter an appearance in the Action, at his, her or its own expense, individually or through counsel of his, her or its own choice, by filing with the Clerk of Court and delivering a notice of appearance to both Plaintiffs' Counsel and Defendants' Counsel, at the addresses set forth in paragraph 17 below, such that it is received no later than twenty-one (21) calendar days prior to the Settlement Hearing, or as the Court may otherwise direct. Any Settlement Class Member who does not enter an appearance will be represented by Plaintiffs' Counsel.

17.    Any Settlement Class Member who does not request exclusion from the Settlement Class may file a written objection to the proposed Settlement, the proposed Plan of Allocation, and/or Plaintiffs' Counsel's motion for an award of attorneys' fees and reimbursement of Litigation Expenses (including reimbursement of the reasonable costs and expenses to Plaintiffs) and appear and show cause, if he, she or it has any cause, why the proposed Settlement, the proposed Plan of Allocation and/or Plaintiffs' Counsel's motion for attorneys' fees and reimbursement of Litigation Expenses (including reimbursement to Plaintiffs) should not be approved; provided, however, that no Settlement Class Member shall be heard or entitled to contest the approval of the terms and conditions of the proposed Settlement, the proposed Plan of Allocation and/or the motion for attorneys' fees and reimbursement of Litigation Expenses unless that person or entity has filed a written objection with the Court and served copies of such objection on Plaintiffs' Counsel and Defendants' Counsel at the addresses set forth below such that they are received no later than twenty-one (21) calendar days prior to the Settlement Hearing.

| **Clerk's Office** | **Plaintiffs' Counsel** | **Defendants' Counsel** |
|---|---|---|
| United States District Court for the Northern District of California Clerk of the Court Phillip Burton Federal Building 450 Golden Gate Avenue | Pomerantz LLP Jeremy A. Lieberman, Esq. 600 Third Avenue, 20th Floor New York, NY 10016-1917 | Skadden Arps Slate Meager & Flom LLP Peter Bradley Morrison 300 South Grand Avenue, Suite 3400 Los Angeles, CA 90071 |

9

[PROPOSED] ORDER PRELIMINARILY APPROVING SETTLEMENT AND PROVIDING FOR NOTICE
(CASE NO. 3:23-cv-04332-JSC)

San Francisco, CA 94102
16th floor

Mark R.S. Foster
525 University Avenue,
Palo Alto, California 94301

18.     Any objections, filings and other submissions by the objecting Settlement Class Member: (a) must state the name, address, and telephone number of the person or entity objecting and must be signed by the objector; (b) must contain a statement of the Settlement Class Member's objection or objections, and the specific reasons for each objection, including any legal and evidentiary support the Settlement Class Member wishes to bring to the Court's attention; (c) state the number of times the Settlement Class Member and/or his, her, or its counsel has filed an objection to a class action settlement in the last five years, the nature of each such objection in each case, the jurisdiction in each case, and the name of the issuer of the security or seller of the product or service at issue in each case; and (d) must include documents sufficient to prove membership in the Settlement Class, including the number of HEI common stock shares during the Class Period, as well as the dates and prices of each such purchase/acquisition and sale. Objectors who enter an appearance and desire to present evidence at the Settlement Hearing in support of their objection must include in their written objection or notice of appearance the identity of any witnesses they may call to testify and any exhibits they intend to introduce into evidence at the hearing.

19.     Any Settlement Class Member who or which does not make his, her or its objection in the manner provided herein shall be deemed to have waived his, her or its right to object to any aspect of the proposed Settlement, the proposed Plan of Allocation, and Plaintiffs' Counsel's motion for an award of attorneys' fees and reimbursement of Litigation Expenses (including reimbursement to Plaintiffs) and shall be forever barred and foreclosed from objecting to the fairness, reasonableness or adequacy of the Settlement, the Plan of Allocation or the requested attorneys' fees and Litigation Expenses (including reimbursement to Plaintiffs), or from otherwise being heard concerning the Settlement, the Plan of Allocation or the requested attorneys' fees and Litigation Expenses in this or any other proceeding.

[PROPOSED] ORDER PRELIMINARILY APPROVING SETTLEMENT AND PROVIDING FOR NOTICE
(CASE NO. 3:23-cv-04332-JSC)

20. **Stay and Temporary Injunction** - Until otherwise ordered by the Court, the Court stays all proceedings in the Action other than proceedings necessary to carry out or enforce the terms and conditions of the Stipulation. Pending final determination of whether the Settlement should be approved, the Court bars and enjoins Plaintiffs, all other members of the Settlement Class, and all other Releasing Plaintiffs' Parties from commencing or prosecuting any and all of the Releasing Plaintiffs' Parties' Claims against each and all of the Released Defendants' Parties.

21. **Settlement Administration Fees and Expenses** - The Escrow Agent may, at any time after entry of this Order and without further approval from Settlement Defendants or the Court, disburse at the direction of Plaintiffs' Counsel up to $500,000.00 for all reasonable costs incurred in identifying Settlement Class Members and notifying them of the Settlement and administering the Settlement.

22. **Settlement Fund** - The contents of the Settlement Fund held by The Huntington National Bank (which the Court approves as the Escrow Agent), shall be deemed and considered to be in custodia legis of the Court, and shall remain subject to the jurisdiction of the Court, until such time as they shall be distributed pursuant to the Stipulation and/or further order(s) of the Court.

23. **Taxes** - Plaintiffs' Counsel is authorized and directed to prepare any tax returns and any other tax reporting form for or in respect to the Settlement Fund, to pay from the Settlement Fund any Taxes owed with respect to the Settlement Fund, and to otherwise perform all obligations with respect to Taxes and any reporting or filings in respect thereof without further order of the Court in a manner consistent with the provisions of the Stipulation.

24. **Termination of Settlement** - If the Settlement is terminated as provided in the Stipulation, the Settlement is not approved, or the Effective Date of the Settlement otherwise fails to occur, this Order shall be vacated, rendered null and void and be of no further force and effect, except as otherwise provided by the Stipulation, and this Order shall be without prejudice to the rights of Plaintiffs, the other Settlement Class Members and Defendants, and the Parties shall revert to their respective positions in the Action as of November 5, 2025 (the date of the execution of the Term Sheet), as provided in the Stipulation.

11

25.     Use of this Order - Neither this Order, the Term Sheet, the Stipulation (whether or not consummated), including the exhibits thereto and the Plan of Allocation contained therein (or any other plan of allocation that may be approved by the Court), the negotiations leading to the execution of the Term Sheet and the Stipulation, nor any proceedings taken pursuant to or in connection with the Term Sheet, the Stipulation and/or approval of the Settlement (including any arguments proffered in connection therewith):  (a) shall be offered against any of the Released Defendants' Parties as evidence of, or construed as, or deemed to be evidence of any presumption, concession, or admission by any of the Released Defendants' Parties with respect to the truth of any fact alleged by Plaintiffs or the validity of any claim that was or could have been asserted or the deficiency of any defense that has been or could have been asserted in this Action or in any other litigation, or of any liability, negligence, fault, or other wrongdoing of any kind of any of the Released Defendants' Parties or in any way referred to for any other reason as against any of the Released Defendants' Parties, in any civil, criminal or administrative action or proceeding, other than such proceedings as may be necessary to effectuate the provisions of the Stipulation; (b) shall be offered against any of the  Plaintiffs as evidence of, or construed as, or deemed to be evidence of any presumption, concession or admission by any of the  Plaintiffs that any of their claims are without merit, that any of the Defendant' had meritorious defenses, or that damages recoverable under the Amended Complaint would not have exceeded the Settlement Amount or with respect to any liability, negligence, fault or wrongdoing of any kind, or in any way referred to for any other reason as against any of the Plaintiffs, in any civil, criminal or administrative action or proceeding, other than such proceedings as may be necessary to effectuate the provisions of the Stipulation; or (c) shall be construed against any of the Released Defendants' Parties or the Releasing Plaintiffs' Parties  as an admission, concession, or presumption that the consideration to be given under the Settlement represents the amount which could be or would have been recovered after trial; provided, however, that if the Stipulation is approved by the Court, the Released Defendants' Parties and Releasing Plaintiffs' Parties and their respective counsel may refer to it to effectuate the protections from liability granted thereunder or otherwise to enforce the terms of the Settlement.

26.    **Supporting Papers** - Plaintiffs' Counsel shall file and serve the opening papers in support of the proposed Settlement, the Plan of Allocation, and Plaintiffs' Counsel's motion for an award of attorneys' fees and reimbursement of Litigation Expenses (including reimbursement to Plaintiffs) no later than thirty-five (35) calendar days prior to the Settlement Hearing; and reply papers, if any, shall be filed no later than seven (7) calendar days prior to the Settlement Hearing.

27.    The Court retains jurisdiction to consider all further applications arising out of or connected with the proposed Settlement.

SO ORDERED this _____ day of _____ , 20__.

_____

The Honorable Jacqueline Scott Corley

United States District Judge

[PROPOSED] ORDER PRELIMINARILY APPROVING SETTLEMENT AND PROVIDING FOR NOTICE
(CASE NO. 3:23-cv-04332-JSC)

# Exhibit A-1

**Exhibit A-1**

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

## SAN FRANCISCO DIVISION

| | |
|---|---|
| BHAPINDERPAL S. BHANGAL, Individually and on Behalf of All Others Similarly Situated, | CASE NO.  3:23-cv-04332-JSC |
| Plaintiff, | |
| v. | |
| HAWAIIAN ELECTRIC INDUSTRIES, INC., HAWAIIAN ELECTRIC COMPANY, INC., CONSTANCE H. LAU, SCOTT W. H. SEU, GREGORY C. HAZELTON, PAUL K. ITO, and SHELEE KIMURA, | |
| Defendants. | |

**NOTICE OF (I) PENDENCY OF CLASS ACTION AND PROPOSED SETTLEMENT; (II) SETTLEMENT FAIRNESS HEARING; AND (III) MOTION FOR AN AWARD OF ATTORNEYS' FEES AND REIMBURSEMENT OF LITIGATION EXPENSES**

*A Federal Court authorized this Notice.*
*This is not a solicitation from a lawyer.*

1

NOTICE OF (I) PENDENCY OF CLASS ACTION AND PROPOSED SETTLEMENT; (II) SETTLEMENT FAIRNESS HEARING; AND (III) MOTION FOR AN AWARD OF ATTORNEYS' FEES AND REIMBURSEMENT OF LITIGATION EXPENSES

**NOTICE OF PENDENCY OF CLASS ACTION:**  Please be advised that your rights may be affected by the above-captioned securities class action (the "Action") pending in the United States District Court for the Northern District of California (the "Court"), if, during the period between February 28, 2019 through September 4, 2023, both dates inclusive (the "Settlement Class Period"), you purchased or otherwise acquired the common stock of Hawaiian Electric Industries Inc. ("HEI" or the "Company") ("HEI securities" or "HEI common stock") and were allegedly damaged thereby (the "Class").[1]

**NOTICE OF SETTLEMENT:**  Please also be advised that the Court-Appointed Lead Plaintiff Daniel Warren ("Lead Plaintiff"), and additional Plaintiffs Bhapinderpal S. Bhangal and Emaad Kuhdear (together with Lead Plaintiff, "Plaintiffs"), on behalf of themselves and all members of the Settlement Class (as defined in ¶ 21 below), has reached a proposed settlement of the Action for $47,750,000 that, if approved, will resolve all claims in the Action (the "Settlement").

**PLEASE READ THIS NOTICE CAREFULLY.  This Notice explains important rights you may have, including the possible receipt of cash from the Settlement.  If you are a member of the Settlement Class, your legal rights will be affected whether or not you act.**

**If you have any questions about this Notice, the proposed Settlement, or your eligibility to participate in the Settlement, please DO NOT contact HEI, any other Defendants in the Action, or their counsel.  All questions should be directed to Plaintiffs' Counsel or the Claims Administrator (*see* ¶ 83 below).**

1.    **Description of the Action and the Class:**  This Notice relates to a proposed Settlement of claims in a pending securities class action brought by investors alleging, among other things, that defendants HEI, Hawaiian Electric Company, Inc. ("HECO"), Constance H. Lau ("Lau"), Scott W. H. Seu ("Seu"), Gregory C. Hazelton ("Hazelton"), Paul K. Ito ("Ito"), and

---

[1] All capitalized terms used in this Notice that are not otherwise defined herein shall have the meanings ascribed to them in the Stipulation and Agreement of Settlement dated January 5, 2026 (the "Stipulation"), which is available at www.HawaiianElectricSecuritiesSettlement.com.

2

NOTICE OF (I) PENDENCY OF CLASS ACTION AND PROPOSED SETTLEMENT; (II) SETTLEMENT FAIRNESS HEARING; AND (III) MOTION FOR AN AWARD OF ATTORNEYS' FEES AND REIMBURSEMENT OF LITIGATION EXPENSES

Shelee Kimura ("Kimura") (collectively, "Defendants," and each Defendant, except HEI and HECO, collectively referred to as "Individual Defendants,") violated the federal securities laws by making false and misleading statements regarding the efforts of the Company and its subsidiaries to mitigate wildfire risk, including replacement of uninsulated power lines, utility pole maintenance, and trimming of vegetation. As discussed below, Defendants deny the allegations of wrongdoing asserted in this Action, and deny any liability whatsoever to any member of the Settlement Class. A more detailed description of the Action is set forth in ¶¶ 11–20 below. The proposed Settlement, if approved by the Court, will settle claims of the Class, as defined in ¶ 21 below.

2.    **Statement of the Class's Recovery:** Subject to Court approval, Plaintiffs, on behalf of themselves and the Settlement Class, have agreed to settle the Action in exchange for a settlement payment of $47,750,000 in cash or immediately available funds (the "Settlement Amount") to be deposited into an Escrow Account. The Net Settlement Fund (*i.e.*, the Settlement Amount plus any and all interest earned thereon (the "Settlement Fund") less (a) Taxes, (b) Notice and Administration Costs, (c) any Litigation Expenses awarded by the Court, and (d) any attorneys' fees awarded by the Court or service awards to Plaintiffs for their representation of the Settlement Class) will be distributed in accordance with a plan of allocation that is approved by the Court, which will determine how the Net Settlement Fund shall be allocated among members of the Settlement Class. The proposed plan of allocation (the "Plan of Allocation") is set forth on pages 20-27 below.

3.    **Estimate of Average Amount of Recovery Per Share:** Based on Plaintiffs' damages expert's estimates of the number of HEI common stock shares purchased during the Class Period that may have been affected by the conduct at issue in the Action, and assuming that all Settlement Class Members elect to participate in the Settlement, the estimated average recovery (before the deduction of any Court-approved fees, expenses and costs as described herein) per eligible share is $0.57. Settlement Class Members should note, however, that the foregoing average recovery per share is only an estimate. Some Settlement Class Members may recover

NOTICE OF (I) PENDENCY OF CLASS ACTION AND PROPOSED SETTLEMENT; (II) SETTLEMENT FAIRNESS HEARING; AND (III) MOTION FOR AN AWARD OF ATTORNEYS' FEES AND REIMBURSEMENT OF LITIGATION EXPENSES

more or less than this estimated amount depending on, among other factors, when and at what prices they purchased/acquired or sold shares of HEI, and the total number of valid Claim Forms submitted. Distributions to Settlement Class Members will be made based on the Plan of Allocation set forth herein (*see* pages 20-27 below) or such other plan of allocation as may be ordered by the Court.

4. **Average Amount of Damages Per Share:** The Parties do not agree on the average amount of damages per share that would be recoverable if Plaintiffs were to prevail in the Action. Among other things, Defendants deny that they violated the federal securities laws or committed any wrongdoing whatsoever, and deny that any members of the Settlement Class suffered any damages or harm as a result of Defendants' conduct.

5. **Attorneys' Fees and Expenses Sought:** Plaintiffs' Counsel, who have been prosecuting the Action on a wholly contingent basis since its inception in 2023, have not received any payment of attorneys' fees for their representation of the Settlement Class and have advanced the funds to pay expenses necessarily incurred to prosecute this Action. Court-appointed Plaintiffs' Counsel, Pomerantz LLP, will apply to the Court for an award of attorneys' fees for all Plaintiffs' Counsel in an amount not to exceed 33.33% of the Settlement Fund plus interest. In addition, Plaintiffs' Counsel will apply for reimbursement of Litigation Expenses paid or incurred in connection with the institution, prosecution and resolution of the claims against the Defendants plus interest, in an amount not to exceed $500,000, as well as service awards to Plaintiffs for their representation of the Settlement Class. Any fees and expenses awarded by the Court will be paid from the Settlement Fund. Settlement Class Members are not personally liable for any such fees or expenses. The estimated average cost per affected share of HEI common stock, if the Court approves Plaintiffs' Counsel's fee and expense application, is $0.20 per eligible share.

6. **Identification of Attorneys' Representatives:** Plaintiffs and the Class are represented by Lead Counsel, Jeremy A. Lieberman, Esq. and Austin P. Van, Esq. of Pomerantz LLP, 600 Third Avenue, 20th Floor, New York, NY 10016-1917, Tel: 212-661-1100 and additional Plaintiffs' counsel, Shannon L. Hopkins, Esq. and Andrew E. Lencyk, Esq. of Levi &

NOTICE OF (I) PENDENCY OF CLASS ACTION AND PROPOSED SETTLEMENT; (II) SETTLEMENT FAIRNESS HEARING; AND (III) MOTION FOR AN AWARD OF ATTORNEYS' FEES AND REIMBURSEMENT OF LITIGATION EXPENSES

Korsinsky, LLP, 1111 Summer St., Suite 403, Stamford, CT 06095, Tel: 203-992-4523. Defendants HEI, Lau, Seu, Hazelton, and Ito are represented by Skadden Arps Slate Meager & Flom LLP, Peter Bradley Morrison 300 South Grand Avenue, Suite 3400, Los Angeles, CA 90071, Tel: (213) 687-5000, and Mark R. S. Foster, 525 University Avenue, Palo Alto, California 94301, Tel: (650) 470-4500.  Defendants HECO and Kimura are represented by Allen Overy Shearman Sterling US LLP, Adam S. Hakki, 599 Lexington Avenue, New York, NY 10022, Tel. (212) 848-4000, and Daniel H.R. Laguardia, 140 New Montgomery Street, San Francisco, CA 94015, Tel. (415) 796-4160.

7.    **Reasons for the Settlement:** Plaintiffs' principal reason for entering into the Settlement is the substantial immediate cash benefit for the Settlement Class without the risk or the delays inherent in further litigation.  Moreover, the substantial cash benefit provided under the Settlement must be considered against the significant risk that a smaller recovery - or indeed no recovery at all - might be achieved after contested motions, a trial of the Action and the likely appeals that would follow a trial.  This process could be expected to last several years.  Defendants, who deny all allegations of wrongdoing or liability whatsoever, are entering into the Settlement solely to eliminate the uncertainty, burden and expense of further protracted litigation.

| YOUR LEGAL RIGHTS AND OPTIONS IN THE SETTLEMENT: | |
| --- | --- |
| **SUBMIT A CLAIM FORM BY MAIL POSTMARKED NO LATER THAN _____, 2026 OR ELECTRONICALLY BY 11:59 P.M. EST ON _____, 2026** | This is the only way to be eligible to receive a payment from the Settlement Fund.  If you are a Settlement Class Member and you remain in the Settlement Class, you will be bound by the Settlement as approved by the Court and you will give up any Releasing Plaintiffs' Parties' Claims (defined in ¶ 30 below) that you have against Released Defendants' Parties (defined in ¶ 31 below). |

NOTICE OF (I) PENDENCY OF CLASS ACTION AND PROPOSED SETTLEMENT; (II) SETTLEMENT FAIRNESS HEARING; AND (III) MOTION FOR AN AWARD OF ATTORNEYS' FEES AND REIMBURSEMENT OF LITIGATION EXPENSES

| | |
|---|---|
| **EXCLUDE YOURSELF FROM THE CLASS BY SUBMITTING A WRITTEN REQUEST FOR EXCLUSION SO THAT IT IS *RECEIVED* NO LATER THAN ___, 2026.** | If you exclude yourself from the Settlement Class, you will not be eligible to receive any payment from the Settlement Fund. This is the only option that allows you ever to be part of any other lawsuit against any of the Released Defendants' Parties concerning the Releasing Plaintiffs' Parties' Claims. |
| **OBJECT TO THE SETTLEMENT BY SUBMITTING A WRITTEN OBJECTION SO THAT IT IS *RECEIVED* NO LATER THAN ___, 2026.** | If you do not like the proposed Settlement, the proposed Plan of Allocation, the request for attorneys' fees and reimbursement of Litigation Expenses, or the request for reimbursement of the reasonable costs and expenses incurred by Plaintiffs, you may write to the Court and explain why you do not like them. You cannot object to the Settlement, the Plan of Allocation or the fee and expense request unless you are a Settlement Class Member and do not exclude yourself from the Settlement Class. |
| **GO TO A HEARING ON _____, 2026 AT _____ _.M., AND FILE A NOTICE OF INTENTION TO APPEAR SO THAT IT IS *RECEIVED* NO LATER THAN _____, 2026.** | Filing a written objection and notice of intention to appear by _____, **2026** allows you to speak in Court, at the discretion of the Court, about the fairness of the proposed Settlement, the Plan of Allocation, and/or the request for attorneys' fees and reimbursement of Litigation Expenses. If you submit a written objection, you may (but you do not have to) attend the hearing and, at the discretion of the Court, speak to the Court about your objection. |
| **DO NOTHING.** | If you are a member of the Settlement Class and you do not submit a valid Claim Form, you will not be eligible to receive any payment from the Settlement Fund. You will, however, remain a member of the Settlement Class, which means that you give up your right to sue about the Releasing Plaintiffs' Parties' Claims that are resolved by the Settlement and you will be bound by any judgments or orders entered by the Court in the Action. |

6

NOTICE OF (I) PENDENCY OF CLASS ACTION AND PROPOSED SETTLEMENT; (II) SETTLEMENT FAIRNESS HEARING; AND (III) MOTION FOR AN AWARD OF ATTORNEYS' FEES AND REIMBURSEMENT OF LITIGATION EXPENSES

| **WHAT THIS NOTICE CONTAINS** | |
| --- | --- |

| | |
| --- | --- |
| Why Did I Get This Notice? | Page __ |
| What Is This Case About? | Page __ |
| How Do I Know If I Am Affected By The Settlement? Who Is Included In The Class? | Page __ |
| What Are Plaintiffs' Reasons For The Settlement? | Page __ |
| What Might Happen If There Were No Settlement? | Page __ |
| How Are Class Members Affected By The Action And The Settlement? | Page __ |
| How Do I Participate In The Settlement? What Do I Need To Do? | Page __ |
| How Much Will My Payment Be? | Page __ |
| What Payment Are The Attorneys For The Class Seeking? How Will The Lawyers Be Paid? | Page __ |
| What If I Do Not Want To Be A Member Of The Class? How Do I Exclude Myself? | Page __ |
| When And Where Will The Court Decide Whether To Approve The Settlement? | |
| Do I Have To Come To The Hearing? May I Speak At The Hearing? If I Don't Like The Settlement? | Page __ |
| What If I Bought Shares On Someone Else's Behalf? | Page __ |
| Can I See The Court File? Whom Should I Contact If I Have Questions? | Page __ |

| **WHY DID I GET THIS NOTICE?** |
| --- |

8.    The Court directed that this Notice be mailed to you because you or someone in your family or an investment account for which you serve as a custodian may have purchased or otherwise acquired HEI common stock during the Class Period.  The Court has directed us to send you this Notice because, as a potential Settlement Class Member, you have a right to know about

7

NOTICE OF (I) PENDENCY OF CLASS ACTION AND PROPOSED SETTLEMENT; (II) SETTLEMENT FAIRNESS HEARING; AND (III) MOTION FOR AN AWARD OF ATTORNEYS' FEES AND REIMBURSEMENT OF LITIGATION EXPENSES

your options before the Court rules on the proposed Settlement. Additionally, you have the right to understand how this class action lawsuit may generally affect your legal rights. If the Court approves the Settlement and the Plan of Allocation (or some other plan of allocation), the Claims Administrator selected by Plaintiffs and approved by the Court will make payments pursuant to the Settlement after any objections and appeals are resolved.

9. The purpose of this Notice is to inform you of the existence of this case, that it is a class action, how you might be affected, and how to exclude yourself from the Settlement Class if you wish to do so. It is also being sent to inform you of the terms of the proposed Settlement, and of a hearing to be held by the Court to consider the fairness, reasonableness, and adequacy of the Settlement, the proposed Plan of Allocation and the motion by Plaintiffs' Counsel for an award of attorneys' fees and reimbursement of Litigation Expenses (the "Settlement Hearing"). *See* ¶ 74 below for details about the Settlement Hearing, including the date and location of the hearing.

10. The issuance of this Notice is not an expression of any opinion by the Court concerning the merits of any claim in the Action, and the Court still must decide whether to approve the Settlement. If the Court approves the Settlement and a plan of allocation, then payments to Authorized Claimants will be made after any appeals are resolved and after the completion of all claims processing. Please be patient, as this process can take some time to complete.

| **WHAT IS THIS CASE ABOUT?** |
| --- |

11. On August 24, 2023, Plaintiff Bhapinderpal S. Bhanga commenced this Action in in the U.S. District Court for the Northern District of California, styled, *Bhangal v. Hawaiian Electric Industries, Inc. et al.,* Case No. 3:23-cv-04332-JSC. ECF No. 1. The Honorable District Judge Jacqueline Scott Corley was assigned the case. ECF No. 3.

12. On December 7, 2023, the Court appointed Daniel Warren as Lead Plaintiff, and Pomerantz LLP as Lead Counsel. ECF No. 58.

13. On March 8, 2024, Plaintiffs filed an Amended Complaint for Violations of the Federal Securities Laws ("Amended Complaint") (ECF No. 70) alleging that certain of the

8

NOTICE OF (I) PENDENCY OF CLASS ACTION AND PROPOSED SETTLEMENT; (II) SETTLEMENT FAIRNESS HEARING; AND (III) MOTION FOR AN AWARD OF ATTORNEYS' FEES AND REIMBURSEMENT OF LITIGATION EXPENSES

Defendants violated Sections 10(b) and 20(a) of the Securities Exchange Act of 1934 (the "Exchange Act") and U.S. Securities and Exchange Commission ("SEC") Rule 10b-5 promulgated thereunder, by making materially false and misleading statements regarding the efforts of the Company and its subsidiaries to mitigate wildfire risk, including replacement of uninsulated power lines, utility pole maintenance, and trimming of vegetation. Those alleged misrepresentations purportedly concealed the true, unmitigated risk of wildfires, and when that risk ultimately materialized in the August 8, 2023 Lahaina Wildfire, investors suffered losses. The Amended Complaint alleged these claims on behalf of investors who purchased or otherwise acquired Hawaiian Electric Industries, Inc. securities between February 28, 2019 and September 4, 2023, dates inclusive, and were damaged as a result.

14.    On May 7, 2024, the Defendants named in the Amended Complaint moved to dismiss the Amended Complaint.  ECF No. 81.  On July 8, 2024, Plaintiffs opposed the motion to dismiss (ECF No. 84), and a reply was filed in further support of the motion to dismiss on August 22, 2024.  ECF No. 87.  On September 9, 2026, the Court held a hearing on the motion to dismiss which was taken under submission.  ECF No. 89.  On October 15, 2024, the Honorable Judge Jacqueline Scott Corley granted the motion to dismiss with leave to amend.  ECF No. 92.

15.    On November 12, 2024, Plaintiffs filed their Second Amended Complaint.  ECF No. 93.  On November 21, 2024, the Court granted the Parties' stipulation to defer Defendants' response to the Second Amended Complaint due to the Parties agreement to conduct a mediation.  ECF No. 97.  On January 22, 2025, the Parties participated in an all-day mediation session presided over by experienced mediator David M. Murphy of Philips ADR Enterprises.  In advance of the mediation, the Parties submitted and exchanged detailed mediation statements and exhibits, which addressed, among other things, issues related to potential liability, loss causation, and damages. The mediation was not successful in resolving this matter.

16.    On March 18, 2025, Defendants moved to dismiss the Second Amended Complaint (ECF No. 106), which Plaintiffs opposed on May 2, 2025.  ECF No. 110.  On May 30, 2025, Defendants filed their reply in further support of their motion to dismiss.  ECF No. 112.  While

NOTICE OF (I) PENDENCY OF CLASS ACTION AND PROPOSED SETTLEMENT; (II) SETTLEMENT FAIRNESS HEARING; AND (III) MOTION FOR AN AWARD OF ATTORNEYS' FEES AND REIMBURSEMENT OF LITIGATION EXPENSES

the motion to dismiss was fully briefed and pending, on June 20, 2025, the Parties filed a Joint Stipulation requesting the Court adjourn the upcoming hearing on Defendants' motion to dismiss the Second Amended Complaint because the parties agreed to conduct a second mediation before David M. Murphy of Philips ADR Enterprises.  On July 14, 2025, the Parties participated in a full day mediation, but did not resolve the matter on that day.  However, the Parties continued ongoing negotiations and agreed to a third mediation, which was held on August 15, 2025.  ECF No. 115. After a third full-day mediation, the matter did not resolve, but the Parties continued ongoing negotiations that ultimately resulted, pursuant to an independent mediator recommendation, in an agreement in principle to settle and release all claims asserted against Defendants in the Action in exchange for an all-cash payment of $47,750,000 for the benefit of the Settlement Class, subject to the execution of a settlement stipulation and related papers and Court approval.

17.    The agreement was memorialized in a binding term sheet (the "Term Sheet") which was fully executed on November 5, 2025.  The Term Sheet sets forth, among other things, the Parties' agreement to fully and finally settle and release all claims that were asserted or could have been asserted in the Action in return for a payment by or on behalf of Defendants of forty-seven million seven hundred and fifty thousand dollars and zero cents ($47,750,000.00) for the benefit of the Settlement Class.  The Term Sheet was formalized in the Stipulation that was executed on January 5, 2026. The Stipulation reflects the final and binding agreement between the Parties.

18.    Based upon their investigation and prosecution of the case, Plaintiffs and Plaintiffs' Counsel have concluded that the terms and conditions of the Stipulation are fair, reasonable and adequate to Plaintiffs and the other members of the Settlement Class, and in their best interests. Based on Plaintiffs' direct oversight of the prosecution of this matter and with the advice of counsel, Plaintiffs have agreed to settle and release the claims that were asserted or could have been asserted in the Action pursuant to the terms and provisions of the Stipulation, after considering, among other things:  (a) the substantial financial benefit that Plaintiffs and the other members of the Settlement Class will receive under the proposed Settlement; and (b) the significant risks and costs of continued litigation and trial.

NOTICE OF (I) PENDENCY OF CLASS ACTION AND PROPOSED SETTLEMENT; (II) SETTLEMENT FAIRNESS HEARING; AND (III) MOTION FOR AN AWARD OF ATTORNEYS' FEES AND REIMBURSEMENT OF LITIGATION EXPENSES

19.    The Defendants are entering into the Stipulation solely to eliminate the uncertainty, burden and expense of further protracted litigation.  Each of the Defendants denies any wrongdoing and further denies that the Settlement Class suffered any damages or harm as a result of the Defendants' conduct, and the Stipulation shall in no event be construed or deemed to be evidence of or an admission or concession on the part of any of the Defendants, or any of the Released Defendants' Parties (defined in ¶ 31 below), with respect to any claim or allegation of any fault or liability or wrongdoing or damage whatsoever, or any infirmity in the defenses that the Defendants have, or could have, asserted.  Similarly, the Stipulation shall in no event be construed or deemed to be evidence of or an admission or concession on the part of any Plaintiffs of any infirmity in any of the claims asserted in the Action, or an admission or concession that any of the Defendants' defenses to liability had any merit.

20.    On _____, 2026, the Court preliminarily approved the Settlement, authorized this Notice to be disseminated to potential Settlement Class Members, and scheduled the Settlement Hearing to consider whether to grant final approval to the Settlement.

### HOW DO I KNOW IF I AM AFFECTED BY THE SETTLEMENT? WHO IS INCLUDED IN THE CLASS?

21.    If you are a member of the Settlement Class, you are subject to the Settlement, unless you timely request to be excluded.  The Settlement Class consists of:

> all persons or entities who or which purchased or otherwise acquired HEI securities during the Class Period set forth in the Second Amended Complaint (between February 28, 2019 through September 4, 2023, both dates inclusive), and were allegedly damaged thereby.

Excluded from the Settlement Class are Defendants, the present and former Officers and directors of HEI and any subsidiary thereof, and the Immediate Family members, legal representatives, heirs, successors or assigns of such excluded persons and any entity in which any such excluded person has or had a controlling interest during the Class Period.  Also excluded from the Settlement Class are any persons or entities who or which exclude themselves by submitting a valid and timely

NOTICE OF (I) PENDENCY OF CLASS ACTION AND PROPOSED SETTLEMENT; (II) SETTLEMENT FAIRNESS HEARING; AND (III) MOTION FOR AN AWARD OF ATTORNEYS' FEES AND REIMBURSEMENT OF LITIGATION EXPENSES

request for exclusion and persons and entities with no compensable losses. *See* "What If I Do Not Want To Be A Member Of The Class? How Do I Exclude Myself," on page [      ] below.

PLEASE NOTE:  RECEIPT OF THIS NOTICE DOES NOT MEAN THAT YOU ARE A SETTLEMENT CLASS MEMBER OR THAT YOU WILL BE ENTITLED TO RECEIVE PROCEEDS FROM THE SETTLEMENT.  IF YOU ARE A SETTLEMENT CLASS MEMBER AND YOU WISH TO BE ELIGIBLE TO PARTICIPATE IN THE DISTRIBUTION OF PROCEEDS FROM THE SETTLEMENT, YOU ARE REQUIRED TO SUBMIT THE CLAIM FORM THAT IS BEING DISTRIBUTED WITH THIS NOTICE AND THE REQUIRED SUPPORTING DOCUMENTATION AS SET FORTH THEREIN POSTMARKED NO LATER THAN _____, 2026.  ALTERNATIVELY, YOU MAY OBTAIN, COMPLETE AND SUBMIT AN ELECTRONIC CLAIM FORM BY 11:59 P.M. EST ON _____, 2026 AT WWW.HAWAIIANELECTRICSECURITIESSETTLEMENT.COM.

**WHAT ARE PLAINTIFFS' REASONS FOR THE SETTLEMENT?**

22.    Plaintiffs and Plaintiffs' Counsel believe that the claims asserted against Defendants have merit.  They recognize, however, the expense and length of continued proceedings necessary to pursue their claims against the Defendants through trial and appeals, as well as the very substantial risks they would face in establishing liability and damages.  Moreover, as to Plaintiffs' claims, Plaintiffs and their Counsel recognized that Defendants had numerous avenues of attack that could preclude a recovery.  For example, they would assert that the statements were not materially false and misleading, and that even if they were, the statements were not made with the requisite state of mind to support the securities fraud claims alleged.  Even if the hurdles to establishing liability were overcome, the amount of damages that could be attributed to each of the allegedly false statements would be hotly contested.  Plaintiffs would have to prevail at several stages—motion to dismiss, class certification, motions for summary judgment, trial, and if they prevailed on those, on the appeals that were likely to follow.  Thus, there were very significant risks attendant to the continued prosecution of the Action.

NOTICE OF (I) PENDENCY OF CLASS ACTION AND PROPOSED SETTLEMENT; (II) SETTLEMENT FAIRNESS HEARING; AND (III) MOTION FOR AN AWARD OF ATTORNEYS' FEES AND REIMBURSEMENT OF LITIGATION EXPENSES

23.     In light of these risks, the amount of the Settlement and the immediacy of recovery to the Class, Plaintiffs and Plaintiffs' Counsel believe that the proposed Settlement is fair, reasonable and adequate, and in the best interests of the Settlement Class. Plaintiffs and Plaintiffs' Counsel believe that the Settlement provides a substantial benefit to the Settlement Class, namely $47,750,000 (less the various deductions described in this Notice), as compared to the risk that the claims in the Action would produce a smaller recovery, or no recovery after rulings on Defendants' motion to dismiss, summary judgment, trial and appeals, possibly years in the future.

24.     The Defendants deny the claims asserted against them in the Action and deny having engaged in any wrongdoing or violation of law of any kind whatsoever. The Defendants further deny that their conduct caused the Settlement Class any harm or damages. The Defendants have agreed to the Settlement solely to eliminate the burden and expense of continued litigation. Accordingly, the Settlement may not be construed as an admission of any wrongdoing by Defendants.

## WHAT MIGHT HAPPEN IF THERE WERE NO SETTLEMENT?

25.     If there were no Settlement and Plaintiffs failed to prove any essential legal or factual element of their claims against Defendants, neither Plaintiffs nor the other members of the Settlement Class would recover anything from Defendants. Also, if the Defendants were successful in proving any of their defenses, in connection with Defendants' motion to dismiss, at summary judgment, at trial or on appeal, the Settlement Class could recover substantially less than the amount provided in the Settlement, or nothing at all.

## HOW ARE SETTLEMENT CLASS MEMBERS AFFECTED BY THE ACTION AND THE SETTLEMENT?

26.     As a Settlement Class Member, you are represented by Plaintiffs and Plaintiffs' Counsel, unless you enter an appearance through counsel of your own choice at your own expense. You are not required to retain your own counsel, but if you choose to do so, such counsel must file a notice of appearance on your behalf and must serve copies of his or her appearance on the attorneys listed in the section titled, "When And Where Will The Court Decide Whether To

NOTICE OF (I) PENDENCY OF CLASS ACTION AND PROPOSED SETTLEMENT; (II) SETTLEMENT FAIRNESS HEARING; AND (III) MOTION FOR AN AWARD OF ATTORNEYS' FEES AND REIMBURSEMENT OF LITIGATION EXPENSES

Approve The Settlement? Do I Have To Come To The Hearing? May I Speak At The Hearing If I Don't Like The Settlement?," below.

27.    If you are a Settlement Class Member and do not wish to remain a Settlement Class Member, you may exclude yourself from the Settlement Class by following the instructions in the section titled, "What If I Do Not Want To Be A Member Of The Class? How Do I Exclude Myself?," below.

28.    If you are a Settlement Class Member and you wish to object to the Settlement, the Plan of Allocation, or Plaintiffs' Counsel's application for attorneys' fees and reimbursement of Litigation Expenses, or the awards to Plaintiffs, and if you do not exclude yourself from the Settlement Class, you may present your objections by following the instructions in the section titled, "When And Where Will The Court Decide Whether To Approve The Settlement? Do I Have To Come To The Hearing? May I Speak At The Hearing If I Don't Like The Settlement?," below.

29.    If you are a Settlement Class Member and you do not exclude yourself from the Settlement Class, you will be bound by any orders issued by the Court.  If the Settlement is approved, the Court will enter a judgment (the "Judgment").  The Judgment will dismiss with prejudice the claims against Defendants and will provide that, upon the Effective Date of the Settlement, Plaintiffs and each of the other Settlement Class Members, on behalf of themselves, and their respective heirs, executors, administrators, predecessors, successors, and assigns in their capacities as such, will have fully, finally and forever compromised, settled, released, resolved, relinquished, waived and discharged each and every Releasing Plaintiffs' Parties' Claim (as defined in ¶ 30 below) against the Released Defendants' Parties (as defined in ¶ 31 below), and shall forever be barred and enjoined from prosecuting any or all of the Released Plaintiffs' Claims against any of the Released Defendants' Parties.

30.    "Releasing Plaintiffs' Parties' Claims" means all claims, actions, causes of action, demands, losses, rights, duties, obligations, debts, sums of money, suits, contracts, agreements, judgments, matters, issues, promises, damages and liabilities of every nature and description, whether known or unknown, known claims or Unknown Claims, whether arising under federal,

NOTICE OF (I) PENDENCY OF CLASS ACTION AND PROPOSED SETTLEMENT; (II) SETTLEMENT FAIRNESS HEARING; AND (III) MOTION FOR AN AWARD OF ATTORNEYS' FEES AND REIMBURSEMENT OF LITIGATION EXPENSES

state, common or foreign law, that Plaintiffs, any other member of the Settlement Class, or any other of Releasing Plaintiffs' Parties: (i) asserted in any complaint in this Action or (ii) could have asserted in any forum that arise out of, are based on, or relate in any way to, directly or indirectly, any of the allegations, acts, transactions, facts, events, matters, occurrences, representations or omissions involved, set forth, alleged or referred to, in the Action, or which could have been alleged in the Action, or which arise out of, are based upon, or relate in any way, directly or indirectly, to the purchase, acquisition, transfer, holding, ownership, disposition or sale of HEI securities by any members of the Settlement Class, and/or any disclosures, public filings, registration statements, or other statements by any Defendant during the Class Period, whether arising under federal, state, common or foreign law. Releasing Plaintiffs' Parties' Claims shall not include (i) any claims relating to the enforcement of the Settlement; and (ii) any claims of any person or entity who or which submits a request for exclusion from the Settlement Class that is accepted by the Court.

31.    "Released Defendants' Parties" means (i) each Defendant; (ii) the family members of the Individual Defendants; (iii) direct or indirect parent entities, direct and indirect subsidiaries, related entities, and all affiliates of HEI or HECO, and their affiliated entities, employees, or agents; (iv) any trust of which any Individual Defendant is the settlor or which is for the benefit of any Individual Defendant and/or his or her family members; (v) for any of the persons or entities listed in parts (i) through (iv), as applicable, their respective past, present, and future general partners, limited partners, principals, shareholders, joint venturers, officers, directors, managers, managing directors, supervisors, employees, contractors, consultants, experts, auditors, accountants, financial advisors, insurers, reinsurers, indemnitors, trustees, trustors, agents, attorneys, predecessors, successors, assigns, heirs, executors, administrators, estates, and any controlling person thereof; and (vi) any entity in which a Defendant has a controlling interest; all in their capacities as such.

32.    "Unknown Claims" means any Releasing Plaintiffs' Parties' Claims which Plaintiffs, any other Settlement Class Member, or any other Releasing Plaintiff Party does not

15

NOTICE OF (I) PENDENCY OF CLASS ACTION AND PROPOSED SETTLEMENT; (II) SETTLEMENT FAIRNESS HEARING; AND (III) MOTION FOR AN AWARD OF ATTORNEYS' FEES AND REIMBURSEMENT OF LITIGATION EXPENSES

know or suspect to exist in his, her or its favor at the time of the release of such claims, and any Released Defendants' Claims which any Defendant or any other Released Defendants' Parties does not know or suspect to exist in his, her, or its favor at the time of the release of such claims, which, if known by him, her or it, might have affected any of his, her or its decision(s) with respect to this Settlement, including, without limitation, a Settlement Class Member's decision not to opt-out or object. With respect to any and all Released Claims, the Parties stipulate and agree that, upon the Effective Date of the Settlement, Plaintiffs and Defendants shall expressly waive, and each of the other Settlement Class Members and each of the Released Defendants' Parties and each of the Releasing Plaintiffs' Parties shall be deemed to have waived, and by operation of the Judgment shall have expressly waived, any and all provisions, rights, and benefits conferred by any law of any state or territory of the United States, or principle of common law or foreign law, which is similar, comparable, or equivalent to California Civil Code §1542, which provides:

> A GENERAL RELEASE DOES NOT EXTEND TO CLAIMS THAT THE CREDITOR OR RELEASING PARTY DOES NOT KNOW OR SUSPECT TO EXIST IN HIS OR HER FAVOR AT THE TIME OF EXECUTING THE RELEASE AND THAT, IF KNOWN BY HIM OR HER, WOULD HAVE MATERIALLY AFFECTED HIS OR HER SETTLEMENT WITH THE DEBTOR OR RELEASED PARTY.

Plaintiffs, any other Settlement Class Member, any other Releasing Plaintiff Parties, Defendants, and other Released Defendants' Parties may hereafter discover facts in addition to or different from those which he, she, or it now knows or believes to be true with respect to the subject matter of the Released Claims, but the Parties stipulate and agree that, upon the Effective Date of the Settlement, Plaintiffs and each of the Defendants shall expressly waive, and each of the other Settlement Class Members and the Releasing Plaintiffs' Parties and each of the Released Defendants' Parties shall be deemed to have waived, and by operation of the Judgment shall have expressly waived any and all Released Claims without regard to the subsequent discovery or existence of such different or additional facts. The Parties acknowledge, and each of the other Settlement Class Members and Releasing Plaintiffs' Parties and each of the Released Defendants' Parties shall be deemed by operation of law to have acknowledged, that the foregoing waiver was separately bargained for and a key element of the Settlement.

16

33. The Judgment will also provide that, upon the Effective Date of the Settlement, Defendants, on behalf of themselves, and their respective heirs, executors, administrators, predecessors, successors, and assigns in their capacities as such, will have fully, finally and forever compromised, settled, released, resolved, relinquished, waived and discharged each and every Released Defendants' Claim (as defined in ¶ 34 below) against Released Plaintiffs' Parties (as defined in ¶ 35 below), and shall forever be barred and enjoined from prosecuting any or all of the Released Defendants' Claims against any of the Released Plaintiffs' Parties.

34. "Released Defendants' Claims" means all claims and causes of action of every nature and description, whether known or unknown, known claims or Unknown Claims, whether arising under federal, state, common or foreign law, that arise out of or relate in any way to the institution, prosecution, or settlement of the claims asserted in the Action against Defendants, including under Rule 11 of the Federal Rules of Civil Procedure or for any other fees or cost shifting. Released Defendants' Claims do not include any claims relating to the enforcement of the Settlement, any claims between or among the Defendants and Released Defendants' Parties, any claims between the Defendants and Released Defendants' Parties and their respective insurers, or any claims against any person or entity who or which submits a request for exclusion from the Settlement Class that is accepted by the Court.

35. "Released Plaintiffs' Parties" means (i) Plaintiffs, all Settlement Class members, any other plaintiffs in the Action and their counsel, Plaintiffs' Counsel, liaison counsel or referring counsel, and (ii) each of their respective immediate family members, and their respective partners, general partners, limited partners, principals, shareholders, joint venturers, members, officers, directors, managing directors, supervisors, employees, contractors, consultants, experts, auditors, accountants, financial advisors, insurers, trustees, trustors, agents, attorneys, predecessors, successors, assigns, heirs, executors, administrators, and any controlling person thereof, all in their capacities as such.

17

NOTICE OF (I) PENDENCY OF CLASS ACTION AND PROPOSED SETTLEMENT; (II) SETTLEMENT FAIRNESS HEARING; AND (III) MOTION FOR AN AWARD OF ATTORNEYS' FEES AND REIMBURSEMENT OF LITIGATION EXPENSES

**HOW DO I PARTICIPATE IN THE SETTLEMENT?  WHAT DO I NEED TO DO?**

36.    To be eligible for a payment from the proceeds of the Settlement, you must be a member of the Settlement Class and you must timely complete and return the Claim Form with adequate supporting documentation to the Claims Administrator at the address in ¶ 83 below, **postmarked no later than _____**.  A Claim Form is included with this Notice, or you may obtain one from the website maintained by the Claims Administrator for the Settlement at www.HawaiianElectricSecuritiesSettlement.com, or you may request that a Claim Form be mailed to you by calling the Claims Administrator toll free at 1-888-808-8046.  Electronic Claim Forms must be submitted by 11:59 p.m. EST on _____, 2026.  Please retain all records of your ownership of and transactions in HEI securities, as they may be needed to document your Claim.  If you request exclusion from the Settlement Class or do not submit a timely and valid Claim Form, you will not be eligible to share in the Net Settlement Fund.

**HOW MUCH WILL MY PAYMENT BE?**

37.    At this time, it is not possible to make any determination as to how much any individual Settlement Class Member may receive from the Settlement.

38.    Pursuant to the Settlement, Defendants have agreed to pay or caused to be paid forty-seven million seven hundred and fifty thousand dollars and zero cents ($47,750,000.00) in cash or immediately available funds.  The Settlement Amount will be deposited into an Escrow Account.  The Settlement Amount plus any interest earned thereon is referred to as the "Settlement Fund."  If the Settlement is approved by the Court and the Effective Date occurs, the "Net Settlement Fund" (that is, the Settlement Fund less (a) all federal, state and/or local taxes on any income earned by the Settlement Fund and the reasonable costs incurred in connection with determining the amount of and paying taxes owed by the Settlement Fund (including reasonable expenses of tax attorneys and accountants); (b) the costs and expenses incurred in connection with providing notice to Settlement Class Members and administering the Settlement on behalf of Settlement Class Members; and (c) any attorneys' fees, Litigation Expenses and service awards to Plaintiffs awarded by the Court) will be distributed to Settlement Class Members who submit valid

18

Claim Forms, in accordance with the proposed Plan of Allocation or such other plan of allocation as the Court may approve ("Authorized Claimants").

39. The Net Settlement Fund will not be distributed unless and until the Court has approved the Settlement and a plan of allocation, and the time for any petition for rehearing, appeal or review, whether by certiorari or otherwise, has expired.

40. Neither Defendants nor any other person or entity that paid any portion of the Settlement Amount on their behalf is entitled to get back any portion of the Settlement Fund once the Court's order or judgment approving the Settlement becomes Final. Defendants and the Released Defendants' Parties shall not have any liability, obligation or responsibility for the administration of the Settlement, the disbursement of the Net Settlement Fund or the Plan of Allocation.

41. Approval of the Settlement is independent from approval of a plan of allocation. Any determination with respect to a plan of allocation will not affect the Settlement, if approved.

42. Unless the Court otherwise orders, any Settlement Class Member who fails to submit a Claim Form electronically by 11:59 p.m. EST on _____, 2026 or postmarked on or before _____, 2026, shall be fully and forever barred from receiving payments pursuant to the Settlement but will in all other respects remain a Settlement Class Member and be subject to the provisions of the Stipulation, including the terms of any Judgment entered and the releases given. This means that each Settlement Class Member releases the Releasing Plaintiffs' Parties' Claims (as defined in ¶ 30 above) against the Released Defendants' Parties (as defined in ¶ 31 above) and will be enjoined and prohibited from filing, prosecuting, or pursuing any of the Releasing Plaintiffs' Parties' Claims against any of the Released Defendants' Parties whether or not such Settlement Class Member submits a Claim Form.

43. The Court has reserved jurisdiction to allow, disallow, or adjust on equitable grounds the Claim of any Settlement Class Member.

44. Each Claimant shall be deemed to have submitted to the jurisdiction of the Court with respect to his, her or its Claim Form.

NOTICE OF (I) PENDENCY OF CLASS ACTION AND PROPOSED SETTLEMENT; (II) SETTLEMENT FAIRNESS HEARING; AND (III) MOTION FOR AN AWARD OF ATTORNEYS' FEES AND REIMBURSEMENT OF LITIGATION EXPENSES

45.    Only Settlement Class Members, *i.e.*, persons and entities who purchased or otherwise acquired HEI securities during the Settlement Class Period and were allegedly damaged as a result of such purchases or acquisitions, will be eligible to share in the distribution of the Net Settlement Fund.  Persons and entities which are excluded from the Settlement Class by definition or which exclude themselves from the Settlement Class pursuant to a request will not be eligible to receive a distribution from the Net Settlement Fund and should not submit Claim Forms.  Shares of HEI common stock are the only securities that are included in the Settlement.

### PROPOSED PLAN OF ALLOCATION

46.    The objective of the Plan of Allocation is to equitably distribute the Net Settlement Fund among Authorized Claimants based on their respective alleged economic losses as a result of the alleged fraud, as opposed to losses caused by market- or industry-wide factors or company-specific factors unrelated to the alleged fraud.  The Claims Administrator shall determine each Authorized Claimant's share of the Net Settlement Fund based upon the recognized loss formula (the "Recognized Loss") described below.

47.    A Recognized Loss will be calculated for each share of HEI common stock purchased or otherwise acquired during the Class Period.[2]  The calculation of Recognized Loss will depend upon several factors, including when shares of HEI common stock were purchased or otherwise acquired during the Class Period, the price paid, whether those shares were sold, and, if sold, when they were sold and for what amounts.

48.    The Recognized Loss is not intended to estimate the amount a Settlement Class Member might have recovered after a trial, nor is it intended to estimate the amount that will be paid to Authorized Claimants pursuant to the Settlement.  Rather, the Recognized Loss is the basis upon which the Net Settlement Fund will be proportionately allocated to the Authorized Claimants. The Claims Administrator will use its best efforts to administer and distribute the Net Settlement Fund in a manner that is both equitable and economically feasible.

---

[2] During the Class Period, Hawaiian Electric Industries, Inc. traded on the New York Stock Exchange ("NYSE") under the ticker symbol "HE."

20

49.    The Plan of Allocation was developed with the assistance of a consulting damages expert and is based on the assumption that the price of HEI common stock was artificially inflated throughout the Class Period. The estimated amount of alleged artificial inflation during the Class Period is set forth in Table 1 below. The calculation of the alleged artificial inflation in the price of HEI common stock is based on certain misrepresentations alleged by Plaintiffs and on stock price declines, net of market- and industry-wide factors, that occurred in reaction to the public announcements that allegedly corrected those misrepresentations.

50.    Federal securities laws allow investors to recover for losses only to the extent that such losses were caused by disclosures correcting the defendants' prior false or misleading statements or omissions. Accordingly, in order to be eligible for a recovery under the Plan of Allocation, shares of HEI common stock purchased or otherwise acquired during the Class Period must have been held during a period of time in which the price declined due to the disclosure of information correcting an allegedly misleading statement or omission. Lead Plaintiffs and Lead Counsel have determined that such price declines occurred on the following dates: August 8, 2023; August 10, 2023; August 14, 2023; August 15, 2023; August 17, 2023; August 21, 2023; August 23, 2023; August 25, 2023; and September 5, 2023 (the "Corrective Disclosure Dates"). Accordingly, if a share of HEI common stock was sold before August 8, 2023 (the earliest Corrective Disclosure Date) the Recognized Loss for that share is $0.00, and any loss suffered is not compensable under the federal securities laws. Likewise, if a share of HEI common stock was both purchased and sold between two consecutive Corrective Disclosure Dates, the Recognized Loss for that share is $0.00.

| Table 1 Artificial Inflation in HEI Common Stock | | |
|---|---|---|
| **From** | **To** | **Per-Share Price Inflation** |
| Thursday, February 28, 2019 | Monday, August 7, 2023 | $30.55 |
| Tuesday, August 8, 2023 | Wednesday, August 9, 2023 | $28.68 |
| Thursday, August 10, 2023 | Sunday, August 13, 2023 | $26.12 |

21

| Monday, August 14, 2023 | Monday, August 14, 2023 | $15.27 |
| Tuesday, August 15, 2023 | Wednesday, August 16, 2023 | $8.91 |
| Thursday, August 17, 2023 | Sunday, August 20, 2023 | $6.79 |
| Monday, August 21, 2023 | Tuesday, August 22, 2023 | $6.09 |
| Wednesday, August 23, 2023 | Thursday, August 24, 2023 | $4.74 |
| Friday, August 25, 2023 | Friday, September 1, 2023 | $2.47 |
| Tuesday, September 5, 2023 | Thereafter | $0.00 |

51. The "90-day look back" provision of the Private Securities Litigation Reform Act of 1995 ("PSLRA") is incorporated into the calculation of the Recognized Loss for HEI common stock. The limitations on the calculation of the Recognized Loss imposed by the PSLRA are applied such that losses on HEI common stock purchased during the Class Period and held as of the close of the 90-day period subsequent to the Class Period (the "90-Day Lookback Period") cannot exceed the difference between the purchase price paid for such stock and its average closing price during the 90-Day Lookback Period. The Recognized Loss on HEI common stock purchased during the Class Period and sold during the 90-Day Lookback Period cannot exceed the difference between the purchase price paid for such stock and its rolling average closing price during the portion of the 90-Day Lookback Period that had elapsed as of the date of sale.

52. In the calculations below, all purchase and sale prices shall exclude any fees, taxes and commissions. If a Recognized Loss amount is calculated to be a negative number, that Recognized Loss shall be set to zero ($0.00). Any transactions in HEI common stock executed outside of regular trading hours for the U.S. financial markets shall be deemed to have occurred during the next regular trading session.

### CALCULATION OF RECOGNIZED LOSS PER HEI SECURITY

53. For each share of HEI common stock purchased or otherwise acquired during the Class Period (i.e., February 28, 2019 through September 4, 2023, inclusive), the Recognized Loss shall be calculated as follows:

    i. For each share sold prior to August 8, 2023, the Recognized Loss is $0.

22

ii.   For each share sold during the period August 8, 2023 through September 4, 2023, inclusive, the Recognized Loss is the amount of price inflation on the date of purchase as provided in Table 1 above *minus* the amount of price inflation on the date of sale as provided in Table 1.

iii.   For each share sold during the period September 5, 2023 through November 30, 2023, inclusive (i.e., the 90-Day Lookback Period), the Recognized Loss is *the lesser of*:

    a.   the amount of price inflation on the date of purchase as provided in Table 1 above; or

    b.   the purchase price *minus* the "90-Day Lookback Value" on the date of sale as provided in Table 2 below.

iv.   For each share still held as of the close of trading on November 30, 2023, the Recognized Loss is *the lesser of*:

    a.   the amount of price inflation on the date of purchase as provided in Table 1 above; or

    b.   the purchase price *minus* the average closing price for HEI common stock during the 90-Day Lookback Period, which is $12.70.

| Table 2 | | | | | |
|---|---|---|---|---|---|
| Sale / Disposition Date | 90-Day Lookback Value | Sale / Disposition Date | 90-Day Lookback Value | Sale / Disposition Date | 90-Day Lookback Value |
| 9/5/2023 | $12.42 | 10/4/2023 | $12.63 | 11/2/2023 | $12.59 |
| 9/6/2023 | $12.34 | 10/5/2023 | $12.59 | 11/3/2023 | $12.62 |
| 9/7/2023 | $12.36 | 10/6/2023 | $12.56 | 11/6/2023 | $12.65 |
| 9/8/2023 | $12.41 | 10/9/2023 | $12.54 | 11/7/2023 | $12.67 |
| 9/11/2023 | $12.54 | 10/10/2023 | $12.54 | 11/8/2023 | $12.70 |
| 9/12/2023 | $12.62 | 10/11/2023 | $12.53 | 11/9/2023 | $12.73 |
| 9/13/2023 | $12.71 | 10/12/2023 | $12.52 | 11/10/2023 | $12.70 |
| 9/14/2023 | $12.78 | 10/13/2023 | $12.51 | 11/13/2023 | $12.68 |
| 9/15/2023 | $12.82 | 10/16/2023 | $12.51 | 11/14/2023 | $12.67 |
| 9/18/2023 | $12.84 | 10/17/2023 | $12.52 | 11/15/2023 | $12.67 |
| 9/19/2023 | $12.87 | 10/18/2023 | $12.53 | 11/16/2023 | $12.68 |
| 9/20/2023 | $12.91 | 10/19/2023 | $12.53 | 11/17/2023 | $12.70 |
| 9/21/2023 | $12.90 | 10/20/2023 | $12.52 | 11/20/2023 | $12.72 |
| 9/22/2023 | $12.88 | 10/23/2023 | $12.51 | 11/21/2023 | $12.72 |
| 9/25/2023 | $12.85 | 10/24/2023 | $12.51 | 11/22/2023 | $12.72 |
| 9/26/2023 | $12.83 | 10/25/2023 | $12.51 | 11/24/2023 | $12.72 |
| 9/27/2023 | $12.80 | 10/26/2023 | $12.53 | 11/27/2023 | $12.71 |
| 9/28/2023 | $12.78 | 10/27/2023 | $12.54 | 11/28/2023 | $12.71 |
| 9/29/2023 | $12.76 | 10/30/2023 | $12.55 | 11/29/2023 | $12.70 |
| 10/2/2023 | $12.72 | 10/31/2023 | $12.56 | 11/30/2023 | $12.70 |

23

NOTICE OF (I) PENDENCY OF CLASS ACTION AND PROPOSED SETTLEMENT; (II) SETTLEMENT FAIRNESS HEARING; AND (III) MOTION FOR AN AWARD OF ATTORNEYS' FEES AND REIMBURSEMENT OF LITIGATION EXPENSES

| 10/3/2023 | $12.68 | 11/1/2023 | $12.57 | N/A | N/A |

## ADDITIONAL PROVISIONS

54. The payment you receive will reflect your proportionate share of the Net Settlement Fund. Such payment will depend on the number of eligible shares that participate in the Settlement, and when those shares were purchased and sold. The number of claimants who send in claims varies widely from case to case.

55. A purchase or sale of HEI common stock shall be deemed to have occurred on the "contract" or "trade" date, as opposed to the "settlement" or "payment" date.

56. Acquisition by Gift, Inheritance, or Operation of Law: If a Settlement Class Member acquired HEI common stock during the Class Period by way of gift, inheritance, or operation of law, such a claim will be computed by using the date and price of the original purchase and not the date and price of transfer. To the extent that HEI shares were originally purchased prior to the commencement of the Class Period, the Recognized Loss for that acquisition shall be deemed to be zero ($0.00).

57. The first-in-first-out ("FIFO") method will be applied to match purchases and sales. Sales will be matched in chronological order, by trade date, first against HEI common stock held as of the close of trading on February 27, 2019 (i.e., the last trading day before the Class Period begins) and then against purchases of HEI common stock during the Class Period.

58. The date of covering a "short sale" is deemed to be the date of purchase of shares. The date of a "short sale" is deemed to be the date of sale of shares. In accordance with the Plan of Allocation, however, the Recognized Loss on "short sales" is zero ($0.00). In the event that a claimant has a short position in HEI common stock, the earliest subsequent Class Period purchases shall be matched against such short position and shall not be entitled to a recovery until that short position is fully covered.

59. With respect to HEI common stock purchased or sold through the exercise of a publicly traded option, the purchase/sale date of the stock shall be the exercise date of the option and the purchase/sale price of the stock shall be the exercise price. Any Recognized Loss arising

NOTICE OF (I) PENDENCY OF CLASS ACTION AND PROPOSED SETTLEMENT; (II) SETTLEMENT FAIRNESS HEARING; AND (III) MOTION FOR AN AWARD OF ATTORNEYS' FEES AND REIMBURSEMENT OF LITIGATION EXPENSES

from purchases of HEI common stock acquired during the Class Period through the exercise of a publicly traded option shall be computed as provided for other purchases of HEI common stock in the Plan of Allocation.[3]

60.    Notwithstanding any of the foregoing, shares of HEI common stock acquired through the exercise, conversion, or exchange of non-publicly traded securities (including, without limitation, options, warrants, convertible notes, or restricted stock units) are not eligible for recovery under the Settlement.  Likewise, the receipt of HEI common stock during the Class Period in exchange for securities of any corporation or entity other than HEI, or through a merger, acquisition, or sale of any corporation or entity, shall not be deemed a purchase or sale of HEI common stock for purposes of the Settlement, and such shares shall be ineligible for recovery.

61.    Payment according to the Plan of Allocation will be deemed conclusive against all Authorized Claimants.  A Recognized Loss will be calculated as defined herein and cannot be less than zero. The Claims Administrator shall allocate to each Authorized Claimant a *pro rata* share of the Net Settlement Fund based on his, her, or its total Recognized Loss as compared to the total Recognized Losses of all Authorized Claimants.  No distribution will be made to Authorized Claimants who would otherwise receive a distribution of less than $10.00.

62.    Settlement Class Members who do not submit an acceptable Proof of Claim and Release Form will not share in the Settlement proceeds. The Settlement and the Final Order and Judgment dismissing this Action with prejudice will nevertheless bind Settlement Class Members who do not submit a request for exclusion and/or submit an acceptable Proof of Claim and Release Form.

63.    Please contact the Claims Administrator or Lead Counsel if you disagree with any determinations made by the Claims Administrator regarding your Proof of Claim and Release Form.  If you are unsatisfied with the determinations, you may ask the Court, which retains

---

[3] The "exercise of an option" as used in this sentence includes: (1) purchases of HEI common stock as the result of the exercise of a call option, and (2) purchases of HEI common stock by the seller of a put option as a result of the buyer of such put option exercising that put option.

NOTICE OF (I) PENDENCY OF CLASS ACTION AND PROPOSED SETTLEMENT; (II) SETTLEMENT FAIRNESS HEARING; AND (III) MOTION FOR AN AWARD OF ATTORNEYS' FEES AND REIMBURSEMENT OF LITIGATION EXPENSES

jurisdiction over all Class Members and the claims administration process, to decide the issue by submitting a written request.

64.    Distributions will be made to Authorized Claimants after all claims have been processed and after the Court has granted final approval of the Settlement.

65.    After the initial distribution of the Net Settlement Fund, the Claims Administrator shall make reasonable and diligent efforts to have Authorized Claimants cash their distribution checks.  To the extent any monies remain in the fund six (6) months after the initial distribution, if Plaintiffs' Counsel, in consultation with the Claims Administrator, determines that it is cost-effective to do so, the Claims Administrator shall conduct a re-distribution of the funds remaining after payment of any unpaid fees and expenses incurred in administering the Settlement, including for such redistribution, to Authorized Claimants who have cashed their initial distributions and who would receive at least $10.00 from such re-distribution.  Additional re-distributions to Authorized Claimants who have cashed their prior checks and who would receive at least $10.00 on such additional re-distributions may occur thereafter if Plaintiffs' Counsel, in consultation with the Claims Administrator, determines that additional re-distributions, after the deduction of any additional fees and expenses incurred in administering the Settlement, including for such re-distributions, would be cost-effective.

66.    Payment pursuant to the Plan of Allocation, or such other plan of allocation as may be approved by the Court, shall be conclusive against all Authorized Claimants.  No person shall have any claim against the Released Plaintiffs' Parties, the Released Defendants' Parties, or the Claims Administrator or other agent designated by Plaintiffs' Counsel arising from distributions made substantially in accordance with the Stipulation, the plan of allocation approved by the Court, or further Orders of the Court. The Released Plaintiffs' Parties and the Released Defendants' Parties, shall have no responsibility or liability whatsoever for the investment or distribution of the Settlement Fund, the Net Settlement Fund, the plan of allocation, or the determination, administration, calculation, or payment of any Claim Form or nonperformance of the Claims

Administrator, the payment or withholding of taxes owed by the Settlement Fund, or any losses incurred in connection therewith.

67.    The Plan of Allocation set forth herein is the plan that is being proposed to the Court for its approval by Plaintiffs after consultation with their damages expert.  The Court may approve this plan as proposed or it may modify the Plan of Allocation without further notice to the Settlement Class.  Any Orders regarding any modification of the Plan of Allocation will be posted on the settlement website, www.HawaiianElectricSecuritiesSettlement.com.

| WHAT PAYMENT ARE THE ATTORNEYS FOR THE CLASS SEEKING? HOW WILL THE LAWYERS BE PAID? |
|---|

68.    Plaintiffs' Counsel have not received any payment for their services in pursuing claims against the Defendants on behalf of the Settlement Class, nor have Plaintiffs' Counsel been reimbursed for their out-of-pocket expenses.  Before final approval of the Settlement, Plaintiffs' Counsel will apply to the Court for an award of attorneys' fees for all Plaintiffs' Counsel in an amount not to exceed 33.33% of the Settlement Fund plus interest.  At the same time, Plaintiffs' Counsel also intends to apply for reimbursement of Litigation Expenses plus interest in an amount not to exceed $500,000, as well as service awards to Plaintiffs for their representation of the Settlement Class.  The Court will determine the amount of any award of attorneys' fees, reimbursement of Litigation Expenses and Plaintiff service awards.  Such sums as may be approved by the Court will be paid from the Settlement Fund.  Settlement Class Members are not personally liable for any such fees or expenses.

| WHAT IF I DO NOT WANT TO BE A MEMBER OF THE CLASS?  HOW DO I EXCLUDE MYSELF? |
|---|

69.    Each Settlement Class Member will be bound by all determinations and judgments in this lawsuit, whether favorable or unfavorable, unless such person or entity mails or delivers a written Request for Exclusion from the Class to the following recipients:  (i) Verita Global ("Verita") (the "Claims Administrator") and (ii) both Plaintiffs' Counsel and Defendants' Counsel, at the addresses set forth in ¶ 75 below. The exclusion request must be *received* no later than _____.  You will not be able to exclude yourself from the Settlement Class after that date.

NOTICE OF (I) PENDENCY OF CLASS ACTION AND PROPOSED SETTLEMENT; (II) SETTLEMENT FAIRNESS HEARING; AND (III) MOTION FOR AN AWARD OF ATTORNEYS' FEES AND REIMBURSEMENT OF LITIGATION EXPENSES

Each Request for Exclusion must (a) state the name, address and telephone number of the person or entity requesting exclusion, and, in the case of entities, the name and telephone number of the appropriate contact person; (b) state that such person or entity "requests exclusion from the Settlement Class in *Bhangal v. Hawaiian Electric Industries, Inc. et al.,* Case No. 3:23-cv-04332-JSC"; (c) identify and state the number of HEI securities that the person or entity requesting exclusion purchased/acquired and/or sold during the period from February 28, 2019 through and including September 4, 2023, as well as the dates and prices of each such purchase/acquisition and sale; and (d) be signed by the person or entity requesting exclusion or an authorized representative. A Request for Exclusion shall not be valid and effective unless it provides all the information called for in this paragraph and is received within the time stated above or is otherwise accepted by the Court.

70.     If you do not want to be part of the Settlement Class, you must follow these instructions for exclusion even if you have pending, or later file, another lawsuit, arbitration, or other proceeding relating to any Releasing Plaintiffs' Parties' Claim against any of the Released Defendants' Parties.

71.     If you ask to be excluded from the Settlement Class, you will not be eligible to receive any payment out of the Net Settlement Fund.

72.     Defendants have the right to terminate the Settlement if valid requests for exclusion are received from persons and entities entitled to be members of the Settlement Class in an amount that exceeds an amount agreed to by Plaintiffs and Defendants.

**WHEN AND WHERE WILL THE COURT DECIDE WHETHER TO APPROVE THE SETTLEMENT?**
**DO I HAVE TO COME TO THE HEARING?**
**MAY I SPEAK AT THE HEARING IF I DON'T LIKE THE SETTLEMENT?**

**73.     Settlement Class Members do not need to attend the Settlement Hearing. The Court will consider any submission made in accordance with the provisions below even if a Settlement Class Member does not attend the hearing. You can participate in the Settlement without attending the Settlement Hearing.**

28

NOTICE OF (I) PENDENCY OF CLASS ACTION AND PROPOSED SETTLEMENT; (II) SETTLEMENT FAIRNESS HEARING; AND (III) MOTION FOR AN AWARD OF ATTORNEYS' FEES AND REIMBURSEMENT OF LITIGATION EXPENSES

74. The Settlement Hearing will be held on _____ at __:__ _.m., before the Honorable Jacqueline Scott Corley in Courtroom 8, 19th Floor, United States District Court for the Northern District of California, Phillip Burton Federal Building, 450 Golden Gate Avenue, San Francisco, CA 94102. The Court reserves the right to approve the Settlement, the Plan of Allocation, Plaintiffs' Counsel's motion for an award of attorneys' fees and reimbursement of Litigation Expenses and/or any other matter related to the Settlement at or after the Settlement Hearing without further notice to the members of the Settlement Class.

75. Any Settlement Class Member who or which does not request exclusion may object to the Settlement, the proposed Plan of Allocation or Plaintiffs' Counsel's motion for an award of attorneys' fees and reimbursement of Litigation Expenses. Objections must be in writing. You must file any written objection, together with copies of all other papers and briefs supporting the objection, with the Clerk's Office at the United States District Court for the Northern District of California at the address set forth below on or before _____. You must also serve the papers on Plaintiffs' Counsel and on Defendants' Counsel at the addresses set forth below so that the papers **are** *received* **on or before** _____.

| **Clerk's Office** | **Plaintiffs' Counsel** | **Defendants' Counsel** |
|---|---|---|
| United States District Court for the Northern District of California Clerk of the Court Phillip Burton Federal Building 450 Golden Gate Avenue San Francisco, CA 94102 16th floor | Pomerantz LLP Jeremy A. Lieberman, Esq. 600 Third Avenue, 20th Floor New York, NY 10016-1917 | Skadden Arps Slate Meager & Flom LLP Peter Bradley Morrison 300 South Grand Avenue, Suite 3400 Los Angeles, CA 90071<br><br>Mark R.S. Foster 525 University Avenue, Palo Alto, California 94301 |

76. Any objection (a) must state the name, address and telephone number of the person or entity objecting and must be signed by the objector; (b) must contain a statement of the Settlement Class Member's objection or objections, and the specific reasons for each objection, including any legal and evidentiary support the Settlement Class Member wishes to bring to the Court's attention; and (c) must include documents sufficient to prove membership in the

29

Settlement Class, including the number of shares of HEI securities that the objecting Settlement Class Member purchased/acquired and/or sold during the period from February 28, 2019 through and including September 4, 2023, as well as the dates and prices of each such purchase/acquisition and sale. You may not object to the Settlement, the Plan of Allocation or Plaintiffs' Counsel's motion for attorneys' fees and reimbursement of Litigation Expenses if you exclude yourself from the Settlement Class or if you are not a member of the Settlement Class.

77. You may file a written objection without having to appear at the Settlement Hearing. You may not, however, appear at the Settlement Hearing to present your objection unless you first file and serve a written objection in accordance with the procedures described above, unless the Court orders otherwise.

78. If you wish to be heard orally at the hearing in opposition to the approval of the Settlement, the Plan of Allocation or Plaintiffs' Counsel's motion for an award of attorneys' fees and reimbursement of Litigation Expenses, and if you timely file and serve a written objection as described above, you must also file a notice of appearance with the Clerk's Office and serve it on Plaintiffs' Counsel and Defendants' Counsel at the addresses set forth above so that it is *received* **on or before** _____. Persons who intend to object and desire to present evidence at the Settlement Hearing must include in their written objection or notice of appearance the identity of any witnesses they may call to testify and exhibits they intend to introduce into evidence at the hearing. Such persons may be heard orally at the discretion of the Court.

79. You are not required to hire an attorney to represent you in making written objections or in appearing at the Settlement Hearing. However, if you decide to hire an attorney, it will be at your own expense, and that attorney must file a notice of appearance with the Court and serve it on Plaintiffs' Counsel and Defendants' Counsel at the addresses set forth in ¶ 75 above so that the notice is *received* **on or before** _____.

80. The Settlement Hearing may be adjourned by the Court without further written notice to the Settlement Class. If you intend to attend the Settlement Hearing, you should confirm

NOTICE OF (I) PENDENCY OF CLASS ACTION AND PROPOSED SETTLEMENT; (II) SETTLEMENT FAIRNESS HEARING; AND (III) MOTION FOR AN AWARD OF ATTORNEYS' FEES AND REIMBURSEMENT OF LITIGATION EXPENSES

the date and time with Plaintiffs' Counsel or on the Settlement website at www.HawaiianElectricSecuritiesSettlement.com.

81.    Unless the Court orders otherwise, any Settlement Class Member who does not object in the manner described above will be deemed to have waived any objection and shall be forever foreclosed from making any objection to the proposed Settlement, the proposed Plan of Allocation, Plaintiffs' Counsel's motion for an award of attorneys' fees and reimbursement of Litigation Expenses or Plaintiffs' service award.  Settlement Class Members do not need to appear at the Settlement Hearing or take any other action to indicate their approval.

## WHAT IF I BOUGHT SHARES ON SOMEONE ELSE'S BEHALF?

82.    If you purchased or otherwise acquired HEI securities between February 28, 2019 and September 4, 2023, inclusive, for the beneficial interest of persons or organizations other than yourself, you must either (a) within seven (7) calendar days of receipt of the letter, request from the Claims Administrator sufficient copies of the Notice and Claim Form (the "Notice Packet") to forward to all such beneficial owners/purchasers and within seven (7) calendar days of receipt of those Notice Packets forward them to all such beneficial owners/purchasers; (b) within seven (7) calendar days of receipt of the letter, request a link to the location of the electronic Notice Packet from the Claims Administrator, and within seven (7) calendar days of receipt, email the link to all beneficial owners/purchasers for whom valid email addresses are available; or (c) within seven (7) calendar days of receipt of the letter, provide a list of the names, addresses, and email addresses of all such beneficial owners/purchasers to notifications@veritaglobal.com.  If you choose the third option, the Claims Administrator will send a copy of the Notice and the Claim Form to the beneficial owners/purchasers. Upon full compliance with these directions, such nominees may seek reimbursement of their reasonable expenses actually incurred in an amount not to exceed $0.05 plus postage at the current pre-sort rate used by the Claims Administrator per Notice Packet; or $0.05 per link to the Notice Packet transmitted by email; or $0.05 per name, mailing address, and email address (to the extent available) provided to the Claims Administrator, by providing the Claims Administrator with proper documentation supporting the expenses for which

31

reimbursement is sought.  Copies of this Notice and the Claim Form may also be obtained from the website maintained by the Claims Administrator, www.HawaiianElectricSecuritiesSettlement.com.

**CAN I SEE THE COURT FILE?**
**WHOM SHOULD I CONTACT IF I HAVE QUESTIONS?**

83.    This Notice contains only a summary of the terms of the proposed Settlement.  For more detailed information about the matters involved in this Action, you are referred to the papers on file in the Action, including the Stipulation, which may be inspected during regular office hours at the Office of the Clerk, United States District Court for the Northern District of California, 450 Golden Gate Avenue, 16th Floor, San Francisco, CA 94102.  Additionally, copies of the Stipulation and any related orders entered by the Court will be posted on the website maintained by the Claims Administrator, www.HawaiianElectricSecuritiesSettlement.com.

All inquiries concerning this Notice and the Claim Form should be directed to:

*Hawaiian Electric Securities Settlement*
c/o Verita Global, LLC
PO Box 301133
Los Angeles, CA 90030-1133
Tel: 1-888-808-8046
info@HawaiianElectricSecuritiesSettlement.com
www.HawaiianElectricSecuritiesSettlement.com

and/or

Jeremy Lieberman, Esq.
Pomerantz LLP
600 Third Avenue, 20th Fl.
New York, New York 10016-1917
Tel: 212-661-1100
jalieberman@pomlaw.com

**DO NOT CALL OR WRITE THE COURT, THE OFFICE OF THE CLERK OF THE COURT, DEFENDANTS OR THEIR COUNSEL REGARDING THIS NOTICE.**

Dated: _____ , 20__                              By Order of the Court

32

NOTICE OF (I) PENDENCY OF CLASS ACTION AND PROPOSED SETTLEMENT; (II) SETTLEMENT FAIRNESS HEARING; AND (III) MOTION FOR AN AWARD OF ATTORNEYS' FEES AND REIMBURSEMENT OF LITIGATION EXPENSES

United States District Court
NDCA

NOTICE OF (I) PENDENCY OF CLASS ACTION AND PROPOSED SETTLEMENT; (II) SETTLEMENT
FAIRNESS HEARING; AND (III) MOTION FOR AN AWARD OF ATTORNEYS' FEES AND
REIMBURSEMENT OF LITIGATION EXPENSES

# Exhibit A-2

**Exhibit A-2**

# PROOF OF CLAIM FORM

***Bhangal v. Hawaiian Electric Industries, Inc. et al.***

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
CASE NO. 3:23-cv-04332-JSC

TO BE ELIGIBLE TO RECEIVE A SHARE OF THE NET SETTLEMENT FUND IN CONNECTION WITH THE SETTLEMENT OF *BHANGAL V. HAWAIIAN ELECTRIC INDUSTRIES, INC. ET AL.* CASE NO. 3:23-cv-04332-JSC (THE "ACTION"), YOU MUST COMPLETE AND SIGN THIS PROOF OF CLAIM FORM ("CLAIM FORM") AND MAIL IT BY PREPAID, FIRST-CLASS MAIL, **POSTMARKED NO LATER THAN _____**, TO THE FOLLOWING ADDRESS:

***Hawaiian Electric Securities Settlement***
<u>**c/o Verita Global, LLC**</u>
<u>**PO Box 301133**</u>
<u>**Los Angeles, CA 90030-1133**</u>

ALTERNATIVELY, YOU MAY OBTAIN, COMPLETE, AND SUBMIT AN ELECTRONIC CLAIM **BY 11:59 P.M. EST ON _____, 2026** AT **WWW.HAWAIIANELECTRICSECURITIESSETTLEMENT.COM**.

CLAIM FORMS THAT ARE NOT MAILED BY PREPAID FIRST-CLASS MAIL AND/OR ARE RECEIVED WITH NO POSTMARK WILL BE DEEMED TO HAVE BEEN SUBMITTED ON THE DATE OF RECEIPT.

FAILURE TO SUBMIT YOUR CLAIM FORM AND THE REQUIRED SUPPORTING DOCUMENTATION BY THE DATE SPECIFIED WILL SUBJECT YOUR CLAIM TO REJECTION AND MAY PRECLUDE YOU FROM BEING ELIGIBLE TO RECEIVE ANY MONEY IN CONNECTION WITH THE SETTLEMENT.

**DO NOT MAIL OR DELIVER YOUR CLAIM FORM TO THE COURT, THE PARTIES TO THIS ACTION, OR THEIR COUNSEL.  SUBMIT YOUR CLAIM FORM ONLY TO THE CLAIMS ADMINISTRATOR AS SET FORTH ABOVE.**

<u>**GENERAL INSTRUCTIONS**</u>

1.  Capitalized terms not defined in this Claim Form have the meanings ascribed to them in the Stipulation and Agreement of Settlement, dated January 5, 2026 ("Stipulation"), and in the Notice that accompanies this Claim Form.

2.  It is important that you completely read and understand the accompanying Notice.  The Notice describes the proposed Settlement of the Action, how Settlement Class Members are affected by the Settlement, and the manner in which the Net Settlement Fund will be distributed if the Settlement and Plan of Allocation are approved by the Court.  By signing and submitting this Claim Form, you will be certifying that you have read and understood the Notice, including the Releases described therein and provided for herein.

3.  This Claim Form is directed to all members of the "Settlement Class" defined below. The Settlement Class consists of the following, regardless of which state or country the person or entity may reside or be domiciled in:

Questions?  Visit www.HawaiianElectricSecuritiesSettlement.com or call toll-free 1-888-808-8046.

all persons or entities who or which purchased or otherwise acquired HEI Securities between February 28, 2019 through September 4, 2023, inclusive (the "Class Period") and were allegedly damaged thereby.

4.  HEI's common stock are "HEI Securities."  All persons and entities that are members of the Settlement Class are "Settlement Class Members."

5.  Excluded from the Settlement Class are Defendants, the present and former Officers and directors of HEI and any subsidiary thereof, and the Immediate Family members, legal representatives, heirs, successors or assigns of such excluded persons and any entity in which any such excluded person has or had a controlling interest during the Class Period.  Also excluded from the Settlement Class are any persons or entities who or which exclude themselves by submitting a valid and timely request for exclusion in accordance with the requirements set forth in the Notice and persons and entities with no compensable losses.

6.  To be potentially eligible to recover from the Net Settlement Fund, you must complete and sign this Claim Form, and submit your Claim Form to the Claims Administrator as instructed below.  If you fail to submit a properly completed and addressed Claim Form by the date specified below, your Claim may be rejected, and you may be precluded from receiving any recovery from the Net Settlement Fund created in connection with the Settlement of the Action.

7.  Submission of this Claim Form, however, does not ensure that you will share in the Net Settlement Fund.  The distribution of the Net Settlement Fund will be governed by the Plan of Allocation set forth in the Notice, if it is approved by the Court, or by such other plan of allocation as the Court approves.

8.  **YOU MUST MAIL OR SUBMIT YOUR COMPLETED AND SIGNED CLAIM FORM SO THAT IT IS POSTMARKED NO LATER THAN _____,TO THE FOLLOWING ADDRESS:**

    *Hawaiian Electric Securities Settlement*
    c/o Verita Global, LLC
    PO Box 301133
    Los Angeles, CA 90030-1133
    **www.HawaiianElectricSecuritiesSettlement.com**

    **ALTERNATIVELY, YOU MAY OBTAIN, COMPLETE, AND SUBMIT AN ELECTRONIC CLAIM BY 11:59 P.M. EST ON _____, 2026 AT WWW.HAWAIIANELECTRICSECURITIESSETTLEMENT.COM.**

9.  To be considered timely, **your Claim Form must be mailed by first-class mail and postmarked, or submitted electronically, by the deadline above**.  Unless your Claim Form is submitted with a postmark by first-class mail, it will be deemed to have been submitted when actually received by the Claims Administrator.

10. Use the Schedule of Transactions in Part II of this Claim Form to supply all required details of your transaction(s) (including free transfers and deliveries) in and holdings of HEI securities.  On this schedule, please provide all of the requested information with respect to your holdings, purchases, acquisitions, and sales of HEI securities, regardless of whether such transactions resulted in a profit or a loss.  Failure to report all transaction and holding information during the requested time period may result in the rejection of your Claim.

11. You must submit supporting documentation for the transactions reported in this Claim Form, such as broker confirmation slips, broker account statements, an authorized statement from your broker reporting information about your transactions, or other similar documents.  **HEI and the Claims Administrator do not independently have information about your investments in HEI securities.  If such documents are not in your possession, please obtain copies or equivalent documents from your broker.  Failure to supply this documentation may result in the rejection of your claim.**  DO NOT SEND ORIGINAL DOCUMENTS.

Please keep a copy of all documents that you send to the Claims Administrator.  Also, please do not highlight any portion of the Claim Form or any supporting documents.

12. Separate Claim Forms should be submitted for each separate legal entity (*e.g.*, a Claim Form from joint owners should not include the transactions of just one of the joint owners, and an individual should not combine his or her IRA transactions with transactions made solely in the individual's name).  Conversely, a single Claim Form should be submitted on behalf of one legal entity that includes all transactions made by that entity, no matter how many separate accounts that entity has (*e.g.*, a corporation with multiple brokerage accounts should include all transactions made in all accounts on one Claim Form).

13. All joint beneficial owners must each sign this Claim Form, and their names must appear in Part I of this Claim Form.  If you purchased or otherwise acquired HEI securities during the Class Period and held HEI securities in your name, you are the beneficial owner as well as the record owner and you must sign this Claim Form to participate in the Settlement.  If you purchased or otherwise acquired HEI securities during the Class Period for your own benefit, but HEI security was registered in the name of a third party, such as a nominee or brokerage firm, you are still the beneficial owner of these shares, but the third party is the record owner.  The beneficial owner, not the record owner, must sign this Claim Form to be eligible to participate in the Settlement.

14. Agents, executors, administrators, guardians, and trustees must complete and sign the Claim Form on behalf of persons and entities represented by them, and they must:

    a. expressly state the capacity in which they are acting;
    b. identify the name, account number, Social Security Number (or taxpayer identification number), address and telephone number of the beneficial owner of (or other person or entity on whose behalf they are acting with respect to) HEI securities; and
    c. furnish evidence of their authority to bind to the Claim Form the person or entity on whose behalf they are acting.  (Authority to complete and sign a Claim Form cannot be established by brokers demonstrating only that they have discretionary authority to trade securities in another person/entity's accounts.)

15. By submitting this Claim Form, you will be making a request to share in the proceeds of the Settlement described in the Notice.  If you are NOT a Settlement Class Member, or are excluded from the definition of the Settlement Class, or if you, or someone acting on your behalf, submitted a request for exclusion from the Settlement Class in accordance with the instructions set forth in the Notice, DO NOT submit a Claim Form.  **You may not, directly or indirectly, participate in the Settlement if you are not a Settlement Class Member.**  Thus, if you are excluded from the Settlement Class, any Claim Form that you submit, or that may be submitted on your behalf, will not be accepted.

16. If you are a Settlement Class Member and you do not request exclusion from the Settlement Class pursuant to the instructions set forth in the Notice, you will be bound by the terms of the Settlement and any orders or judgments entered in this Action, **WHETHER OR NOT YOU SUBMIT A CLAIM FORM OR RECEIVE A PAYMENT**.

17. NOTICE REGARDING INSTITUTIONAL FILERS: Representatives with the authority to file on behalf of (a) accounts of multiple persons/entities and/or (b) institutional accounts with large numbers of transactions ("Representative Filers") must submit information regarding their clients' transactions in the approved electronic spreadsheet format, which is available by request to the Claims Administrator at info@HawaiianElectricSecuritiesSettlement.com  or  by  visiting  the  website www.HawaiianElectricSecuritiesSettlement.com. One spreadsheet may contain the information for multiple persons/entities and institutional accounts who constitute distinct legal entities ("Legal Entities"), but all Representative Filers MUST also submit a manually signed Claim Form, as well as proof of authority to file (see ¶ 14.c above) along with the electronic spreadsheet. The transactions and holdings in HEI common

stock should be reported in the electronic file so that each resulting claim corresponds to a single Legal Entity, regardless of the number of individually managed accounts the Legal Entity has, as only one claim will be processed per Legal Entity (*e.g.*, a Representative Filer reporting the transactions for a fund with multiple sub-accounts should report one total holding at the start of the Class Period, one total holding at the end of the Class Period, and a single set of transactions that includes all transactions made by the Legal Entity across their sub-accounts; this would constitute and be processed as a single claim). The Claims Administrator reserves the right to combine a Legal Entity's accounts into a single claim prior to processing in the event that a Legal Entity's accounts are divided across multiple claims when submitted by a Representative Filer. The Claims Administrator also reserves the right to request additional documentary proof regarding a Legal Entity's transactions and holdings in HEI common stock in order to prove and accurately process the claim.

18. NOTICE REGARDING ELECTRONIC FILES:  Certain claimants with large numbers of transactions may request, or may be requested, to submit information regarding their transactions in electronic files.  To obtain the mandatory electronic filing requirements and file layout, you may email the Claims Administrator's electronic filing department at edata@veritaglobal.com.  Any file not submitted in accordance with the required electronic filing format will be subject to rejection.  No electronic files will be considered to have been properly submitted unless the Claims Administrator issues an email after processing your file with your claim number(s) and respective account information.  Do not assume that your file has been received or processed until you receive this email.  If you do not receive such an email within 10 days of your submission, you should contact the electronic filing department at edata@veritaglobal.com to inquire about your file and confirm it was received and acceptable.

19. If you have questions concerning the Claim Form or need additional copies of the Claim Form or the Notice, you may contact the Claims Administrator, Verita, by writing to the above address, by calling the toll-free hotline at 1-888-808-8046 or by sending an email to info@HawaiianElectricSecuritiesSettlement.com, or you may download the documents from www. HawaiianElectricSecuritiesSettlement com.

20. **PLEASE NOTE: YOUR CLAIM IS NOT DEEMED SUBMITTED UNTIL YOU RECEIVE AN ACKNOWLEDGEMENT POSTCARD OR CONFIRMATION EMAIL.  THE CLAIMS ADMINISTRATOR WILL ACKNOWLEDGE RECEIPT OF YOUR CLAIM FORM BY MAIL WITHIN 60 DAYS, OR BY CONFIRMATION EMAIL, IF THE CLAIM IS SUBMITTED ELECTRONICALLY AT WWW.HAWAIIANELECTRICSECURITIESSETTLEMENT.COM.  IF YOU DO NOT RECEIVE AN ACKNOWLEDGEMENT POSTCARD OR CONFIRMATION EMAIL WITHIN 60 DAYS, PLEASE CONTACT THE CLAIMS ADMINISTRATOR.**

# I. CLAIMANT IDENTIFICATION

The Claims Administrator will use the information supplied below for all communications regarding this Claim Form.  If this information changes, you MUST notify the Claims Administrator in writing at the address above.

**A.     Select one of the options listed below to indicate the type of claimant:**

☐ Individual(s)     ☐ IRA          ☐ Estate          ☐ Trust          ☐ UGMA Custodian

☐ Corporation     ☐ Partnership     ☐ Other (please specify):

**B.     Please provide the required information below for the beneficial owner(s) of HEI securities claimed on this Claim Form. If this account is an IRA, and if you would like any check that you MAY be eligible to receive made payable to the IRA account, please include "IRA" in the "Last Name" box below (e.g., Jones IRA). If the beneficial owner is an entity (i.e. a corporation, trust, estate, etc.) or this Claim Form is being completed by a representative of the beneficial owner, as outlined in paragraph 14 above, you must also include the entity name (if applicable) and the name of the representative or custodian.**

Name (beneficial owner)

Name (joint beneficial owner, if applicable)

Entity Name

Name of Representative or Custodian, if applicable (executor, administrator, trustee, c/o, etc.)

**C.      Mailing/Account Information**

Mailing Address – Line 1: Street Address/P.O. Box

Mailing Address – Line 2 (If Applicable): Apartment/Suite/Floor Number

City

State/Province

Zip/Postal Code

Country

Last 4 digits of Claimant Social Security/Taxpayer Identification Number[1]

Daytime Telephone Number

Evening Telephone Number

Email Address (an email address is not required, but if you provide it, you authorize the Claims Administrator to use it in providing you with information relevant to this claim.)

---

[1] The last four digits of the taxpayer identification number (TIN), consisting of a valid Social Security Number (SSN) for individuals or Employer Identification Number (EIN) for business entities, trusts, estates, etc., and telephone number of the beneficial owner(s) may be used in verifying this claim.

# II. SCHEDULE OF TRANSACTIONS IN HEI SECURITIES

Please be sure to include proper documentation with your Claim Form as described in detail in paragraph 11 of the General Instructions above.  Do not include information regarding securities other than HEI securities.

| 1. **BEGINNING HOLDINGS OF HEI SECURITIES** – State the total number of shares of HEI securities held as of the close of trading on February 27, 2019 (must be documented).  If none, write "zero" or "0." | Proof of Position Enclosed ☐ Y   ☐ N |
|---|---|
|  |  |

2. **PURCHASES/ACQUISITIONS OF HEI SECURITIES DURING THE PERIOD FROM FEBRUARY 28, 2019 THROUGH AND INCLUDING NOVEMBER 30, 2023** – Separately list below each and every purchase/acquisition (including free receipts) of HEI securities from the opening of trading on February 28, 2019 through and including the close of trading on November 30, 2023 (must be documented).[2]

**IF NONE, CHECK HERE** ☐

| Date of Purchase / Acquisition (List Chronologically) (Month/Day/Year) | Number of Shares Purchased / Acquired | Purchase / Acquisition Price Per Share | Total Purchase / Acquisition Price (excluding all fees, taxes, and commissions) | Proof of Purchase / Acquisition Enclosed |
|---|---|---|---|---|
| /    / |  | $ | $ | ☐ Y    ☐ N |
| /    / |  | $ | $ | ☐ Y    ☐ N |
| /    / |  | $ | $ | ☐ Y    ☐ N |
| /    / |  | $ | $ | ☐ Y    ☐ N |
| /    / |  | $ | $ | ☐ Y    ☐ N |
| /    / |  | $ | $ | ☐ Y    ☐ N |
| /    / |  | $ | $ | ☐ Y    ☐ N |

| 3. **SALES OF HEI SECURITIES DURING THE PERIOD FROM FEBRUARY 28, 2019 THROUGH AND INCLUDING NOVEMBER 30, 2023** – Separately list each and every sale/disposition (including free deliveries) of HEI securities from | **IF NONE, CHECK HERE** |
|---|---|

---

[2] **Please note:**  Information requested with respect to your purchases/acquisitions of HEI securities from after the opening of trading on September 5, 2023 through and including November 30, 2023 is needed in order to balance your claim; purchases/acquisitions during this period, however, are not eligible under the Settlement and will not be used for purposes of calculating your Recognized Loss pursuant to the Plan of Allocation.

| the opening of trading on February 28, 2019 through and including the close of trading on November 30, 2023 (must be documented). | | | | ☐ |
| --- | --- | --- | --- | --- |
| **Date of Sale (List Chronologically) (Month/Day/Year)** | **Number of Shares Sold** | **Sale Price Per Share** | **Total Sale Price (excluding all fees, taxes, and commissions)** | **Proof of Sale Enclosed** |
| /    / | | $ | $ | ☐ Y    ☐ N |
| /    / | | $ | $ | ☐ Y    ☐ N |
| /    / | | $ | $ | ☐ Y    ☐ N |
| /    / | | $ | $ | ☐ Y    ☐ N |
| /    / | | $ | $ | ☐ Y    ☐ N |
| /    / | | $ | $ | ☐ Y    ☐ N |
| /    / | | $ | $ | ☐ Y    ☐ N |

| | |
| --- | --- |
| **4. HOLDINGS** – State the total number of shares of HEI securities held as of the close of trading on November 30, 2023 (must be documented).  If none, write "zero" or "0." | Proof of Position Enclosed ☐ Y    ☐ N |

**IF YOU REQUIRE ADDITIONAL SPACE FOR THE SCHEDULE ABOVE, ATTACH EXTRA SCHEDULES IN THE SAME FORMAT.  PRINT THE BENEFICIAL OWNER'S FULL NAME AND LAST FOUR DIGITS OF SOCIAL SECURITY/TAXPAYER IDENTIFICATION NUMBER ON EACH ADDITIONAL PAGE.  IF YOU DO ATTACH EXTRA SCHEDULES, CHECK THIS BOX** ☐

# III. RELEASE OF CLAIMS AND SIGNATURE

**YOU MUST ALSO READ THE CERTIFICATION SET FORTH BELOW AND
SIGN ON PAGE __ OF THIS CLAIM FORM.**

I (we) hereby acknowledge that, pursuant to the terms set forth in the Stipulation, without further action by anyone, upon the Effective Date of the Settlement, I (we), on behalf of myself (ourselves) and my (our) current and former officers, directors, agents, parents, affiliates, subsidiaries, successors, predecessors, assigns, assignees, employees, attorneys, heirs, executors, and administrators in their capacities as such, shall be deemed to have, and by operation of law and of the judgment shall have, fully, finally and forever compromised, settled, released, resolved, relinquished, waived and discharged each and every Releasing Plaintiffs' Parties' Claim against the Released Defendants' Parties (as defined in the Stipulation and in the Notice), and shall be (a) permanently and forever enjoined from instituting, commencing or prosecuting, in any capacity, any and all Releasing Plaintiffs' Parties' Claims against any of the Released Defendants' Parties; and (b) deemed to permanently covenant to refrain from instituting, commencing or prosecuting, in any capacity, any and all Releasing Plaintiffs' Parties' Claims against any of the Released Defendants' Parties.

# CERTIFICATION

By signing and submitting this Claim Form, the Claimant(s) or the person(s) who represent(s) the Claimant(s) certifies (certify), as follows:

1.  that I (we) have read and understand the contents of the Notice and this Claim Form, including the Releases provided for in the Stipulation and the terms of the Plan of Allocation;

2.  that the Claimant(s) is a (are) Settlement Class Member(s), as defined in the Notice and in paragraph 3 on page __ of this Claim Form, and is (are) not excluded by definition from the Settlement Class as set forth in the Notice and in paragraph 5 on page __ of this Claim Form;

3.  that the Claimant(s) did **not** submit a request for exclusion from the Settlement Class in accordance with the instructions set forth in the Notice;

4.  that I (we) own(ed) HEI securities identified in the Claim Form and have not assigned the claim against any of the Released Defendants' Parties to another, or that, in signing and submitting this Claim Form, I (we) have the authority to act on behalf of the owner(s) thereof;

5.  that the Claimant(s) has (have) not submitted any other Claim covering the same purchases/acquisitions of HEI securities and knows (know) of no other person having done so on the Claimant's (Claimants') behalf;

6.  that the Claimant(s) has (have) not already submitted to binding arbitration and is (are) not a party to any other lawsuit concerning Claimant's (Claimants') interest in HEI securities;

7.  that the Claimant(s) submit(s) to the jurisdiction of the Court with respect to Claimant's (Claimants') Claim and for purposes of enforcing the releases set forth herein;

8.  that I (we) agree to furnish such additional information with respect to this Claim Form as Plaintiffs' Counsel,

the Claims Administrator or the Court may require;

9.  that the Claimant(s) waive(s) the right to trial by jury, to the extent any such right may exist, and agree(s) to the Court's summary disposition of the determination of the validity or amount of the claim made by this Claim Form;

10. that I (we) acknowledge that the Claimant(s) will be bound by and subject to the terms of any judgment(s) that may be entered in the Action; and

11. that the Claimant(s) is (are) NOT subject to backup withholding under the provisions of Section 3406(a)(1)(C) of the Internal Revenue Code because (a) the Claimant(s) is (are) exempt from backup withholding or (b) the Claimant(s) has (have) not been notified by the IRS that he/she/it/they is/are subject to backup withholding as a result of a failure to report all interest or dividends or (c) the IRS has notified the Claimant(s) that he/she/it/they is/are no longer subject to backup withholding. **If the IRS has notified the Claimant(s) that he/she/it/they is/are subject to backup withholding, please strike out the language in the preceding sentence indicating that the claim is not subject to backup withholding in the certification above.**

UNDER THE PENALTIES OF PERJURY, I (WE) CERTIFY THAT ALL OF THE INFORMATION PROVIDED BY ME (US) ON THIS CLAIM FORM IS TRUE, CORRECT, AND COMPLETE, AND THAT THE DOCUMENTS SUBMITTED HEREWITH ARE TRUE AND CORRECT COPIES OF WHAT THEY PURPORT TO BE.

Executed this _____ day of _____ in _____
                                (Month/Year)             (City/State/Country)

| | |
|---|---|
| _____ | _____ |
| (Sign your name here) | (Sign your name here) |
| _____ | _____ |
| (Type or print your name here) | (Type or print your name here) |
| _____ | _____ |
| Capacity of person signing on behalf of Claimant, if other than an individual, *e.g.*, executor, president, trustee, custodian, etc. (must provide evidence of authority to act on behalf of Claimant – see paragraph 14 on page __ of this Claim Form.) | Capacity of person signing on behalf of Claimant, if other than an individual, *e.g.*, executor, president, trustee, custodian, etc. (must provide evidence of authority to act on behalf of Claimant – see paragraph 14 on page __ of this Claim Form.) |

# IV. REMINDER CHECKLIST



**Please sign the above release and certification.** If this Claim Form is being made on behalf of joint claimants, then both must sign.

---

Remember to attach only **copies** of acceptable supporting documentation as these documents will not be returned to you.



---



Please do not highlight any portion of the Claim Form or any supporting documents.

---

Keep copies of the completed Claim Form and documentation for your own records.



---



The Claims Administrator will acknowledge receipt of your Claim Form by mail or email, within 60 days. Your claim is not deemed filed until you receive an acknowledgement postcard or confirmation email. **IF YOU DO NOT RECEIVE AN ACKNOWLEDGEMENT POSTCARD OR CONFIRMATION EMAIL WITHIN 60 DAYS, PLEASE CALL THE CLAIMS ADMINISTRATOR TOLL-FREE AT 1-888-808-8046.**

---

If your address changes in the future, or if this Claim Form was sent to an old or incorrect address, please send the Claims Administrator written notification of your new address. If you change your name, please inform the Claims Administrator.



---



If you have any questions or concerns regarding your claim, please contact the Claims Administrator at the address below, by email at info@HawaiianElectricSecuritiesSettlement.com, or by toll-free phone at 1-888-808-8046, or you may visit www.HawaiianElectricSecuritiesSettlement.com. **Please DO NOT call the Defendants or their Counsel with questions regarding your claim.**

THIS CLAIM FORM MUST BE SUBMITTED TO THE CLAIMS ADMINISTRATOR BY FIRST-CLASS MAIL SO THAT IT IS **POSTMARKED NO LATER THAN _____, 2026**, ADDRESSED AS FOLLOWS:

*Hawaiian Electric Securities Settlement*
c/o Verita Global, LLC
PO Box 301133
Los Angeles, CA 90030-1133

**ALTERNATIVELY, YOU MAY OBTAIN, COMPLETE, AND SUBMIT AN ELECTRONIC CLAIM BY 11:59 P.M. EST ON _____, 2026 AT WWW.HAWAIIANELECTRICSECURITIESSETTLEMENT.COM.**

A Claim Form received by the Claims Administrator shall be deemed to have been submitted when posted, if a postmark date on or before _____, is indicated on the envelope and it is mailed First Class, and addressed

Questions? Visit www.HawaiianElectricSecuritiesSettlement.com or call toll-free 1-888-808-8046.

in accordance with the above instructions.  In all other cases, a Claim Form shall be deemed to have been submitted when actually received by the Claims Administrator.

You should be aware that it will take a significant amount of time to fully process all of the submitted Claim Forms and to administer the Settlement.  This work will be completed as promptly as time permits.  Please be patient and notify the Claims Administrator of any change of address.

# Exhibit A-3

**Exhibit A-3**

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

## SAN FRANCISCO DIVISION

| | |
|---|---|
| BHAPINDERPAL S. BHANGAL, Individually and on Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>v.<br><br>HAWAIIAN ELECTRIC INDUSTRIES, INC., HAWAIIAN ELECTRIC COMPANY, INC., CONSTANCE H. LAU, SCOTT W. H. SEU, GREGORY C. HAZELTON, PAUL K. ITO, and SHELEE KIMURA,<br><br>Defendants. | CASE NO.  3:23-cv-04332-JSC |

**SUMMARY NOTICE OF (I) PENDENCY OF CLASS ACTION AND PROPOSED SETTLEMENT; (II) SETTLEMENT FAIRNESS HEARING; AND (III) MOTION FOR AN AWARD OF ATTORNEYS' FEES AND REIMBURSEMENT OF LITIGATION EXPENSES**

**TO:   All persons and entities who, during the period between February 28, 2019 through September 4, 2023, inclusive, purchased or otherwise acquired Hawaiian Electric Industries Inc. ("HEI") securities and were allegedly damaged thereby (the "Settlement Class")**

**PLEASE READ THIS NOTICE CAREFULLY, AS YOUR RIGHTS WILL BE AFFECTED BY A CLASS ACTION LAWSUIT PENDING IN THIS COURT.**

YOU ARE HEREBY NOTIFIED, pursuant to Rule 23 of the Federal Rules of Civil Procedure and an Order of the United States District Court for the Northern District of California, that the above-captioned litigation (the "Action") has been preliminary certified for settlement

1

purposes only as a class action on behalf of the Settlement Class, except for certain persons and entities who are excluded from the Settlement Class by definition as set forth in the full printed Notice of (I) Pendency of Class Action and Proposed Settlement; (II) Settlement Fairness Hearing; and (III) Motion for an Award of Attorneys' Fees and Reimbursement of Litigation Expenses (the "Notice").

YOU ARE ALSO NOTIFIED that Plaintiffs in the Action have reached a proposed settlement of the Action for $47,750,000 (the "Settlement"), that, if approved, will resolve all claims in the Action.

A hearing will be held on _____ at _____.m., before the Honorable Jacqueline Scott Corley in Courtroom 8, 19th Floor, United States District Court for the Northern District of California, Phillip Burton Federal Building, 450 Golden Gate Avenue, San Francisco, CA 94102, to determine (i) whether the proposed Settlement should be approved as fair, reasonable, and adequate; (ii) whether the Action should be dismissed with prejudice against Defendants, and the Releases specified and described in the Stipulation and Agreement of Settlement dated January 5, 2026 should be granted; (iii) whether the proposed Plan of Allocation should be approved as fair and reasonable; and (iv) whether Plaintiffs' Counsel's application for an award of attorneys' fees and reimbursement of expenses and Plaintiffs' reimbursement for their time and expenses should be approved. The Court reserves the right to hold the Settlement Hearing telephonically or by other virtual means.

If you are a member of the Settlement Class, your rights will be affected by the pending Action and the Settlement, and you may be entitled to share in the Settlement Fund. If you have not yet received the Notice and Proof of Claim Form ("Claim Form"), you may obtain copies of these documents by contacting the Claims Administrator at info@HawaiianElectricSecuritiesSettlement.com. Copies of the Notice and Claim Form can also be downloaded from the website maintained by the Claims Administrator, www.HawaiianElectricSecuritiesSettlement.com.

If you are a member of the Settlement Class, in order to be eligible to receive a payment

2

under the proposed Settlement, you must submit a Claim Form to the Claims Administrator *postmarked* no later than _____ or submitted electronically by 11:59 p.m. EST on _____, 2026. If you are a Settlement Class Member and do not submit a proper Claim Form, you will not be eligible to share in the distribution of the net proceeds of the Settlement, but you will nevertheless be bound by any judgments or orders entered by the Court in the Action.

If you are a member of the Settlement Class and wish to exclude yourself from the Settlement Class, you must submit a request for exclusion such that it is *received* no later than _____ by the Claims Administrator, Plaintiffs' Counsel, and Defendants' Counsel, in accordance with the instructions set forth in the Notice. If you properly exclude yourself from the Settlement Class, you will not be bound by any judgments or orders entered by the Court in the Action and you will not be eligible to share in the proceeds of the Settlement.

Any objections to the proposed Settlement, the proposed Plan of Allocation, or Plaintiffs' Counsel's motion for attorneys' fees and reimbursement of expenses and reimbursement to Plaintiffs, must be filed with the Clerk of the Court and delivered to Plaintiffs' Counsel and Defendants' Counsel such that they are *received* no later than _____:

| **Clerk's Office** | **Plaintiffs' Counsel** | **Defendants' Counsel** |
|---|---|---|
| United States District Court for the Northern District of California Clerk of the Court Phillip Burton Federal Building 450 Golden Gate Avenue San Francisco, CA 94102 16th floor | Pomerantz LLP Jeremy A. Lieberman, Esq. 600 Third Avenue, 20th Floor New York, NY 10016-1917 | Skadden Arps Slate Meager & Flom LLP Peter Bradley Morrison 300 South Grand Avenue, Suite 3400 Los Angeles, CA 90071 <br><br> Mark R.S. Foster 525 University Avenue, Palo Alto, California 94301 |

**Please do not contact the Court, the Clerk's office, HEI, any of the other Defendants or their counsel regarding this notice. All questions about this notice, the proposed Settlement, or your eligibility to participate in the Settlement should be directed to Plaintiffs' Counsel or the Claims Administrator.**

Inquiries, other than requests for the Notice and Claim Form, should be made to Plaintiffs'

3

SUMMARY NOTICE OF (I) PENDENCY OF CLASS ACTION AND PROPOSED SETTLEMENT; (II) SETTLEMENT FAIRNESS HEARING; AND (III) MOTION FOR AN AWARD OF ATTORNEYS' FEES AND REIMBURSEMENT OF LITIGATION EXPENSES

Counsel:

POMERANTZ LLP
Jeremy Lieberman, Esq.
600 Third Ave., 20th Floor
New York, NY 10016-1917
Telephone: 212-661-1100
jalieberman@pomlaw.com

Requests for the Notice and Claim Form should be made to:

*Hawaiian Electric Securities Settlement*
c/o Verita Global, LLC
PO Box 301133
Los Angeles, CA 90030-1133
Tel: 1-888-808-8046
info@HawaiianElectricSecuritiesSettlement.com
www.HawaiianElectricSecuritiesSettlement.com

By Order of the Court

4

SUMMARY NOTICE OF (I) PENDENCY OF CLASS ACTION AND PROPOSED SETTLEMENT; (II) SETTLEMENT
FAIRNESS HEARING; AND (III) MOTION FOR AN AWARD OF ATTORNEYS' FEES AND REIMBURSEMENT OF
LITIGATION EXPENSES

# Exhibit B

**Exhibit B**

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

### SAN FRANCISCO DIVISION

BHAPINDERPAL S. BHANGAL,
Individually and on Behalf of All Others
Similarly Situated,

Plaintiff,

v.

HAWAIIAN ELECTRIC INDUSTRIES,
INC., HAWAIIAN ELECTRIC COMPANY,
INC., CONSTANCE H. LAU, SCOTT W. H.
SEU, GREGORY C. HAZELTON, PAUL K.
ITO, and SHELEE KIMURA,

Defendants.

CASE NO.  3:23-cv-04332-JSC

### [PROPOSED] FINAL JUDGMENT
#### APPROVING CLASS ACTION SETTLEMENT

WHEREAS, a putative class action is pending in this Court entitled *Bhangal v. Hawaiian Electric Industries, Inc. et al.,* Case No. 3:23-cv-04332-JSC. (the "Action");

WHEREAS, (a) Court-Appointed Lead Plaintiff Daniel Warren ("Lead Plaintiff"), and additional Plaintiffs Bhapinderpal S. Bhangal and Emaad Kuhdear (together with Lead Plaintiff, "Plaintiffs"), on behalf of themselves and the Settlement Class (defined below); and (b) Defendants Hawaiian Electric Industries Inc. ("HEI" or the "Company"), Hawaiian Electric Company, Inc. ("Hawaiian Electric" or "HECO"), Constance H. Lau ("Lau"), Scott W. H. Seu ("Seu"), Gregory C. Hazelton ("Hazelton"), Paul K. Ito ("Ito"), and Shelee Kimura ("Kimura") (collectively, "Defendants," and each Defendant, except HEI and HECO, collectively referred to as "Individual Defendants," and each Defendant, together with Plaintiffs, the "Parties" and each a "Party"), have entered into a Stipulation and Agreement of Settlement dated January 5, 2026 (the "Stipulation"), that provides for a complete dismissal with prejudice of the claims asserted against

1

all Defendants and the Action on the terms and conditions set forth in the Stipulation, subject to approval of this Court (the "Settlement");

WHEREAS, unless otherwise defined herein, all capitalized words contained herein shall have the same meanings as they have in the Stipulation;

WHEREAS, by Order dated _____ 20___ (the "Preliminary Approval Order"), this Court:  (a) preliminarily approved the Settlement; (b) preliminarily certified the Class solely for purposes of effectuating the Settlement; (c) ordered that notice of the proposed Settlement be provided to potential Settlement Class Members; (d) provided Settlement Class Members with the opportunity either to exclude themselves from the Settlement Class or to object to the proposed Settlement; and (e) scheduled a hearing regarding final approval of the Settlement;

WHEREAS, due and adequate notice has been given to the Settlement Class;

WHEREAS, the Court conducted a hearing on _____, 2026 (the "Settlement Hearing") to consider, among other things, (a) whether the terms and conditions of the Settlement are fair, reasonable and adequate, and the Settlement should therefore be approved; and (b) whether a judgment should be entered dismissing the Action with prejudice; and

WHEREAS, the Court having reviewed and considered the Stipulation, all papers filed and proceedings held herein in connection with the Settlement, all oral and written comments received regarding the Settlement, and the record in the Action, and good cause appearing therefor;

IT IS HEREBY ORDERED, ADJUDGED AND DECREED:

1.     **Jurisdiction** - The Court has jurisdiction over the subject matter of the Action, and all matters relating to the Settlement, as well as personal jurisdiction over all the Parties and each of the Settlement Class Members.

2.     **Incorporation of Settlement Documents** - This Judgment incorporates and makes a part hereof: (a) the Stipulation filed with the Court on January 5, 2026; and (b) the Notice and the Summary Notice, both of which were filed with the Court on January 5, 2026.

3.     **Class Certification for Settlement Purposes** - The Court hereby certifies for the purposes of the Settlement only, the Action as a class action pursuant to Rules 23(a) and (b)(3) of the Federal Rules of Civil Procedure on behalf of the Settlement Class consisting of all persons and entities other than Defendants who purchased or otherwise acquired HEI securities between February 28, 2019 and September 4, 2023, both dates inclusive, and were damaged thereby.

2

Excluded from the Settlement Class are (i) Defendants; (ii) current and former officers and directors of the Company, at all relevant times; (iii) members of the immediate family of each of the Individual Defendants; (iv) all subsidiaries and affiliates of the Company and the directors and officers of such subsidiaries or affiliates; (v) all persons, firms, trusts, corporations, officers, directors, and any other individual or entity in which any of the Defendants has a controlling interest; and (vi) the legal representatives, agents, affiliates, heirs, successors-in-interest or assigns of all such excluded parties, each in its capacity as such. [Also excluded from the Settlement Class are the persons or entities set forth in Exhibit 1, who or which are excluded from the Settlement Class pursuant to request.]

4.    **Settlement Class Findings** – For purposes of the Settlement only, the Court finds that each element required for certification of the Settlement Class pursuant to Rule 23 of the Federal Rules of Civil Procedure has been met: (a) the members of the Settlement Class are so numerous that their joinder in the Action would be impracticable; (b) there are questions of law and fact common to the Settlement Class which predominate over any individual questions; (c) the claims of Lead Plaintiffs in the Action are typical of the claims of the Settlement Class; (d) Lead Plaintiffs and Lead Counsel have and will fairly and adequately represent and protect the interests of the Settlement Class; and (e) a class action is superior to other available methods for the fair and efficient adjudication of the claims of the Settlement Class in the Action.

5.    **Adequacy of Representation** – Pursuant to Rule 23 of the Federal Rules of Civil Procedure, and for the purposes of the Settlement only, the Court hereby appoints Lead Plaintiff as Class Representative for the Settlement Class, and appoints Lead Counsel Pomerantz LLP as Class Counsel for the Settlement Class. Lead Plaintiff and Lead Counsel have fairly and adequately represented the Settlement Class both in terms of litigating the Action and for purposes of entering into and implementing the Settlement and have satisfied the requirements of Federal Rules of Civil Procedure 23(a)(4) and 23(g), respectively.

6.    **Notice** - The Court finds that the dissemination of the Notice and the publication of the Summary Notice:  (a) were implemented in accordance with the Preliminary Approval Order; (b) constituted the best notice practicable under the circumstances; (c) constituted notice

3

that was reasonably calculated, under the circumstances, to apprise Settlement Class Members of (i) the pendency of the Action, (ii) the effect of the proposed Settlement (including the Releases to be provided thereunder), (iii) Plaintiffs' Counsel's motion for an award of attorneys' fees with interest and reimbursement of Litigation Expenses, including any award to Plaintiffs under 15 U.S.C. §78u-4(a)(4), (iv) their right to object to any aspect of the Settlement, the Plan of Allocation and/or Plaintiffs' Counsel's motion for attorneys' fees with interest and reimbursement of Litigation Expenses, including any award to Plaintiffs, (v) their right to exclude themselves from the Settlement Class, and (vi) their right to appear at the Settlement Hearing; (d) constituted due, adequate, and sufficient notice to all persons and entities entitled to receive notice of the proposed Settlement; and (e) satisfied the requirements of Rule 23 of the Federal Rules of Civil Procedure, the United States Constitution (including the Due Process Clause), the Private Securities Litigation Reform Act of 1995, 15 U.S.C. § 78u-4, as amended, and all other applicable law and rules.

7.      **<u>Final Settlement Approval and Dismissal of Claims</u>** - Pursuant to, and in accordance with, Rule 23(e)(2) of the Federal Rules of Civil Procedure, this Court hereby fully and finally approves the Settlement set forth in the Stipulation in all respects (including, without limitation: the amount of the Settlement; the Releases provided for therein; and the dismissal with prejudice of the claims asserted against Defendants in the Action), and finds that the Settlement is, in all respects, fair, reasonable and adequate. Specifically, the Court finds that (a) Plaintiffs and Lead Counsel have adequately represented the Settlement Class; (b) the Settlement was negotiated by the Parties at arm's length; and (c) the relief provided for the Settlement Class under the Settlement is adequate taking into account the costs, risks, and delay of trial and appeal.  The Parties are directed to implement, perform and consummate the Settlement in accordance with the terms and provisions contained in the Stipulation.

8.      The Action and all of the claims asserted against Defendants in the Action by Plaintiffs and the other Settlement Class Members are hereby dismissed with prejudice. The Parties shall bear their own costs and expenses, except as otherwise expressly provided in the Stipulation.

9.      **<u>Binding Effect</u>** - The terms of the Stipulation and of this Judgment shall be forever binding on Defendants, Plaintiffs, other Settlement Class Members (regardless of whether or not

4

any individual Settlement Class Member submits a Claim Form or seeks or obtains a distribution from the Net Settlement Fund), and all other Releasing Plaintiffs' Parties, as well as their respective successors and assigns. [The persons and entities listed on Exhibit 1 hereto are excluded from the Settlement Class pursuant to request and are not bound by the terms of the Stipulation or this Judgment.]

10. **Releases** - The Releases set forth in paragraphs 4 and 5 of the Stipulation, together with the definitions contained in paragraph 1 of the Stipulation relating thereto, are expressly incorporated herein in all respects. The Releases are effective as of the Effective Date. Accordingly, this Court orders that:

(a) Without further action by anyone, upon the Effective Date of the Settlement, Plaintiffs and the other members of the Settlement Class, together with all other Releasing Plaintiffs' Parties, shall be deemed to have, and by operation of law and of the judgment shall have, fully, finally and forever compromised, settled, released, resolved, relinquished, waived and discharged each and every Releasing Plaintiffs' Parties' Claim against the Released Defendants' Parties, shall be permanently and forever barred and enjoined from instituting, commencing or prosecuting, in any capacity, any and all of the Releasing Plaintiffs' Parties' Claims against any of the Released Defendants' Parties, and shall be deemed to have permanently covenanted to refrain from instituting, commencing or prosecuting, in any capacity, any and all of the Releasing Plaintiffs' Parties' Claims against any of the Released Defendants' Parties.

(b) Without further action by anyone, and subject to paragraph 13 below, upon the Effective Date of the Settlement, Defendants will release the Released Defendants' Claims as against the Releasing Plaintiffs' Parties and shall be deemed to have, and by operation of law and of the judgment shall have, fully, finally and forever compromised, settled, released, resolved, relinquished, waived and discharged each and every Released Defendants' Claim against the Releasing Plaintiffs' Parties, and shall forever be barred and enjoined from prosecuting any or all of Released Defendants' Claims against any of the Releasing Plaintiffs' Parties. [This Release shall not apply to any person or entity listed on Exhibit 1 hereto.].

5

11.     Notwithstanding paragraphs 10(a) - (b) above, nothing in this Judgment shall bar any action by any of the Parties to enforce or effectuate the terms of the Stipulation or this Judgment.

12.     **Rule 11 Findings** - The Court finds and concludes that the Plaintiffs and Defendants and their respective counsel have complied in all respects with the requirements of Rule 11 of the Federal Rules of Civil Procedure in connection with the institution, prosecution, defense, and settlement of the Action.

13.     **Plan of Allocation Approval** - The Court finds and concludes that the formula for the calculation of the claims of Claimants as set forth in the Plan of Allocation submitted by Plaintiffs' Counsel, as described in the Notice and in accordance with paragraph 1(hh) of the Stipulation, is hereby approved as fair, reasonable and adequate.  Any further orders or proceedings solely regarding the Plan of Allocation, or any appeal from any order relating thereto or reversal or modification thereof, shall be considered separate and apart from this Judgment and shall not operate to terminate the Settlement or in any way disturb or affect this Judgment, the finality of this Judgment, the finality of the Releases, or the release of the Released Claims.  Any orders regarding the Plan of Allocation shall not affect or delay the Effective Date of the Settlement.

14.     **No Admissions** - Neither this Judgment, the Term Sheet, the Stipulation, the Settlement (whether or not consummated), including the exhibits thereto and the Plan of Allocation contained therein (or any other plan of allocation that may be approved by the Court), the negotiations leading to the execution of the Term Sheet and the Stipulation, nor any proceedings taken pursuant to or in connection with the Term Sheet, the Stipulation and/or approval of the Settlement (including any arguments proffered in connection therewith):

(a)     shall be offered against any of the Released Defendants' Parties as evidence of, or construed as, or deemed to be evidence of any presumption, concession, or admission by any of the Released Defendants' Parties with respect to the truth of any fact alleged by Plaintiffs or the validity of any claim that was or could have been asserted or the deficiency of any defense that has been or could have been asserted in this Action or in any other litigation, or of any liability, negligence, fault, or other wrongdoing of any kind on the part of any of the Released Defendants'

6

Parties or in any way referred to for any other reason as against any of the Released Defendants' Parties, in any civil, criminal or administrative action or proceeding, other than such proceedings as may be necessary to effectuate the provisions of the Stipulation;

(b)   shall be offered against any of the Releasing Plaintiffs' Parties, as evidence of, or construed as, or deemed to be evidence of any presumption, concession or admission by any of the Releasing Plaintiffs' Parties that any of their claims are without merit, that any of the Released Defendants' Parties had meritorious defenses, or that damages recoverable under the Second Amended Complaint (or any predecessor complaint) would not have exceeded the Settlement Amount or with respect to any liability, negligence, fault or wrongdoing of any kind, or in any way referred to for any other reason as against any of the Releasing Plaintiffs' Parties, in any civil, criminal or administrative action or proceeding, other than such proceedings as may be necessary to effectuate the provisions of the Stipulation; or

(c)   shall be construed against any of the Released Defendants' Parties or the Releasing Plaintiffs' Parties as an admission, concession, or presumption that the consideration to be given under the Settlement represents the amount which could be or would have been recovered after trial; provided, however, that the Released Defendants' Parties and the Releasing Plaintiffs' Parties may refer to this Judgment and the Stipulation to effectuate the protections from liability granted hereunder and thereunder or otherwise to enforce the terms of the Settlement.

15.   **Retention of Jurisdiction** - Without affecting the finality of this Judgment in any way, this Court retains continuing and exclusive jurisdiction over:  (a) the Parties for purposes of the administration, interpretation, implementation and enforcement of the Settlement; (b) the disposition of the Settlement Fund; (c) any motion for an award of attorneys' fees and/or Litigation Expenses by Plaintiffs' Counsel in the Action that will be paid from the Settlement Fund; (d) any motion to approve the Plan of Allocation; (e) any motion to approve the Class Distribution Order; and (f) the Settlement Class Members for all matters relating to the Action.

16.   **Modification of the Agreement of Settlement** - Without further approval from the Court, Plaintiffs and Defendants are hereby authorized to agree to and adopt such amendments or modifications of the Stipulation or any exhibits attached thereto to effectuate the Settlement that:

7

(a) are not materially inconsistent with this Judgment; and (b) do not materially limit the rights of Settlement Class Members in connection with the Settlement. Without further order of the Court, Plaintiffs and Defendants may agree to reasonable extensions of time to carry out any provisions of the Settlement.

17.    **Plaintiffs' Counsel's Attorney Fees and Expenses** - The Court hereby awards Plaintiffs' Counsel attorneys' fees in the amount of _____% of the Settlement Fund and expenses in an amount of $_____, together with the interest earned thereon for the same time period and at the same rate as that earned on the Settlement Fund until paid.  The Court finds that the amount of fees awarded is fair and reasonable in light of the time and labor required, the novelty and difficulty of the case, the skill required to prosecute the case, the experience and ability of the attorneys, awards in similar cases, the contingent nature of the representation and the result obtained for the Settlement Class.  Said fees shall be allocated among any other Plaintiffs' Counsel in a manner which, in Plaintiffs' Counsel's good-faith judgment, reflects each counsel's contribution to the institution, prosecution, and resolution of the Action.

18.    **Plaintiffs' Expenses Related to Representation of the Class** - The Court hereby awards Plaintiffs their reasonable costs and expenses (including lost wages) directly related to their representation of the Class in the amount of $_____.

19.    The awarded attorneys' fees and expenses, and interest earned thereon, as well as any costs or expenses awarded pursuant to the previous paragraph, shall be paid to Plaintiffs' Counsel (or to the Plaintiffs described in the previous paragraph) from the Settlement Fund immediately after the date this Judgment is executed subject to the terms, conditions, and obligations of the Stipulation.  Any awards of attorneys' fees and expenses, as well as any costs or expenses awarded pursuant to the previous paragraph, shall in no way affect or delay the finality of this Judgment or the Releases and shall not affect or delay the Effective Date of the Settlement.

20.    **Termination of Settlement** - If the Settlement is terminated as provided in the Stipulation or the Effective Date of the Settlement otherwise fails to occur, this Judgment shall be vacated, rendered null and void and be of no further force and effect, except as otherwise provided by the Stipulation, and this Judgment shall be without prejudice to the rights of Plaintiffs, the other

8

Settlement Class Members and Defendants, and the Parties shall revert to their respective positions in the Action as of November 5, 2025 (the date of the Term Sheet), as provided in the Stipulation.

21.    **Entry of Final Judgment** - There is no just reason to delay the entry of this Judgment as a final judgment in this Action. Accordingly, the Clerk of the Court is expressly directed to immediately enter this final judgment in this Action.

SO ORDERED this _____ day of _____ , 20__.


_____

The Honorable Jacqueline Scott Corley

United States District Judge

[PROPOSED] FINAL JUDGMENT APPROVING CLASS ACTION SETTLEMENT
(CASE NO. 3:23-cv-04332-JSC)