UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BHAPINDERPAL S. BHANGAL,<br><br>Plaintiff,<br><br>v.<br><br>HAWAIIAN ELECTRIC INDUSTRIES, INC., et al.,<br><br>Defendants. | Case No.  3:23-cv-04332-JSC<br><br>**ORDER REQUESTING SUPPLEMENTAL BRIEFING REGARDING MOTION FOR PRELIMINARY APPROVAL**<br><br>Re: Dkt. No. 118 |

Plaintiffs in this federal securities class action allege Hawaiian Electric Industries, Inc. ("HEI") and its top officials misled investors to believe the utility was taking appropriate action to mitigate wildfire risk.  The Court previously dismissed the action with leave to amend.  (Dkt. No. 92.[1])  Following amendment, Defendants again moved to dismiss and the parties reached a class action settlement while that motion was pending.  (Dkt. Nos. 93, 106, 116.)  Plaintiffs' motion for preliminary approval of the class action settlement is now pending before the Court.  (Dkt. No. 118.)  Upon review of the motion, the Court requests supplemental briefing and CONTINUES the February 5, 2026 hearing date to February 26, 2026 at 10:00 a.m.

*First*, the motion for preliminary approval provides insufficient information as to the valuation of claims.  The motion asserts "Plaintiff's damages expert estimates that aggregate maximum recoverable damages in this matter are approximately $1.7 billion. Consequently, the $47,750,000 Settlement provides a recovery of approximately 2.8% of estimated damages," but no declaration or supporting documentation is attached. (Dkt. No. 118 at 20.)

*Second* and relatedly, there is no declaration from class counsel supporting any of the other

---

[1] Record citations are to material in the Electronic Case File ("ECF"); pinpoint citations are to the ECF-generated page numbers at the top of the documents.

assertions made in the motion including the process by which the settlement was reached, the risks of continued litigation, and the process for selecting the Settlement Administrator.  *See* Civ. L.R. 7-5(a) ("Factual contentions made in support of or in opposition to any motion must be supported by an affidavit or declaration and by appropriate references to the record.").

*Third*, although the motion for preliminary approval repeatedly refers to the $47,750,000 Settlement Fund, there is no discussion of the plan of allocation among the class members. The Court must preliminarily approve the plan of allocation as well as the settlement itself. In a securities action, the "distribution plan is governed by the same legal standards that apply to the approval of a settlement: the plan must be fair, reasonable, and adequate." *In re Lyft, Inc. Sec. Litig.*, No. 19-CV-02690-HSG, 2022 WL 17740302, at *7 (N.D. Cal. Dec. 16, 2022). The motion for preliminary approval simply refers to the "Plan of Allocation" as set forth in the notice, but does not describe the plan of allocation, state why it is reasonable, or provide any estimates of class member recovery under the plan of allocation.  (Dkt. No. 118 at 24.)

*Fourth*, the Settlement Agreement states the Settlement Fund will be used to pay "any taxes," but there is no discussion of this provision in the motion.  (Dkt. No. 119-1 at ¶ 1(bb); ¶ 8.)

*Fifth*, the notice states Plaintiffs intend to apply for "service awards to Plaintiffs for their representation of the Settlement Class."  (Dkt. No. 119-1 at 55.)  The Settlement Agreement, however, does not identify service awards as something that will come out of the Settlement Fund. (Dkt. No. 119-1 at ¶ 8.)  The motion for preliminary approval indicates counsel's motion for fees and costs "will also include a request for 15 U.S.C. § 78u-4(a)(4) awards to the Plaintiffs." (Dkt. No. 118 at 28-29.)  Service awards for representative plaintiffs in class action settlements and awards under 15 U.S.C. § 78u-4(a)(4) are not the same.  *See Hardy v. Embark Tech., Inc.*, No. 3:22-CV-02090-JSC, 2024 WL 1354416, at *11 (N.D. Cal. Mar. 29, 2024) (discussing differences).  Under 15 U.S.C. § 78u-4(a)(4) representatives may recover "reasonable costs and expenses (including lost wages) directly relating to the representation of the class" but plaintiffs may not recover traditional service awards.  *See* 15 U.S.C. § 78u-4(a)(4).  Plaintiffs shall clarify what type of an award they are seeking and revise the notice as necessary.

*Sixth*, there are number of issues with the 33-page notice including, among others:

United States District Court
Northern District of California

- The information regarding what claims are being released is confusing.  The notice describes "Releasing Plaintiffs' Parties' Claim" and "Releasing Defendants Parties' Claims."  (Dkt. No. 119-1 at 64-68.)  Why is information regarding "Released Defendants Parties" included in the notice? The notice should describe the claims being released by the *class members* in plain English.

- While the notice begins with information regarding the estimated average amount of recovery, it does not disclose until page 25 that no distributions will be made to class members if their share is less than $10.  (Dkt. No. 119-1 at 76.)  This information should be disclosed upfront.

- The notice suggests members of the public can view the Clerk's Office at the San Francisco courthouse and view the pleadings and case related documents—they cannot. The website the Settlement Administrator sets up should provide class members with copies of the motion for preliminary approval, the notice, claims forms, motion for attorneys' fees and costs, motion for final approval, and any related Court orders.

- Relatedly, paragraph 68 should contain information about how class members can view the forthcoming motion for attorneys' fees and costs.

- Given the length of the notice, the Court suggests a single-space format as is commonly used in these cases.  *See, e.g., In Re Quantumscape Securities Class Action Litigation*, No. 21-58 WHO, Dkt. No. 211-4; *Hardy v. Embark*, No. 22-2090, Dkt. No. 87-1.

\*\*\*

Plaintiffs shall submit a supplemental brief and revised notice addressing these issues by February 12, 2026.  In light of this Order, the preliminary approval hearing is CONTINUED to February 26, 2026 at 10:00 a.m.

**IT IS SO ORDERED.**

Dated: January 26, 2026

JACQUELINE SCOTT CORLEY
United States District Judge

United States District Court
Northern District of California