**POMERANTZ LLP**
Jeremy A. Lieberman
Austin P. Van
600 Third Avenue, 20th Floor
New York, NY 10016
Telephone: (212) 661-1100
jalieberman@pomlaw.com
avan@pomlaw.com

Jennifer Pafiti (SBN 282790)
1100 Glendon Avenue, 15th Floor
Los Angeles, California 90024
Telephone: (310) 405-7190
jpafiti@pomlaw.com

*Lead Counsel for Lead Plaintiffs*

*Additional Counsel on Signature Page*

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

## SAN FRANCISCO DIVISION

| | |
|---|---|
| BHAPINDERPAL S. BHANGAL, Individually and on Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>v.<br><br>HAWAIIAN ELECTRIC INDUSTRIES, INC., HAWAIIAN ELECTRIC COMPANY, INC., CONSTANCE H. LAU, SCOTT W. H. SEU, GREGORY C. HAZELTON, PAUL K. ITO, and SHELEE KIMURA,<br><br>Defendants. | CASE NO.  3:23-cv-04332-JSC<br><br>**PLAINTIFFS' SUPPLEMENTAL BRIEF IN FURTHER SUPPORT OF UNOPPOSED MOTION FOR PRELIMINARY APPROVAL OF PROPOSED CLASS ACTION SETTLEMENT**<br><br>**CLASS ACTION**<br><br>Hearing Date:  February 26, 2026<br>Time:  10:00AM<br>Judge:  Hon. Jacqueline Scott Corley<br>Courtroom:  8—19th Floor |

- 1 -

SUPPLEMENTAL BRIEF IN FURTHER SUPPORT OF UNOPPOSED MOTION FOR
PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT

Lead Plaintiff Daniel Warren ("Lead Plaintiff"), and additional Plaintiffs Bhapinderpal S. Bhangal and Emaad Kuhdear (together with Lead Plaintiff, "Plaintiffs"), individually and on behalf of all Settlement Class Members, respectfully submit this supplemental brief in further support of their Unopposed Motion for Preliminary Approval of Proposed Class Action Settlement, ECF No. 118 ("Preliminary Approval Motion").  This brief addresses the six issues raised by the Court in its January 26, 2026 order, ECF No. 120 (the "Order").

*First*, the Order requested additional information regarding the valuation of claims:

> The motion asserts "Plaintiffs' damages expert estimates that aggregate maximum recoverable damages in this matter are approximately $1.7 billion.  Consequently, the $47,750,000 Settlement provides a recovery of approximately 2.8% of estimated damages," but no declaration or supporting documentation is attached. (Dkt. No. 118 at 20.)

In response, Plaintiffs supplement their Preliminary Approval Motion with the Declaration of Zachary Nye in Support of Plaintiffs' Unopposed Motion for Preliminary Approval of Class Action Settlement ("Nye Declaration"), dated February 11, 2026, attached as **Exhibit 1**.  Dr. Nye is Plaintiffs' damages expert and, in coordination with Plaintiffs' Counsel, conducted the damages calculations at issue.  In his declaration, Dr. Nye provides a detailed explanation of how he reached his calculations.

*Second*, the Order requested a declaration from Plaintiffs' Counsel supporting the assertions made in the motion.

> [T]here is no declaration from class counsel supporting any of the other assertions made in the motion including the process by which the settlement was reached, the risks of continued litigation, and the process for selecting the Settlement Administrator.  *See* Civ. L.R. 7-5(a) ("Factual contentions made in support of or in opposition to any motion must be supported by an affidavit or declaration and by appropriate references to the record.").

In response, Plaintiffs supplement their Preliminary Approval Motion with the Declaration of Austin P. Van in Support of Plaintiffs' Unopposed Motion for Preliminary Approval of Class Action Settlement ("Van Declaration"), dated February 12, 2026, attached as **Exhibit 2**.  This

SUPPLEMENTAL BRIEF IN FURTHER SUPPORT OF UNOPPOSED MOTION FOR PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT

declaration provides detailed, case-specific information regarding the history of the settlement and the settlement process and supports Plaintiffs' view that the settlement is fair and reasonable.

*Third*, the Order requested that Plaintiffs discuss the plan of allocation:

[A]lthough the motion for preliminary approval repeatedly refers to the $47,750,000 Settlement Fund, there is no discussion of the plan of allocation among the class members.  The Court must preliminarily approve the plan of allocation as well as the settlement itself. In a securities action, the "distribution plan is governed by the same legal standards that apply to the approval of a settlement: the plan must be fair, reasonable, and adequate." *In re Lyft, Inc. Sec. Litig.*, No. 19-cv-02690-HSG, 2022 WL 17740302, at *7 (N.D. Cal. Dec. 16, 2022). The motion for preliminary approval simply refers to the "Plan of Allocation" as set forth in the notice, but does not describe the plan of allocation, state why it is reasonable, or provide any estimates of class member recovery under the plan of allocation.  (Dkt. No. 118 at 24.)

In response, Plaintiffs supplement their Preliminary Approval Motion with the Nye Declaration, which describes the plan of allocation and provides estimates of class member recoveries under the plan of allocation. *See* **Exhibit 1.**  The Nye Declaration and Van Declaration also state why Dr. Nye and Plaintiffs believe that the plan of allocation is fair, reasonable, and adequate. *See* **Exhibits 1 & 2.**  As the Nye Declaration described, aggregate class-wide damages were estimated using the accepted proportional "80/20 Multi-Trader Model," and based on that model, approximately 83.2 million shares were affected, resulting in total damages of $1.716 billion.  Nye Declaration ¶ 12.  Dr. Nye estimates that the average recovery per affected share is approximately $0.57, before deduction of any taxes and proposed attorneys' fees, litigation expenses and compensatory awards for Plaintiffs' representation of the Class ($0.20 per share is attributed to those fees, expenses, and awards). *Id.* at ¶ 13; ECF No. 119-1 at ¶¶ 3, 5.  As the Nye Declaration makes clear, all Class members are treated equitably—under the proposed plan of allocation, each Authorized Claimant (including Plaintiffs) will receive a *pro rata* share of the Net Settlement Fund (which consists of the Settlement Fund less:  (i) any Taxes; (ii) any Notice and Administration Costs; (iii) any Litigation Expenses awarded by the Court, and (iv) any attorneys' fees awarded by the Court.  Nye Declaration ¶ 14; ECF No. 119-1 at ¶ 8.  The plan of allocation treats all Settlement Class Members equitably based on the timing of the purchases, acquisitions,

SUPPLEMENTAL BRIEF IN FURTHER SUPPORT OF UNOPPOSED MOTION FOR PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT

and sales of their HEI securities.  Van Declaration at ¶30.  This plan of allocation is substantively similar to other plans that have been approved to allocate recoveries in other securities class actions. *Id.*

*Fourth*, the Order noted that the Settlement Agreement states that the Settlement Fund will be used to pay "any taxes" but does not discuss this provision in the Preliminary Approval Motion (citing Dkt. No. 119-1 at ¶ l; ¶ 8).

In response, Plaintiffs confirm that taxes on any interest income earned on the Settlement Fund are paid solely from the Settlement Fund.  ECF No. 119-1 at ¶ 10.  The Van Declaration also presents additional information provided by the Claims Administrator concerning how taxes are calculated and when they are paid.  *See* **Exhibit 2** (Van Declaration) at ¶ 28.  The Van Declaration explains that the Settlement Fund, which is a Qualified Settlement Fund, is taxed on any interest earned, minus any applicable deductions for administration fees, and calculated using the published tax rates for the application tax year and forms.  *Id.*  Quarterly tax liabilities are reviewed and paid, and any remaining tax liability is due, April 15th when annual federal and state returns are filed. *Id.*

*Fifth,* the Order requested that Plaintiffs clarify the type of award they are seeking and revise the notice as necessary:

> [T]he notice states Plaintiffs intend to apply for "service awards to Plaintiffs for their representation of the Settlement Class." (Dkt. No. 119-1 at 55.)  The Settlement Agreement, however, does not identify service awards as something that will come out of the Settlement Fund. (Dkt. No. 119-1 at ¶ 8**.)**  The motion for preliminary approval indicates counsel's motion for fees and costs "will also include a request for 15 U.S.C. § 78u-4(a)(4) awards to the Plaintiffs." (Dkt. No. 118 at 28-29.) Service awards for representative plaintiffs in class action settlements and awards under 15 U.S.C. § 78u-4(a)(4) are not the same.  *See Hardy v. Embark Tech., Inc.,* No. 3:22-CV-02090-JSC, 2024 WL 1354416, at *11 (N.D. Cal. Mar. 29, 2024) (discussing differences).  Under 15 U.S.C. § 78u-4(a)(4) representatives may recover "reasonable costs and expenses (including lost wages) directly relating to the representation of the class" but plaintiffs may not recover traditional service awards.  *See* 15 U.S.C. § 78u-4(a)(4).  Plaintiffs shall clarify what type of an award they are seeking and revise the notice as necessary.

In response, Class Representatives state that they are seeking compensatory awards under 15 U.S.C. § 78u-4(a)(4) for "reasonable costs and expenses (including lost wages) directly relating

SUPPLEMENTAL BRIEF IN FURTHER SUPPORT OF UNOPPOSED MOTION FOR
PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT

to the representation of the class"—they are not seeking "service" awards.  Plaintiffs have revised the Long Notice (attached as **Exhibit 3** (redline version) and **Exhibit 4** (clean version)) to clarify that they are seeking compensatory awards under 15 U.S.C. § 78u-4(a)(4).  The revised Long Notice now refers to the Plaintiffs' awards as "compensatory awards" rather than "service awards" and cites the statute.

*Sixth*, the Order requested that Plaintiffs address certain issues with the Notice:

• The information regarding what claims are being released is confusing.  The notice describes "Releasing Plaintiffs' Parties' Claim" and "Releasing Defendants Parties' Claims." (Dkt. No. 119-1 at 64-68.)  Why is information regarding "Released Defendants Parties" included in the notice?  The notice should describe the claims being released by the *class members* in plain English.

• While the notice begins with information regarding the estimated average amount of recovery, it does not disclose until page 25 that no distributions will be made to class members if their share is less than $10.  (Dkt. No. 119-1 at 76.)  This information should be disclosed upfront.

• The notice suggests members of the public can view the Clerk's Office at the San Francisco courthouse and view the pleadings and case related documents-they cannot.  The website the Settlement Administrator sets up should provide class members with copies of the motion for preliminary approval, the notice, claims forms, motion for attorneys' fees and costs, motion for final approval, and any related Court orders.

• Relatedly, paragraph 68 should contain information about how class members can view the forthcoming motion for attorneys' fees and costs.

• Given the length of the notice, the Court suggests a single-space format as is commonly used in these cases. *See, e.g.*, *In Re Quantumscape Securities Class Action Litigation,* No. 21-58 WHO, Dkt. No. 211-4; *Hardy v. Embark,* No. 22-2090, Dkt. No. 87-1.

In response, Plaintiffs address each of the Court's concerns in **Exhibits 3 & 4** (Long Notice redline and clean versions).  The revisions adjust space formatting, disclose upfront that no distributions will be made to Settlement Class Members who would otherwise receive a distribution of less than $10.00, and provide the Claims Administrator website where the Stipulation and all other Settlement-related documents will be posted, including the forthcoming motion for attorneys' fees and costs.  The notice also eliminates the paragraphs addressing Defendants' released claims

SUPPLEMENTAL BRIEF IN FURTHER SUPPORT OF UNOPPOSED MOTION FOR
PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT

to avoid confusion about which claims class members are releasing.  Interested class members can still find an explanation of which claims Defendants are releasing on the settlement website. Plaintiffs also have included language in plain English explaining which claims class members are releasing, while also formally defining the scope of the released claims so class members may know precisely what claims they are giving up in agreeing to the settlement.  *See* **Exhibits 3 and 4** at ¶ 7.

DATED:  February 12, 2026                    Respectfully Submitted,

                                             **POMERANTZ LLP**

                                             */s/ Austin P. Van*
                                             Jeremy A. Lieberman
                                             Austin P. Van
                                             600 Third Avenue, 20th Floor
                                             New York, New York 10016
                                             Telephone: (212) 661-1100
                                             Facsimile: (212) 661-8665
                                             Email: jalieberman@pomlaw.com
                                             avan@pomlaw.com

                                             *Lead Counsel for Lead Plaintiff Daniel Warren
                                             & the Proposed Settlement Class*

                                             **LEVI & KORSINSKY, LLP**
                                             Shannon L. Hopkins
                                             Gregory M. Potrepka
                                             Andrew E. Lencyk
                                             1111 Summer Street, Suite 403
                                             Stamford, CT 06905
                                             Telephone: 203/992-5423
                                             shopkins@zlk.com
                                             gpotrepka@zlk.com
                                             alencyk@zlk.com

                                             *Attorneys for Additional Plaintiff Emaad
                                             Kuhdear*

SUPPLEMENTAL BRIEF IN FURTHER SUPPORT OF UNOPPOSED MOTION FOR
PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT

**CERTIFICATE OF SERVICE**

I hereby certify that on February 12, 2026, a copy of the foregoing was filed electronically and served by mail on anyone unable to accept electronic filing.  Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing.  Parties may access this filing through the Court's CM/ECF System.

*/s/ Austin P. Van*
Austin P. Van

SUPPLEMENTAL BRIEF IN FURTHER SUPPORT OF UNOPPOSED MOTION FOR
PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT