# Exhibit 1

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| BHAPINDERPAL S. BHANGAL, Individually and on Behalf of All Others Similarly Situated, <br><br> Plaintiff, <br><br> v. <br><br> HAWAIIAN ELECTRIC INDUSTRIES, INC., CONSTANCE H. LAU, SCOTT W. H. SEU, GREGORY C. HAZELTON, and PAUL K. ITO, <br><br> Defendants. | Case No. 3:23-cv-04332-JSC |

DECLARATION OF ZACHARY NYE, PH.D.

February 11, 2026

## I.    Background and Qualifications

1.    I am a financial economist and Vice President at Stanford Consulting Group, Inc. ("SCG"). Since 1981, SCG has provided economic research and expert testimony for business litigation, and regulatory and legislative proceedings.  All SCG professionals hold master's or doctoral degrees in business, economics, finance or operations research, and certain senior consultants have testified as experts in these fields.  I have an A.B. in Economics from Princeton University; an M.Sc. in Finance from the London Business School; and a Ph.D. in Finance from the Paul Merage School of Business at the University of California, Irvine.  I have co-authored academic research published in peer-reviewed conference proceedings, as well as working papers with finance faculty at various universities.  My research areas include the market efficiency of financial and derivative securities, volatility forecasting, risk management, financial econometrics, valuation and corporate finance. I have previously served as an expert witness in matters involving securities litigation, as well as business and intellectual property valuation.  My curriculum vitae, which includes my academic research, publications in the past ten years, and prior expert testimony in the past four years, is attached hereto as Exhibit 1.

2.    My current hourly rate is $1040.  I have received assistance from individuals at SCG, who worked under my direction; their fees charged for this project are their standard hourly rates. Neither my compensation nor that of any individual at SCG is contingent on the outcome of this litigation.

## II.    Scope of Engagement

3.    Over the course of this litigation, SCG has advised Counsel for Plaintiff regarding potential recoverable damages from a financial standpoint.  Based upon SCG's prior work on this matter, I now have been asked by Counsel for Plaintiff to provide an estimate of damages under Section

10(b) of the Securities Exchange Act of 1934 ("Section 10(b)"), incurred by investors who purchased or otherwise acquired Hawaiian Electric Industries, Inc. ("HEI" or the "Company") common stock during the period from February 28, 2019 through September 4, 2023, both dates inclusive (the "Settlement Class Period"). SCG consulted with Lead Counsel on these matters prior to their submission of the proposed Settlement and Plan of Allocation to the Court.

### III.    Summary of Plaintiff's Allegations

4.    It is my understanding that Plaintiff alleges that "HEI repeatedly misled investors to believe that the Company was taking appropriate action to mitigate [] wildfire risk, when in fact, HEI was failing to do so."[1] Plaintiff further alleges that "[o]ver a series of events and disclosures, the true, heightened and unmitigated risk of wildfires—the unmitigated risk that HEI had obfuscated and concealed from investors—materialized in the deadliest U.S. wildfire since 1918."[2]

### IV.    Event Study and Analysis of Per-Share Damages

5.    Generally speaking, an investor incurs damages under Section 10(b) when a security is acquired at a price that is inflated as a result of false or misleading statements or omissions, provided that a subsequent corrective disclosure and/or the materialization of a previously concealed risk causes the price of that security to decline.[3] Price inflation in a security can be created by material misrepresentations and/or omissions on or before the date of purchase, which remain uncorrected in whole or in part at the time of purchase. Material misrepresentations and/or

---

[1] Amended Complaint for Violations of the Federal Securities Laws, March 8, 2024 (the "Complaint"), ¶4.

[2] Complaint, ¶12.

[3] *See, e.g.*, Gold, Kevin L., Eric Korman and Ahmer Nabi, "Federal Securities Acts and Areas of Expert Analysis," *Litigation Services Handbook, The Role of the Financial Expert*, 6th ed., Ed. Roman L. Weil, Daniel G. Lentz, and Elizabeth A. Evans, John Wiley & Sons, Inc., 2017, Ch. 27, pp. 12–17.

omissions may also "prevent[] preexisting inflation in a stock price from dissipating," thereby "caus[ing] inflation not simply by *adding* it to a stock, but by maintaining it."[4] Price inflation may be measured on a Class-wide basis by analyzing the change in a security's price caused by a corrective disclosure and/or the materialization of a previously concealed risk.[5] The decline in a security's price in response to such events reflects the dissipation of price inflation created by earlier misrepresentations and/or omissions. Measuring class-wide damages this way is consistent with how courts have instructed that damages may be measured under Section 10(b).[6]

---

[4] *In re Vivendi, S.A. Sec. Litig.*, 838 F.3d 223, 258 (2d Cir. 2016). (Emphasis in original.) Courts have further explained that "'[t]here is no reason to draw any legal distinction between fraudulent statements that wrongfully prolong the presence of inflation in a stock price and fraudulent statements that initially introduce that inflation.'" *Arkansas Tchr. Ret. Sys. v. Goldman Sachs Grp., Inc.*, 955 F.3d 254, 268 (2d Cir. 2020) (quoting *In re Vivendi, S.A. Sec. Litig.*, 838 F.3d at 259), *vacated and remanded on other grounds*, 594 U.S. 113, 120 n.1 (2021) (expressing "no view" on the validity of "the inflation-maintenance theory").

[5] *Supra* note 3.

[6] *In re Pfizer, Inc. Sec. Litig.*, 819 F.3d 642, 649 (2d Cir. 2016) (internal citations omitted, emphasis in original):

> Performing an event study can thus help an expert to determine at least two things. First, assuming that the defendant company fraudulently concealed information, the event study shows how much money the fraud caused shareholders to lose. Identifying residual returns on days when allegedly concealed information reached the market indicates that the supposedly withheld information caused the company's stock price to change. If the release of allegedly withheld information causes a stock price decrease, shareholders who purchased the defendant company's stock after the alleged fraud but before the revelation may have paid a higher price than they would have but for the defendant's fraudulent conduct — known as an "artificial[ly] inflat[ed]" price.

> Second, the event study helps the expert "calculat[e] what the price of [the defendant company's] security would have been had the alleged wrongful conduct not occurred," by estimating the amount of artificial inflation in the company's stock price over time. Just as the existence of a residual return on a day when the market discovers allegedly concealed information shows that the company's stock price was artificially inflated, the *size* of the residual return on such a day provides evidence of the *amount* by which concealing that particular information inflated the defendant company's stock. As a result, if concealed information reached the market through multiple corrective disclosures, the sum of the residual returns

3

6.      For the purpose of estimating price inflation present in HEI stock during the Settlement Class Period, I performed a standard event study.  As part of my event study, the Company-specific return on each day of the Settlement Class Period was estimated using a regression analysis, which measures the relationship between HEI's stock returns and 1) changes in market-wide factors that would be expected to impact all stocks; and 2) changes in industry-wide factors that would be expected to impact stocks in HEI's particular industry.  By measuring how HEI's stock returns move in relation to an overall market index and an industry index, one can also measure how it responds to Company-specific news on a given day.

7.      The Company-specific return (*i.e.*, the return net of market and industry effects) on the impact date (*i.e.*, the first trading day on which the information disclosed could have impacted the market price) associated with each of the alleged corrective disclosures are presented in the following table:

---

associated with those disclosures provides evidence about the amount of artificial inflation in the company's stock after the fraud but before those corrections.  Thus, an expert using an event study can estimate the amount of artificial inflation in the defendant company's stock price when shareholders purchased their shares, which is equivalent to estimating the difference between what those investors should have paid for the shares but-for the alleged fraud, and what they actually paid.

4

| Table 1 | | | | | |
|---|---|---|---|---|---|
| Alleged Impact Date[7] | Previous Closing Price | Actual Return | Company-Specific Return | Contribution to Price Inflation | Confidence Level |
| 8/8/2023 | $37.36 | -4.76% | -5.03% | $1.88 | 100.0% |
| 8/10/2023 | $35.39 | -7.38% | -7.22% | $2.56 | 100.0% |
| 8/14/2023 | $32.40 | -33.77% | -33.48% | $10.85 | 100.0% |
| 8/15/2023 | $21.46 | -31.08% | -29.67% | $6.37 | 100.0% |
| 8/17/2023 | $14.57 | -14.96% | -14.53% | $2.12 | 100.0% |
| 8/21/2023 | $13.77 | -5.30% | -5.09% | $0.70 | 100.0% |
| 8/23/2023 | $13.37 | -9.42% | -10.06% | $1.34 | 100.0% |
| 8/25/2023 | $11.86 | -18.55% | -19.21% | $2.28 | 100.0% |
| 9/5/2023 | $15.05 | -17.48% | -16.38% | $2.47 | 100.0% |
| | | | Total: | $30.55 | |

8.    My analysis assumes that price inflation associated with the alleged misrepresentations began at the start of the Settlement Class Period and dissipated only when the corrective information came to light over the course of the alleged corrective disclosures.  The following table, which is included in the Plan of Allocation, summarizes the evolution of price inflation in HEI stock under my analysis throughout the Settlement Class Period:

| Table 2 Artificial Inflation in HEI Stock | | |
|---|---|---|
| From | To | Per-Share Price Inflation |
| 2/28/2019 | 8/7/2023 | $30.55 |
| 8/8/2023 | 8/9/2023 | $28.68 |
| 8/10/2023 | 8/13/2023 | $26.12 |
| 8/14/2023 | 8/14/2023 | $15.27 |
| 8/15/2023 | 8/16/2023 | $8.91 |
| 8/17/2023 | 8/20/2023 | $6.79 |
| 8/21/2023 | 8/22/2023 | $6.09 |
| 8/23/2023 | 8/24/2023 | $4.74 |
| 8/25/2023 | 9/1/2023 | $2.47 |
| 9/5/2023 | Thereafter | $0.00 |

---

[7] Complaint, ¶¶128–156.

9.    Furthermore, in accordance with *Dura*, no damages are incurred on shares sold before the earliest alleged corrective disclosure impact date.[8]  Likewise, no damages are incurred on shares purchased and sold between two consecutive alleged corrective disclosure impact dates.

10.    Per-share damages also incorporate the so-called "90-day lookback" provision of the Private Securities Litigation Reform Act of 1995.[9]  This provision applies such that losses on shares purchased during the Settlement Class Period and held as of the close of the 90-day period subsequent to the Settlement Class Period (the "90-Day Lookback Period") cannot exceed the difference between the purchase price paid for the shares and the average price of the shares during the 90-Day Lookback Period.  Losses on shares purchased during the Settlement Class Period and sold during the 90-Day Lookback Period cannot exceed the difference between the purchase price paid for the shares and the rolling average price of the shares during the portion of the 90-Day Lookback Period elapsed as of the date of sale (the "90-Day Lookback Value").

## V.    Class-Wide Damages

11.    Aggregate class-wide damages under Section 10(b) have been estimated using the proportional "80/20 Multi-Trader Model," which posits two active traders (*e.g.*, institutions and individuals) with different holdings and propensities to trade.  The so-called "80/20" split between the two sets of traders specifies a large set of "slow" traders (*i.e.*, they hold 80% of shares available, but trade 20% of the volume) and a small set of "fast" traders (*i.e.*, they hold 20% of shares available, but trade 80% of the volume).  This model is a version of the General Trading Model

---

[8] *Dura Pharm., Inc. v. Broudo*, 544 U.S. 336, 342-43 (2005).

[9] 15 U.S.C. § 78u–4(e).

("GTM"),[10] which has been advocated by representative authors from Cornerstone Research, an economic consulting firm frequently engaged by defendants in class action securities litigation.[11] "Virtually every securities litigation case in which aggregate damages are estimated relies on a version of the GTM for the number of shares damaged and the damage theory for the amount of artificial inflation."[12]

12.    Applying the per-share inflation and damages methodology described above to the daily trading behavior predicted by the 80/20 Multi-Trader Model for HEI shares, it is estimated that approximately **83.2 million shares** were affected, resulting in total damages of **$1.716 billion**.

13.    Based on these calculations, the average recovery per affected share is approximately **$0.57**, before accounting for fees and expenses.[13]   The Notice attributes **$0.20** per share to fees and expenses, based on the requested attorney fees of 33.33% (approximately $15.92 million) and up to $500,000 in expenses.[14]

## VI.    The Plan of Allocation Is Equitable and Reasonable

14.    At the request of Lead Counsel, SCG assisted in developing the Plan of Allocation.  The Plan of Allocation describes the method of calculating each Claimant's Recognized Loss for each HEI share purchased or otherwise acquired during the Settlement Class Period, as well as their *pro*

---

[10] Barclay, Michael, and Frank C. Torchio.  "A Comparison of Trading Models Used for Calculating Aggregate Damages in Securities Litigation." *Law and Contemporary Problems*, vol. 64, no. 2/3, 2001, pp. 105–136 ("Barclay and Torchio (2001)") at 117.

[11] William H. Beaver, James K. Malernee and Michael C. Keeley, "Stock Trading Behavior and Damage Estimation in Securities Cases," Cornerstone Research working paper, 1993.

[12] Barclay and Torchio (2001) at p. 105.

[13] Notice of (I) Pendency Of Class Action And Proposed Settlement; (II) Settlement Fairness Hearing; and (III) Motion for an Award of Attorneys' Fees and Reimbursement of Litigation Expenses (the "Notice"), ¶3.  This figure is derived by dividing the $47.75 million Settlement by 83.2 million shares estimated to have been affected.

[14] Notice, ¶5.

*rata* share of the Net Settlement Fund.  The method for calculating each claimant's Recognized Loss per share under the Plan of Allocation is consistent with the method for calculating per-share damages described above.  Thus, in my opinion, the Plan of Allocation—under which "[t]he Claims Administrator shall allocate to each Authorized Claimant a *pro rata* share of the Net Settlement Fund based on his, her, or its total Recognized Loss as compared to the total Recognized Losses of all Authorized Claimants"[15]—provides an equitable and reasonable method for calculating a Claimant's Recognized Loss per share and distributing the Net Settlement Fund among Claimants who suffered economic losses as a result of the alleged fraud.

Executed on February 11, 2026, at Redwood City, California.

Zachary Nye, Ph.D.

---

[15] Notice, ¶61.

8



702 MARSHALL STREET, SUITE 200
REDWOOD CITY, CA 94063
650.298.0200
WWW.SCGINC.COM

## Zachary R. Nye
*Email:* zach@scginc.com

---

### Education

**Ph.D. – University of California, Irvine** — 2009
Finance — Irvine, California

- Dissertation: Macro-Augmented Volatility Forecasting.

- Research Interests: Market efficiency of underlying and derivative securities, volatility forecasting, risk management, financial econometrics, valuation and corporate finance.

- Teaching Experience: Corporate Finance, Investments, and Risk Management.

**M.Sc. – London Business School** — 2004
Finance — London, England

- Earned distinction for Masters Thesis on the informational efficiency of credit-linked notes.

**A.B. – Princeton University** — 2001
Economics — Princeton, New Jersey

---

### Employment History

**Vice President** — Summer 2015 – present
Stanford Consulting Group, Inc. — Redwood City, California

The Stanford Consulting Group, Inc. provides economic research and expert testimony for business litigation, as well as regulatory and legislative proceedings.

<u>Responsibilities include:</u>

- quantifying economic damages (*e.g.*, present value of expected future earnings, price inflation, lost profits, unjust enrichment, reasonable royalties);

- enterprise, project, equity, debt, derivative-security and intellectual-property valuation;

- assessing the informational efficiency of financial securities;

- analyzing fairness opinions related to corporate mergers and acquisitions;

- econometric modeling and analysis;

- marginal cost analysis;

- preparing expert reports and declarations;

- providing deposition and trial testimony; and

- supporting counsel in preparation for cross examination of opposing experts.

**Senior Consultant** — Summer 2009 – Summer 2015
Stanford Consulting Group, Inc. — Redwood City, California

| | |
|---|---|
| **Associate** | Summer 2004 – Summer 2005 |
| Stanford Consulting Group, Inc. | Redwood City, California |
| | |
| **Mortgage Consultant** | Fall 2002 – Summer 2003 |
| Woolwich PLC | Oxford, UK |
| | |
| **Trading Desk Specialist** | Fall 2001 – Summer 2002 |
| Merrill Lynch, Defined Asset Funds | Plainsboro, New Jersey |

---

## Academic Research

Nye, Zachary and Mark Washburn, 2013, "Macro-Augmented Volatility Forecasting," *Western Decision Sciences Institute Proceedings*. Paper presented at the WDSI Annual Meeting, Long Beach, California, March 27, 2013. Winner of the 2013 Best Theoretical/Empirical Research Paper Awards.

Nye, Zachary and Philippe Jorion, 2009, "Macro-Augmented Volatility Forecasting," Working Paper, University of California at Irvine.

Nye, Zachary and Timothy C. Johnson, 2005, "Market Efficiency's Hidden Teeth: An Unambiguous Test for Derivative Securities," Working Paper, London Business School.

---

## Testimony

Daniel Borteanu, et al. v. Nikola Corporation, et al., United States District Court, District of Arizona, Case No. 2:20-cv-01797-SPL

|  |  |
|---|---|
| Deposition | August 8, 2024 |
| Deposition | September 18, 2025 |

Lynn Gambrill, et al. v. CS Disco, Inc., et al., United States District Court, Western District of Texas, Austin Division, Case No. 1:24-cv-00028-DAE

|  |  |
|---|---|
| Deposition | September 11, 2025 |

Subhash Patel, et al. v. Koninklijke Philips N.V., et al., United States District Court, Eastern District of New York, Case No. 1:21-cv-04606-ERK-MMH

|  |  |
|---|---|
| Deposition | April 8, 2025 |
| Deposition | September 4, 2025 |

Charles Larry Crews, Jr., et al. v. Rivian Automotive, Inc., et al., United States District Court, Central District of California, Case No. 2:22-cv-01524-JLS-E

|  |  |
|---|---|
| Deposition | January 12, 2024 |
| Deposition | June 4, 2025 |

Christopher L. Sayce, et al. v. Forescout Technologies, Inc., et al., United States District Court, Northern District of California, San Francisco Division, Case No. 3:20-cv-00076-SI

|  |  |
|---|---|
| Deposition | November 20, 2023 |
| Deposition | May 23, 2025 |

Jeremy Jaeger, et al. v. Zillow Group, Inc., et al., United States District Court, Western District of Washington at Seattle, Case No. 2:21-cv-01551-TSZ

|  |  |
|---|---|
| Deposition | April 16, 2024 |

In re Talis Biomedical Securities Litigation, United States District Court, Northern District of California, Case No. 3:22-cv-00105-SI

|  |  |
|---|---|
| Deposition | December 8, 2023 |

In re Apache Corp. Securities Litigation, United States District Court, Southern District of Texas, Houston Division, Case No. 4:21-cv-00575
   Deposition    November 8, 2023
   Evidentiary Hearing  December 6, 2023

Altimeo Asset Management, et al. v. Qihoo 360 Technology Co. Ltd., et al., United States District Court, Southern District of New York, Case No. 1:19-cv-10067-PAE
   Deposition    November 30, 2023

In re Alta Mesa Resources, Inc. Securities Litigation, United States District Court, Southern District of Texas, Houston Division, Case No. 4:19-cv-00957
   Deposition    November 14, 2023

Miriam Edwards, et al. v. McDermott International, Inc., et al., United States District Court, Southern District of Texas, Houston Division, Case No. 4:18-cv-04330
   Deposition    April 26, 2023
   Evidentiary Hearing  September 27, 2023

Halman Aldubi Provident and Pension Funds Ltd., et al. v. Teva Pharmaceuticals Industries Limited, et al., United States District Court, Eastern District of Pennsylvania, Case No. 2:20-cv-04660-KSM
   Deposition    November 4, 2022
   Evidentiary Hearing  September 21, 2023

John V. Ferris, et al. v. Wynn Resorts Limited, et al., United States District Court, District of Nevada, Case No. 2:18-cv-00479-GMN-DJA
   Deposition    August 26, 2022
   Deposition    January 31, 2023

In re Jernigan Capital, Inc. Securities Litigation, United States District Court, Southern District of New York, Case No. 1:20-cv-09575-JLR
   Deposition    January 27, 2023

Ali Karimi, et al. v. Deutsche Bank AG, et al., United States District Court, Southern District of New York, Case No. 1:22-cv-02854-JSR
   Deposition    August 12, 2022

Teresa Doskocz, et al. v. ALS Lien Services, et al., Superior Court of California, County of Contra Costa, Case No. C17-01486
   Deposition    April 23, 2018
   Deposition    March 8, 2022
   Deposition    April 14, 2022
   Trial     April 29, 2022

Paul Hayden, et al. v. Portola Pharmaceuticals, Inc., et al., United States District Court, Northern District of California, Case No. 3:20-cv-00367-VC
   Deposition    March 30, 2022

United States of America ex rel. Lori Morsell, et al. v. Symantec Corporation, United States District Court for the District of Columbia, Civil Action No. 12-cv-0800 (RC)
   Deposition    March 13, 2019
   Trial     March 22, 2022

United States of America ex rel. Tiffany Montcrieff, et al. v. Peripheral Vascular Associates, P.A., United States District Court for the Western District of Texas, San Antonio Division, Civil Action No. SA-17-CV-00317-XR
   Deposition    July 31, 2020
   Trial     February 14, 2022

In re Advance Auto Parts, Inc. Securities Litigation, United States District Court, District of Delaware, Case No. 1:18-CV-00212-RGA

        Deposition               July 14, 2020

        Deposition               September 30, 2021

In re Allergan PLC Securities Litigation, United States District Court, Southern District of New York, Civil Action No. 18-CV-12089-CM

        Deposition               May 19, 2020

        Deposition               September 27, 2021

Gabby Klein, et al. v. Altria Group, Inc., et al., United States District Court, Eastern District of Virginia, Richmond Division, Case No. 3:20-cv-00075-DJN

        Deposition               August 31, 2021

In re Tahoe Resources, Inc. Securities Litigation, United States District Court, District of Nevada, Case No. 2:17-cv-01868-RFB-NJK

        Deposition               August 4, 2021

Hawaii Structural Ironworkers Pension Trust Fund, et al. v. AMC Entertainment Holdings, Inc., et al., United States District Court, Southern District of New York, Case 1:18-cv-00299-AJN-SLC

        Deposition               July 9, 2020

        Deposition               July 28, 2021

In re Mylan N.V. Securities Litigation, United States District Court, Southern District of New York, Case No. 1:16-CV-07926 (JPO)

        Deposition               November 22, 2019

        Deposition               July 20, 2021

Oregon Laborers Employers Pension Trust Fund, et al. v. Maxar Technologies Inc., et al., United States District Court, District of Colorado, Case No. 1:19-cv-00124-WJM-SKC

        Deposition               May 28, 2021

Roei Azar, et al. v. Yelp, Inc., et al., United States District Court, Northern District of California, Case No. 3:18-cv-00400-EMC

        Deposition               March 2, 2021

Roofers' Pension Fund, et al. v. Joseph C. Papa, et al., United States District Court, District of New Jersey, Civil Action No. 2:16-cv-02805-MCA-LDW

        Deposition               April 2, 2019

        Deposition               January 14, 2021

Utah Retirement Systems, et al. v. Healthcare Services Group, Inc., et al., United States District Court, Eastern District of Pennsylvania, Case No. 2:19-cv-01227-ER

        Deposition               December 10, 2020

Matt Karinski, et al. v. Stamps.com, Inc., et al., United States District Court, Central District of California, Case No. 2:19-cv-01828-MWF-SK

        Deposition               August 14, 2020

Alexandre Pelletier, et al. v. Endo International PLC, et al., United States District Court, Eastern District of Pennsylvania, Civil Action No. 2:17-cv-05114-MMB

        Deposition               July 27, 2020

In re Zillow Group, Inc. Securities Litigation, United States District Court, Western District of Washington at Seattle, Case No. 2:17-cv-01387-JCC

        Deposition               March 10, 2020

Joseph Prause, et al. v. TechnipFMC plc, et al., United States District Court, Southern District of Texas, Houston Division, Case No. 4:17-cv-02368

| | |
|---|---|
| Deposition | February 5, 2020 |
| Deposition | March 9, 2020 |

In re Quorum Health Securities Litigation, United States District Court, Middle District of Tennessee, Case No. 3:16-cv-02475

| | |
|---|---|
| Deposition | August 17, 2018 |
| Deposition | January 14, 2020 |

In re Snap Inc. Securities Litigation, United States District Court, Central District of California, Western Division, Case No. 2:17-cv-03679-SVW-AGR

| | |
|---|---|
| Deposition | December 13, 2019 |

Jet Capital Master Fund, L.P., et al. v. American Realty Capital Properties, Inc., et al., United States District Court, Southern District of New York, Case No. 1:15-cv-00307-AKH

| | |
|---|---|
| Deposition | July 26, 2019 |

City of Pontiac General Employees' Retirement System, et al. v. Dell Inc., et al., United States District Court, Western District of Texas, Austin Division, Case No. 1:15-cv-00374-LY

| | |
|---|---|
| Deposition | April 19, 2017 |
| Deposition | November 6, 2018 |

Pirnik v. Fiat Chrysler Automobiles N.V., et al., United States District Court, Southern District of New York, Case No. 1:15-CV-07199-JMF

| | |
|---|---|
| Deposition | February 2, 2018 |
| Deposition | September 13, 2018 |

Bradley Cooper, et al. v. Thoratec Corporation, et al., United States District Court, Northern District of California, Oakland Division, Case No. 4:14-cv-00360-CW

| | |
|---|---|
| Deposition | March 6, 2018 |

L-3 Communications Corporation, et al. v. Serco, Inc., United States District Court for the Eastern District of Virginia, Case No. 1:15-cv-701-GBL-JFA

| | |
|---|---|
| Deposition | October 22, 2015 |
| Deposition | October 18, 2017 |

In re Juno Therapeutics, Inc., United States District Court of Western District of Washington at Seattle, Case No. C16-1069RSM

| | |
|---|---|
| Deposition | October 4, 2017 |

Brad Mauss, et al. v. NuVasive, Inc., et al., United States District Court, Southern District of California, Case No.: 13-cv-02005-JM

| | |
|---|---|
| Deposition | December 20, 2016 |
| Deposition | August 28, 2017 |

In re Akorn, Inc. Securities Litigation, United States District Court, Northern District of Illinois, Eastern Division, Case No. 15-CV-01944

| | |
|---|---|
| Deposition | June 21, 2017 |

In re Ocwen Financial Corporation Securities Litigation, United States District Court, Southern District of Florida, Case 14-81057-CIV-WPD

| | |
|---|---|
| Deposition | September 23, 2016 |
| Deposition | March 28, 2017 |

Stephen Calfo, et al. v. John P. Messina, Sr., et al., United States District Court, Southern District of New York, Civil Action No. 15 Civ. 04010 (LGS)
       Deposition                January 5, 2017

In re EZCORP, Inc. Securities Litigation, United States District Court, Southern District of New York, Case No. 14-cv-6834 (ALC)
       Deposition                October 14, 2016

Arthur Menaldi, et al. v. Och-Ziff Capital Management Group LLC, et al., United States District Court, Southern District of New York, No. 14-CV-03251-JPO
       Deposition                October 3, 2016

Keith Thomas, et al. v. MagnaChip Semiconductor Corp., et al., United States District Court, Northern District of California, Case No. 3:14-cv-01160-JST
       Deposition                September 16, 2016

In re Rocket Fuel, Inc. Securities Litigation, United States District Court, Northern District of California, Oakland Division, Case No. 4:14-cv-03998-PJH
       Deposition                September 14, 2016

Barbara Strougo, Individually and on Behalf of All Others Similarly Situated v. Barclays PLC, et al., United States District Court, Southern District of New York, Case No. 14-cv-5797 (SAS)
       Deposition                August 11, 2015
       Evidentiary Hearing     November 5, 2015
       Deposition                June 16, 2016

In re Merck & Co., Inc. Securities, Derivative & "ERISA" Litigation, United States District Court, District of New Jersey, Case Numbers: 05-cv-5060; 07-cv-4021; 07-cv-4022; 07-cv-4023; 07-cv-4024; 07-cv-4546; 11-cv-6259; and 15-cv-518
       Deposition                December 6, 2013
       Deposition                October 1, 2015

Richard Thorpe and Darrel Weisheit, Individually and on Behalf of All Others Similarly Situated v. Walter Investment Management Corp., et al., United States District Court, Southern District of Florida, Case No. 1:14-cv-20880-UU
       Deposition                September 16, 2015

City of Austin Police Retirement System, *Individually and on Behalf of All Others Similarly Situated* v. Kinross Gold Corporation, et al., United States District Court, Southern District of New York, Civil Action No. 1:12-cv-01203-VEC-KNF
       Deposition                November 19, 2014

In re El Paso Partners, L.P. Derivative Litigation, Court of Chancery of the State of Delaware, C.A. No. 7141-CS
       Deposition                September 24, 2013
       Trial                     November 12 and 13, 2014

L-3 Communications Corporation, et al. v. Jaxon Engineering & Maintenance, Inc., et al., United States District Court for the District of Colorado, Civil Action No. 10-cv-02868-MSK-KMT
       Deposition                August 7, 2014

Axa Corporate Solutions Assurance, et al. v. Honeywell International, Inc., et al., Superior Court of the State of Arizona in and for the County of Maricopa, No. CV2011-019334
       Deposition                February 24, 2014

In re Heckmann Corporation Securities Litigation, United States District Court for the District of Delaware, Case No. 1:10-cv-00378-LPS-MPT
       Deposition                November 9, 2012