# Exhibit 2

**Exhibit A**

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

# SAN FRANCISCO DIVISION

| | |
|---|---|
| BHAPINDERPAL S. BHANGAL, Individually and on Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>v.<br><br>HAWAIIAN ELECTRIC INDUSTRIES, INC., HAWAIIAN ELECTRIC COMPANY, INC., CONSTANCE H. LAU, SCOTT W. H. SEU, GREGORY C. HAZELTON, PAUL K. ITO, and SHELEE KIMURA,<br><br>Defendants. | CASE NO.  3:23-cv-04332-JSC |

## [PROPOSED] ORDER PRELIMINARILY APPROVING SETTLEMENT AND PROVIDING FOR NOTICE

WHEREAS, a putative class action is pending in this Court entitled *Bhangal v. Hawaiian Electric Industries, Inc. et al.,* Case No. 3:23-cv-04332-JSC. (the "Action");

WHEREAS, (a) Court-Appointed Lead Plaintiff Daniel Warren ("Lead Plaintiff") on behalf of himself and the Settlement Class (defined below), and additional Plaintiffs Bhapinderpal S. Bhangal and Emaad Kuhdear (together with Lead Plaintiff, "Plaintiffs"); and (b) Defendants Hawaiian Electric Industries Inc. ("HEI" or the "Company"), Hawaiian Electric Company, Inc. ("Hawaiian Electric" or "HECO"), Constance H. Lau ("Lau"), Scott W. H. Seu ("Seu"), Gregory C. Hazelton ("Hazelton"), Paul K. Ito ("Ito"), and Shelee Kimura ("Kimura") (collectively, "Defendants," and each Defendant, except HEI and HECO, collectively referred to as "Individual Defendants," and each Defendant, together with Plaintiffs, the "Parties" and each a "Party") have entered into the Stipulation and Agreement of Settlement dated January 5, 2026 (the "Stipulation"), that provides for a complete dismissal with prejudice of the claims asserted against all Defendants

1

and the Action on the terms and conditions set forth in the Stipulation, subject to approval of this Court (the "Settlement");

WHEREAS, Plaintiffs have made an application, pursuant to Rule 23 of the Federal Rules of Civil Procedure, for an order preliminarily approving the Settlement in accordance with the Stipulation, certifying the Settlement Class for purposes of the Settlement only, and providing for notice to Settlement Class Members as more fully described herein;

WHEREAS, the Court has read and considered: (a) Plaintiffs' motion for preliminary approval of the Settlement, and the papers filed and arguments made in connection therewith; and (b) the Stipulation and the exhibits attached thereto; and

WHEREAS, unless otherwise defined herein, all capitalized words contained herein shall have the same meanings as they have in the Stipulation;

NOW THEREFORE, IT IS HEREBY ORDERED:

1. **Proposed Class Certification for Settlement Purposes** - The Parties have proposed the certification of the following Settlement Class pursuant to Rules 23(a) and (b)(3) of the Federal Rules of Civil Procedure solely for purposes of effectuating the proposed Settlement: all persons and entities other than Defendants who purchased or otherwise acquired HEI securities between February 28, 2019 and September 4, 2023, both dates inclusive, and were damaged thereby. Excluded from the Settlement Class are (i) Defendants; (ii) current and former officers and directors of the Company, at all relevant times; (iii) members of the immediate family of each of the Individual Defendants; (iv) all subsidiaries and affiliates of the Company and the directors and officers of such subsidiaries or affiliates; (v) all persons, firms, trusts, corporations, officers, directors, and any other individual or entity in which any of the Defendants has a controlling interest; and (vi) the legal representatives, agents, affiliates, heirs, successors-in-interest or assigns of all such excluded parties, each in its capacity as such. Also excluded from the Settlement Class are any persons or entities who or which properly exclude themselves by filing a valid and timely request for exclusion that is accepted by the Court.

2. **Class Findings** - The Court finds, pursuant to Rule 23(e)(1)(B)(ii) of the Federal Rules of Civil Procedure, that it will likely be able to certify the Settlement Class for purposes of the proposed Settlement. Specifically, the Court finds that each element required for certification

2

of the Settlement Class pursuant to Rule 23 of the Federal Rules of Civil Procedure has been met or will likely be met: (a) the members of the Settlement Class are so numerous that their joinder in the Action would be impracticable; (b) there are questions of law and fact common to the Settlement Class which predominate over any individual questions; (c) the claims of Lead Plaintiff in the Action are typical of the claims of the Settlement Class; (d) Lead Plaintiff and Lead Counsel have and will fairly and adequately represent and protect the interests of the Settlement Class; and (e) a class action is superior to other available methods for the fair and efficient adjudication of the Action.

3.    The Court also finds, pursuant to Rule 23(e)(1)(B)(ii) of the Federal Rules of Civil Procedure, that it will likely be able to certify Lead Plaintiff as Class Representative for the Settlement Class and appoint Lead Counsel as Class Counsel for the Settlement Class pursuant to Rule 23(g) of the Federal Rules of Civil Procedure.

4.    **Preliminary Approval of the Settlement** - The Court hereby preliminarily approves the Settlement, as embodied in the Stipulation, and finds, pursuant to Rule 23(e)(1)(B)(i) of the Federal Rules of Civil Procedure, that it will likely be able to finally approve the Settlement under Rule 23(e)(2) as being fair, reasonable and adequate to the Settlement Class, subject to further consideration at the Settlement Hearing to be conducted as described below.

5.    **Settlement Hearing** - The Court will hold a settlement hearing (the "Settlement Hearing") before the Honorable Jacqueline Scott Corley on _____ at _____ a.m. in Courtroom 8, 19th Floor, United States District Court for the Northern District of California, Phillip Burton Federal Building, 450 Golden Gate Avenue, San Francisco, CA 94102, for the following purposes: (a) to determine whether the proposed Settlement on the terms and conditions provided for in the Stipulation is fair, reasonable and adequate to the Settlement Class, and should be approved by the Court; (b) to determine whether a Judgment substantially in the form attached as Exhibit B to the Stipulation should be entered dismissing the Action with prejudice against Defendants; (c) to determine whether the proposed Plan of Allocation for the proceeds of the Settlement is fair and reasonable and should be approved; (d) to determine whether the motion by Plaintiffs' Counsel for an award of attorneys' fees and reimbursement of Litigation Expenses, which may include an

3

application for reimbursement of the reasonable costs and expenses incurred by Lead Plaintiff, should be approved; and (e) to consider any other matters that may properly be brought before the Court in connection with the Settlement. The Notice of (I) Pendency of Class Action and Proposed Settlement; (II) Settlement Fairness Hearing; and (III) Motion for an Award of Attorneys' Fees and Reimbursement of Litigation Expenses ("Notice") shall be given to Settlement Class Members as set forth in paragraph 7 of this Order.

6. The Court may adjourn the Settlement Hearing without further notice to the Settlement Class and may approve the proposed Settlement with such modifications as the Parties may agree to, if appropriate, without further notice to the Settlement Class. The Court reserves the right to hold the Settlement Hearing telephonically or by other virtual means.

7. **Retention of Claims Administrator and Manner of Giving Notice** - Plaintiffs' Counsel is hereby authorized to retain Verita Global ("Verita") (the "Claims Administrator") to supervise and administer the notice procedure in connection with the proposed Settlement as well as the processing of Claims as more fully set forth below. Notice shall be given by Plaintiffs' Counsel as follows:

(a) within ten (10) business days of entry of this Order, HEI shall provide or cause to be provided to the Claims Administrator in electronic format, such as an Excel spreadsheet, (at no cost to the Settlement Fund, Plaintiffs' Counsel or the Claims Administrator) its reasonably available lists (consisting of names and addresses) of the holders of HEI common stock shares during the Class Period;

(b) not later than twenty (20) business days after the date of entry of this Order (the "Notice Date"), the Claims Administrator shall cause a copy of the Notice and the Proof of Claim Form ("Claim Form"), substantially in the forms attached hereto as Exhibits 1 and 2, respectively (the "Notice Packet"), to be mailed by first-class mail to potential Settlement Class Members at the addresses set forth in the records provided by HEI or in the records which HEI caused to be provided, or who otherwise may be identified through further reasonable effort;

(c) contemporaneously with the mailing of the Notice Packet, the Claims Administrator shall cause copies of the Notice and the Claim Form to be posted on a website to be

4

developed for the Settlement, from which copies of the Notice and Claim Form can be downloaded;

(d)    not later than ten (10) business days after the Notice Date, the Claims Administrator shall cause the Summary Notice, substantially in the form attached hereto as Exhibit 3, to be published once in GlobeNewswire; and

(e)    not later than seven (7) calendar days prior to the Settlement Hearing, Lead Counsel shall serve on the Defendants' Counsel and file with the Court proof, by affidavit or declaration, of such mailing and publication.

8.    **Approval of Form and Content of Notice** - The Court (a) approves, as to form and content, the Notice, the Claim Form, and the Summary Notice, attached hereto as Exhibits 1, 2, and 3, respectively, and (b) finds that the mailing and distribution of the Notice and Claim Form and the publication of the Summary Notice in the manner and form set forth in paragraph 7 of this Order (i) is the best notice practicable under the circumstances; (ii) constitutes notice that is reasonably calculated, under the circumstances, to apprise Settlement Class Members of the pendency of the Action, of the effect of the proposed Settlement (including the Releases to be provided thereunder), of Plaintiffs' Counsel's motion for an award of attorneys' fees and reimbursement of Litigation Expenses (including any application for reimbursement of the reasonable costs and expenses incurred by Lead Plaintiff directly related to his representation of the Settlement Class), of their right to object to the Settlement, the Plan of Allocation and/or Plaintiffs' Counsel's motion for attorneys' fees and reimbursement of Litigation Expenses (including any reimbursement to Lead Plaintiff), of their right to exclude themselves from the Settlement Class, and of their right to appear at the Settlement Hearing; (iii) constitutes due, adequate and sufficient notice to all persons and entities entitled to receive notice of the proposed Settlement; and (iv) satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure, the United States Constitution (including the Due Process Clause), the Private Securities Litigation Reform Act of 1995, 15 U.S.C. § 78u-4, as amended, and all other applicable law and rules.  The date and time of the Settlement Hearing shall be included in the Notice and Summary Notice before they are mailed and published, respectively.

[PROPOSED] ORDER PRELIMINARILY APPROVING SETTLEMENT AND PROVIDING FOR NOTICE
(CASE NO. 3:23-cv-04332-JSC)

9. **Nominee Procedures** - Brokers and other nominees who purchased or otherwise acquired HEI common stock shares during the Settlement Class Period for the benefit of another person or entity shall:  (a) within seven (7) calendar days of receipt of the letter, request from the Claims Administrator sufficient copies of the Notice Packet to forward to all such beneficial owners/purchasers and within seven (7) calendar days of receipt of those Notice Packets forward them to all such beneficial owners/purchasers; (b) within seven (7) calendar days of receipt of the letter, request from the Claims Administrator the link to the location hosting the electronic Notice Packet and, within seven (7) calendar days of receipt, email the link to beneficial owners/purchasers for whom valid email addresses are available; or (c) within seven (7) calendar days of receipt of the letter, send a list of the names, addresses, and/or email addresses of all such beneficial owners/purchasers to the Claims Administrator in which event the Claims Administrator shall promptly mail the Notice Packet to such beneficial owners/purchasers.  Where the Claims Administrator receives a valid email address, they shall email the link to the location of the electronic Notice Packet to beneficial owners/purchasers.  Upon full compliance with this Order, such nominees may seek reimbursement of their reasonable expenses actually incurred in complying with this Order, in an amount not to exceed $0.05 plus postage at the current pre-sort rate used by the Claims Administrator per Notice Packet; or $0.05 per Notice Packet transmitted by email; or $0.05 per name, mailing address, and email address (to the extent available) provided to the Claims Administrator, by providing the Claims Administrator with proper documentation supporting the expenses for which  reimbursement is sought.  Such properly documented expenses incurred by nominees in compliance with the terms of this Order shall be paid from the Settlement Fund, with any disputes as to the reasonableness or documentation of expenses incurred subject to review by the Court.

10. **Participation in the Settlement** – Settlement Class Members who wish to participate in the Settlement and be eligible to receive a distribution from the Net Settlement Fund must complete and submit a Claim Form in accordance with the instructions contained therein. Unless the Court orders otherwise, all Claim Forms must be postmarked or electronically submitted no later than one hundred twenty (120) calendar days after the Notice Date.

6

Notwithstanding the foregoing, Plaintiffs' Counsel may, at its discretion, accept for processing late Claims provided such acceptance does not delay the distribution of the Net Settlement Fund to the Settlement Class. By submitting a Claim, a person or entity shall be deemed to have submitted to the jurisdiction of the Court with respect to his, her or its Claim and the subject matter of the Settlement.

11. Each Claim Form submitted must satisfy the following conditions: (a) it must be properly completed, signed and submitted in a timely manner in accordance with the provisions of the preceding paragraph; (b) it must be accompanied by adequate supporting documentation for the transactions and holdings reported therein, in the form of broker confirmation slips, broker account statements, an authorized statement from the broker containing the transactional and holding information found in a broker confirmation slip or account statement, or such other documentation as is deemed adequate by Plaintiffs' Counsel or the Claims Administrator; (c) if the person executing the Claim Form is acting in a representative capacity, a certification of his, her or its current authority to act on behalf of the Settlement Class Member must be included in the Claim Form to the satisfaction of Plaintiffs' Counsel or the Claims Administrator; and (d) the Claim Form must be complete and contain no material deletions or modifications of any of the printed matter contained therein and must be signed under penalty of perjury.

12. Any Settlement Class Member that does not timely and validly submit a Claim Form or whose Claim is not otherwise approved by the Court: (a) shall be deemed to have waived his, her or its right to share in the Net Settlement Fund; (b) shall be forever barred from participating in any distributions therefrom; (c) shall be bound by the provisions of the Stipulation and the Settlement and all proceedings, determinations, orders and judgments in the Action relating thereto, including, without limitation, the Judgment and the Releases provided for therein, whether favorable or unfavorable to the Settlement Class; and (d) will be barred from commencing, maintaining or prosecuting any of the Releasing Plaintiffs' Parties' Claims against each and all of the Released Defendants' Parties as more fully described in the Stipulation. Notwithstanding the foregoing, late Claim Forms may be accepted for processing as set forth in paragraph 10 above.

[PROPOSED] ORDER PRELIMINARILY APPROVING SETTLEMENT AND PROVIDING FOR NOTICE
(CASE NO. 3:23-cv-04332-JSC)

13.    **Exclusion From the Class** - Any member of the Settlement Class who wishes to exclude himself, herself or itself from the Settlement Class must request exclusion in writing within the time and in the manner set forth in the Notice, which shall provide that:  (a) any such request for exclusion from the Settlement Class must be mailed or delivered such that it is received no later than twenty-one (21) calendar days prior to the Settlement Hearing, to the following recipients:  (i) Verita, and (ii) both Plaintiffs' Counsel and Defendants' Counsel, at the addresses set forth in paragraph 17 below; and (b) each request for exclusion must (i) state the name, address, and telephone number of the person or entity requesting exclusion, and in the case of entities, the name and telephone number of the appropriate contact person; (ii) state that such person or entity "requests exclusion from the Settlement Class in Bhangal v. Hawaiian Electric Industries, Inc. et al., Case No. 3:23-cv-04332-JSC"; (iii) state the number of HEI common stock shares that the person or entity requesting exclusion purchased/acquired and/or sold during the Class Period, as well as the dates and prices of each such purchase/acquisition and sale; and (iv) be signed by the person or entity requesting exclusion or an authorized representative.  A request for exclusion shall not be effective unless it provides all the required information and is received within the time stated above or is otherwise accepted by the Court.

14.    Any person or entity who or which timely and validly requests exclusion in compliance with the terms stated in this Order and is excluded from the Settlement Class shall not be a Settlement Class Member, shall not be bound by the terms of the Settlement or any orders or judgments in the Action, and shall not receive any payment out of the Net Settlement Fund.

15.    Any Settlement Class Member who or which does not timely and validly request exclusion from the Settlement Class in the manner stated in this Order that is accepted by the Court:  (a) shall be deemed to have waived his, her or its right to be excluded from the Settlement Class; (b) shall be forever barred from requesting exclusion from the Settlement Class in this or any other proceeding; (c) shall be bound by the provisions of the Stipulation and Settlement and all proceedings, determinations, orders and judgments in the Action, including, but not limited to, the Judgment and the Releases provided for therein, whether favorable or unfavorable to the Settlement Class; and (d) will be barred from commencing, maintaining or prosecuting any of the

Releasing Plaintiffs' Parties' Claims against any of the Released Defendants' Parties, as more fully described in the Stipulation.

16. **<u>Appearance and Objections at Settlement Hearing</u>** - Any Settlement Class Member who does not request exclusion from the Settlement Class may enter an appearance in the Action, at his, her or its own expense, individually or through counsel of his, her or its own choice, by filing with the Clerk of Court and delivering a notice of appearance to both Plaintiffs' Counsel and Defendants' Counsel, at the addresses set forth in paragraph 17 below, such that it is received no later than twenty-one (21) calendar days prior to the Settlement Hearing, or as the Court may otherwise direct. Any Settlement Class Member who does not enter an appearance will be represented by Plaintiffs' Counsel.

17. Any Settlement Class Member who does not request exclusion from the Settlement Class may file a written objection to the proposed Settlement, the proposed Plan of Allocation, and/or Plaintiffs' Counsel's motion for an award of attorneys' fees and reimbursement of Litigation Expenses (including reimbursement of the reasonable costs and expenses to Lead Plaintiff) and appear and show cause, if he, she or it has any cause, why the proposed Settlement, the proposed Plan of Allocation and/or Plaintiffs' Counsel's motion for attorneys' fees and reimbursement of Litigation Expenses (including reimbursement to Lead Plaintiff) should not be approved; provided, however, that no Settlement Class Member shall be heard or entitled to contest the approval of the terms and conditions of the proposed Settlement, the proposed Plan of Allocation and/or the motion for attorneys' fees and reimbursement of Litigation Expenses unless that person or entity has filed a written objection with the Court and served copies of such objection on Plaintiffs' Counsel and Defendants' Counsel at the addresses set forth below such that they are received no later than twenty-one (21) calendar days prior to the Settlement Hearing.

| **Clerk's Office** | **Plaintiffs' Counsel** | **Defendants' Counsel** |
|---|---|---|
| United States District Court for the Northern District of California Clerk of the Court Phillip Burton Federal Building 450 Golden Gate Avenue | Pomerantz LLP Jeremy A. Lieberman, Esq. 600 Third Avenue, 20th Floor New York, NY 10016-1917 | Skadden Arps Slate Meager & Flom LLP Peter Bradley Morrison 300 South Grand Avenue, Suite 3400 Los Angeles, CA 90071 |

9

[PROPOSED] ORDER PRELIMINARILY APPROVING SETTLEMENT AND PROVIDING FOR NOTICE
(CASE NO. 3:23-cv-04332-JSC)

San Francisco, CA 94102                                    Mark R.S. Foster
16th floor                                                 525 University Avenue,
                                                           Palo Alto, California 94301

18.    Any objections, filings and other submissions by the objecting Settlement Class Member: (a) must state the name, address, and telephone number of the person or entity objecting and must be signed by the objector; (b) must contain a statement of the Settlement Class Member's objection or objections, and the specific reasons for each objection, including any legal and evidentiary support the Settlement Class Member wishes to bring to the Court's attention; (c) state the number of times the Settlement Class Member and/or his, her, or its counsel has filed an objection to a class action settlement in the last five years, the nature of each such objection in each case, the jurisdiction in each case, and the name of the issuer of the security or seller of the product or service at issue in each case; and (d) must include documents sufficient to prove membership in the Settlement Class, including the number of HEI common stock shares during the Class Period, as well as the dates and prices of each such purchase/acquisition and sale. Objectors who enter an appearance and desire to present evidence at the Settlement Hearing in support of their objection must include in their written objection or notice of appearance the identity of any witnesses they may call to testify and any exhibits they intend to introduce into evidence at the hearing.

19.    Any Settlement Class Member who or which does not make his, her or its objection in the manner provided herein shall be deemed to have waived his, her or its right to object to any aspect of the proposed Settlement, the proposed Plan of Allocation, and Plaintiffs' Counsel's motion for an award of attorneys' fees and reimbursement of Litigation Expenses (including reimbursement to Lead Plaintiff) and shall be forever barred and foreclosed from objecting to the fairness, reasonableness or adequacy of the Settlement, the Plan of Allocation or the requested attorneys' fees and Litigation Expenses (including reimbursement to Lead Plaintiff), or from otherwise being heard concerning the Settlement, the Plan of Allocation or the requested attorneys' fees and Litigation Expenses in this or any other proceeding.

10

[PROPOSED] ORDER PRELIMINARILY APPROVING SETTLEMENT AND PROVIDING FOR NOTICE
(CASE NO. 3:23-cv-04332-JSC)

20. **Stay and Temporary Injunction** - Until otherwise ordered by the Court, the Court stays all proceedings in the Action other than proceedings necessary to carry out or enforce the terms and conditions of the Stipulation.  Pending final determination of whether the Settlement should be approved, the Court bars and enjoins Plaintiffs, all other members of the Settlement Class, and all other Releasing Plaintiffs' Parties from commencing or prosecuting any and all of the Releasing Plaintiffs' Parties' Claims against each and all of the Released Defendants' Parties.

21. **Settlement Administration Fees and Expenses** - The Escrow Agent may, at any time after entry of this Order and without further approval from Settlement Defendants or the Court, disburse at the direction of Plaintiffs' Counsel up to $500,000.00 for all reasonable costs incurred in identifying Settlement Class Members and notifying them of the Settlement and administering the Settlement.

22. **Settlement Fund** - The contents of the Settlement Fund held by The Huntington National Bank (which the Court approves as the Escrow Agent), shall be deemed and considered to be in custodia legis of the Court, and shall remain subject to the jurisdiction of the Court, until such time as they shall be distributed pursuant to the Stipulation and/or further order(s) of the Court.

23. **Taxes** - Plaintiffs' Counsel is authorized and directed to prepare any tax returns and any other tax reporting form for or in respect to the Settlement Fund, to pay from the Settlement Fund any Taxes owed with respect to the Settlement Fund, and to otherwise perform all obligations with respect to Taxes and any reporting or filings in respect thereof without further order of the Court in a manner consistent with the provisions of the Stipulation.

24. **Termination of Settlement** - If the Settlement is terminated as provided in the Stipulation, the Settlement is not approved, or the Effective Date of the Settlement otherwise fails to occur, this Order shall be vacated, rendered null and void and be of no further force and effect, except as otherwise provided by the Stipulation, and this Order shall be without prejudice to the rights of Plaintiffs, the other Settlement Class Members and Defendants, and the Parties shall revert to their respective positions in the Action as of November 5, 2025 (the date of the execution of the Term Sheet), as provided in the Stipulation.

[PROPOSED] ORDER PRELIMINARILY APPROVING SETTLEMENT AND PROVIDING FOR NOTICE
(CASE NO. 3:23-cv-04332-JSC)

25.     Use of this Order - Neither this Order, the Term Sheet, the Stipulation (whether or not consummated), including the exhibits thereto and the Plan of Allocation contained therein (or any other plan of allocation that may be approved by the Court), the negotiations leading to the execution of the Term Sheet and the Stipulation, nor any proceedings taken pursuant to or in connection with the Term Sheet, the Stipulation and/or approval of the Settlement (including any arguments proffered in connection therewith):  (a) shall be offered against any of the Released Defendants' Parties as evidence of, or construed as, or deemed to be evidence of any presumption, concession, or admission by any of the Released Defendants' Parties with respect to the truth of any fact alleged by Plaintiffs or the validity of any claim that was or could have been asserted or the deficiency of any defense that has been or could have been asserted in this Action or in any other litigation, or of any liability, negligence, fault, or other wrongdoing of any kind of any of the Released Defendants' Parties or in any way referred to for any other reason as against any of the Released Defendants' Parties, in any civil, criminal or administrative action or proceeding, other than such proceedings as may be necessary to effectuate the provisions of the Stipulation; (b) shall be offered against any of the  Plaintiffs as evidence of, or construed as, or deemed to be evidence of any presumption, concession or admission by any of the  Plaintiffs that any of their claims are without merit, that any of the Defendant' had meritorious defenses, or that damages recoverable under the Amended Complaint would not have exceeded the Settlement Amount or with respect to any liability, negligence, fault or wrongdoing of any kind, or in any way referred to for any other reason as against any of the Plaintiffs, in any civil, criminal or administrative action or proceeding, other than such proceedings as may be necessary to effectuate the provisions of the Stipulation; or (c) shall be construed against any of the Released Defendants' Parties or the Releasing Plaintiffs' Parties  as an admission, concession, or presumption that the consideration to be given under the Settlement represents the amount which could be or would have been recovered after trial; provided, however, that if the Stipulation is approved by the Court, the Released Defendants' Parties and Releasing Plaintiffs' Parties and their respective counsel may refer to it to effectuate the protections from liability granted thereunder or otherwise to enforce the terms of the Settlement.

12

26.   **Supporting Papers** - Plaintiffs' Counsel shall file and serve the opening papers in support of the proposed Settlement, the Plan of Allocation, and Plaintiffs' Counsel's motion for an award of attorneys' fees and reimbursement of Litigation Expenses (including reimbursement to Lead Plaintiff) no later than thirty-five (35) calendar days prior to the Settlement Hearing; and reply papers, if any, shall be filed no later than seven (7) calendar days prior to the Settlement Hearing.

27.   The Court retains jurisdiction to consider all further applications arising out of or connected with the proposed Settlement.

SO ORDERED this _____ day of _____ , 20__.

_____

The Honorable Jacqueline Scott Corley

United States District Judge

[PROPOSED] ORDER PRELIMINARILY APPROVING SETTLEMENT AND PROVIDING FOR NOTICE
(CASE NO. 3:23-cv-04332-JSC)