# Exhibit 3

**Exhibit A-1**

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

# SAN FRANCISCO DIVISION

| | |
|---|---|
| BHAPINDERPAL S. BHANGAL, Individually and on Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>v.<br><br>HAWAIIAN ELECTRIC INDUSTRIES, INC., HAWAIIAN ELECTRIC COMPANY, INC., CONSTANCE H. LAU, SCOTT W. H. SEU, GREGORY C. HAZELTON, PAUL K. ITO, and SHELEE KIMURA,<br><br>Defendants. | CASE NO.  3:23-cv-04332-JSC |

## NOTICE OF (I) PENDENCY OF CLASS ACTION AND PROPOSED SETTLEMENT; (II) SETTLEMENT FAIRNESS HEARING; AND (III) MOTION FOR AN AWARD OF ATTORNEYS' FEES AND REIMBURSEMENT OF LITIGATION EXPENSES

*A Federal Court authorized this Notice.*
*This is not a solicitation from a lawyer.*

**NOTICE OF PENDENCY OF CLASS ACTION:** Please be advised that your rights may be affected by the above-captioned securities class action (the "Action") pending in the United States District Court for the Northern District of California (the "Court"), if, during the period between February 28, 2019 through September 4, 2023, both dates inclusive (the "Settlement Class Period"), you purchased or otherwise acquired the common stock of Hawaiian Electric Industries Inc. ("HEI" or the "Company") ("HEI securities" or "HEI common stock") and were allegedly damaged thereby (the "Class").[1]

**NOTICE OF SETTLEMENT:** Please also be advised that the Court-Appointed Lead Plaintiff Daniel Warren ("Lead Plaintiff"), on behalf of himself and all members of the Settlement Class (as defined in ¶ 21 below), and additional Plaintiffs Bhapinderpal S. Bhangal and Emaad Kuhdear (together with Lead Plaintiff, "Plaintiffs"), on behalf of themselves and all members of the Settlement Class (as defined in ¶ 21 below), has reached a proposed settlement of the Action for $47,750,000 that, if approved, will resolve all claims in the Action (the "Settlement").

**PLEASE READ THIS NOTICE CAREFULLY. This Notice explains important rights you may have, including the possible receipt of cash from the Settlement. If you are a member of the Settlement Class, your legal rights will be affected whether or not you act.**

**If you have any questions about this Notice, the proposed Settlement, or your eligibility to participate in the Settlement, please DO NOT contact HEI, any other Defendants in the Action, or their counsel. All questions should be directed to Plaintiffs' Counsel or the Claims Administrator (*see* ¶ 83 below).**

1.  **Description of the Action and the Class:**  This Notice relates to a proposed Settlement of claims in a pending securities class action brought by investors alleging, among other things, that defendants HEI, Hawaiian Electric Company, Inc. ("HECO"), Constance H. Lau ("Lau"), Scott W. H. Seu ("Seu"), Gregory C. Hazelton ("Hazelton"), Paul K. Ito ("Ito"), and Shelee Kimura ("Kimura") (collectively, "Defendants," and each Defendant, except HEI and HECO, collectively referred to as "Individual Defendants,") violated the federal securities laws by making false and misleading statements regarding the efforts of the Company and its subsidiaries to mitigate wildfire risk, including replacement of uninsulated power lines, utility pole maintenance, and trimming of vegetation.  As discussed below, Defendants deny the allegations of wrongdoing asserted in this Action, and deny any liability whatsoever to any member of the Settlement Class.  A more detailed description of the Action is set forth in ¶¶ 11–20 below.  The proposed Settlement, if approved by the Court, will settle claims of the Class, as defined in ¶ 21 below.

2.  **Statement of the Class's Recovery:**  Subject to Court approval, Plaintiffs, on behalf of themselves and the Settlement Class, have agreed to settle the Action in exchange for a settlement payment of $47,750,000 in cash or immediately available funds (the "Settlement Amount") to be deposited into an Escrow Account.  The Net Settlement Fund (*i.e.*, the Settlement Amount plus any and all interest earned thereon (the "Settlement Fund") less (a) Taxes, (b) Notice

---

[1] All capitalized terms used in this Notice that are not otherwise defined herein shall have the meanings ascribed to them in the Stipulation and Agreement of Settlement dated January 5, 2026 (the "Stipulation"), which is available at www.HawaiianElectricSecuritiesSettlement.com.

2

NOTICE OF (I) PENDENCY OF CLASS ACTION AND PROPOSED SETTLEMENT; (II) SETTLEMENT FAIRNESS HEARING; AND (III) MOTION FOR AN AWARD OF ATTORNEYS' FEES AND REIMBURSEMENT OF LITIGATION EXPENSES

and Administration Costs, (c) any Litigation Expenses awarded by the Court, and (d) any attorneys' fees awarded by the Court or compensatory awards to Lead Plaintiffs for histheir representation of the Settlement Class) will be distributed in accordance with a plan of allocation that is approved by the Court, which will determine how the Net Settlement Fund shall be allocated among members of the Settlement Class.  The proposed plan of allocation (the "Plan of Allocation") is set forth on pages 20-27 below.

3.   **Estimate of Average Amount of Recovery Per Share**:  Based on Plaintiffs' damages expert's estimates of the number of HEI common stock shares purchased during the Class Period that may have been affected by the conduct at issue in the Action, and assuming that all Settlement Class Members elect to participate in the Settlement, the estimated average recovery (before the deduction of any Court-approved fees, expenses and costs as described herein) per eligible share is $0.57.  Settlement Class Members should note, however, that the foregoing average recovery per share is only an estimate.  Some Settlement Class Members may recover more or less than this estimated amount depending on, among other factors, when and at what prices they purchased/acquired or sold shares of HEI, and the total number of valid Claim Forms submitted.  Distributions to Settlement Class Members will be made based on the Plan of Allocation set forth herein (*see* pages 20-27 below) or such other plan of allocation as may be ordered by the Court.  Note:  no distribution will be made to Settlement Class Members who would otherwise receive a distribution of less than $10.00.

4.   **Average Amount of Damages Per Share**:  The Parties do not agree on the average amount of damages per share that would be recoverable if Plaintiffs were to prevail in the Action.  Among other things, Defendants deny that they violated the federal securities laws or committed any wrongdoing whatsoever, and deny that any members of the Settlement Class suffered any damages or harm as a result of Defendants' conduct.

5.   **Attorneys' Fees and Expenses Sought**:  Plaintiffs' Counsel, who have been prosecuting the Action on a wholly contingent basis since its inception in 2023, have not received any payment of attorneys' fees for their representation of the Settlement Class and have advanced the funds to pay expenses necessarily incurred to prosecute this Action.  Court-appointed Plaintiffs' Counsel, Pomerantz LLP, will apply to the Court for an award of attorneys' fees for all Plaintiffs' Counsel in an amount not to exceed 33.33% of the Settlement Fund plus interest.  In addition, Plaintiffs' Counsel will apply for reimbursement of Litigation Expenses paid or incurred in connection with the institution, prosecution and resolution of the claims against the Defendants plus interest, in an amount not to exceed $500,000, as well as a compensatory awards to Lead Plaintiffs pursuant to 15 U.S.C. §78u-4(a)(4), for costs and expenses (including lost wages) incurred due to histheir representation of the Settlement Class, in an amount not to exceed $10,000.  Any fees and expenses awarded by the Court will be paid from the Settlement Fund.  Settlement Class Members are not personally liable for any such fees or expenses.  The estimated average cost per affected share of HEI common stock, if the Court approves Plaintiffs' Counsel's fee and expense application, is $0.20 per eligible share.

6.   **Identification of Attorneys' Representatives**:  Plaintiffs and the Class are represented by Lead Counsel, Jeremy A. Lieberman, Esq. and Austin P. Van, Esq. of Pomerantz LLP, 600 Third Avenue, 20th Floor, New York, NY 10016-1917, Tel: 212-661-1100 and additional Plaintiffs' counsel, Shannon L. Hopkins, Esq. and Andrew E. Lencyk, Esq. of Levi &

NOTICE OF (I) PENDENCY OF CLASS ACTION AND PROPOSED SETTLEMENT; (II) SETTLEMENT FAIRNESS HEARING; AND (III) MOTION FOR AN AWARD OF ATTORNEYS' FEES AND REIMBURSEMENT OF LITIGATION EXPENSES

Korsinsky, LLP, 1111 Summer St., Suite 403, Stamford, CT 06095, Tel: 203-992-4523. Defendants HEI, Lau, Seu, Hazelton, and Ito are represented by Skadden Arps Slate Meager & Flom LLP, Peter Bradley Morrison 300 South Grand Avenue, Suite 3400, Los Angeles, CA 90071, Tel: (213) 687-5000, and Mark R. S. Foster, 525 University Avenue, Palo Alto, California 94301, Tel: (650) 470-4500.  Defendants HECO and Kimura are represented by Allen Overy Shearman Sterling US LLP, Adam S. Hakki, 599 Lexington Avenue, New York, NY 10022, Tel. (212) 848-4000, and Daniel H.R. Laguardia, 140 New Montgomery Street, San Francisco, CA 94015, Tel. (415) 796-4160.

7.    **Reasons for the Settlement:** Plaintiffs' principal reason for entering into the Settlement is the substantial immediate cash benefit for the Settlement Class without the risk or the delays inherent in further litigation.  Moreover, the substantial cash benefit provided under the Settlement must be considered against the significant risk that a smaller recovery - or indeed no recovery at all - might be achieved after contested motions, a trial of the Action and the likely appeals that would follow a trial.  This process could be expected to last several years.  Defendants, who deny all allegations of wrongdoing or liability whatsoever, are entering into the Settlement solely to eliminate the uncertainty, burden and expense of further protracted litigation.

| YOUR LEGAL RIGHTS AND OPTIONS IN THE SETTLEMENT: | |
|---|---|
| **SUBMIT A CLAIM FORM BY MAIL POSTMARKED NO LATER THAN _____, 2026 OR ELECTRONICALLY BY 11:59 P.M. EST ON _____, 2026** | This is the only way to be eligible to receive a payment from the Settlement Fund.  If you are a Settlement Class Member and you remain in the Settlement Class, you will be bound by the Settlement as approved by the Court and you will give up any Releasing Plaintiffs' Parties' Claims (defined in ¶ 30 below) that you have against Released Defendants' Parties (defined in ¶ 31 below).  In short, if you remain a Settlement Class Member, you will release all claims related to this Action, as detailed in ¶ 30 below. |
| **EXCLUDE YOURSELF FROM THE CLASS BY SUBMITTING A WRITTEN REQUEST FOR EXCLUSION SO THAT IT IS *RECEIVED* NO LATER THAN ___, 2026.** | If you exclude yourself from the Settlement Class, you will not be eligible to receive any payment from the Settlement Fund.  This is the only option that allows you ever to be part of any other lawsuit against any of the Released Defendants' Parties concerning the Releasing Plaintiffs' Parties' Claims. |

NOTICE OF (I) PENDENCY OF CLASS ACTION AND PROPOSED SETTLEMENT; (II) SETTLEMENT FAIRNESS HEARING; AND (III) MOTION FOR AN AWARD OF ATTORNEYS' FEES AND REIMBURSEMENT OF LITIGATION EXPENSES

| | |
|---|---|
| **OBJECT TO THE SETTLEMENT BY SUBMITTING A WRITTEN OBJECTION SO THAT IT IS *RECEIVED* NO LATER THAN ___, 2026.** | If you do not like the proposed Settlement, the proposed Plan of Allocation, the request for attorneys' fees and reimbursement of Litigation Expenses, or the request for reimbursement of the reasonable costs and expenses incurred by Lead Plaintiffs, you may write to the Court and explain why you do not like them. You cannot object to the Settlement, the Plan of Allocation or the fee and expense request unless you are a Settlement Class Member and do not exclude yourself from the Settlement Class. |
| **GO TO A HEARING ON _____, 2026 AT _____ _.M., AND FILE A NOTICE OF INTENTION TO APPEAR SO THAT IT IS *RECEIVED* NO LATER THAN _____, 2026.** | Filing a written objection and notice of intention to appear by _____, **2026** allows you to speak in Court, at the discretion of the Court, about the fairness of the proposed Settlement, the Plan of Allocation, and/or the request for attorneys' fees and reimbursement of Litigation Expenses. If you submit a written objection, you may (but you do not have to) attend the hearing and, at the discretion of the Court, speak to the Court about your objection. |
| **DO NOTHING.** | If you are a member of the Settlement Class and you do not submit a valid Claim Form, you will not be eligible to receive any payment from the Settlement Fund. You will, however, remain a member of the Settlement Class, which means that you give up your right to sue about the Releasing Plaintiffs' Parties' Claims that are resolved by the Settlement and you will be bound by any judgments or orders entered by the Court in the Action. In short, if you remain a Settlement Class Member and do not submit a valid Claim Form, you will still release all claims related to this Action, as detailed in ¶ 30 below. |

5

NOTICE OF (I) PENDENCY OF CLASS ACTION AND PROPOSED SETTLEMENT; (II) SETTLEMENT FAIRNESS HEARING; AND (III) MOTION FOR AN AWARD OF ATTORNEYS' FEES AND REIMBURSEMENT OF LITIGATION EXPENSES

| **WHAT THIS NOTICE CONTAINS** |
|---|

Why Did I Get This Notice? ................................................ Page __

What Is This Case About? ................................................ Page __

How Do I Know If I Am Affected By The

   Settlement? Who Is Included In The Class? ................ Page __

What Are Plaintiffs' Reasons For The Settlement? ........ Page __

What Might Happen If There Were No Settlement? ........ Page __

How Are Class Members Affected By The Action

   And The Settlement? ................................................ Page __

How Do I Participate In The Settlement? What Do I Need To Do? ........ Page __

How Much Will My Payment Be? ................................ Page __

What Payment Are The Attorneys For The

   Class Seeking? How Will The Lawyers Be Paid? ........ Page __

What If I Do Not Want To Be A Member Of

   The Class? How Do I Exclude Myself? ........................ Page __

When And Where Will The Court Decide Whether To

   Approve The Settlement?

Do I Have To Come To The Hearing? May I Speak At The Hearing?

   If I Don't Like The Settlement? ................................ Page__

What If I Bought Shares On Someone Else's Behalf? ........ Page __

Can I See The Court File? Whom Should I

   Contact If I Have Questions? ................................ Page __

| **WHY DID I GET THIS NOTICE?** |
|---|

8.     The Court directed that this Notice be mailed to you because you or someone in your family or an investment account for which you serve as a custodian may have purchased or otherwise acquired HEI common stock during the Class Period.  The Court has directed us to send you this Notice because, as a potential Settlement Class Member, you have a right to know about your options before the Court rules on the proposed Settlement.  Additionally, you have the right to understand how this class action lawsuit may generally affect your legal rights.  If the Court approves the Settlement and the Plan of Allocation (or some other plan of allocation), the Claims

NOTICE OF (I) PENDENCY OF CLASS ACTION AND PROPOSED SETTLEMENT; (II) SETTLEMENT FAIRNESS HEARING; AND (III) MOTION FOR AN AWARD OF ATTORNEYS' FEES AND REIMBURSEMENT OF LITIGATION EXPENSES

Administrator selected by Plaintiffs and approved by the Court will make payments pursuant to the Settlement after any objections and appeals are resolved.

9. The purpose of this Notice is to inform you of the existence of this case, that it is a class action, how you might be affected, and how to exclude yourself from the Settlement Class if you wish to do so. It is also being sent to inform you of the terms of the proposed Settlement, and of a hearing to be held by the Court to consider the fairness, reasonableness, and adequacy of the Settlement, the proposed Plan of Allocation and the motion by Plaintiffs' Counsel for an award of attorneys' fees and reimbursement of Litigation Expenses (the "Settlement Hearing"). *See* ¶ 74 below for details about the Settlement Hearing, including the date and location of the hearing.

10. The issuance of this Notice is not an expression of any opinion by the Court concerning the merits of any claim in the Action, and the Court still must decide whether to approve the Settlement. If the Court approves the Settlement and a plan of allocation, then payments to Authorized Claimants will be made after any appeals are resolved and after the completion of all claims processing. Please be patient, as this process can take some time to complete.

| **WHAT IS THIS CASE ABOUT?** |
| --- |

11. On August 24, 2023, Plaintiff Bhapinderpal S. Bhanga commenced this Action in in the U.S. District Court for the Northern District of California, styled, *Bhangal v. Hawaiian Electric Industries, Inc. et al.,* Case No. 3:23-cv-04332-JSC. ECF No. 1. The Honorable District Judge Jacqueline Scott Corley was assigned the case. ECF No. 3.

12. On December 7, 2023, the Court appointed Daniel Warren as Lead Plaintiff, and Pomerantz LLP as Lead Counsel. ECF No. 58.

13. On March 8, 2024, Plaintiffs filed an Amended Complaint for Violations of the Federal Securities Laws ("Amended Complaint") (ECF No. 70) alleging that certain of the Defendants violated Sections 10(b) and 20(a) of the Securities Exchange Act of 1934 (the "Exchange Act") and U.S. Securities and Exchange Commission ("SEC") Rule 10b-5 promulgated thereunder, by making materially false and misleading statements regarding the efforts of the Company and its subsidiaries to mitigate wildfire risk, including replacement of uninsulated power lines, utility pole maintenance, and trimming of vegetation. Those alleged misrepresentations purportedly concealed the true, unmitigated risk of wildfires, and when that risk ultimately materialized in the August 8, 2023 Lahaina Wildfire, investors suffered losses. The Amended Complaint alleged these claims on behalf of investors who purchased or otherwise acquired Hawaiian Electric Industries, Inc. securities between February 28, 2019 and September 4, 2023, dates inclusive, and were damaged as a result.

14. On May 7, 2024, the Defendants named in the Amended Complaint moved to dismiss the Amended Complaint. ECF No. 81. On July 8, 2024, Plaintiffs opposed the motion to dismiss (ECF No. 84), and a reply was filed in further support of the motion to dismiss on August 22, 2024. ECF No. 87. On September 9, 2026, the Court held a hearing on the motion to dismiss which was taken under submission. ECF No. 89. On October 15, 2024, the Honorable Judge Jacqueline Scott Corley granted the motion to dismiss with leave to amend. ECF No. 92.

7

15. On November 12, 2024, Plaintiffs filed their Second Amended Complaint. ECF No. 93. On November 21, 2024, the Court granted the Parties' stipulation to defer Defendants' response to the Second Amended Complaint due to the Parties agreement to conduct a mediation. ECF No. 97. On January 22, 2025, the Parties participated in an all-day mediation session presided over by experienced mediator David M. Murphy of Philips ADR Enterprises. In advance of the mediation, the Parties submitted and exchanged detailed mediation statements and exhibits, which addressed, among other things, issues related to potential liability, loss causation, and damages. The mediation was not successful in resolving this matter.

16. On March 18, 2025, Defendants moved to dismiss the Second Amended Complaint (ECF No. 106), which Plaintiffs opposed on May 2, 2025. ECF No. 110. On May 30, 2025, Defendants filed their reply in further support of their motion to dismiss. ECF No. 112. While the motion to dismiss was fully briefed and pending, on June 20, 2025, the Parties filed a Joint Stipulation requesting the Court adjourn the upcoming hearing on Defendants' motion to dismiss the Second Amended Complaint because the parties agreed to conduct a second mediation before David M. Murphy of Philips ADR Enterprises. On July 14, 2025, the Parties participated in a full day mediation, but did not resolve the matter on that day. However, the Parties continued ongoing negotiations and agreed to a third mediation, which was held on August 15, 2025. ECF No. 115. After a third full-day mediation, the matter did not resolve, but the Parties continued ongoing negotiations that ultimately resulted, pursuant to an independent mediator recommendation, in an agreement in principle to settle and release all claims asserted against Defendants in the Action in exchange for an all-cash payment of $47,750,000 for the benefit of the Settlement Class, subject to the execution of a settlement stipulation and related papers and Court approval.

17. The agreement was memorialized in a binding term sheet (the "Term Sheet") which was fully executed on November 5, 2025. The Term Sheet sets forth, among other things, the Parties' agreement to fully and finally settle and release all claims that were asserted or could have been asserted in the Action in return for a payment by or on behalf of Defendants of forty-seven million seven hundred and fifty thousand dollars and zero cents ($47,750,000.00) for the benefit of the Settlement Class. The Term Sheet was formalized in the Stipulation that was executed on January 5, 2026. The Stipulation reflects the final and binding agreement between the Parties.

18. Based upon their investigation and prosecution of the case, Plaintiffs and Plaintiffs' Counsel have concluded that the terms and conditions of the Stipulation are fair, reasonable and adequate to Plaintiffs and the other members of the Settlement Class, and in their best interests. Based on Plaintiffs' direct oversight of the prosecution of this matter and with the advice of counsel, Plaintiffs have agreed to settle and release the claims that were asserted or could have been asserted in the Action pursuant to the terms and provisions of the Stipulation, after considering, among other things: (a) the substantial financial benefit that Plaintiffs and the other members of the Settlement Class will receive under the proposed Settlement; and (b) the significant risks and costs of continued litigation and trial.

19. The Defendants are entering into the Stipulation solely to eliminate the uncertainty, burden and expense of further protracted litigation. Each of the Defendants denies any wrongdoing and further denies that the Settlement Class suffered any damages or harm as a result of the Defendants' conduct, and the Stipulation shall in no event be construed or deemed to be evidence of or an admission or concession on the part of any of the Defendants, or any of the Released

NOTICE OF (I) PENDENCY OF CLASS ACTION AND PROPOSED SETTLEMENT; (II) SETTLEMENT FAIRNESS HEARING; AND (III) MOTION FOR AN AWARD OF ATTORNEYS' FEES AND REIMBURSEMENT OF LITIGATION EXPENSES

Defendants' Parties (defined in ¶ 31 below), with respect to any claim or allegation of any fault or liability or wrongdoing or damage whatsoever, or any infirmity in the defenses that the Defendants have, or could have, asserted.  Similarly, the Stipulation shall in no event be construed or deemed to be evidence of or an admission or concession on the part of any Plaintiffs of any infirmity in any of the claims asserted in the Action, or an admission or concession that any of the Defendants' defenses to liability had any merit.

20.    On _____, 2026, the Court preliminarily approved the Settlement, authorized this Notice to be disseminated to potential Settlement Class Members, and scheduled the Settlement Hearing to consider whether to grant final approval to the Settlement.

**HOW DO I KNOW IF I AM AFFECTED BY THE SETTLEMENT? WHO IS INCLUDED IN THE CLASS?**

21.    If you are a member of the Settlement Class, you are subject to the Settlement, unless you timely request to be excluded.  The Settlement Class consists of:

all persons or entities who or which purchased or otherwise acquired HEI securities during the Class Period set forth in the Second Amended Complaint (between February 28, 2019 through September 4, 2023, both dates inclusive), and were allegedly damaged thereby.

Excluded from the Settlement Class are Defendants, the present and former Officers and directors of HEI and any subsidiary thereof, and the Immediate Family members, legal representatives, heirs, successors or assigns of such excluded persons and any entity in which any such excluded person has or had a controlling interest during the Class Period.  Also excluded from the Settlement Class are any persons or entities who or which exclude themselves by submitting a valid and timely request for exclusion and persons and entities with no compensable losses.  *See* "What If I Do Not Want To Be A Member Of The Class? How Do I Exclude Myself," on page [      ] below.

PLEASE NOTE:  RECEIPT OF THIS NOTICE DOES NOT MEAN THAT YOU ARE A SETTLEMENT CLASS MEMBER OR THAT YOU WILL BE ENTITLED TO RECEIVE PROCEEDS FROM THE SETTLEMENT.  IF YOU ARE A SETTLEMENT CLASS MEMBER AND YOU WISH TO BE ELIGIBLE TO PARTICIPATE IN THE DISTRIBUTION OF PROCEEDS FROM THE SETTLEMENT, YOU ARE REQUIRED TO SUBMIT THE CLAIM FORM THAT IS BEING DISTRIBUTED WITH THIS NOTICE AND THE REQUIRED SUPPORTING DOCUMENTATION AS SET FORTH THEREIN POSTMARKED NO LATER THAN _____, 2026.  ALTERNATIVELY, YOU MAY OBTAIN, COMPLETE AND SUBMIT AN ELECTRONIC CLAIM FORM BY 11:59 P.M. EST ON _____, 2026 AT WWW.HAWAIIANELECTRICSECURITIESSETTLEMENT.COM.

**WHAT ARE PLAINTIFFS' REASONS FOR THE SETTLEMENT?**

22.    Plaintiffs and Plaintiffs' Counsel believe that the claims asserted against Defendants have merit.  They recognize, however, the expense and length of continued proceedings necessary to pursue their claims against the Defendants through trial and appeals, as well as the very substantial risks they would face in establishing liability and damages.  Moreover, as to Plaintiffs' claims, Plaintiffs and their Counsel recognized that Defendants had numerous avenues of attack that could preclude a recovery.  For example, they would assert that the statements were not materially false and misleading, and that even if they were, the statements were not made with the requisite state of mind to support the securities fraud claims alleged.  Even

NOTICE OF (I) PENDENCY OF CLASS ACTION AND PROPOSED SETTLEMENT; (II) SETTLEMENT FAIRNESS HEARING; AND (III) MOTION FOR AN AWARD OF ATTORNEYS' FEES AND REIMBURSEMENT OF LITIGATION EXPENSES

if the hurdles to establishing liability were overcome, the amount of damages that could be attributed to each of the allegedly false statements would be hotly contested. Plaintiffs would have to prevail at several stages—motion to dismiss, class certification, motions for summary judgment, trial, and if they prevailed on those, on the appeals that were likely to follow. Thus, there were very significant risks attendant to the continued prosecution of the Action.

23. In light of these risks, the amount of the Settlement and the immediacy of recovery to the Class, Plaintiffs and Plaintiffs' Counsel believe that the proposed Settlement is fair, reasonable and adequate, and in the best interests of the Settlement Class. Plaintiffs and Plaintiffs' Counsel believe that the Settlement provides a substantial benefit to the Settlement Class, namely $47,750,000 (less the various deductions described in this Notice), as compared to the risk that the claims in the Action would produce a smaller recovery, or no recovery after rulings on Defendants' motion to dismiss, summary judgment, trial and appeals, possibly years in the future.

24. The Defendants deny the claims asserted against them in the Action and deny having engaged in any wrongdoing or violation of law of any kind whatsoever. The Defendants further deny that their conduct caused the Settlement Class any harm or damages. The Defendants have agreed to the Settlement solely to eliminate the burden and expense of continued litigation. Accordingly, the Settlement may not be construed as an admission of any wrongdoing by Defendants.

### WHAT MIGHT HAPPEN IF THERE WERE NO SETTLEMENT?

25. If there were no Settlement and Plaintiffs failed to prove any essential legal or factual element of their claims against Defendants, neither Plaintiffs nor the other members of the Settlement Class would recover anything from Defendants. Also, if the Defendants were successful in proving any of their defenses, in connection with Defendants' motion to dismiss, at summary judgment, at trial or on appeal, the Settlement Class could recover substantially less than the amount provided in the Settlement, or nothing at all.

### HOW ARE SETTLEMENT CLASS MEMBERS AFFECTED BY THE ACTION AND THE SETTLEMENT?

26. As a Settlement Class Member, you are represented by Lead Plaintiffs and Plaintiffs' Counsel, unless you enter an appearance through counsel of your own choice at your own expense. You are not required to retain your own counsel, but if you choose to do so, such counsel must file a notice of appearance on your behalf and must serve copies of his or her appearance on the attorneys listed in the section titled, "When And Where Will The Court Decide Whether To Approve The Settlement? Do I Have To Come To The Hearing? May I Speak At The Hearing If I Don't Like The Settlement?," below.

27. If you are a Settlement Class Member and do not wish to remain a Settlement Class Member, you may exclude yourself from the Settlement Class by following the instructions in the section titled, "What If I Do Not Want To Be A Member Of The Class? How Do I Exclude Myself?," below.

28. If you are a Settlement Class Member and you wish to object to the Settlement, the Plan of Allocation, or Plaintiffs' Counsel's application for attorneys' fees and reimbursement of Litigation Expenses, or the compensatory awards to Lead Plaintiffs, and if you do not exclude yourself from the Settlement Class, you may present your objections by following the instructions

NOTICE OF (I) PENDENCY OF CLASS ACTION AND PROPOSED SETTLEMENT; (II) SETTLEMENT FAIRNESS HEARING; AND (III) MOTION FOR AN AWARD OF ATTORNEYS' FEES AND REIMBURSEMENT OF LITIGATION EXPENSES

in the section titled, "When And Where Will The Court Decide Whether To Approve The Settlement? Do I Have To Come To The Hearing? May I Speak At The Hearing If I Don't Like The Settlement?," below.

29.      If you are a Settlement Class Member and you do not exclude yourself from the Settlement Class, you will be bound by any orders issued by the Court.  If the Settlement is approved, the Court will enter a judgment (the "Judgment").  The Judgment will dismiss with prejudice the claims against Defendants and will provide that, upon the Effective Date of the Settlement, Plaintiffs and each of the other Settlement Class Members, on behalf of themselves, and their respective heirs, executors, administrators, predecessors, successors, and assigns in their capacities as such, will have fully, finally and forever compromised, settled, released, resolved, relinquished, waived and discharged each and every Releasing Plaintiffs' Parties' Claim (as defined in ¶ 30 below) against the Released Defendants' Parties (as defined in ¶ 31 below), and shall forever be barred and enjoined from prosecuting any or all of the Released Plaintiffs' Claims against any of the Released Defendants' Parties.  In short, if you are a Settlement Class Member and do not exclude yourself from the Settlement Class, you will be releasing all claims you have related to this Action, as specified in ¶ 30 below.

30.      "Releasing Plaintiffs' Parties' Claims" means all claims, actions, causes of action, demands, losses, rights, duties, obligations, debts, sums of money, suits, contracts, agreements, judgments, matters, issues, promises, damages and liabilities of every nature and description, whether known or unknown, known claims or Unknown Claims, whether arising under federal, state, common or foreign law, that Plaintiffs, any other member of the Settlement Class, or any other of Releasing Plaintiffs' Parties: (i) asserted in any complaint in this Action or (ii) could have asserted in any forum that arise out of, are based on, or relate in any way to, directly or indirectly, any of the allegations, acts, transactions, facts, events, matters, occurrences, representations or omissions involved, set forth, alleged or referred to, in the Action, or which could have been alleged in the Action, or which arise out of, are based upon, or relate in any way, directly or indirectly, to the purchase, acquisition, transfer, holding, ownership, disposition or sale of HEI securities by any members of the Settlement Class, and/or any disclosures, public filings, registration statements, or other statements by any Defendant during the Class Period, whether arising under federal, state, common or foreign law. Releasing Plaintiffs' Parties' Claims shall not include (i) any claims relating to the enforcement of the Settlement; and (ii) any claims of any person or entity who or which submits a request for exclusion from the Settlement Class that is accepted by the Court.

31.      "Released Defendants' Parties" means (i) each Defendant; (ii) the family members of the Individual Defendants; (iii) direct or indirect parent entities, direct and indirect subsidiaries, related entities, and all affiliates of HEI or HECO, and their affiliated entities, employees, or agents; (iv) any trust of which any Individual Defendant is the settlor or which is for the benefit of any Individual Defendant and/or his or her family members; (v) for any of the persons or entities listed in parts (i) through (iv), as applicable, their respective past, present, and future general partners, limited partners, principals, shareholders, joint venturers, officers, directors, managers, managing directors, supervisors, employees, contractors, consultants, experts, auditors, accountants, financial advisors, insurers, reinsurers, indemnitors, trustees, trustors, agents, attorneys, predecessors, successors, assigns, heirs, executors, administrators, estates, and any

NOTICE OF (I) PENDENCY OF CLASS ACTION AND PROPOSED SETTLEMENT; (II) SETTLEMENT FAIRNESS HEARING; AND (III) MOTION FOR AN AWARD OF ATTORNEYS' FEES AND REIMBURSEMENT OF LITIGATION EXPENSES

controlling person thereof; and (vi) any entity in which a Defendant has a controlling interest; all in their capacities as such.

32.   "Unknown Claims" means any Releasing Plaintiffs' Parties' Claims which Plaintiffs, any other Settlement Class Member, or any other Releasing Plaintiff Party does not know or suspect to exist in his, her or its favor at the time of the release of such claims, which, if known by him, her or it, might have affected any of his, her or its decision(s) with respect to this Settlement, including, without limitation, a Settlement Class Member's decision not to opt-out or object. With respect to any and all Released Claims, the Parties stipulate and agree that, upon the Effective Date of the Settlement, Plaintiffs shall expressly waive, and each of the other Settlement Class Members and each of the Releasing Plaintiffs' Parties shall be deemed to have waived, and by operation of the Judgment shall have expressly waived, any and all provisions, rights, and benefits conferred by any law of any state or territory of the United States, or principle of common law or foreign law, which is similar, comparable, or equivalent to California Civil Code §1542, which provides:

> A GENERAL RELEASE DOES NOT EXTEND TO CLAIMS THAT THE CREDITOR OR RELEASING PARTY DOES NOT KNOW OR SUSPECT TO EXIST IN HIS OR HER FAVOR AT THE TIME OF EXECUTING THE RELEASE AND THAT, IF KNOWN BY HIM OR HER, WOULD HAVE MATERIALLY AFFECTED HIS OR HER SETTLEMENT WITH THE DEBTOR OR RELEASED PARTY.

Plaintiffs, any other Settlement Class Member, any other Releasing Plaintiff Parties may hereafter discover facts in addition to or different from those which he, she, or it now knows or believes to be true with respect to the subject matter of the Released Claims, but the Parties stipulate and agree that, upon the Effective Date of the Settlement, Plaintiffs shall expressly waive, and each of the other Settlement Class Members and the Releasing Plaintiffs' Parties shall be deemed to have waived, and by operation of the Judgment shall have expressly waived any and all Released Claims without regard to the subsequent discovery or existence of such different or additional facts.  The Settlement Class Members and Releasing Plaintiffs' Parties shall be deemed by operation of law to have acknowledged, that the foregoing waiver was separately bargained for and a key element of the Settlement.

33.   "Released Plaintiffs' Parties" means (i) Plaintiffs, all Settlement Class members, any other plaintiffs in the Action and their counsel, Plaintiffs' Counsel, liaison counsel or referring counsel, and (ii) each of their respective immediate family members, and their respective partners, general partners, limited partners, principals, shareholders, joint venturers, members, officers, directors, managing directors, supervisors, employees, contractors, consultants, experts, auditors, accountants, financial advisors, insurers, trustees, trustors, agents, attorneys, predecessors, successors, assigns, heirs, executors, administrators, and any controlling person thereof, all in their capacities as such.

## HOW DO I PARTICIPATE IN THE SETTLEMENT?  WHAT DO I NEED TO DO?

34.   To be eligible for a payment from the proceeds of the Settlement, you must be a member of the Settlement Class and you must timely complete and return the Claim Form with adequate supporting documentation to the Claims Administrator at the address in ¶ 83 below, **postmarked no later than _____**.  A Claim Form is included with this Notice, or you may obtain one from the website maintained by the Claims Administrator for the Settlement at

12

NOTICE OF (I) PENDENCY OF CLASS ACTION AND PROPOSED SETTLEMENT; (II) SETTLEMENT FAIRNESS HEARING; AND (III) MOTION FOR AN AWARD OF ATTORNEYS' FEES AND REIMBURSEMENT OF LITIGATION EXPENSES

www.HawaiianElectricSecuritiesSettlement.com, or you may request that a Claim Form be mailed to you by calling the Claims Administrator toll free at 1-888-808-8046. Electronic Claim Forms must be submitted by 11:59 p.m. EST on _____, 2026. Please retain all records of your ownership of and transactions in HEI securities, as they may be needed to document your Claim. If you request exclusion from the Settlement Class or do not submit a timely and valid Claim Form, you will not be eligible to share in the Net Settlement Fund.

**HOW MUCH WILL MY PAYMENT BE?**

35.    At this time, it is not possible to make any determination as to how much any individual Settlement Class Member may receive from the Settlement.

36.    Pursuant to the Settlement, Defendants have agreed to pay or caused to be paid forty-seven million seven hundred and fifty thousand dollars and zero cents ($47,750,000.00) in cash or immediately available funds. The Settlement Amount will be deposited into an Escrow Account. The Settlement Amount plus any interest earned thereon is referred to as the "Settlement Fund." If the Settlement is approved by the Court and the Effective Date occurs, the "Net Settlement Fund" (that is, the Settlement Fund less (a) all federal, state and/or local taxes on any income earned by the Settlement Fund and the reasonable costs incurred in connection with determining the amount of and paying taxes owed by the Settlement Fund (including reasonable expenses of tax attorneys and accountants); (b) the costs and expenses incurred in connection with providing notice to Settlement Class Members and administering the Settlement on behalf of Settlement Class Members; and (c) any attorneys' fees, Litigation Expenses and compensatory awards to Lead Plaintiffs awarded by the Court) will be distributed to Settlement Class Members who submit valid Claim Forms, in accordance with the proposed Plan of Allocation or such other plan of allocation as the Court may approve ("Authorized Claimants").

37.    The Net Settlement Fund will not be distributed unless and until the Court has approved the Settlement and a plan of allocation, and the time for any petition for rehearing, appeal or review, whether by certiorari or otherwise, has expired.

38.    Neither Defendants nor any other person or entity that paid any portion of the Settlement Amount on their behalf is entitled to get back any portion of the Settlement Fund once the Court's order or judgment approving the Settlement becomes Final. Defendants and the Released Defendants' Parties shall not have any liability, obligation or responsibility for the administration of the Settlement, the disbursement of the Net Settlement Fund or the Plan of Allocation.

39.    Approval of the Settlement is independent from approval of a plan of allocation. Any determination with respect to a plan of allocation will not affect the Settlement, if approved.

40.    Unless the Court otherwise orders, any Settlement Class Member who fails to submit a Claim Form electronically by 11:59 p.m. EST on _____, 2026 or postmarked on or before _____, 2026, shall be fully and forever barred from receiving payments pursuant to the Settlement but will in all other respects remain a Settlement Class Member and be subject to the provisions of the Stipulation, including the terms of any Judgment entered and the releases given. This means that each Settlement Class Member releases the Releasing Plaintiffs' Parties' Claims (as defined in ¶ 30 above) against the Released Defendants' Parties (as defined in ¶ 31

13

NOTICE OF (I) PENDENCY OF CLASS ACTION AND PROPOSED SETTLEMENT; (II) SETTLEMENT FAIRNESS HEARING; AND (III) MOTION FOR AN AWARD OF ATTORNEYS' FEES AND REIMBURSEMENT OF LITIGATION EXPENSES

above) and will be enjoined and prohibited from filing, prosecuting, or pursuing any of the Releasing Plaintiffs' Parties' Claims against any of the Released Defendants' Parties whether or not such Settlement Class Member submits a Claim Form.

41.    The Court has reserved jurisdiction to allow, disallow, or adjust on equitable grounds the Claim of any Settlement Class Member.

42.    Each Claimant shall be deemed to have submitted to the jurisdiction of the Court with respect to his, her or its Claim Form.

43.    Only Settlement Class Members, *i.e.*, persons and entities who purchased or otherwise acquired HEI securities during the Settlement Class Period and were allegedly damaged as a result of such purchases or acquisitions, will be eligible to share in the distribution of the Net Settlement Fund.  Persons and entities which are excluded from the Settlement Class by definition or which exclude themselves from the Settlement Class pursuant to a request will not be eligible to receive a distribution from the Net Settlement Fund and should not submit Claim Forms.  Shares of HEI common stock are the only securities that are included in the Settlement.

## **PROPOSED PLAN OF ALLOCATION**

44.    The objective of the Plan of Allocation is to equitably distribute the Net Settlement Fund among Authorized Claimants based on their respective alleged economic losses as a result of the alleged fraud, as opposed to losses caused by market- or industry-wide factors or company-specific factors unrelated to the alleged fraud.  The Claims Administrator shall determine each Authorized Claimant's share of the Net Settlement Fund based upon the recognized loss formula (the "Recognized Loss") described below.

45.    A Recognized Loss will be calculated for each share of HEI common stock purchased or otherwise acquired during the Class Period.[2]  The calculation of Recognized Loss will depend upon several factors, including when shares of HEI common stock were purchased or otherwise acquired during the Class Period, the price paid, whether those shares were sold, and, if sold, when they were sold and for what amounts.

46.    The Recognized Loss is not intended to estimate the amount a Settlement Class Member might have recovered after a trial, nor is it intended to estimate the amount that will be paid to Authorized Claimants pursuant to the Settlement.  Rather, the Recognized Loss is the basis upon which the Net Settlement Fund will be proportionately allocated to the Authorized Claimants.  The Claims Administrator will use its best efforts to administer and distribute the Net Settlement Fund in a manner that is both equitable and economically feasible.

47.    The Plan of Allocation was developed with the assistance of a consulting damages expert and is based on the assumption that the price of HEI common stock was artificially inflated throughout the Class Period.  The estimated amount of alleged artificial inflation during the Class Period is set forth in Table 1 below.  The calculation of the alleged artificial inflation in the price of HEI common stock is based on certain misrepresentations alleged by Plaintiffs and on stock

---

[2] During the Class Period, Hawaiian Electric Industries, Inc. traded on the New York Stock Exchange ("NYSE") under the ticker symbol "HE."

14

NOTICE OF (I) PENDENCY OF CLASS ACTION AND PROPOSED SETTLEMENT; (II) SETTLEMENT FAIRNESS HEARING; AND (III) MOTION FOR AN AWARD OF ATTORNEYS' FEES AND REIMBURSEMENT OF LITIGATION EXPENSES

price declines, net of market- and industry-wide factors, that occurred in reaction to the public announcements that allegedly corrected those misrepresentations.

48.     Federal securities laws allow investors to recover for losses only to the extent that such losses were caused by disclosures correcting the defendants' prior false or misleading statements or omissions.  Accordingly, in order to be eligible for a recovery under the Plan of Allocation, shares of HEI common stock purchased or otherwise acquired during the Class Period must have been held during a period of time in which the price declined due to the disclosure of information correcting an allegedly misleading statement or omission.  Lead Plaintiffs and Lead Counsel have determined that such price declines occurred on the following dates: August 8, 2023; August 10, 2023; August 14, 2023; August 15, 2023; August 17, 2023; August 21, 2023; August 23, 2023; August 25, 2023; and September 5, 2023 (the "Corrective Disclosure Dates"). Accordingly, if a share of HEI common stock was sold before August 8, 2023 (the earliest Corrective Disclosure Date) the Recognized Loss for that share is $0.00, and any loss suffered is not compensable under the federal securities laws. Likewise, if a share of HEI common stock was both purchased and sold between two consecutive Corrective Disclosure Dates, the Recognized Loss for that share is $0.00.

| Table 1 Artificial Inflation in HEI Common Stock | | |
|---|---|---|
| **From** | **To** | **Per-Share Price Inflation** |
| Thursday, February 28, 2019 | Monday, August 7, 2023 | $30.55 |
| Tuesday, August 8, 2023 | Wednesday, August 9, 2023 | $28.68 |
| Thursday, August 10, 2023 | Sunday, August 13, 2023 | $26.12 |
| Monday, August 14, 2023 | Monday, August 14, 2023 | $15.27 |
| Tuesday, August 15, 2023 | Wednesday, August 16, 2023 | $8.91 |
| Thursday, August 17, 2023 | Sunday, August 20, 2023 | $6.79 |
| Monday, August 21, 2023 | Tuesday, August 22, 2023 | $6.09 |
| Wednesday, August 23, 2023 | Thursday, August 24, 2023 | $4.74 |
| Friday, August 25, 2023 | Friday, September 1, 2023 | $2.47 |
| Tuesday, September 5, 2023 | Thereafter | $0.00 |

49.     The "90-day look back" provision of the Private Securities Litigation Reform Act of 1995 ("PSLRA") is incorporated into the calculation of the Recognized Loss for HEI common stock.  The limitations on the calculation of the Recognized Loss imposed by the PSLRA are applied such that losses on HEI common stock purchased during the Class Period and held as of the close of the 90-day period subsequent to the Class Period (the "90-Day Lookback Period") cannot exceed the difference between the purchase price paid for such stock and its average closing price during the 90-Day Lookback Period.  The Recognized Loss on HEI common stock purchased

15

during the Class Period and sold during the 90-Day Lookback Period cannot exceed the difference between the purchase price paid for such stock and its rolling average closing price during the portion of the 90-Day Lookback Period that had elapsed as of the date of sale.

50.    In the calculations below, all purchase and sale prices shall exclude any fees, taxes and commissions.  If a Recognized Loss amount is calculated to be a negative number, that Recognized Loss shall be set to zero ($0.00).  Any transactions in HEI common stock executed outside of regular trading hours for the U.S. financial markets shall be deemed to have occurred during the next regular trading session.

### CALCULATION OF RECOGNIZED LOSS PER HEI SECURITY

51.    For each share of HEI common stock purchased or otherwise acquired during the Class Period (i.e., February 28, 2019 through September 4, 2023, inclusive), the Recognized Loss shall be calculated as follows:

   i.    For each share sold prior to August 8, 2023, the Recognized Loss is $0.

   ii.   For each share sold during the period August 8, 2023 through September 4, 2023, inclusive, the Recognized Loss is the amount of price inflation on the date of purchase as provided in Table 1 above *minus* the amount of price inflation on the date of sale as provided in Table 1.

   iii.  For each share sold during the period September 5, 2023 through November 30, 2023, inclusive (i.e., the 90-Day Lookback Period), the Recognized Loss is *the lesser of*:

      a.   the amount of price inflation on the date of purchase as provided in Table 1 above; or

      b.   the purchase price *minus* the "90-Day Lookback Value" on the date of sale as provided in Table 2 below.

   iv.   For each share still held as of the close of trading on November 30, 2023, the Recognized Loss is *the lesser of*:

      a.   the amount of price inflation on the date of purchase as provided in Table 1 above; or

      b.   the purchase price *minus* the average closing price for HEI common stock during the 90-Day Lookback Period, which is $12.70.

| Table 2 | | | | | |
|---|---|---|---|---|---|
| **Sale / Disposition Date** | **90-Day Lookback Value** | **Sale / Disposition Date** | **90-Day Lookback Value** | **Sale / Disposition Date** | **90-Day Lookback Value** |
| 9/5/2023 | $12.42 | 10/4/2023 | $12.63 | 11/2/2023 | $12.59 |
| 9/6/2023 | $12.34 | 10/5/2023 | $12.59 | 11/3/2023 | $12.62 |
| 9/7/2023 | $12.36 | 10/6/2023 | $12.56 | 11/6/2023 | $12.65 |
| 9/8/2023 | $12.41 | 10/9/2023 | $12.54 | 11/7/2023 | $12.67 |
| 9/11/2023 | $12.54 | 10/10/2023 | $12.54 | 11/8/2023 | $12.70 |

16

NOTICE OF (I) PENDENCY OF CLASS ACTION AND PROPOSED SETTLEMENT; (II) SETTLEMENT FAIRNESS HEARING; AND (III) MOTION FOR AN AWARD OF ATTORNEYS' FEES AND REIMBURSEMENT OF LITIGATION EXPENSES

| 9/12/2023 | $12.62 | 10/11/2023 | $12.53 | 11/9/2023 | $12.73 |
|---|---|---|---|---|---|
| 9/13/2023 | $12.71 | 10/12/2023 | $12.52 | 11/10/2023 | $12.70 |
| 9/14/2023 | $12.78 | 10/13/2023 | $12.51 | 11/13/2023 | $12.68 |
| 9/15/2023 | $12.82 | 10/16/2023 | $12.51 | 11/14/2023 | $12.67 |
| 9/18/2023 | $12.84 | 10/17/2023 | $12.52 | 11/15/2023 | $12.67 |
| 9/19/2023 | $12.87 | 10/18/2023 | $12.53 | 11/16/2023 | $12.68 |
| 9/20/2023 | $12.91 | 10/19/2023 | $12.53 | 11/17/2023 | $12.70 |
| 9/21/2023 | $12.90 | 10/20/2023 | $12.52 | 11/20/2023 | $12.72 |
| 9/22/2023 | $12.88 | 10/23/2023 | $12.51 | 11/21/2023 | $12.72 |
| 9/25/2023 | $12.85 | 10/24/2023 | $12.51 | 11/22/2023 | $12.72 |
| 9/26/2023 | $12.83 | 10/25/2023 | $12.51 | 11/24/2023 | $12.72 |
| 9/27/2023 | $12.80 | 10/26/2023 | $12.53 | 11/27/2023 | $12.71 |
| 9/28/2023 | $12.78 | 10/27/2023 | $12.54 | 11/28/2023 | $12.71 |
| 9/29/2023 | $12.76 | 10/30/2023 | $12.55 | 11/29/2023 | $12.70 |
| 10/2/2023 | $12.72 | 10/31/2023 | $12.56 | 11/30/2023 | $12.70 |
| 10/3/2023 | $12.68 | 11/1/2023 | $12.57 | N/A | N/A |

## ADDITIONAL PROVISIONS

52.    The payment you receive will reflect your proportionate share of the Net Settlement Fund.  Such payment will depend on the number of eligible shares that participate in the Settlement, and when those shares were purchased and sold.  The number of claimants who send in claims varies widely from case to case.

53.    A purchase or sale of HEI common stock shall be deemed to have occurred on the "contract" or "trade" date, as opposed to the "settlement" or "payment" date.

54.    Acquisition by Gift, Inheritance, or Operation of Law: If a Settlement Class Member acquired HEI common stock during the Class Period by way of gift, inheritance, or operation of law, such a claim will be computed by using the date and price of the original purchase and not the date and price of transfer.  To the extent that HEI shares were originally purchased prior to the commencement of the Class Period, the Recognized Loss for that acquisition shall be deemed to be zero ($0.00).

55.    The first-in-first-out ("FIFO") method will be applied to match purchases and sales. Sales will be matched in chronological order, by trade date, first against HEI common stock held as of the close of trading on February 27, 2019 (i.e., the last trading day before the Class Period begins) and then against purchases of HEI common stock during the Class Period.

56.    The date of covering a "short sale" is deemed to be the date of purchase of shares. The date of a "short sale" is deemed to be the date of sale of shares.  In accordance with the Plan of Allocation, however, the Recognized Loss on "short sales" is zero ($0.00).  In the event that a claimant has a short position in HEI common stock, the earliest subsequent Class Period purchases shall be matched against such short position and shall not be entitled to a recovery until that short position is fully covered.

57.    With respect to HEI common stock purchased or sold through the exercise of a publicly traded option, the purchase/sale date of the stock shall be the exercise date of the option

17

NOTICE OF (I) PENDENCY OF CLASS ACTION AND PROPOSED SETTLEMENT; (II) SETTLEMENT FAIRNESS HEARING; AND (III) MOTION FOR AN AWARD OF ATTORNEYS' FEES AND REIMBURSEMENT OF LITIGATION EXPENSES

and the purchase/sale price of the stock shall be the exercise price.  Any Recognized Loss arising from purchases of HEI common stock acquired during the Class Period through the exercise of a publicly traded option shall be computed as provided for other purchases of HEI common stock in the Plan of Allocation.[3]

58.    Notwithstanding any of the foregoing, shares of HEI common stock acquired through the exercise, conversion, or exchange of non-publicly traded securities (including, without limitation, options, warrants, convertible notes, or restricted stock units) are not eligible for recovery under the Settlement.  Likewise, the receipt of HEI common stock during the Class Period in exchange for securities of any corporation or entity other than HEI, or through a merger, acquisition, or sale of any corporation or entity, shall not be deemed a purchase or sale of HEI common stock for purposes of the Settlement, and such shares shall be ineligible for recovery.

59.    Payment according to the Plan of Allocation will be deemed conclusive against all Authorized Claimants.  A Recognized Loss will be calculated as defined herein and cannot be less than zero. The Claims Administrator shall allocate to each Authorized Claimant a *pro rata* share of the Net Settlement Fund based on his, her, or its total Recognized Loss as compared to the total Recognized Losses of all Authorized Claimants.  No distribution will be made to Authorized Claimants who would otherwise receive a distribution of less than $10.00.

60.    Settlement Class Members who do not submit an acceptable Proof of Claim and Release Form will not share in the Settlement proceeds. The Settlement and the Final Order and Judgment dismissing this Action with prejudice will nevertheless bind Settlement Class Members who do not submit a request for exclusion and/or submit an acceptable Proof of Claim and Release Form.

61.    Please contact the Claims Administrator or Lead Counsel if you disagree with any determinations made by the Claims Administrator regarding your Proof of Claim and Release Form.  If you are unsatisfied with the determinations, you may ask the Court, which retains jurisdiction over all Class Members and the claims administration process, to decide the issue by submitting a written request.

62.    Distributions will be made to Authorized Claimants after all claims have been processed and after the Court has granted final approval of the Settlement.

63.     After the initial distribution of the Net Settlement Fund, the Claims Administrator shall make reasonable and diligent efforts to have Authorized Claimants cash their distribution checks.  To the extent any monies remain in the fund six (6) months after the initial distribution, if Plaintiffs' Counsel, in consultation with the Claims Administrator, determines that it is cost-effective to do so, the Claims Administrator shall conduct a re-distribution of the funds remaining after payment of any unpaid fees and expenses incurred in administering the Settlement, including for such redistribution, to Authorized Claimants who have cashed their initial distributions and who would receive at least $10.00 from such re-distribution.  Additional re-distributions to

---

[3] The "exercise of an option" as used in this sentence includes: (1) purchases of HEI common stock as the result of the exercise of a call option, and (2) purchases of HEI common stock by the seller of a put option as a result of the buyer of such put option exercising that put option.

NOTICE OF (I) PENDENCY OF CLASS ACTION AND PROPOSED SETTLEMENT; (II) SETTLEMENT FAIRNESS HEARING; AND (III) MOTION FOR AN AWARD OF ATTORNEYS' FEES AND REIMBURSEMENT OF LITIGATION EXPENSES

Authorized Claimants who have cashed their prior checks and who would receive at least $10.00 on such additional re-distributions may occur thereafter if Plaintiffs' Counsel, in consultation with the Claims Administrator, determines that additional re-distributions, after the deduction of any additional fees and expenses incurred in administering the Settlement, including for such re-distributions, would be cost-effective.

64.     Payment pursuant to the Plan of Allocation, or such other plan of allocation as may be approved by the Court, shall be conclusive against all Authorized Claimants.  No person shall have any claim against the Released Plaintiffs' Parties, the Released Defendants' Parties, or the Claims Administrator or other agent designated by Plaintiffs' Counsel arising from distributions made substantially in accordance with the Stipulation, the plan of allocation approved by the Court, or further Orders of the Court. The Released Plaintiffs' Parties and the Released Defendants' Parties, shall have no responsibility or liability whatsoever for the investment or distribution of the Settlement Fund, the Net Settlement Fund, the plan of allocation, or the determination, administration, calculation, or payment of any Claim Form or nonperformance of the Claims Administrator, the payment or withholding of taxes owed by the Settlement Fund, or any losses incurred in connection therewith.

65.     The Plan of Allocation set forth herein is the plan that is being proposed to the Court for its approval by Lead Plaintiffs after consultation with theirhis damages expert.  The Court may approve this plan as proposed or it may modify the Plan of Allocation without further notice to the Settlement Class.  Any Orders regarding any modification of the Plan of Allocation will be posted on the settlement website, www.HawaiianElectricSecuritiesSettlement.com.

| WHAT PAYMENT ARE THE ATTORNEYS FOR THE CLASS SEEKING? HOW WILL THE LAWYERS BE PAID? |
| --- |

66.     Plaintiffs' Counsel have not received any payment for their services in pursuing claims against the Defendants on behalf of the Settlement Class, nor have Plaintiffs' Counsel been reimbursed for their out-of-pocket expenses.  Before final approval of the Settlement, Plaintiffs' Counsel will apply to the Court for an award of attorneys' fees for all Plaintiffs' Counsel in an amount not to exceed 33.33% of the Settlement Fund plus interest.  At the same time, Plaintiffs' Counsel also intends to apply for reimbursement of Litigation Expenses plus interest in an amount not to exceed $500,000, as well as a compensatory awards, pursuant to 15 U.S.C. §78u-4(a)(4), to Lead Plaintiffs for costs and expenses (including lost wages) due to theirhis representation of the Settlement Class, in an amount not to exceed $10,000.  Settlement Class Members can view the filed fee and expense applications on the Court's docket, and the applications will also be posted on the Claims Administrator website at www.HawaiianElectricSecuritiesSettlement.com.  The Court will determine the amount of any award of attorneys' fees, reimbursement of Litigation Expenses and Lead Plaintiff compensatory awards.  Such sums as may be approved by the Court will be paid from the Settlement Fund.  Settlement Class Members are not personally liable for any such fees or expenses.

| WHAT IF I DO NOT WANT TO BE A MEMBER OF THE CLASS?  HOW DO I EXCLUDE MYSELF? |
| --- |

67.     Each Settlement Class Member will be bound by all determinations and judgments in this lawsuit, whether favorable or unfavorable, unless such person or entity mails or delivers a written Request for Exclusion from the Class to the following recipients:  (i) Verita Global ("Verita") (the "Claims Administrator") and (ii) both Plaintiffs' Counsel and Defendants' Counsel,

19

NOTICE OF (I) PENDENCY OF CLASS ACTION AND PROPOSED SETTLEMENT; (II) SETTLEMENT FAIRNESS HEARING; AND (III) MOTION FOR AN AWARD OF ATTORNEYS' FEES AND REIMBURSEMENT OF LITIGATION EXPENSES

at the addresses set forth in ¶ 75 below. The exclusion request must be ***received*** no later than _____.  You will not be able to exclude yourself from the Settlement Class after that date. Each Request for Exclusion must (a) state the name, address and telephone number of the person or entity requesting exclusion, and, in the case of entities, the name and telephone number of the appropriate contact person; (b) state that such person or entity "requests exclusion from the Settlement Class in *Bhangal v. Hawaiian Electric Industries, Inc. et al.,* Case No. 3:23-cv-04332-JSC"; (c) identify and state the number of HEI securities that the person or entity requesting exclusion purchased/acquired and/or sold during the period from February 28, 2019 through and including September 4, 2023, as well as the dates and prices of each such purchase/acquisition and sale; and (d) be signed by the person or entity requesting exclusion or an authorized representative. A Request for Exclusion shall not be valid and effective unless it provides all the information called for in this paragraph and is received within the time stated above or is otherwise accepted by the Court.

68.    If you do not want to be part of the Settlement Class, you must follow these instructions for exclusion even if you have pending, or later file, another lawsuit, arbitration, or other proceeding relating to any Releasing Plaintiffs' Parties' Claim against any of the Released Defendants' Parties.

69.    If you ask to be excluded from the Settlement Class, you will not be eligible to receive any payment out of the Net Settlement Fund.

70.    Defendants have the right to terminate the Settlement if valid requests for exclusion are received from persons and entities entitled to be members of the Settlement Class in an amount that exceeds an amount agreed to by Plaintiffs and Defendants.

**WHEN AND WHERE WILL THE COURT DECIDE WHETHER TO APPROVE THE SETTLEMENT? DO I HAVE TO COME TO THE HEARING? MAY I SPEAK AT THE HEARING IF I DON'T LIKE THE SETTLEMENT?**

**71.    Settlement Class Members do not need to attend the Settlement Hearing. The Court will consider any submission made in accordance with the provisions below even if a Settlement Class Member does not attend the hearing. You can participate in the Settlement without attending the Settlement Hearing.**

72.    The Settlement Hearing will be held on _____ at __:__ _.m., before the Honorable Jacqueline Scott Corley in Courtroom 8, 19th Floor, United States District Court for the Northern District of California, Phillip Burton Federal Building, 450 Golden Gate Avenue, San Francisco, CA 94102.  The Court reserves the right to approve the Settlement, the Plan of Allocation, Plaintiffs' Counsel's motion for an award of attorneys' fees and reimbursement of Litigation Expenses and/or any other matter related to the Settlement at or after the Settlement Hearing without further notice to the members of the Settlement Class.

73.    Any Settlement Class Member who or which does not request exclusion may object to the Settlement, the proposed Plan of Allocation or Plaintiffs' Counsel's motion for an award of attorneys' fees and reimbursement of Litigation Expenses.  Objections must be in writing.  You must file any written objection, together with copies of all other papers and briefs supporting the objection, with the Clerk's Office at the United States District Court for the Northern District of

NOTICE OF (I) PENDENCY OF CLASS ACTION AND PROPOSED SETTLEMENT; (II) SETTLEMENT FAIRNESS HEARING; AND (III) MOTION FOR AN AWARD OF ATTORNEYS' FEES AND REIMBURSEMENT OF LITIGATION EXPENSES

California at the address set forth below on or before _____.  You must also serve the papers on Plaintiffs' Counsel and on Defendants' Counsel at the addresses set forth below so that the papers **are** *received* on or before _____.

| **Clerk's Office** | **Plaintiffs' Counsel** | **Defendants' Counsel** |
|---|---|---|
| United States District Court for the Northern District of California Clerk of the Court Phillip Burton Federal Building 450 Golden Gate Avenue San Francisco, CA 94102 16th floor | Pomerantz LLP Jeremy A. Lieberman, Esq. 600 Third Avenue, 20th Floor New York, NY 10016-1917 | Skadden Arps Slate Meager & Flom LLP Peter Bradley Morrison 300 South Grand Avenue, Suite 3400 Los Angeles, CA 90071<br><br>Mark R.S. Foster 525 University Avenue, Palo Alto, California 94301 |

74.    Any objection (a) must state the name, address and telephone number of the person or entity objecting and must be signed by the objector; (b) must contain a statement of the Settlement Class Member's objection or objections, and the specific reasons for each objection, including any legal and evidentiary support the Settlement Class Member wishes to bring to the Court's attention; and (c) must include documents sufficient to prove membership in the Settlement Class, including the number of shares of HEI securities that the objecting Settlement Class Member purchased/acquired and/or sold during the period from February 28, 2019 through and including September 4, 2023, as well as the dates and prices of each such purchase/acquisition and sale.  You may not object to the Settlement, the Plan of Allocation or Plaintiffs' Counsel's motion for attorneys' fees and reimbursement of Litigation Expenses if you exclude yourself from the Settlement Class or if you are not a member of the Settlement Class.

75.    You may file a written objection without having to appear at the Settlement Hearing.  You may not, however, appear at the Settlement Hearing to present your objection unless you first file and serve a written objection in accordance with the procedures described above, unless the Court orders otherwise.

76.    If you wish to be heard orally at the hearing in opposition to the approval of the Settlement, the Plan of Allocation or Plaintiffs' Counsel's motion for an award of attorneys' fees and reimbursement of Litigation Expenses, and if you timely file and serve a written objection as described above, you must also file a notice of appearance with the Clerk's Office and serve it on Plaintiffs' Counsel and Defendants' Counsel at the addresses set forth above so that it is *received* **on or before** _____.  Persons who intend to object and desire to present evidence at the Settlement Hearing must include in their written objection or notice of appearance the identity of any witnesses they may call to testify and exhibits they intend to introduce into evidence at the hearing.  Such persons may be heard orally at the discretion of the Court.

77.    You are not required to hire an attorney to represent you in making written objections or in appearing at the Settlement Hearing.  However, if you decide to hire an attorney, it will be at your own expense, and that attorney must file a notice of appearance with the Court

NOTICE OF (I) PENDENCY OF CLASS ACTION AND PROPOSED SETTLEMENT; (II) SETTLEMENT FAIRNESS HEARING; AND (III) MOTION FOR AN AWARD OF ATTORNEYS' FEES AND REIMBURSEMENT OF LITIGATION EXPENSES

and serve it on Plaintiffs' Counsel and Defendants' Counsel at the addresses set forth in ¶ 75 above so that the notice is *received* **on or before** _____ .

78.     The Settlement Hearing may be adjourned by the Court without further written notice to the Settlement Class.  If you intend to attend the Settlement Hearing, you should confirm the date and time with Plaintiffs' Counsel or on the Settlement website at www.HawaiianElectricSecuritiesSettlement.com.

79.     Unless the Court orders otherwise, any Settlement Class Member who does not object in the manner described above will be deemed to have waived any objection and shall be forever foreclosed from making any objection to the proposed Settlement, the proposed Plan of Allocation, Plaintiffs' Counsel's motion for an award of attorneys' fees and reimbursement of Litigation Expenses or Lead Plaintiff's² compensatoryservice award.  Settlement Class Members do not need to appear at the Settlement Hearing or take any other action to indicate their approval.

**WHAT IF I BOUGHT SHARES ON SOMEONE ELSE'S BEHALF?**

80.     If you purchased or otherwise acquired HEI securities between February 28, 2019 and September 4, 2023, inclusive, for the beneficial interest of persons or organizations other than yourself, you must either (a) within seven (7) calendar days of receipt of the letter, request from the Claims Administrator sufficient copies of the Notice and Claim Form (the "Notice Packet") to forward to all such beneficial owners/purchasers and within seven (7) calendar days of receipt of those Notice Packets forward them to all such beneficial owners/purchasers; (b) within seven (7) calendar days of receipt of the letter, request a link to the location of the electronic Notice Packet from the Claims Administrator, and within seven (7) calendar days of receipt, email the link to all beneficial owners/purchasers for whom valid email addresses are available; or (c) within seven (7) calendar days of receipt of the letter, provide a list of the names, addresses, and email addresses of all such beneficial owners/purchasers to notifications@veritaglobal.com.  If you choose the third option, the Claims Administrator will send a copy of the Notice and the Claim Form to the beneficial owners/purchasers. Upon full compliance with these directions, such nominees may seek reimbursement of their reasonable expenses actually incurred in an amount not to exceed $0.05 plus postage at the current pre-sort rate used by the Claims Administrator per Notice Packet; or $0.05 per link to the Notice Packet transmitted by email; or $0.05 per name, mailing address, and email address (to the extent available) provided to the Claims Administrator, by providing the Claims Administrator with proper documentation supporting the expenses for which reimbursement is sought.  Copies of this Notice and the Claim Form may also be obtained from the website maintained by the Claims Administrator, www.HawaiianElectricSecuritiesSettlement.com.

**CAN I SEE THE COURT FILE?**
**WHOM SHOULD I CONTACT IF I HAVE QUESTIONS?**

81.     This Notice contains only a summary of the terms of the proposed Settlement.  For more detailed information about the matters involved in this Action, you are referred to the papers on file in the Action, including the Stipulation. Copies of the Stipulation, filings in support of the Settlement, any related orders entered by the Court, and other Settlement-related papers filed in the Action will be posted on the website maintained by the Claims Administrator at www.HawaiianElectricSecuritiesSettlement.com.

NOTICE OF (I) PENDENCY OF CLASS ACTION AND PROPOSED SETTLEMENT; (II) SETTLEMENT FAIRNESS HEARING; AND (III) MOTION FOR AN AWARD OF ATTORNEYS' FEES AND REIMBURSEMENT OF LITIGATION EXPENSES

All inquiries concerning this Notice and the Claim Form should be directed to:

*Hawaiian Electric Securities Settlement*
c/o Verita Global, LLC
PO Box 301133
Los Angeles, CA 90030-1133
Tel: 1-888-808-8046
info@HawaiianElectricSecuritiesSettlement.com
www.HawaiianElectricSecuritiesSettlement.com

and/or

Jeremy Lieberman, Esq.
Pomerantz LLP
600 Third Avenue, 20th Fl.
New York, New York 10016-1917
Tel: 212-661-1100
jalieberman@pomlaw.com

**DO NOT CALL OR WRITE THE COURT, THE OFFICE OF THE CLERK OF THE COURT, DEFENDANTS OR THEIR COUNSEL REGARDING THIS NOTICE.**

Dated: _____ , 20__                        By Order of the Court
                                               United States District Court
                                               NDCA

23

NOTICE OF (I) PENDENCY OF CLASS ACTION AND PROPOSED SETTLEMENT; (II) SETTLEMENT
FAIRNESS HEARING; AND (III) MOTION FOR AN AWARD OF ATTORNEYS' FEES AND
REIMBURSEMENT OF LITIGATION EXPENSES